1  DAVID B. GOLUBCHIK (SBN 185520)
   EVE H. KARASIK (SBN 155356)
2  JULIET Y. OH (SBN 211414)
   LINDSEY L. SMITH (SBN 265401)
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
4  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
5  Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
   Email: dbg@lnbyb.com, ehk@lnbyb.com, jyo@lnbyb.com; lls@lnbyb.com.
6
7  Proposed Attorneys for Chapter 11 Debtor
   and Debtor in Possession
8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10
                         **SANTA ANA DIVISION**
11

12
   In re                          ) Case No. 8:15-bk-13008-TA
13                                 )
   ANNA'S LINENS, INC.,            ) Chapter 11
14                                 )
                    Debtor.        )
15                                 ) **DEBTOR'S EMERGENCY MOTION**
                                   ) **FOR ENTRY OF AN ORDER**
16                                 ) **LIMITING NOTICE AND RELATED**
                                   ) **RELIEF; MEMORANDUM OF POINTS**
17                                 ) **AND AUTHORITIES IN SUPPORT**
                                   ) **THEREOF**
18                                 )
                                   ) **[Declaration of J.E. Rick Bunka Filed**
19                                 ) **Concurrently Herewith]**
                                   )
20                                 )
                                   )
21                                 ) DATE:      June 16, 2015
                                   ) TIME:      2:00 p.m.
22                                 ) PLACE:     Courtroom 5B
                                   )            411 West Fourth Street
23                                 )            Santa Ana, California
                                   )
24                                 )
                                   )
25                                 )
                                   )
26                                 )
27

28

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES.........................................................4

I.    STATEMENT OF FACTS ..............................................................................................4

    A.  Background ............................................................................................................4

    B.  Events Leading To The Filing Of The Debtor's Chapter 11 Bankruptcy
        Case And Anticipated Exit Strategy.........................................................5

    C.  Numerosity of Creditors and Parties in Interest ....................................7

II.    DISCUSSION ...................................................................................................................8

    A.  This Court Has The Authority To Limit Notices And Should Do So In
        This  Case.................................................................................................8

    B.  Authorizing The Limited Noticing Procedures Submitted Herein Is
        Appropriate ............................................................................................9

    C.   Service Of This Motion........................................................................11

III.    CONCLUSION ...............................................................................................13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL STATUTES**

11 U.S.C. § 102(1)(A)..................................................................................................8

11 U.S.C. § 1107........................................................................................................4

11 U.S.C. § 1108........................................................................................................4

**FEDERAL RULES**

Fed.R.Bankr.P. 2002...................................................................................1, 2, 9, 10, 11

Fed.R.Bankr.P. 4001..................................................................................................10

Fed.R.Bankr.P. 6004..................................................................................................10

Fed.R.Bankr.P. 6006..................................................................................................10

Fed.R.Bankr.P. 6007..................................................................................................10

Fed.R.Bankr.P. 9007................................................................................................1, 9

Fed.R.Bankr.P. 9075-1........................................................................................1, 12, 13

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SALUS CAPITAL, THE DEBTOR'S TWENTY LARGEST UNSECURED CREDITORS AND OTHER PARTIES:**

<u>**SUMMARY**</u>

Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>," and in particular, "<u>Rule 2002</u>" and "<u>Rule 9007</u>"), Anna's Linens, Inc., the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "<u>Debtor</u>"), hereby moves, on an emergency basis by this motion (the "<u>Motion</u>") under Local Bankruptcy Rule 9075-1, for the entry of an order authorizing the Debtor to limit notice of certain matters requiring notice to creditors and equity security holders in the Debtor's pending chapter 11 case (the "<u>Case</u>").  The Debtor submits that the relief requested herein will mitigate the administrative burden that would otherwise be imposed upon the Debtor's estate without significantly diminishing creditor participation in the administration of the Case.

The Debtor requests that the Court exercise the authority granted to it by the Bankruptcy Rules to limit notice in this case in the manner described in the Memorandum of Points and Authorities herein to:

    (i)      The Office of the United States Trustee;

    (ii)     The creditors holding 20 largest unsecured claims in this case or, if and when appointed, counsel for the Official Committee of Unsecured Creditors;

    (iii)    Secured creditors or their counsel;

    (iv)    Salus Capital Partners, LLC as Prepetition Agent;

    (v)     Salus Capital Partners, LLC as DIP Agent;

    (vi)    Parties who file with the Court and serve upon the Debtor requests for special notice; and

    (vii)   Any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor

1

party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like.

Rule 2002(a) provides that, unless otherwise ordered, pursuant to Bankruptcy Rules 2002(h), (i) and (l), notice of specified matters must be provided to, among others, all creditors. Other provisions of Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") and the Bankruptcy Rules require that notice of specified matters be given to certain designated entities that are entitled to notice of the particular matters and to such other entities as the Court may direct. In the Debtor's Case, the number of creditors and other interested parties exceeds 10,000. Requiring the Debtor to give notice to all of these parties will impose burdensome administrative costs upon the Debtor, the Bankruptcy Court, and the Clerk's Office. Limiting notice in the fashion described herein will prevent the unnecessary waste of time and resources required to serve notice of certain pleadings and other documents on all creditors and interest holders, and allow the Debtor the ability to conduct its business and reorganize its affairs in a more efficient manner.

Limiting notice will not materially prejudice any party because all parties will have an opportunity to respond to request special notice in the Case. Furthermore, any party with a pecuniary interest in the matters affected by a particular motion or pleading will be served by the Debtor as a matter of course. Thus, the relief requested herein will not prejudice any party with an interest in the Case, and ultimately, due to cost savings, will benefit creditors of the Debtor's bankruptcy estate.

This Motion is based on the Memorandum of Points and Authorities and the Declaration of J.E. Rick Bunka filed in concurrently herewith, the statements, arguments and representations of counsel to be made at the hearing on the Motion, and any other evidence properly presented to the Court. The Debtor submits that the setting of a hearing on the Motion on an emergency basis is warranted because the Debtor would like to effectuate the proposed noticing procedures herein as soon as practicable so as to benefit from the administrative and economic efficiencies to be gained therefrom.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order:

(1)     granting the Motion in its entirety;

(2)     limiting notice in the Debtor's case as described in the Motion and approving the

notice procedures set forth therein;

(3)     finding that notice of this Motion is sufficient under the circumstances; and

(4)     granting such other and further relief as the Court deems just and proper.

Dated: June 15, 2015                        ANNA'S LINENS, INC.


By:___*/s/ Lindsey L. Smith*_____
    DAVID B. GOLUBCHIK
    EVE H. KARASIK
    JULIET Y. OH
    LINDSEY L. SMITH
    LEVENE, NEALE, BENDER,
        YOO & BRILL L.L.P.
    Proposed Attorneys for
    Chapter 11 Debtor and
    Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

**A.    Background**

Anna's Linens, Inc., a Delaware corporation and the debtor and debtor-in-possession herein (the "Debtor"), filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on June 14, 2015 (the "Petition Date").  The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtor is a leading specialty retailer offering high quality and stylish home textiles, furnishings, and décor at attractive prices.  The Debtor is headquartered in Costa Mesa, California, operates a chain of 261 company owned retail stores throughout 19 states in the United States (including Puerto Rico and Washington, D.C.), generates over $300 million in annual revenue, and employs a workforce of over 2,500.

Over the last 25 years, the Debtor has built its store base through a clustering approach in key markets, including Los Angeles, Dallas, Chicago, Miami and Houston.  The Debtor has three distribution centers to support its nationwide presence in Fontana, California, Coppell, Texas, and Charlotte, North Carolina.  The Debtor leases its distribution centers, which are operated by third-party logistics providers.

The Debtor employs a flexible small-box retail strategy with approximately 9,500 square foot stores with a focus on price, value, and expert customer service.  The Debtor's stores are typically located in high traffic strip centers in the heart of local neighborhoods that the stores are servicing. The Debtor also has developed an e-commerce platform that provides customers across the country with access to the Debtor's full merchandise assortment. The Debtor's model enables it to compete well with traditional self-service big box home retailers and discounters.

The Debtor targets a large and growing segment of the United States population that values fashion, brand names and customer service, but is seeking high value and attractive price points. Merchandise is selected to appeal to its core customer base and is focused on domestic items such

as bed linens, bath items, kitchen textiles, window drapes, and furniture covers, and certain home

furnishing categories.

**B.      Events Leading To The Filing Of The Debtor's Chapter 11 Bankruptcy Case And Anticipated Exit Strategy.**

The Debtor opened its first store in 1987, and by 2013, it had 309 stores.  Beginning in

2011, the Debtor started experiencing significant financial and operational challenges.  The Debtor

was unsuccessful in some of its new markets such as Puerto Rico and St. Louis, and overbuilt

otherwise healthy markets in response to its new television marketing.  In addition, the Debtor's

core demographic changed as Generation X and Millennials replaced Baby Boomers as the

primary home furnishing shoppers.  Merchandise did not resonate with the new shoppers, and aged

and unfashionable inventory remained in the stores reaching a high of $380,000 per store by fiscal

year 2013.  The Debtor's shift to "Every Day Low Prices" from promotions and in-store discounts

as well as new expensive television advertising strategy did not attract customers.

The over expansion and excess inventory led to increased indebtedness and, ultimately, a

default with the Debtor's long-time lender, Union Bank.  In order to refinance the Debtor's

obligations to Union Bank, the Debtor entered into a Credit Agreement with Salus Capital

Partners, LLC, as Administrative Agent (in such capacity, the "Administrative Agent") and the

lenders party thereto (the "Lenders" and together with Salus, the "Secured Parties") for an $80

million line of credit on July 18, 2014 (the "Credit Agreement").

On March 30, 2015 the Debtor notified the Administrative Agent of a Default or Event of

Default for failure to maintain a specified Operating Expenditures to Gross Margin Dollars Ratio

associated with the Credit Agreement.  On April 29, 2015, the Administrative Agent delivered to

the Debtor a notice of Events of Default and Reservations of Rights based on the existing

defaults under the Credit Agreement. After negotiation between the Debtor and the

Administrative Agent, the Administrative Agent and Lenders agreed to waive such Events of

Default and, on May 13, 2015, Administrative Agent delivered to the Debtor the "First

Amendment and Waiver to the Credit Agreement" (the "First Amendment"). The First

Amendment provided  a waiver of the Specific Defaults (as defined therein) and provided certain

consents under amendments to the Credit Agreement including, without limitation, (i) increased availability through removal of an availability block, (ii) a requirement for the Debtor to deliver and abide by a Cash Flow Budget, (iii) an agreement by the Debtor to place specific milestones on activities with several projects that were already underway  and (iv) payment of certain fees and expenses.

Over the resulting weeks, the Debtor's merchandise vendors significantly reduced delivery of anticipated merchandise resulting in an additional default of the Credit Agreement. As a result of the Credit Agreement defaults, and the inability of the Debtor to affect the Capital Transaction prepetition, the Debtor determined it was necessary to commence the Chapter 11 Case.

Prepetition, the Debtor engaged in a process whereby simultaneously the Debtor negotiated with its largest vendors to convert certain trade payables into long term Junior Secured Notes Payables to create additional long term liquidity and, through its investment banker Wunderlich Securities, Inc. ("Wunderlich"), it pursued additional outside investments to recapitalize its balance sheet.  Wunderlich undertook a broad process in search of additional capital that included contacting over 200 investors and institutions. Wunderlich's efforts resulted in the receipt of multiple written indications of interest from potential acquirers and investors, including a Letter of Intent (the "LOI") from DW Partners, LP ("DW Partners"). The Debtor, in consultation with its advisers, determined that the DW Partners' LOI was the highest and best received. The Debtor and DW Partners are currently in the process of negotiating a definitive asset purchase agreement for a going concern transaction (the "Going Concern Transaction" and the "Going Concern APA").  Under the terms of the Agency Agreement executed by the Debtor on June 11, 2015, the Debtor has until Friday, June 19, 2015 to execute the Going Concern APA. If the Debtor enters into the Going Concern Transaction by the deadline, then the Debtor intends to go forward with a Bankruptcy Code section 363 sale and auction process with DW Partners as the stalking horse purchaser. The Debtor is using best efforts to achieve a transaction that will preserve the Debtor's business operations, which will preserve jobs of thousands of employees, going forward customer for the Debtor's vendors and the Debtor's continuing support of the local communities in which the Debtor's stores operate.

As required by the First Amendment, the Debtor has also engaged in a process to identify and select a stalking horse bidder for the possible sale and/or liquidation of the business should the Going Concern Transaction fail.   The Debtor's efforts to retain a liquidator resulted in the execution of the Stalking Horse Agency Agreement with a joint venture comprised of Tiger Capital Group ("Tiger") and Yellen Partners, LLC ("Yellen" together with Tiger, "Tiger/Yellen Stalking Horse"), which included a guarantee from Tiger/Yellen Stalking Horse that the Debtor would receive 93.5% of the aggregate Cost Value of the Merchandise (terms as defined in the Stalking Horse Agency Agreement), subject to certain adjustments, Further, as a result of the default, an auction was held on June 9, 2015 and June 10, 2015 at which the Tiger/Yellen Stalking Horse was outbid by a group formed by Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (together, the "Agent" or "Hilco/GB"), which included an increase in the guarantee to 111% of the Cost Value of the Merchandise with a Merchandise Threshold (terms as defined in the Agency Agreement, defined below) of not less than $61.5 million and not more than $67 million, subject to certain adjustments. The Debtor and the Agent, with the approval of the Administrative Agent, signed the Agency Agreement (the "Agency Agreement") on June 11, 2015.

The Debtor and the Agent agreed that if the Going Concern APA is executed, the Agency Agreement will convert to an equity transaction for a lesser number of stores, allowing the company to pursue an alternative exit strategy for the Chapter 11 Case. If the Debtor enters into the Going Concern Transaction by the deadline, then the Debtor will pursue a sale of substantially all of its assets pursuant to Bankruptcy Code section 363. If the Debtor does not enter into the Going Concern Transaction, then the Debtor will conduct store closing sales pursuant to the Agency Agreement.

**C.    Numerosity of Creditors and Parties in Interest**

Based on the Debtor's books and records, the Debtor has more than 10,000 creditors and more than 96 equity security holders and 128 option holders. Many of the motions and applications that will be filed in this case will involve matters that ordinarily fall within the parameters of notices required to be given to all creditors and equity security holders in the Debtor's case, but which will not actually affect a majority of creditors or equity interest

holders. Given the large number of creditors and interested parties involved and in order to minimize, as much as possible, the administrative costs to the estate associated with providing notice to all creditors, the Debtor requests that, with respect to matters for which the Bankruptcy Code or the Bankruptcy Rules authorize the Court to limit or modify the manner of providing notice, the Court authorize the Debtor to deliver notices only to the following persons/entities:

(i)    The Office of the United States Trustee;

(ii)    The creditors holding 20 largest unsecured claims in this case or, if and when appointed, counsel for the Official Committee of Unsecured Creditors;

(iii)    Secured creditors or their counsel;

(iv)    Salus Capital Partners, LLC as Prepetition Agent;

(v)    Salus Capital Partners, LLC as DIP Agent;

(vi)    Parties who file with the Court and serve upon the Debtor requests for special notice; and

(vii)    Any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like.

The Debtor expects to reduce administrative costs as a result of the noticing procedures proposed herein and would like to effectuate such reductions in costs as soon as practicable. Therefore, the Debtor believes that bringing this request on an emergency basis is warranted.

## II.  DISCUSSION

## A.    This Court Has The Authority To Limit Notices And Should Do So In This Case

Section 102(1)(A) of the Bankruptcy Code defines the phrase "after notice and a hearing" to mean:

> "[A]fter such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . ."

11 U.S.C. § 102(1)(A).

Pursuant to this authority, the Bankruptcy Rules confer authority upon this Court to regulate notice requirements.  Bankruptcy Rule 2002(m), which gives the Court discretion to enter orders regulating notice, provides:

> "The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."

The notice procedure outlined below comports with Bankruptcy Rule 2002(i) which provides, in pertinent part:

> "Copies of all notices required to be mailed pursuant to this rule shall be mailed to the committees . . . appointed under § 1102 of the Code or to their authorized agents.  Notwithstanding the foregoing subdivisions, the court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

The use of the notice procedure outlined in Bankruptcy Rule 2002(i) is especially appropriate in a case of this nature, where providing notice to each individual creditor and sending notice via certified mail to certain creditors would be both burdensome and economically infeasible.

Finally, Bankruptcy Rule 9007 grants the Court general authority to regulate notices:

> "When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be give."

The Debtor's proposed notice procedure is well within the Court's authority to regulate notices and will mitigate the administrative burden that would otherwise be imposed upon the estates without significantly diminishing creditor participation in the administration of these cases.

**B.    Authorizing The Limited Noticing Procedures Submitted Herein Is Appropriate**

The mailing of notices of all such matters to all creditors in this case would be impractical and would impose an enormous administrative and economic burden upon the

Debtor's estate. Accordingly, as permitted by Bankruptcy Rules 2002(i) and 2002(m), the Debtor proposes that the Court enter an order limiting notice and designating the parties upon whom notice must be served, and the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice and the manner of service, including, by way of example and without limitation, matters subject to Bankruptcy Rules 2002, 4001, 6004, 6006, 6007 or 9014. Specifically, the Debtor proposes that, with respect to all such matters, the Court issue an order that provides that notice need be served only upon the following parties:

    (i)      The Office of the United States Trustee

    (ii)     The creditors holding 20 largest unsecured claims in this case or, if and when appointed, counsel for the Official Committee of Unsecured Creditors;

    (iii)    Secured creditors or their counsel;

    (iv)    Salus Capital Partners, LLC as Prepetition Agent;

    (v)     Salus Capital Partners, LLC as DIP Agent;

    (vi)    Parties who file with the Court and serve upon the Debtor requests for special notice; and

    (vii)   Any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like.

The Debtor believes that the adoption of the proposed procedure is necessary and appropriate for at least four reasons. First, having to provide notice of all such matters to all creditors may delay and hamper the conduct of the Debtor's business and impede the consummation of transactions and negotiation of settlements which may be advantageous to the Debtor's estate and creditors.  Allowing for the form of notice requested herein will allow the Debtor to better focus its energies on maximizing value for creditors of the estate. Second, sending notice to all creditors would substantially increase the copying and postage costs of this case, resulting in less value being potentially available to the estate.  Third, any party in interest

1   who is sufficiently interested in the kinds of transactions that are the subject of the requested

2   limitation of notice may, by special request, receive all notices.  Fourth, any party against who

3   direct relief is sought by a motion, application or otherwise, will be afforded notice by the Debtor

4   as a matter of course.

5          The Debtor anticipates that the involvement of all such parties in interest and the

6   potential (and likely) presence of an Official Unsecured Creditors Committee in this case will

7   ensure adequate representation of the interests of holders of claims and interests generally in the

8   course of this case and in the evaluation of the actions proposed to be taken as described in the

9   notices to be given.

10         Unless otherwise ordered by the Court, the limitation on notice proposed by this Motion

11  shall not apply to the matters or proceedings referred to in Bankruptcy Rules 2002(a)(1) (meeting

12  of creditors), 2002(a)(4) (hearing on the dismissal or conversion of the case), 2002(a)(5) (time

13  fixed to accept or reject a proposed modification of a plan), 2002(b) (time fixed for filing

14  objections and hearings to consider approval of a disclosure statement and confirmation of a

15  plan), 2002(d) (notice to equity security holders) and 2002(f) (special meetings of creditors),

16  which matters or proceedings shall be noticed in accordance with such Bankruptcy Rules.

17         The Debtor's requested relief will reduce the burden, complication, delay, and cost to the

18  Debtor's estate associated with mailing notice of all pleadings and other papers filed in this case

19  to all creditors without significantly impacting creditors' participation in this case.

20  **C.    Method Of Service Of This Motion, Other First Day Motions and Other Pleadings**

21         **Filed Throughout The Debtor's Case**

22         **i.    Proposed Method Of Service Throughout This Case.**

23         In order to minimize administrative expenses and save the Debtor, and ultimately the

24  creditors, considerable printing and copying costs, while at the same time, still providing parties

25  in interest with notice of the various pleadings filed in this case, the Debtor suggests that for each

26  pleading filed in this case, service shall be completed by mailing a notice to all parties that are

27  required to be served with such pleading that informs the parties of the title of the pleading that

28  has been filed, the location, time, date and hearing to take place, if any, and directs the parties to

a website where the parties can review and if a party so desires, obtain a copy of such pleading. Additionally, the notice will state that should any party reading the notice want a hard copy of the pleading, a hard copy will be furnished promptly upon request.  A notice similar to the notices that will be sent out pursuant to the foregoing procedures is attached hereto as **Exhibit 1** and is discussed in more detail below. The Debtor submits that the Court should approve this service procedure as it will save the estate substantial fees while at the same time ensuring that parties in interest receive the information that they need to in order to make informed decisions regarding the Debtor's case and particular pleadings.

### ii.        Method Of Service Of This Motion And Other First Day Motions.

The Debtor is serving a notice, in substantially the form attached hereto as **Exhibit 1**, regarding all of the first day motions (including this Motion) (the "First Day Notice") being filed in this case by overnight delivery on (a) the Office of the United States Trustee, (b) the Debtor's twenty largest unsecured creditors; (c) the Debtor's secured creditors; and (d) any parties that have requested special notice. The Debtor submits that such notice is appropriate under the circumstances. The First Day Notice provides a list of all of the first day motions that are being filed by the Debtor and also directs creditors and parties in interest to a website, which contains copies of all of the first day motions filed by the Debtor, and which website is: http://dm.epiq11.com/Annaslinens. The First Day Notice further provides that should any party reading the notice want a hard copy of one of the first day pleadings, a hard copy will be furnished promptly upon request.

The Debtor notes that Local Bankruptcy Rule 9075-1(a)(5) could plausibly be interpreted to require that the Debtor serve all parties on the creditor matrix by personal delivery, messenger, telephone, fax or email with this Motion because the Motion affects their right to receive service of certain notices, motions and applications. As stated above, there are over 10,000 parties on the creditor matrix, for which the Debtor has few telephone or fax numbers or email addresses. Serving the Motion by messenger or personal delivery on each of the parties would clearly be cost and time prohibitive. Further, serving the Motion by overnight delivery on 10,000 parties would be cost prohibitive, defeat the very purpose for which this Motion is filed, and would

accomplish very little.  The vast majority of parties on the list of 10,000 will not be interested in receiving this Motion. The Debtor submits that service of this Motion as set forth above is sufficient under the circumstances and, in the event that Local Bankruptcy Rule 9075-1(a)(5) actually requires personal delivery, messenger, telephone, fax or email on all 10,000 creditors, the Debtor hereby requests that the Court waive compliance with said Rule and find that notice of this Motion as set forth above is sufficient and appropriate notice.

Additionally, the Debtor submits that the procedure outlined above regarding the service of the First Day Notice in lieu of serving the relevant parties with each first day motion via overnight mail, will save the Debtor, and ultimately the creditors, considerable printing and copying costs while at the same time, still provides sufficient notice of the first day motions to the relevant parties and provides them with access to copies of all of the first day motions via the website set forth in the First Day Notice and above.

If this Motion is granted, the Debtor proposes to inform all creditors and other parties in interest of notice procedures set forth herein, including a creditor's and party in interest's ability to file a request for special notice, if such party would like to receive all notices filed and served in the Case by sending such persons a notice, by regular first class mail, in the form attached hereto as **Exhibit 2** (the "Notice of Procedures"). The Debtor submits that serving the Notice of Procedures on all creditors and parties in interest provides such creditors and parties in interest with the information that they need in order to request special notice of all notices to be filed in this Case, should such party desire to do so.

### III.  CONCLUSION

For all of the reasons set forth above, the Debtor respectfully requests that the Court enter an order:

(1)    granting the Motion in its entirety;

(2)    limiting notice in the Debtor's case as described in the Motion and approving the notice procedures set forth therein;

(3)    finding that notice of this Motion is sufficient under the circumstances; and

///

13

(4)    granting such other and further relief as the Court deems just and proper.

Dated:  June 15, 2015                    ANNA'S LINENS, INC.


                                         By:    /s/ Lindsey L. Smith
                                             DAVID B. GOLUBCHIK
                                             EVE H. KARASIK
                                             JULIET Y. OH
                                             LINDSEY L. SMITH
                                             LEVENE, NEALE, BENDER,
                                                 YOO & BRILL L.L.P.
                                             Proposed Attorneys for Debtor and
                                             Debtor in Possession

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>EXHIBIT "1"</u>**

[Form Service Notice]

1  DAVID B. GOLUBCHIK (SBN 185520)
  EVE H. KARASIK (SBN 155356)
2  JULIET Y. OH (SBN 211414)
  LINDSEY L. SMITH (SBN 265401)
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
  10250 Constellation Boulevard, Suite 1700
4  Los Angeles, California 90067
  Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
5  Email: dbg@lnbyb.com, ehk@lnbyb.com, jyo@lnbyb.com; lls@lnbyb.com.
6
7  Proposed Attorneys for Chapter 11 Debtor
  and Debtor in Possession
8
9            **UNITED STATES BANKRUPTCY COURT**
10           **CENTRAL DISTRICT OF CALIFORNIA**
11              **SANTA ANA DIVISION**
12

| | |
|---|---|
| In re | Case No. 8:15-bk-13008-TA |
| ANNA'S LINENS, INC., | Chapter 11 |
| Debtor. | **NOTICE OF FILING OF CHAPTER 11 PETITION AND FIRST DAY MOTIONS** |
| | <u>Hearing on First Day Motions</u><br>DATE:      June 16, 2015<br>TIME:      2:00 p.m.<br>PLACE:    Courtroom 5B<br>              411 West Fourth Street<br>              Santa Ana, California |

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on June 14, 2015 (the "Petition Date"), Anna's Linen's, Inc., the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), filed a voluntary petition under Chapter 11 of 11 U.S.C. § *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Central District of California (the "Court") commencing the above-captioned Chapter 11 bankruptcy case.

**PLEASE TAKE NOTICE** that on June 15, 2015, the Debtor filed the following first day motions and pleadings (collectively, the "First Day Motions"):

- DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER LIMITING NOTICE AND RELATED RELIEF

- DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS: (I) AUTHORIZING DEBTOR TO (A) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c), 364(d)(1) AND 364(e), AND (B) UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDERS PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364; (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND 4001(c); AND (IV) GRANTING RELATED RELIEF; DECLARATIONS IN SUPPORT THEREOF

- APPENDIX OF SUPPLEMENTAL EXHIBITS IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS: (I) AUTHORIZING DEBTOR TO (A) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c), 364(d)(1) AND 364(e), AND (B) UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDERS PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364; (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND 4001(c); AND (IV) GRANTING RELATED RELIEF; DECLARATIONS IN SUPPORT THEREOF

- EMERGENCY MOTION BY DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS: (A) AUTHORIZING ASSUMPTION OF AGENCY AGREEMENT; (B) AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO BANKRUPTCY CODE SECTIONS 363(B) AND (F); (C) APPROVING THE STORE CLOSING SALE GUIDELINES; (D) AUTHORIZING THE DEBTOR TO ABANDON; AND (E) AUTHORIZING LEASE REJECTION PROCEDURES WITH RESPECT TO THE CLOSING STORES PURSUANT TO SECTION 365

- DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO IMPLEMENT AND MAINTAIN CASH MANAGEMENT SYSTEM

- DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS

1

1

- DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO PROVIDE ADEQUATE PROTECTION FOR WAREHOUSE LIENS AND CARRIER LIENS

2

3

- DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO (1) PAY PRE-PETITION PRIORITY WAGES; AND (2) HONOR EMPLOYMENT AND BENEFIT POLICIES

4

5

- DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO (A) REJECT CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365, AND (B) ABANDON ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES

6

7

8

- DECLARATION OF J.E. RICK BUNKA IN SUPPORT OF DEBTOR'S EMERGENCY "FIRST DAY" MOTIONS

9

10    **PLEASE TAKE NOTICE** that a hearing will be held on the First Day Motions before the Honorable Theodor C. Albert, United States Bankruptcy Judge **on June 16, 2015 at 2:00 pm**

11    **in Courtroom 5B located at 411 West Fourth Street, Santa Ana, California**.

12    **PLEASE TAKE FURTHER NOTICE** that a copy of each of the First Day Motions may be obtained free of charge, by accessing the Debtor's case information website at

13    http://dm.epiq11.com/Annaslinens. If any party desires a hard copy of any or all of the First Day Motions, such hard copies will be promptly provided upon written request to the Debtor's

14    proposed counsel whose contact information is set forth in the upper-left hand corner of this Notice.

15

16    **PLEASE TAKE FURTHER NOTICE** that **your rights may be affected. You should read the First Day Motions carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.**

17

18    Dated: June 15, 2015                    ANNA'S LINENS, INC.

19

20                                        By:   */s/ Lindsey L. Smith*

                                              DAVID B. GOLUBCHIK

21                                            EVE H. KARASIK
                                              JULIET Y. OH

22                                            LINDSEY L. SMITH
                                              LEVENE, NEALE, BENDER,

23                                                 YOO & BRILL L.L.P.
                                              Proposed Attorneys for

24                                            Chapter 11 Debtor and
                                              Debtor in Possession

25

26

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT "2"</u>

[Notice of Procedures]

DAVID B. GOLUBCHIK (SBN 185520)
EVE H. KARASIK (SBN 155356)
JULIET Y. OH (SBN 211414)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: dbg@lnbyb.com, ehk@lnbyb.com, jyo@lnbyb.com; lls@lnbyb.com.

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

|  |  |
|---|---|
| In re<br><br>ANNA'S LINENS, INC.,<br><br>                Debtor. | Case No. 8:15-bk-13008-TA<br><br>Chapter 11<br><br>**NOTICE OF ORDER LIMITING SCOPE OF NOTICE AND OPPORTUNITY TO REQUEST SPECIAL NOTICE**<br><br>DATE:    June 16, 2015<br>TIME:     2:00 p.m.<br>PLACE:   Courtroom 5B<br>              411 West Fourth Street<br>              Santa Ana, California |

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that the Court has entered an *Order Granting Debtor's Emergency Motion For Entry Of An Order Limiting Notice And Related Relief* (the "Order"), sought by Anna's Linens, Inc., the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), which establishes the scope of notice to be given in connection with certain pleadings and proceedings in the Debtor's bankruptcy case.

**PURSUANT TO THE ORDER, IN THIS CASE ALL CREDITORS AND PARTIES IN INTEREST WILL RECEIVE THIS NOTICE AND NOTICE OF THE FOLLOWING PROCEEDINGS:**

1.  Any hearing on the dismissal or conversion of the Debtor's case;

2.  The first meeting of creditors conducted pursuant to Section 341(a) of the Bankruptcy Code;

3.  The time to file proofs of claim in the Debtor's case;

4.  Certain matters related to a disclosure statement and plan of reorganization, including any modification thereof (but not including extensions of the Debtor's exclusivity periods in which to file and/or confirm a plan); and

5.  Any other matter for which the Court requires that the notice be served on all creditors and/or interest holders.

**PLEASE TAKE FURTHER NOTICE** that in order to receive notice of other proceedings in this case not included in the list above, you will be required to file with the Clerk of the Bankruptcy Court and serve upon proposed counsel for the Debtor, at the address on the upper left hand corner of this Notice, a written request for special notice in a form consistent with the Court's rules.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in this case can be viewed and download by visiting the following website: http://dm.epiq11.com/Annaslinens.

Dated: June __, 2015                    ANNA'S LINENS, INC.

By:    */s/ Lindsey L. Smith*
            DAVID B. GOLUBCHIK
            EVE H. KARASIK
            JULIET Y. OH
            LINDSEY L. SMITH
            LEVENE, NEALE, BENDER,
                YOO & BRILL L.L.P.
            Proposed Attorneys for
            Chapter 11 Debtor and
            Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER LIMITING NOTICE AND RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 15, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Dustin P Branch**    dustin.branch@kattenlaw.com,
  jessica.mickelsen@kattenlaw.com;brian.huben@kattenlaw.com;adelle.shafer@kattenlaw.com;donna.carolo@kattenlaw.com
- **David B Golubchik**    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On **June 15, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 15, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served via Attorney Service***
Hon. Theodor C. Albert
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 15, 2015 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.