AMANDA N. FERNS, Bar No. 233104
FERNS, ADAMS & ASSOCIATES
a Professional Corporation
2815 Mitchell Drive, Suite 210
Walnut Creek, CA 94598
(925) 927-3401
aferns@fernslaw.com

Attorneys for Creditor
Signature Financial, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO. 8:15-bk-13008-TA |
| Anna's Linens, Inc. dba Anna's Linens dba Linens Outlet fka Anna's Linen Company dba Anna's, | Chapter 11 Case |
| Debtor. | OPPOSITION TO EMERGENCY MOTION BY DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS: (A) AUTHORIZING ASSUMPTION OF AGENCY AGREEMENT; (B) AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO BANKRUPTCY CODE SECTIONS 363(B) AND (F); (C) APPROVING THE STORE CLOSING SALE GUIDELINES; (D) AUTHORIZING THE DEBTOR TO ABANDON; AND (E) AUTHORIZING LEASE REJECTION PROCEDURES WITH RESPECT TO THE CLOSING STORES PURSUANT TO SECTION 365 AND MEMORANDUM OF POINTS AND AUTHORITIES |
| | Date: June 29, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom "5B"<br>411 West Fourth Street<br>Santa Ana, CA |

TO THE COURT, DEBTOR AND ALL INTERESTED PARTIES:

COMES NOW Creditor Signature Financial, LLC, (hereinafter

1

OPPOSITION TO EMERGENCY MOTION BY DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS

referred to as "Creditor") and submits the following opposition to the Debtor Anna's Linens, Inc. dba Anna's Linens dba Linens Outlet fka Anna's Linen Company dba Anna's's Emergency Motion by Debtor for Entry of Interim and Final Orders: (A) Authorizing Assumption of Agency Agreement; (B) Authorizing Sale Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Bankruptcy Code Sections 363(b) and (F); (C) Approving the Store Closing Sale Guidelines; (D) Authorizing the Debtor to Abandon; and (E) Authorizing Lease Rejection Procedures with Respect to the Closing Stores Pursuant to Section 365.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### STATEMENT OF FACTS

On or about December 4, 2013, First American Commercial Bancorp, Inc. entered into a Lease Agreement with Debtor Anna's Linens, Inc. wherein it leased personal property as more particularly described in the attached Exhibit "A" to Equipment Schedule Under Master Lease No. 2013319 to Debtor. The Lease Agreement was subsequently assigned by First American Commercial Bancorp, Inc. to Creditor Signature Financial, LLC. A true copy of the Lease Agreement Exhibit "A" to Equipment Schedule Under Master Lease No. 2013319 is attached hereto as Exhibit "1" and is incorporated herein by reference.

The Debtor defaulted on the monthly payments due under the Lease Agreement on June 1, 2015. The balance on the Lease

Agreement is: **$267,642.23** (together interest, costs and attorneys fees).

On or about June 14, 2015, Debtor Anna's Linens, Inc. dba Anna's Linens dba Linens Outlet fka Anna's Linen Company dba Anna's, filed their Chapter 11 Bankruptcy Petition. The Debtor has not filed any schedules and in fact the Debtor has filed a motion to extend the deadline to file their schedules to July 29, 2015.

The Debtor has filed the within Emergency Motion by Debtor for Entry of Interim and Final Orders: (A) Authorizing Assumption of Agency Agreement; (B) Authorizing Sale Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Bankruptcy Code Sections 363(b) and (F); (C) Approving the Store Closing Sale Guidelines; (D) Authorizing the Debtor to Abandon; and (E) Authorizing Lease Rejection Procedures with Respect to the Closing Stores Pursuant to Section 365. The Emergency Motion was filed on June 15, 2015 and the ex parte hearing was set for June 16, 2015 at 2:00 p.m. On or about June 17, 2015, the Debtor filed a Notice of Final Hearing on the within Motion.

## II.

<u>CREDITOR AS A SECURED LIENHOLDER ON PERSONAL PROPERTY WHICH IS THE SUBJECTION OF THE MOTION AUTHORIZING SALE FEE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, DOES NOT CONSENT TO THE SALE</u>

11. U.S.C. §363 (f) states:

   (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
      (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
      (2) such entity consents;

3

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

As stated above pursuant to 11. U.S.C. §363(f) Creditor Signature Financial, LLC as a secured does not consent to the sale of the personal property subject to their lien free and clear of any interest in such property of an entity other than the estate.

### III.
### THE DEBTOR HAS FAILED MEET ITS BURDEN AS SET FORTH ONE OF THE LISTED REQUIREMENTS IN WHICH A TRUSTEE MAY SELL PROPERTY UNDER SUBSECTION (b) OR (c) OF 11. U.S.C. §363

In order to sell property under subsection(b) OR (c) OF 11. U.S.C. §363 the Trustee must meet one of the listed requirements. In this case the Debtor has failed to show that any of the listed requirements applies to this motion.

The Debtor has not shown that there is an applicable non bankruptcy law that permits sale of such property free and clear of such interest as set forth in 11. U.S.C. §363(f)(1).

As stated above Creditor is a secured claim holder on property that is subject to the Motion for Sale and therefore cannot meet its burden set forth in 11. U.S.C. §363(f)(2)

The Debtor fails to meet their burden pursuant to 11. U.S.C. §363(f)(3) that "such interest is a lien and the price of which such property is to be sold is great than the aggregate value of all the liens on such property". As shown in the attached Exhibit

4

"A" to Equipment Schedule Under Master Lease No. 2013319 much of the personal property listed in Exhibit "A" would fall under the Agency Agreement's definition of Fixtures, Furniture and Equipment. Pursuant to the terms of the Agency Agreement the Agent has the following rights "(b) to use without charge during the Sale Term .... (I) all Furniture, fixtures and equipment(ii) bank accounts (iii) Store-level (and to the extent available, corporate) computer hardware and software" Emergency Motion pp 153. Further the Agreement states in Section 15 Fixtures:

> "(a) With respect to any Furniture, fixtures and equipment (including, but not limited to machinery, rolling stock, office equipment and personal property, and conveyer systems and racking owned by Merchant and located at the Stores, the Distribution Center and Merchant's corporate offices (collectively, the Owned FF&E), Agent shall have the sole and exclusive right to sell or otherwise dispose of the Owned FF&E for Agent's sole and exclusive benefit." Id at 173

The Aforementioned Agency agreement sets forth a list of all Merchandise, which under their definition does not include Owned FF&E, yet there is no listing or itemization of the FF&E of the Debtor. The Debtor has yet to file their schedules and has requested and extension of time for 30 days to list all their assets which would include any and all Owned FF&E. Further the Debtor does not even list a valuation of the Owned FF&E in the Agency Agreement. Therefore there is not enough information to determine the value of the Owned FF&E and if the price at which such property is to be sold is greater than the aggregate value of all liens on such property as required by 11. U.S.C. §363(f)(3).

Finally the Debtor has not set forth any argument that would suggest that Creditor's interest is in a bona fide dispute or if

OPPOSITION TO EMERGENCY MOTION BY DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS

Creditor could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest as required by 11. U.S.C. §363(f)(4) & (5).

Therefore the Debtor's Motion for Sale should be denied for failure to meet its burden as required by 11. U.S.C. §363(f).

IV.

<u>THE DEBTOR'S MOTION FOR SALE OF PROPERTY UNDER SUBSECTION 11. U.S.C. §363 SHOULD BE DENIED BECAUSE THE DEBTOR HAS FAILED TO SHOW HOW THEY FAILED TO SUBMIT ANY ACCOUNTING OF THEIR ASSETS AND A VALUATION OF SAID ASSETS</u>

The Debtor has filed a series of first day motions and has pushed for the approval of the agency agreement that is attached hereto as exhibit to the within Emergency Motion. The Debtor states in their Emergency Motion that

> "Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition grant . . . (b) a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." For the reasons discussed herein, if the Debtor is not able to continue the Sale and lease rejection procedures as soon as possible after the Court approves this Motion, it will incur significant administrative expenses as a result of the delay that will reduced the recoveries to be received by creditors and the estate. In particular, if the Debtor does not receive the Interim Order by June 18, 2015, the 111% guarantee from the Agent is reduced by 1.5% per day after June 18, 2015 that the Interim Order is not entered."

The Debtor fails to show how this motion is necessary to avoid immediate and irreparable harm. The incurrence of administrative expenses and reduction of recoveries is not an ideal situation but it also does not meet the standard of irreparable harm. The Debtor filed their chapter 11 bankruptcy petition 10 days ago. The Debtor

states in their motion that:

> "As far as the Debtor is aware, the Administrative Agent and the Lenders is the only creditor which asserts a security interest in all of the Debtor's Merchandise and Owned FF&E, and the Administrative Agent and the Lenders has consented to the Sale and particularly, to the sale of the Merchandise and FF&E free and clear of liens, claims and encumbrances... Although the Debtor does not believe that there are any other creditors with valid, enforceable and perfected liens on the Merchandise and Owned FF&E that is being sold..." Id at pp 24 lines 19-28

The Debtor offers no evidence to support this statement. The only evidence that seems to support this statement is Exhibit 11.1(d) which states:

> "(As of the dates of the respective UCC search documents and to be updated upon receipt of UCC search documents for the period of May 14, 2015 through date of Agency Agreement to the extent such search documents reflect liens reasonably acceptable to Agent) Id at 227

This statement does not support the Debtor's assertion that there are not other creditors with valid, enforceable and perfected liens on the Merchandise and Owned FF&E that is being sold. The alleged UCC search is qualified as it states that it refers only to liens reasonable acceptable to Agent.

This Court is a Court of equity and this Emergency Motion fails to even set forth all of the possible assets that would be subject to this Motion for Sale Free and Clear of Liens. It is not equitable for the Debtor to move for an emergency motion where there may be other creditors who may lose their liens on property that is subject to the Agency Agreement, yet the Debtor is given extended time period in order to file their schedules. There is too much information missing and the end result is a permanent loss of rights, therefore the Debtor's Motion should be denied or at the very least continued until more information is gathered so that

7

OPPOSITION TO EMERGENCY MOTION BY DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS

Creditors can make qualified decisions as to their rights and remedies and whether or not they wish to consent to the sale.

**CONCLUSION**

Creditor Signature Financial, LLC respectfully requests that this court deny the Debtor Anna's Linens, Inc. dba Anna's Linens dba Linens Outlet fka Anna's Linen Company dba Anna's Emergency Motion by Debtor for Entry of Interim and Final Orders: (A) Authorizing Assumption of Agency Agreement; (B) Authorizing Sale Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Bankruptcy Code Sections 363(b) and (F); (C) Approving the Store Closing Sale Guidelines; (D) Authorizing the Debtor to Abandon; and (E) Authorizing Lease Rejection Procedures with Respect to the Closing Stores Pursuant to Section 365 for the reasons set forth above.

Respectfully Submitted,

Dated: June 24, 2015    FERNS, ADAMS & ASSOCIATES
A Professional Corporation


/s/ Amanda N. Ferns
AMANDA N. FERNS
Attorneys for Creditor


File No. 53617