KAMALA D. HARRIS
Attorney General of California
STEPHEN LEW
Supervising Deputy Attorney General
MATTHEW C. HEYN, SBN 227474
Deputy Attorney General
 300 South Spring Street, #1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-2444
 Facsimile:  (213) 897-5775
 E-mail:  Matthew.Heyn@doj.ca.gov

*Attorneys for Administrative and Priority Creditor,
State Board of Equalization*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ANNA'S LINENS, INC.,<br><br>            Debtor. | Case No:  8:15-bk-13008-TA<br><br>Chapter 11<br><br>**CALIFORNIA STATE BOARD OF EQUALIZATION'S OPPOSITION TO MOTION FOR RECONSIDERATION OF DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND CUSTOM DUTIES**<br><br><u>Hearing</u><br>Date:  July 16, 2015<br>Time:  10:00 a.m.<br>Place:  Courtroom 5B<br>    411 West Fourth Street<br>    Santa Ana, California 92701<br>Judge:  The Honorable Theodor C. Albert |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL PARTIES IN INTEREST:**

The California State Board of Equalization ("SBE"), a priority and administrative tax creditor herein, hereby files this Statement in Opposition ("Statement") to the *Motion of Official Committee of Unsecured Creditors for (1) Reconsideration of Debtor's Emergency Motion for Entry of an Order Authorizing the Payment of Certain Prepetition Taxes and Custom Duties and*

*(2) Upon Reconsideration, Entry of Order Terminating Authority of Debtor to Pay Prepetition Taxes* (the "Motion for Reconsideration").

1. *Debtor's Preliminary Response to Motion of Official Committee of Unsecured Creditors for (1) Reconsideration ...* [Doc. 277] correctly indicates that the Motion for Reconsideration should not be heard "without a hearing and without an opportunity for the parties to [fully] brief the issues." (1:12-13)  This is especially so because adequate notice of the Motion for Reconsideration has not been given to the various state agencies for which sales tax has been collected or withheld by the Debtor.  Due process requires notice adequate to apprise all interested parties of the pendency of the action and afford them an opportunity to present their objections. *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997).  Here, the proof of service on the Motion for Reconsideration reflects that the Committee has failed to serve its motion for reconsideration on nearly all of the tax agencies listed the Debtor's schedules.

2. The Committee fails to meet its burden for a motion reconsideration under Local Rule 9013-4 and Fed. R. Civ. P. 60.  The Committee cites Local Rule 9014-1(l)(4), but that rule only applies where a motion was previously "denied in whole or part" or "granted conditionally".  The practice of a Chapter 11 debtor's obtaining judicial leave to pay prepetition taxes and assessments as part of a Chapter 11 debtor's emergency "First Day" motions has been deemed routine and uncontroversial for decades.[1]  The Committee in the instant matter provides no competent evidence that this practice is suspect or should not apply here.  Rather, it alleges that facts in the case have changed after the Court granted the motion and, therefore, the Debtor or the state tax agencies should be put to a new evidentiary burden.  However, now that an order has been entered, the evidentiary burden is on the Committee to undo the order and they have not met it.

---

[1] The SBE respectfully requests the Court to take judicial notice of the orders entered in *In re Simmons Bedding Company*, Case No. 09-14037 (MFW) (Bankr. D. Del. Nov. 17, 2009) [Doc. 47]; *In re Lazy Days' R.V. Center. Inc.*, Case No. 09-13911 (KG) (Bankr. D. Del. Nov. 6, 2009) [Doc. 32]; *In re Panolam Holdings Co.*, Case No. 09-13889 (MFW) (Bankr. D Del. Nov 5, 2009) [Doc. 40]; *In re NTK Holdings. Inc.*, Case No. 09-13611 (KJC) (Bankr. D. Del. Oct 23, 2009) [Doc. 43]; *In re True Temper Sports. Inc.*, Case No. 09-13446 (PJW) (Bankr. D. DeL Oct 30, 2009) [Doc. 112]; *In re Source Interlink Companies. Inc.*, Case No. 09-11424 (KG) (Bankr. D. Del Apr. 29, 2009) [Doc. 50]; *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Bankr. D. Del Aug. 29, 2008) [Doc. 46].

Moreover, as the Court has alluded to in its order setting the hearing on the Motion to Reconsider, if the estate is administratively insolvent the Committee's constituency (general unsecured creditors) have no standing to complain about payments made to priority or administrative creditors, such as the tax agencies. If the case is administratively insolvent, general unsecured creditors get nothing in any event.

3.  The Committee admits that trust-fund taxes are not property of the estate. *Butner v. United States*, 440 U.S. 48, 55 (1979) (property interests are determined under state law); *Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 24-25 (2000) (same). Although state jurisdictions differ as to the method and frequency of the payment due dates, ultimately, the taxes and assessments must be paid *timely* to the relevant taxing authority. 28 U.S.C. § 960(b); Cal. Rev. & Tax. Code § 6452 (emphasizing timeliness). The penalties for non-timely tax compliance are hefty, and continue to accrue post-petition. 11 U.S.C. § 503(b)(1)(C) (certain tax fines and penalties can constitute administrative expenses).

4.  Sales and use taxes, in particular, are pre-collected and withheld by a *retail*-based Chapter 11 debtor are generally collected for the benefit of the respective state taxing agencies, so such funds cannot be made available for the satisfaction of other creditors' claims. In other words, sales taxes *pass through* the business. *See e.g.*, *Beiger v. Internal Revenue Service*, 496 U.S. 53, 57-60 (1990) (discussing that withheld taxes for purposes of FICA taxes are not property of the estate). Some state taxing regimes codify the trust-fund status of sales taxes. A copy of a letter from the Office of the Attorney General of Texas, which is attached as Exhibit "A," explains that Section 111.016 of the Texas Tax Code, expressly provides that sales taxes are held in "trust" for the benefit of the state. A secured lender generally does not have legal authority to sweep those sales taxes that the business has no ownership interest in.

5.  Even if a state tax statute does not establish an express trust, there are authorities for finding a constructive trust here. *Cf. Decorative Carpets, Inc. v. State Bd. of Equalization*, 58 Cal. 2d 252, 254 (1962) (finding that sales taxes not paid to taxing agencies were held in trust for customers); *In re Columbia Gas Sys. Inc.*, 997 F.2d 1039, 1060 (3d Cir. 1993) ("if Columbia

3

1 holds the customer refunds in trust, as it asserts, these refunds are excluded from Columbia's
2 bankruptcy estate and are immediately payable to its customers").

3       6.    The Committee's perceived danger or threat of administrative insolvency of the
4 Debtor's estate cannot transmute non-estate property, into estate property.  In other words, the
5 priority scheme of Section 507 does not obliterate Section 541.  The SBE's agency records
6 confirm that as of the date of fling of this Statement, the Debtor has been timely and compliant
7 with the California Sales and Use Tax Law.  The Debtor's next SBE sales tax return and payment
8 for the Second Quarter 2015 tax period (April 1 – June 30, 2015) will come due on July 31, 2015.
9 With the Debtor's June 15, 2015 petition date straddling between taxing periods, should the
10 Debtor not comply with its sales tax obligations, many state revenue authorities are likely to
11 assert *both* priority and administrative tax claims, not solely priority tax claims as the Committee
12 had rashly envisioned.

13     The SBE concurs with the Debtor's assertion that the Motion for Reconsideration is
14 shortsighted and not in the interests of the estate.  The Motion for Reconsideration should be
15 denied.

16 Dated: July 14, 2015                          Respectfully submitted,

17                                                         KAMALA D. HARRIS
                                                        Attorney General of California
18                                                         STEPHEN LEW
                                                       Supervising Deputy Attorney General
19

20                                                        */s/ Matthew C. Heyn*
                                                       Deputy Attorney General
                                                       *Attorneys for Administrative and Priority Creditor*
21                                                        *State Board of Equalization*

22

23

24

25

26

27

28

# EXHIBIT A



July 14, 2015


Joan S. Huh, Tax Counsel III
Litigation Division/Legal Department
State of California – Board of Equilization
*Via Email to Joan.Huh@boe.ca.gov*

RE:   In re: Anna's Linens, Inc.
      Case No. 8:15-bk-13008-TA
      United States Bankruptcy Court for the Central District of California, Santa Ana Division

Dear Ms. Huh:

This office is writing on behalf of the Texas Comptroller of Public Accounts (the "Comptroller") to express support for the *California State Board of Equalization's Opposition to Motion of Official Committee of Unsecured Creditors for Reconsideration of Debtor's Emergency Motion for Entry of an Order Authorizing the Payment of Certain Prepetition Taxes and Custom Duties*.

State law determines the nature and extent of a debtor's interest in property. See, Butner v. United States, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) and In re Matter of Croft, 737 F.3d 372 (5th Cir. 2013). Section 541 of the Bankruptcy Code determines to what extent that interest is property of the estate. Pursuant to the Texas Tax Code:

> Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected.

TEXAS TAX CODE § 111.016(a).

Thus, Texas sales taxes are trust funds held in trust for the benefit of the state. In re Al Copeland Enterprises, Inc., 133 B.R. 837 (Bankr. W.D. Tex. 1991), *aff'd* Al Copeland Enterprises, Inc. v. State of Texas, 991 F.2d 233 (5th Cir. 1993); Texas Comptroller of Public Accounts v. Megafoods Stores, Inc. (In re Megafoods Stores, Inc.), 163 F.3d 1063 (9th Cir. 1998). Because a debtor holds such taxes in trust for the benefit of another and does not own an equitable interest in the funds, trust fund taxes collected by a debtor do not become property of the estate. Begier v. I.R.S., 496 U.S. 53 (1990).

However, if trust fund taxes are not properly remitted to the Comptroller, a debtor would remain liable and the Comptroller would have a cause of action against any third party[1] who received those trust fund taxes. Under a plain reading of Texas Tax Code § 111.016(a), any person receiving sales taxes holds those taxes in trust for the Comptroller. If the trust fund taxes came under the control of a third party through a lock-box arrangement or an automatic sweep account, the statute clearly provides that the third party is liable for those trust fund taxes received. In other words, a lock-box arrangement or an automatic sweep account does not eliminate or alter the trust fund nature of the trust fund taxes that may be recovered.

The Texas Attorney General's Office, on behalf of the Texas Comptroller of Public Accounts, supports the California State Board of Equalization and the Debtor in their opposition to the Official Committee of Unsecured Creditors' motion for reconsideration.

Sincerely,

Rachel R. Obaldo
Assistant Attorney General
Bankruptcy & Collections Division

---

[1] The Comptroller would also have a cause of action against any responsible individuals personally liable pursuant to Texas Tax Code § 111.016(b).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

300 South Spring Street, Suite 1702, Los Angeles, CA 90013

A true and correct copy of the foregoing document entitled (*specify*):  CALIFORNIA STATE BOARD OF EQUALIZATION'S OPPOSITION TO MOTION FOR RECONSIDERATION OF DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND CUSTOM DUTIES
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 14, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED SERVICE LIST

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), **July 14, 2015**   I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY OF COURTESY COPY
Chambers of Hon. Theodor C. Albert
U.S. Bankruptcy Court
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/14/15 | Matthew C. Heyn | /s/Matthew C. Heyn |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

# ECF SERVICE LIST

- Todd M Arnold tma@lnbyb.com
- Michael Avanesian michael@avanesianlaw.com, michael@ecf.inforuptcy.com
- Sabrina Beavens sbeavens@iurillolaw.com, ciurillo@iurillolaw.com
- Karen C Bifferato kbifferato@connollygallagher.com, kbifferato@connollygallagher.com
- Mikel R Bistrow bistrowm@ballardspahr.com, burkec@ballardspahr.com
- Wanda Borges ecfcases@borgeslawllc.com
- Dustin P Branch dustin.branch@kattenlaw.com, jessica.mickelsen@kattenlaw.com; brian.huben@kattenlaw.com; adelle.shafer@kattenlaw.com;donna.carolo@kattenlaw.com
- Robert Brier bbrier@bihlaw.com, smann@bihlaw.com
- Heather D Brown heather@hdbrownlaw.com
- David L Bruck bankruptcy@greenbaumlaw.com, cdeluca@greenbaumlaw.com
- Gary O Caris gary.caris@dentons.com, chris.omeara@dentons.com
- Shirley Cho scho@pszjlaw.com
- Gail L Chung GL@outtengolden.com, JXH@outtengolden.com; rmasubuchi@outtengolden.com; kdeleon@outtengolden.com
- Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
- Denise Diaz Denise.Diaz@rmsna.com
- Eldia M Diaz-Olmo diazolmo@villamil.net, eldia.diazolmo@gmail.com
- John P Dillman houston_bankruptcy@publicans.com
- Gary B Elmer gelmer@ciardilaw.com
- Amanda N Ferns aferns@fernslaw.com, mmakalintal@fernslaw.com
- Roger F Friedman rfriedman@rutan.com
- John-Patrick M Fritz jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Sidney Garabato sgarabato@epiqsystems.com, rjacobs@ecf.epiqsystems.com
- Richard Girgado rgirgado@counsel.lacounty.gov
- Bernard R Given bgiven@loeb.com, mortiz@loeb.com,ladocket@loeb.com
- Ronald E Gold rgold@fbtlaw.com
- David B Golubchik dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Andrew A Goodman agoodman@greenbass.com, ksopky@greenbass.com
- William A Gray bgray@sandsanderson.com, rarrington@sandsanderson.com
- Steven T Gubner sgubner@ebg-law.com, ecf@ebg-law.com
- Ralph P Guenther rguenther@montereylaw.com
- Andrew Haley ahaley@gpfm.com, kbarone@gpfm.com
- Michael J Hauser michael.hauser@usdoj.gov
- James H Henderson henderson@title11.com, ginny@title11.com
- Brian D Huben brian.huben@kattenlaw.com, donna.carolo@kattenlaw.com; ecf.lax.docket@kattenlaw.com; lora.anderson@kattenlaw.com
- Eve H Karasik ehk@lnbyb.com
- Doah Kim Doah.Kim@LewisBrisbois.com, Monique.Talamante@LewisBrisbois.com
- Simon Kimmelman skimmelman@sillscummis.com
- Steven N Kurtz nlessard@laklawyers.com,
- rfeldon@laklawyers.com;lkaplan@laklawyers.com
- Ian Landsberg ilandsberg@landsberg-law.com, bgomelsky@landsberglaw.com;cdonoyan@landsberg-law.com;dzuniga@landsberg-law.com;yalarcon@landsberglaw.com;ilandsberg@ecf.inforuptcy.com
- William J Levant wlevant@kaplaw.com, wlevant@gmail.com
- Lori A Lewis lewisl004@mail.maricopa.gov

- James V Lombardi jlombardi@rossbanks.com, kjohnson@rossbanks.com
- David J Mahoney efilings@spallp.com
- Robert S Marticello Rmarticello@swelawfirm.com, csheets@swelawfirm.com
- David A Mawhinney david.mawhinney@klgates.com
- Gordon G May hpc@ggb-law.com
- Thor D McLaughlin tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- David W. Meadows david@davidwmeadowslaw.com
- Kevin M Newman knewman@menterlaw.com, kmnbk@menterlaw.com
- William Novotny william.novotny@mwmf.com
- Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
- Keith C Owens kowens@venable.com, bclark@venable.com; khoang@venable.com; DGIge@venable.com
- Ernie Zachary Park ernie.park@bewleylaw.com
- Christopher L Parnell cparnell@dunncarney.com, taichele@dunncarney.com
- Paul J Pascuzzi ppascuzzi@ffwplaw.com
- Andrew S Pauly apauly@gpfm.com, lburns@gpfm.com
- Christopher J Petersen cjpetersen@blankrome.com, arc@blankrome.com
- David M Poitras dpoitras@jmbm.com, bt@jmbm.com;vr@jmbm.com;dmp@ecf.inforuptcy.com
- David L Pollack pollack@ballardspahr.com, petlaka@ballardspahr.com
- Jeffrey N Pomerantz jpomerantz@pszjlaw.com
- Kelly L Pope kpope@downeybrand.com, kbaughman@downeybrand.com
- David L Prince dlp@redchamber.com
- Jennifer Pruski jpruski@trainorfairbrook.com
- Steven B Sacks ssacks@sheppardmullin.com, jnakaso@sheppardmullin.com
- William H Short bill.short@arlaw.com, candice.carter@arlaw.com
- Scott H Siegel ssiegel@laklawyers.com, aaguirre@laklawyers.com
- Evan D Smiley esmiley@swelawfirm.com, gcruz@swelawfirm.com
- Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com
- Howard Steinberg steinbergh@gtlaw.com, laik@gtlaw.com;LALitDock@GTLAW.com
- Rick A Steinberg rsteinberg@nakblaw.com
- Ronald M Tucker rtucker@simon.com, cmartin@simon.com; psummers@simon.com; Bankruptcy@simon.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Daniel R Utain dutain@kaplaw.com, kcoughlin@kaplaw.com
- Kimberly Walsh bk-kwalsh@texasattorneygeneral.gov
- Elizabeth Weller dallas.bankruptcy@publicans.com
- Eric R Wilson kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- Rebecca J Winthrop rebecca.winthrop@nortonrosefulbright.com, darla.rodrigo@nortonrosefulbright.com
- Barouir B Yeretzian byeretzian@jhindslaw.com, yeretzian@gmail.com
- Roye Zur rzur@lgbfirm.com,kalandy@lgbfirm.com;marizaga@lgbfirm.com;rspahnn@lgbfirm.com