1  Ira D. Kharasch (CA Bar No. 109084)
   Jeffrey N. Pomerantz (CA Bar No. 143717)
2  Stanley E. Goldich (CA Bar No. 92659)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., Suite 1300
   Los Angeles, CA  90067-4114
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  E-mail:  ikharasch@pszjlaw.com
             jpomerantz@pszjlaw.com
6             sgoldich@pszjlaw.com

7  [Proposed] Attorneys for the Official Committee of
   Unsecured Creditors

8

9

10                 **UNITED STATES BANKRUPTCY COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12                      **SANTA ANA DIVISION**

13  In re:                           Case No. 8:15-bk-13008-TA

14  ANNA'S LINENS, INC.              Chapter 11

15                  Debtor.          **OFFICIAL COMMITTEE OF UNSECURED
                                     CREDITORS' SUPPLEMENTAL
16                                   MEMORANDUM FOR (1) A
                                     DETERMINATION THAT THE PRIVILEGE
17                                   TAXES OF ARIZONA, CALIFORNIA,
                                     NEVADA AND THE DISTRICT OF
18                                   COLUMBIA ARE NOT TRUST FUND
                                     TAXES, AND (2) AN ORDER
19                                   TERMINATING THE DEBTOR'S
                                     AUTHORITY TO PAY NON TRUST FUND
20                                   TAXES; DECLARATION OF STANLEY E.
                                     GOLDICH IN SUPPORT THEREOF
21

22                                   **[Relates to Docket Nos. 273 and 354]**

23                                   DATE:    July 29, 2015
24                                   TIME:    10:00 a.m.
                                     PLACE:   Courtroom 5B
25                                            411 West Fourth Street
                                              Santa Ana, California
26

27                                   **Judge:  Honorable Theodor Albert**

28

*PACHULSKI STANG ZIEHL & JONES LLP*
*ATTORNEYS AT LAW*
*LOS ANGELES, CALIFORNIA*

DOCS_LA:290600.6 03751/002

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES TRUSTEE, ARIZONA, CALIFORNIA, NEVADA, AND DISTRICT OF COLUMBIA TAXING AUTHORITIES, AND OTHER PARTIES REQUESTING SPECIAL NOTICE:**

Pursuant to the *Order re Motion of Official Committee of Unsecured Creditors for (1) Reconsideration of Debtor's Emergency Motion For Entry of an Order Authorizing the Payment of Certain Prepetition Taxes and Custom Duties and (2) Upon Reconsideration, Entry of Order Terminating Authority of Debtor to Pay Prepetition Taxes* [Docket No. 354], the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned Debtor hereby files this *Supplemental Memorandum (1) For a Determination That the Privilege Taxes of Arizona, California, Nevada and the District of Columbia Are Not Trust Fund Taxes, and (2) an Order Terminating the Debtor's Authority to Pay Non-Trust Fund Taxes.*

## I.    <u>INTRODUCTION</u>

Based on (a) discussions between counsel for the Debtor and the Committee after the July 16, 2015 hearing on the Committee's motion for reconsideration, and (b) review of applicable statutory and legal authority, the Debtor does not oppose the request of the Committee for an order (1) determining  that the privilege taxes of Arizona, California, Nevada and the District of Columbia (the "<u>Contested Jurisdictions'</u>) are taxes on the retailer and therefore not "trust fund" taxes, and (b) terminating the Debtor's authority to pay unpaid prepetition priority privilege taxes (the "<u>Contested Taxes</u>") of the Contested Jurisdictions at this time.  However, as a condition to not remitting the Contested Taxes, the Debtor wants a determination of the Court that they are not "trust fund" taxes. The amount of the Contested Taxes is $194,197.50.

The Contested Taxes are not "trust fund" taxes because (i) the applicable statutes of the Contested Jurisdictions levy the taxes directly on the Debtor as taxes on the privilege of conducting a retail business, and (ii) do not require the Debtor to collect the taxes from third parties for remission to the taxing authorities of the Contested Jurisdictions on behalf of such third parties.  While Nevada requires the retailer to collect sales taxes from the consumer insofar as it can be done, the tax is imposed on the retailer and not the consumer. Additionally, the Debtor did not hold the amount of sales taxes collected in a separate account in trust for the State.  Based thereon, the Contested

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Jurisdictions have no "statutory trust" in assets of the Debtor and the order permitting the Debtor, in its discretion, to pay the Contested Taxes should be terminated.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

On June 18, 2015, the Debtor filed an Emergency Motion (the "Emergency Motion") for an Order Authorizing the Payment of Certain Prepetition Taxes and Custom Duties [Docket No. 95].

On July 1, 2015, the Debtor obtained the entry of an order authorizing granting of the Emergency Motion authorizing, in the Debtor's discretion: (i) the payment of prepetition sales, use, and other similar taxes; (ii) payment of prepetition business and regulatory fees; (iii) payment of prepetition customs duties; and (iv) other taxes or fees that may be imposed by various state and local authorities (collectively, with (i), (ii), and (iii) the "Taxes") that are payable to various governmental taxing and licensing authorities (the "Taxing Authorities"); and (v) to issue postpetition replacement checks to those persons or entities that received prepetition checks on account of Taxes that had not been presented or cleared before the Petition Date (the "Prepetition Taxes Order") [Docket No. 198].

On July 9, 2015 the Committee filed a Motion for Reconsideration of the Prepetition Taxes Motion (the "Motion for Reconsideration") [Docket No. 273].  In a Supplemental Memorandum filed by the Committee on July 14, 2015 in connection with the Motion for Reconsideration [Docket No. 313], the Committee argued *inter alia* that $193,547.67 of prepetition Taxes owed to Arizona, California, the District of Columbia, New Mexico and Nevada were not trust fund taxes. The Debtor and the California State Board of Equalization (the "SBE") filed oppositions to the Motion for Reconsideration and the SBE also submitted a letter of the Department of Taxation of the State of Nevada (the "Nevada DOT") joining the SBE's opposition [Docket No. 322].

On July 16, 2015, the Court held a hearing on the Motion for Reconsideration and denied the relief requested by the Committee, but left open the question whether "it makes sense to segregate $197,000 that is not paid immediately under some theory that it can be profitably resolved to the estate." *See* Docket Text of Court in Docket No. 323.

Following the July 16 hearing, the Debtor and the Committee engaged in further discussions and counsel for the Committee provided counsel for the Debtor legal authority in support of its

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

position that the Contested Taxes of the Contested Jurisdictions were not trust fund taxes.  The Debtor and the Committee also received and discussed (i) a letter from the SBE setting forth arguments that the prepetition sales tax monies paid to the Debtor by customers in California are held in trust and cannot be property of the estate, and that not remitting such taxes can have very harsh consequences and (ii) an email from the Nevada DOT "that Nevada sales taxes are trust fund taxes" under NRS 372.354.

Pursuant to the agreement between the Debtor and the Committee after the July 16 hearing, the Debtor agreed to not pay the Contested Taxes pending a further hearing that the Court scheduled on July 29, 2015 at 10:00 a.m. pursuant to the order on the Motion for Reconsideration entered on July 22, 2015 [Docket No. 354].  The Order on the Motion for Reconsideration additionally provided for further briefing on whether: (a) the Contested Taxes owed to the Contested Jurisdictions are trust fund taxes, and (b) the Debtor's authority to pay the Contested Taxes should be terminated.

The Debtor does not oppose the Committee's request for an order determining that the Contested Taxes are not "trust fund" taxes and terminating the authority of the Debtor to pay the Contested Taxes, however, as a condition to not opposing this relief, the Debtor wants a determination of the Court that the Contested Taxes are not "trust fund" taxes.

## III.    ARGUMENT

### A.    A Sales Tax that is Imposed on a Retailer is Not a "Trust Fund" Tax

For a tax to be a "trust fund" tax, the tax obligation must be taken from a third party for remission to the taxation authority on behalf of that third party.  A sales tax owed personally by a retailer is an excise tax governed by § 507(a)(8)(E) and is not a "trust fund" tax.  *See*, *In re Shank*, 792 F. 2d 829, 832-33 (9th Cir. 1986)  (There are two categories of sales tax liability, excise taxes owed personally by a retailer and "trust fund sales taxes" that are incurred by a retailer's customers which are collected by the retailer under the authority of the state, held in trust, and then remitted by the retailer to the state); *Illinois Dept. of Revenue v. Hayslett/Judy Oil, Inc.*, 426 F. 3d 899 (7th Cir. 2005) (11 U.S.C. § 507(a)(8)(C) applies to so called "trust fund taxes" that are taxes collected from individuals by a third party who then remits the tax to the government); 4 *Collier On Bankruptcy* ¶ 507.111(4) (2015) (identifying five elements that must be present for a "trust fund" tax, including

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

"(iii) the tax is owed by a party other than the debtor," and "(iv) the tax must be collected or withheld from that party and transmitted to the governmental unit."); *See, also, In re Hansen*, 470 B.R. 535 (9th Cir. AP 2012) (unemployment insurance tax is payable directly by the employer and is not a "tax required to be collected" by anyone and is therefore not a tax of the kind specified in § 507(a)(8)(C)).

**B.    The Contested Taxes of the Contested Jurisdictions are Not Trust Fund Taxes**

Attached as Exhibits 1, 2, 3, and 4 hereto are relevant portions of the privilege tax statutes of the Contested Jurisdictions. Each of the statutes provide that the tax is levied or imposed on the retailer as set forth below:

Arizona:  ARS § 42-5008:

> "There is levied and there shall be collected by the department, for the purpose of raising public money, **privilege taxes measured by the amount or volume of business transacted by persons on account of their business activities**, and in the amounts to be determined by the application of rates against values, gross proceeds of sales or gross income, as the case may be, as prescribed by this article and article 2 of this chapter.

California:  Cal. Rev. & Tax Code § 6051:

> "For the privilege of selling tangible personal property at retail **a tax is hereby imposed upon all retailers**…."

Nevada:  NRS § 374.110:

> "**For the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers** at the rate of 2.25 percent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail in a county."

District of Columbia: DC ST § 47-2002

> "**A tax is imposed upon all vendors for the privilege of selling at retail** certain tangible personal property and for the privilege of selling certain selected services (defined as "retail sale" and "sale at retail" in this chapter.)"

The arguments asserted by the California SBE that its privilege taxes are "trust fund" taxes or that they have a constructive trust for taxes owed by the Debtor are wholly without merit. In its Opposition to the Motion for Reconsideration [Docket No. 311], the SBE cited to a letter from the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Texas Comptroller of Public Accounts (the "Texas Comptroller") stating that the "Texas sales taxes are trust funds held in trust for the benefit of the estate." However, as set forth in the letter of the Texas Comptroller, unlike the privilege tax statutes of the Contested Jurisdictions, the Texas sales tax statute is not a privilege tax on the retailer. It is levied on the buyer and the retailer is required to collect the tax from the buyer and remit it to the state.

The SBE Opposition to the Motion for Reconsideration alternatively argued that "there are authorities for finding a constructive trust here" citing to the California Supreme Court's opinion *Decorative Carpets, Inc. v. State Bd. of Equalization*, 58 Cal. 2d 252, 254 (1962) and the Third Circuit's opinion *In re Columbia Gas Sys. Inc.,* 997 F.2d 1039, 1060 (3d Cir. 1993). However, *Decorative Carpets* involved a tax refund to the retailer for overpayment of taxes by the customer to the retailer and not the payment of sales taxes owed directly by the retailer to the State and *Columbia Gas* similarly involved customer refunds paid to Columbia (the Debtor) on behalf of its customers. Neither opinion involved the payment of a privilege tax owed by the retailer to the State.

In fact, *Decorative Carpets* recognizes that the retailer is the taxpayer under California Rev. & Tax Code § 6051 and is therefore not a trust fund tax. *See Decorative Carpets*, 58 Cal. 2d at 254. The trial court's determination "that the retailer is the taxpayer" under Rev. & Tax Code § 6051 was not challenged or questioned in the appeal and the ruling of the California Supreme Court that the retailer had to repay the refund of the tax overpayments to the customer was grounded in this determination. *See Decorative Carpets*, 58 Cal. 2d at 256 (The judgment is reversed and the cause remanded to the trial court with directions to enter judgment for plaintiff only if it submits proof satisfactory to the court that the refund will be returned to plaintiff's customers from whom the excess payments were erroneously collected.). The bankruptcy court in *In re Inselman*, 334 B.R. 267, 271 (Bankr. D. Ariz. 2005) similarly held that Arizona's transaction privilege taxes, A.R.S § 42-5008(A), are taxes levied on the seller and are not a "trust fund" tax.

In arguing that Nevada's privilege tax imposed on retailers is a "trust fund tax," the Nevada DOT cited to NRS 372.354 that provides all sales and use taxes be collected and held in a separate account in trust for the State of Nevada. However, this statutory provision does not alter the fact that the Nevada privilege tax is imposed on the retailer regardless of whether it is collected from the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

retailer's customers.  Additionally, as the Debtor did not segregate in a separate account any Nevada sales taxes paid to it by customers, Nevada has no express trust under NRS 372.354 in any assets of the Debtor.

The Committee also requests that this Court take judicial notice of the Stipulated Order entered on December 22, 2008 in *In re Circuit City Stores, Inc. et. al.*, Case No. 08-35653 (KRH), Docket No. 1188 (the "Circuit City Stipulated Order").  In ordering that "the Debtors are not authorized to pay the Contested Taxes to the Contested Jurisdictions" (defined as Arizona, Arkansas, California, the District of Columbia, Hawaii and Michigan), the Circuit City Stipulated Order found *inter alia* that: "(a) the Contested Taxes owed to the Contested Jurisdictions do not create trust funds because the applicable statutes do not require the Debtors to collect the Contested Taxes from third parties; (b) the applicable statutes in the Contested Jurisdictions levy the Contested Taxes directly on the Debtors as taxes on the privilege of conducting a retail business, regardless of whether the Debtors obtain reimbursement from any third party; [and] (c) the Contested Taxes constitute property of the Debtors' estate."  The Circuit City Stipulated Order provided the taxing authorities and attorney generals of the six Contested Jurisdictions 22 days to object to the Circuit City Stipulation Order.  None did.  *See* Declaration of Stanley E. Goldich annexed hereto.

It  is not in the best interests of the Debtor's estate to pay the Contested Taxes at this time. Unless it is first determined that the Debtor's estate is administratively solvent, payment of the Contested Taxes will prejudice Debtor's administrative creditors in violation of section 507(a)(2) of the Bankruptcy Code and also potentially harm the estate by reducing the liquidity of the Debtor.

## IV.  CONCLUSION

In light of the foregoing points and authorities, the Committee respectfully requests that the Court enter an order:

1.    Determining that the Contested Taxes are not trust fund taxes;

2.    Terminating the authority of the Debtor under the Prepetition Taxes Order or otherwise to pay the Contested Taxes in the ordinary course of its business or otherwise without a further order of the Court expressly authorizing any such payment; and

3.      Granting such other and further relief as the Court deems proper.

Dated: July 27, 2015                     PACHULSKI STANG ZIEHL & JONES LLP

By: _/s/ Stanley E. Goldich_____
    Ira D. Kharasch
    Jeffrey N. Pomerantz
    Stanley E. Goldich

    [Proposed] Attorneys for the Official Committee
    of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT 1

§ 42-5008. Levy of tax; purposes; distribution, AZ ST § 42-5008

---

| Arizona Revised Statutes Annotated |
| Title 42. Taxation (Refs & Annos) |
| Chapter 5. Transaction Privilege and Affiliated Excise Taxes (Refs & Annos) |
| Article 1. General Administrative Provisions (Refs & Annos) |

A.R.S. § 42-5008

§ 42-5008. Levy of tax; purposes; distribution

Currentness

**A.** There is levied and there shall be collected by the department, for the purpose of raising public money, privilege taxes measured by the amount or volume of business transacted by persons on account of their business activities, and in the amounts to be determined by the application of rates against values, gross proceeds of sales or gross income, as the case may be, as prescribed by this article and article 2 of this chapter.[1]

**B.** If any monies remain after the payments are made for state purposes, as provided for by subsection A, the remainder of the monies shall be paid into the state school fund for educational purposes.

**C.** The tax levied by and collected pursuant to this article and article 2 of this chapter is designated the "transaction privilege tax".

**Credits**

Formerly § 42-1309. Amended by Laws 1970, Ch. 34, § 2; Laws 1973, Ch. 123, § 89; Laws 1980, 2nd S.S., Ch. 9, § 90. Renumbered as § 42-1306 and amended by Laws 1985, Ch. 298, § 15, eff. Aug. 7, 1985. Renumbered as § 42-5008 and amended by Laws 1997, Ch. 150, §§ 65, 73, eff. Jan. 1, 1999; Laws 1998, Ch. 52, § 18, eff. Jan. 1, 1999. Amended by Laws 1999, Ch. 183, § 9.

Notes of Decisions (108)

**Footnotes**

[1]

        Sections 42-5001 et seq. and 42-5061 et seq.

A. R. S. § 42-5008, AZ ST § 42-5008
Current through the First Regular Session of the Fifty-Second Legislature

**End of Document**                                      © 2015 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1

# EXHIBIT 2

§ 6051. Levy on retailers' gross receipts; rate, CA REV & TAX § 6051

West's Annotated California Codes
Revenue and Taxation Code (Refs & Annos)
Division 2. Other Taxes (Refs & Annos)
Part 1. Sales and Use Taxes (Refs & Annos)
Chapter 2. The Sales Tax (Refs & Annos)
Article 1. Imposition of Tax (Refs & Annos)

West's Ann.Cal.Rev. & T.Code § 6051

§ 6051. Levy on retailers' gross receipts; rate

Currentness

For the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers at the rate of 2 ½ percent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail in this state on or after August 1, 1933, and to and including June 30, 1935, and at the rate of 3 percent thereafter, and at the rate of 2 ½ percent on and after July 1, 1943, and to and including June 30, 1949, and at the rate of 3 percent on and after July 1, 1949, and to and including July 31, 1967, and at the rate of 4 percent on and after August 1, 1967, and to and including June 30, 1972, and at the rate of 3 ¾ percent on and after July 1, 1972, and to and including June 30, 1973, and at the rate of 4 ¾ percent on and after July 1, 1973, and to and including September 30, 1973, and at the rate of 3 ¾ percent on and after October 1, 1973, and to and including March 31, 1974, and at the rate of 4 ¾ percent thereafter.

**Credits**

(Added by Stats.1972, c. 1406, p. 2969, § 16, eff. Dec. 26, 1972, operative June 1, 1973. Amended by Stats.1973, c. 67, p. 110, § 1, eff. May 29, 1973, operative July 1, 1973; Stats.1973, c. 296, p. 704, § 1, eff. Aug. 23, 1973, operative Oct. 1, 1973; Stats.1991, c. 85 (A.B.2181), § 2, eff. June 30, 1991, operative July 15, 1991; Stats.1991, c. 88 (S.B.179), § 1, eff. June 30, 1991, operative July 15, 1991; Stats.1991, c. 117 (S.B.169), § 2, eff. July 16, 1991.)

Notes of Decisions (53)

West's Ann. Cal. Rev. & T. Code § 6051, CA REV & TAX § 6051
Current with urgency legislation through Ch. 10, also including Chs. 12-14, 16-17, and 28 of 2015 Reg.Sess.

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 2

# EXHIBIT 3

374.110. Imposition and rate, NV ST 374.110

---

West's Nevada Revised Statutes Annotated
Title 32. Revenue and Taxation (Chapters 360-377c)
Chapter 374. Local School Support Tax (Refs & Annos)
Sales Tax

N.R.S. 374.110

374.110. Imposition and rate

Currentness

For the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers at the rate of 2.25 percent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail in a county.

**Credits**

Added by Laws 1967, p. 899. Amended by Laws 1981, p. 290; Laws 1991, p. 2293.

N. R. S. 374.110, NV ST 374.110
Current through End of 28th Special Session (2014) and all technical corrections received by publisher from Legislative Counsel Bureau

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

EXHIBIT 3

# EXHIBIT 4

§ 47-2002. Imposition of tax., DC CODE § 47-2002

---

| West's District of Columbia Code Annotated 2001 Edition |
| Division VIII. General Laws. |
| Title 47. Taxation, Licensing, Permits, Assessments, and Fees. (Refs & Annos) |
| Chapter 20. Gross Sales Tax. (Refs & Annos) |

DC ST § 47-2002
Formerly cited as DC ST 1981 §  47-2002

§ 47-2002. Imposition of tax.

**Effective: February 26, 2015**

Currentness

(a) A tax is imposed upon all vendors for the privilege of selling at retail certain tangible personal property and for the privilege of selling certain selected services (defined as "retail sale" and "sale at retail" in this chapter). Beginning on October 1, 2013, the rate of such tax shall be 5.75% of the gross receipts from sales of or charges for such tangible personal property and services, except that:

(1) The rate of tax shall be 18% of the gross receipts from the sale of or charges for the service of parking or storing of motor vehicles or trailers, except the service of parking or storing of motor vehicles or trailers on a parking lot owned or operated by the Washington Metropolitan Area Transit Authority and located adjacent to a Washington Metropolitan Area Transit Authority passenger stop or station;

(2)(A) The rate of tax shall be 10.05% of the gross receipts from the sale of or charges for any room or rooms, lodgings, or accommodations furnished to a transient by any hotel, inn, tourist camp, tourist cabin, or any other place in which rooms, lodgings, or accommodations are regularly furnished to transients;

(B) If the occupancy of a room or rooms, lodgings, or accommodations is reserved, booked, or otherwise arranged for by a room remarketer, the tax imposed by this paragraph shall be determined based on the net charges and additional charges received by the room remarketer.

(3) The rate of tax shall be 9% of the gross receipts from the sale of or charges for:

(A) Food or drink prepared for immediate consumption as defined in § 47-2001(g-1);

(B) Spirituous or malt liquors, beers, and wine sold for consumption on the premises where sold; and

Page 1 of Exhibit 4

§ 47-2002. Imposition of tax., DC CODE § 47-2002

(C) Rental or leasing of rental vehicles and utility trailers as defined in § 50-1505.01;

(3A) The rate of tax shall be 10% of the gross receipts of the sales of or charges for spirituous or malt liquors, beers, and wine sold for consumption off the premises where sold;

(4) [Repealed];

(4A) The rate of tax shall be 5.75% of the gross receipts from the sale of or charges for tangible personal property or services by legitimate theaters, or by entertainment venues with 10,000 or more seats, excluding any such theaters or entertainment venues from which such taxes are applied to pay debt service on tax-exempt bonds;

(5) The rate of tax shall be 12% of the gross receipts from the sale of or charges for cigars, excluding premium cigars;

(6) The rate of tax shall be 12% of the gross receipts from the sale of or charges for other tobacco products; and

(7)(A) The rate of tax shall be 6% of the gross receipts from the sale of or charges for medical marijuana, as defined in the Legalization of Marijuana for Medical Treatment Initiative of 1999, transmitted on December 21, 2009 (D.C. Act 13-138) [Chapter 16B of Title 7].

(B) The proceeds of the tax collected under subparagraph (A) of this paragraph shall be deposited in the Healthy DC and Health Care Expansion Fund established by [§ 31-3514.02].

(b) Of the sales tax revenue received pursuant to this section, $1,170,000 annually shall be used to fund the Reimbursable Detail Subsidy Program in the Alcoholic Beverage Regulation Administration.

(c) Repealed.

**Credits**

(May 27, 1949, 63 Stat. 115, ch. 146, title I, § 125; May 18, 1954, 68 Stat. 117, ch. 218, title XIII, § 1303; Mar. 2, 1962, 76 Stat. 10, Pub. L. 87-408, § 101(a); Sept. 30, 1966, 80 Stat. 856, Pub. L. 89-610, title III, § 301(a); Aug. 2, 1968, 82 Stat. 614, Pub. L. 90-450, title III, § 304; Oct. 31, 1969, 83 Stat. 170, Pub. L. 91-106, title I, § 104; Jan. 5, 1971, 84 Stat. 1932, Pub. L. 91-650, title II, § 201(a)(2); Aug. 29, 1972, 86 Stat. 643, Pub. L. 92-410, title III, § 301(a)(1), (2); Oct. 21, 1975, D.C. Law

§ 47-2002. Imposition of tax., DC CODE § 47-2002

1-23, title III, § 301(7), 22 DCR 2099; June 15, 1976, D.C. Law 1-70, title IV, § 408, 23 DCR 541; Mar. 6, 1979, D.C. Law 2-157, § 6, 25 DCR 6995; Sept. 13, 1980, D.C. Law 3-92, § 201(b), 27 DCR 3390; Sept. 26, 1984, D.C. Law 5-113, § 201(b), (c), 31 DCR 3974; July 26, 1989, D.C. Law 8-17, § 4(b), 36 DCR 4160; Sept. 10, 1992, D.C. Law 9-145, § 107(b), 39 DCR 4895; Sept. 30, 1993, D.C. Law 10-25, § 111(e), 40 DCR 5489; June 14, 1994, D.C. Law 10-128, § 104(b), 41 DCR 2096; Sept. 28, 1994, D.C. Law 10-188, § 302(a), 41 DCR 5333; May 16, 1995, D.C. Law 10-255, § 44, 41 DCR 5193; enacted, Apr. 9, 1997, D.C. Law 11-254, § 2, 44 DCR 1575; Aug. 12, 1998, D.C. Law 12-142, § 3(c), 45 DCR 4826; June 5, 2003, D.C. Law 14-307, § 902(a), 49 DCR 11664; May 12, 2006, D.C. Law 16-94, § 2(b), 53 DCR 1649; Mar. 3, 2010, D.C. Law 18-111, § 7241(f), 57 DCR 181; Sept. 24, 2010, D.C. Law 18-223, § 7132, 57 DCR 6242; Apr. 8, 2011, D.C. Law 18-364, § 2(b), 58 DCR 976; Sept. 14, 2011, D.C. Law 19-21, §§ 7002(a)(2), 8032(b), 8042, 8123, 8143, 58 DCR 6226; May 1, 2013, D.C. Law 19-310, § 3(a), 60 DCR 3410; Dec. 24, 2013, D.C. Law 20-61, §§ 7243, 10006, 60 DCR 12472; Feb. 26, 2015, D.C. Law 20-155, § 7043(a), 61 DCR 9990.)

Notes of Decisions (12)

Copyright (c) 2012 By the District of Columbia. Content previously published in the District of Columbia Official Code, 2001 Edition is used with permission. Copyright (c) 2015 Thomson Reuters.
DC CODE § 47-2002
Current through June 24, 2015

# EXHIBIT 5

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

              - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

**STIPULATED ORDER REGARDING PAYMENT OF CERTAIN TAXES
UNDER SUPPLEMENTAL ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105(a), 506(A), 507(A)(8), 541 AND 1129
AUTHORIZING THE DEBTORS TO PAY PREPETITION SALES, USE,
TRUST FUND AND OTHER TAXES AND RELATED OBLIGATIONS**

          Upon consideration of (i) the Debtors' Motion

For Order Pursuant To Bankruptcy Code Sections 105(a),

506, 507(a)(8), 541 And 1129 And Bankruptcy Rule 6003

Authorizing The Debtors To Pay Prepetition Sales, Use,

Trust Fund And Other Taxes And Related Obligations (D.I.
7; the "Motion"); and (ii) the Debtors' Supplemental
Motion For Order Pursuant To Bankruptcy Code Sections
105(a), 506, 507(a)(8), 541 And 1129 Authorizing The
Debtors To Pay Prepetition Sales, Use, Trust Fund And
Other Taxes And Related Obligations (D.I. 407; the "the
Supplemental Motion"); and the Court having entered
orders approving the Motion (D.I. 110; the "Order") and
the Supplemental Motion (D.I. 1086; the "Supplemental
Order"); and, pursuant to the Order, the Court having
authorized the Debtors to pay up to $22 million on
account of the Taxes (as defined in the Motion and the
Supplemental Motion); and, pursuant to the Supplemental
Order, the Court having authorized the Debtors to pay up
to an additional $13 million on account the Taxes; and
pursuant to the Supplemental Order the Committee having
informally objected to the payment of Taxes to Arizona,
Arkansas, California, the District of Columbia, Hawaii,
and Michigan (the "Contested Jurisdictions" and the
Taxes allegedly due to the Contested Jurisdictions, the
"Contested Taxes") on the grounds that the Contested
Taxes are not "trust fund" taxes; and the Debtors'

having agreed that the Contested Taxes are not trust
fund taxes; and the Debtors and the Committee have
stipulated to the foregoing; and the Court having found
that: (a) the Contested Taxes owed to the Contested
Jurisdictions do not create trust funds because the
applicable statutes do not require the Debtors to
collect the Contested Taxes from third parties for
remission to the taxing authorities of the Contested
Jurisdictions on behalf of such third parties; (b) the
applicable statutes in the Contested Jurisdictions levy
the Contested Taxes directly on the Debtors as taxes on
the privilege of conducting a retail business,
regardless of whether the Debtors obtain reimbursement
from any third party; (c) the Contested Taxes constitute
property of the Debtors' estate; and (d) entry of this
Order is in the best interests of the Debtors, their
estates and creditors; and upon consideration of the
foregoing,

ORDERED, ADJUDGED AND DECREED that:

1. Except to the extent expressly set forth
herein, the Order and the Supplemental Order shall
remain in full force and effect.

     2.    Absent further order of this Court, the Debtors are not authorized to pay the Contested Taxes to the Contested Jurisdictions.

     3.    The Debtors are hereby directed to serve a copy of this Stipulated Order on the attorney generals and applicable taxing authorities for each of the Contested Jurisdictions within two business days of entry.  Each of the Contested Jurisdictions shall have until 4:00 p.m. (ET) on January 13, 2009 (the "Objection Deadline"), to file and serve so as to be received by the Objection Deadline an objection to this Stipulated Order.  If one or more objections are filed, this Court shall hold a hearing on such objection(s) on January 16, 2009 or such later date and time as agreed to by the Debtors, the Committee and the applicable Contested Jurisdictions.

     4.    For each Contested Jurisdiction that does not file and serve an objection on or before the Objection Deadline, this Order shall immediately become final as to each such Contested Jurisdiction as of the Objection Deadline without further action by this Court or any other party.

5.   The Debtors' right to seek payment of the
Contested Taxes on any basis, other than that such
Contested Taxes are trust fund taxes, is expressly
reserved and nothing herein shall impair such right.

6.   The Court retains jurisdiction to hear
and determine all matters arising from or related to the
implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        December 22, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

STIPULATED AND AGREED TO BY:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

        - and -

Richard M. Pachulski
Robert J. Feinstein
Jeffrey N. Pomerantz
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 11th floor
Los Angeles, CA 90067-4100
(310) 277-6910

        - and -

/s/ Lynn L. Tavenner
Lynn L. Tavenner (VSB No. 30083)
Paula S. Beran (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North Eight Street, 2nd Floor
Richmond, VA 23219
(804) 783-8300

Counsel to the Official Committee of Unsecured Creditors

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                                /s/ Douglas M. Foley
                                    Douglas M. Foley

# DECLARATION OF STANLEY E. GOLDICH

I, Stanley E. Goldich, declare and state as follows:

1.      I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP, proposed counsel for the Official Committee of Unsecured Creditors (the "Committee") of Anna's Linens, Inc. (the "Debtor").  I am duly admitted to practice in the state of California and before this Court.

2.      This Declaration is submitted in support of the Committee's *Supplemental Memorandum (1) For a Determination That the Privilege Taxes of Arizona, California, Nevada and the District of Columbia Are Not Trust Fund Taxes, and (2) an Order Terminating the Debtor's Authority to Pay Non-Trust Fund Taxes* (the "Memorandum").  I have personal knowledge of the facts set forth herein except where matters are stated on information and belief, and as to these facts, I am informed and believe they are true, and if called as a witness, I could and would competently testify thereto.

3.      I have reviewed the Motion.  The facts stated therein are largely matters that are subject to judicial notice that I believe to be true, and those facts that are not matters of record in this case, primarily, the discussions and agreement between the Debtor and the Committee regarding the privilege taxes of Arizona, California, Nevada and the District of Columbia are also true and correct.

4.      Specifically, David Golubchik, counsel for the Debtor, confirmed to me that the Debtor does not oppose the request of the Committee for an order (a) determining  that the privilege taxes of Arizona, California, Nevada and the District of Columbia (the "Contested Jurisdictions") are taxes on the retailer and therefore not "trust fund" taxes, and (b) terminating the Debtor's authority to pay unpaid prepetition priority privilege taxes (the "Contested Taxes") of the Contested Jurisdictions at this time.  However, as a condition to not remitting the Contested Taxes, Mr. Golubchik stated to me that the Debtor wants a determination of the Court that the Contested Taxes are not "trust fund" taxes.

5.      According to the Debtor's schedule of *Pre-Prepetition Sales Tax Liability by State* forwarded to me on July 11, 2015 and my discussions with Debtor's counsel that there have been no further payments to the Contested Jurisdictions since that date, the current amount of the unpaid Contested Taxes owed to the Contested Jurisdictions is $194,197.50.

6.      Attached to the Memorandum as Exhibits 1, 2, 3, and 4, respectively, are relevant excerpts of the privilege tax statutes of Arizona, California, Nevada and the District of Columbia which the Committee requests the Court take judicial notice of.

7.      Attached to the Memorandum as Exhibit 5, is a true and correct copy of the *Stipulated Order Regarding Payment of Certain Taxes Under Supplemental Order Pursuant to Bankruptcy Code Sections 105(a), 506(A), 507(A)(8), 541 and 1129 Authorizing the Debtors To Pay Prepetition Sales, Use, Trust Fund and Other Taxes and Related Obligations* (the "Circuit City Stipulated Order") entered on December 22, 2008 in *In re Circuit City Stores, Inc*., Case No. 08-35653 (KRH).

8.      I worked with counsel for the Debtors on the Circuit City Stipulated Order and the analysis of the State sales and privilege tax statutes in the approximately 44 jurisdictions (including the District of Columbia and Puerto Rico) where such prepetition taxes were owed.   I am informed and believe that none of the six jurisdictions that the Circuit City Stipulated Order found were not "trust fund" taxes,  including California, Arizona and the District of Columbia, objected to the finding in the Circuit City Stipulated Order that their privilege taxes were not "trust fund" taxes.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of July, 2015, at Los Angeles, California.

/s/ *Stanley E. Goldich*
Stanley E. Goldich

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled (*specify*): **OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SUPPLEMENTAL MEMORANDUM FOR (1) A DETERMINATION THAT THE PRIVILEGE TAXES OF ARIZONA, CALIFORNIA, NEVADA AND THE DISTRICT OF COLUMBIA ARE NOT TRUST FUND TAXES, AND (2) AN ORDER TERMINATING THE DEBTOR'S AUTHORITY TO PAY NON TRUST FUND TAXES; DECLARATION OF STANLEY E. GOLDICH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 27, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **July 27, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 27, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA FEDEX**
Honorable Theodor C. Albert
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040/Courtroom 5B
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 27, 2015 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

In re Anna's Linens, Inc.
CDCA Case No. 8:15-bk-13008-TA

## 1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- Todd M Arnold    tma@lnbyb.com
- Michael Avanesian    michael@avanesianlaw.com, michael@ecf.inforuptcy.com
- Sabrina Beavens    sbeavens@iurillolaw.com, ciurillo@iurillolaw.com
- Karen C Bifferato    kbifferato@connollygallagher.com, kbifferato@connollygallagher.com
- Mikel R Bistrow    bistrowm@ballardspahr.com, burkec@ballardspahr.com
- Wanda Borges    ecfcases@borgeslawllc.com
- Dustin P Branch    dustin.branch@kattenlaw.com, odrigo.mickelsen@kattenlaw.com;brian.huben@kattenlaw.com ;adelle.shafer@kattenlaw.com;donna.carolo@kattenlaw.com
- Robert Brier    bbrier@bihlaw.com, smann@bihlaw.com
- Heather D Brown    heather@hdbrownlaw.com
- David L Bruck    bankruptcy@greenbaumlaw.com, cdeluca@greenbaumlaw.com
- Gary O Caris    gary.caris@dentons.com, chris.omeara@dentons.com
- Shirley Cho    scho@pszjlaw.com
- Gail L Chung    GL@outtengolden.com, JXH@outtengolden.com;rmasubuchi@outtengolden.com;kdeleon @outtengolden.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, odri@lesliecohenlaw.com;Brian@lesliecohenlaw.com
- Denise Diaz    Denise.Diaz@rmsna.com
- Eldia M Diaz-Olmo    diazolmo@villamil.net, eldia.diazolmo@gmail.com
- John P Dillman    odrigo_bankruptcy@publicans.com
- Glen Dresser    gombd@aol.com
- Reid E Dyer    reiddyer@mvalaw.com, davidwheeler@mvalaw.com
- Gary B Elmer    gelmer@ciardilaw.com
- Amanda N Ferns    aferns@fernslaw.com, mmakalintal@fernslaw.com
- Roger F Friedman    rfriedman@rutan.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Sidney Garabato    sgarabato@epiqsystems.com, rjacobs@ecf.epiqsystems.com
- Richard Girgado    rgirgado@counsel.lacounty.gov
- Bernard R Given    bgiven@loeb.com, mortiz@loeb.com,adeland@loeb.com
- Ronald E Gold    rgold@fbtlaw.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Andrew A Goodman    agoodman@greenbass.com, ksopky@greenbass.com
- William A Gray    bgray@sandsanderson.com, rarrington@sandsanderson.com

- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- Ralph P Guenther    rguenther@montereylaw.com
- Andrew Haley    ahaley@gpfm.com, kbarone@gpfm.com
- Michael J Hauser    michael.hauser@usdoj.gov
- James H Henderson    odrigo    @title11.com, ginny@title11.com
- Matthew C. Heyn    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- Brian D Huben    brian.huben@kattenlaw.com, donna.carolo@kattenlaw.com;ecf.lax.docket@kattenlaw.com;lora .anderson@kattenlaw.com
- James KT Hunter    jhunter@pszjlaw.com
- William E Ireland    wireland@hbblaw.com, cdraper@hbblaw.com
- Eve H Karasik    ehk@lnbyb.com
- Doah Kim    Doah.Kim@LewisBrisbois.com, Monique.Talamante@LewisBrisbois.com
- Simon Kimmelman    skimmelman@sillscummis.com
- Steven N Kurtz    nlessard@laklawyers.com, rfeldon@laklawyers.com;lkaplan@laklawyers.com
- Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;cdonoyan@landsberg-law.com;dzuniga@landsberg-law.com;yalarcon@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- William J Levant    wlevant@kaplaw.com, wlevant@gmail.com
- Lori A Lewis    lewisl004@mail.maricopa.gov
- James V Lombardi    jlombardi@rossbanks.com, kjohnson@rossbanks.com
- David J Mahoney    efilings@spallp.com
- Robert S Marticello    Rmarticello@swelawfirm.com, csheets@swelawfirm.com
- David A Mawhinney    david.mawhinney@klgates.com
- Gordon G May    hpc@ggb-law.com
- Thor D McLaughlin    tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin M Newman    knewman@menterlaw.com, kmnbk@menterlaw.com
- William Novotny    odrigo.novotny@mwmf.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Keith C Owens    kowens@venable.com, bclark@venable.com;khoang@venable.com;DGIge@venable.co m
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Christopher L Parnell    cparnell@dunncarney.com, taichele@dunncarney.com
- Paul J Pascuzzi    ppascuzzi@ffwplaw.com
- Andrew S Pauly    apauly@gpfm.com, lburns@gpfm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:290742.2 03751/002

**F 9013-3.1.PROOF.SERVICE**

- Christopher J Petersen    cjpetersen@blankrome.com, arc@blankrome.com
- David M Poitras    dpoitras@jmbm.com, bt@jmbm.com;vr@jmbm.com;dmp@ecf.inforuptcy.com
- David L Pollack    odrigo@ballardspahr.com, petlaka@ballardspahr.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Kelly L Pope    kpope@downeybrand.com, kbaughman@downeybrand.com;courtfilings@downeybrand.com
- David L Prince    dlp@redchamber.com
- Jennifer Pruski    jpruski@trainorfairbrook.com
- Steven B Sacks    ssacks@sheppardmullin.com, jnakaso@sheppardmullin.com
- William H Short    bill.short@arlaw.com, odrigo.carter@arlaw.com
- Scott H Siegel    ssiegel@laklawyers.com, aaguirre@laklawyers.com
- Evan D Smiley    esmiley@swelawfirm.com, gcruz@swelawfirm.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Howard Steinberg    steinbergh@gtlaw.com, laik@gtlaw.com;LALitDock@GTLAW.com

- Rick A Steinberg    rsteinberg@nakblaw.com
- Ronald M Tucker    rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Daniel R Utain    dutain@kaplaw.com, kcoughlin@kaplaw.com
- Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov
- Catherine Weinberg    cweinberg@bamlaw.net, jnoble@bamlaw.net
- Elizabeth Weller    dallas.bankruptcy@publicans.com
- Eric R Wilson    kdwbankruptcydepartment@kelleydrye.com, Mvicinanza@ecf.inforuptcy.com
- Rebecca J Winthrop    odrigo.winthrop@nortonrosefulbright.com, darla.rodrigo@nortonrosefulbright.com
- Barouir B Yeretzian    byeretzian@jhindslaw.com, yeretzian@gmail.com
- Roye Zur    rzur@lgbfirm.com, kalandy@lgbfirm.com;marizaga@lgbfirm.com;rspahnn@lgbfirm.com

## 2.    SERVICE BY U.S. MAIL

Michael Z Brownstein
Blank Rome LLP
The Chrysler Building
405 Lexington Ave
New York, NY 10174

Elizabeth Banda Calvo
Perdue Brandon Fielder Collins & Mott
500 E Border St., Ste 640
Arlington, TX 76010

Eboney Cobb
Perdue Brandon Fielder Collins & Mott
500 E Border St Ste 640
Arlington, TX 76010

Eldia M Diaz-Olmo
P.O. Box 363952
SAN JUAN, PR 00936-3952

Jonathan J Faria
Kirkland & Ellis LLP
333 S Hope St
Los Angeles, CA 90071

Matthew L Hinker
Greenberg Traurig, LLP
MetLife Building
200 Park Ave
New York, NY 10166

John E Lucian
Blank Rome LLP
One Logan Sq 130 N 18th St
Philadelphia, PA 19103

Nancy A Mitchell
Greenberg Traurig, LLP
MetLife Building
200 Park Ave
New York, NY 10166

Joshua A Sussberg
Kirkland & Ellis LLP
601 Lexington Ave
New York, NY 10022

Jeffrey M Wolf
Greenberg Traurig LLP
One International Place
Boston, MA 02110

Kimberly A. Walsh
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548

Lee S Brenner
Kelley Drye & Warren LLP
10100 Santa Monica Blvd
23rd Fl
Los Angeles, CA 90067

Landau Gottfried & Berger LLP
c/o Roye Zur
1801 Century Park East, Ste.700
Los Angeles, CA 90067

Maura I. Russell
DiConza Traurig Kadish LLP
630 Third Avenue
New York, NY 10017

Robert L. LeHane, Esq.
Gilbert R. Saydah Jr., Esq.
KELLEY DRYE &WARREN LLP
101 Park Avenue
New York, NY 10178

Katten Muchin Rosenman LLP
c/o Dustin P. Branch, Esq.
2029 Century Park E., Ste. 2600
Los Angeles, CA  90067-3012

Jennifer L. Pruski
Trainor Fairbrook
PO Box 255824
Sacramento, CA  95865

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Clark Hill PLC
c/o David M. Blau, Esq.
151 S. Old Woodward Ave, Ste. 200
Birmingham, MI 48009

Daniel R. Utain
Kaplin Stewart Meloff Reiter
&Stein, P.C.
PO Box 3037
Blue Bell, PA  19422

A-S 106 Pasadena Town Center
c/o James V. Lombardi, III
Ross, Banks, May, Cron & Cavin, P.C.
2 Riverway, Ste. 700
Houston, TX  77056

Elizabeth Weller
Linebarger Goggan Blair
& Sampson, LLP
2777 N. Stemmons Fwy, Ste. 1000
Dallas, TX  75207

Gary B. Elmer
Ciardi Ciardi & Astin
402 W. Broadway, Ste. 400
San Diego, CA  92101

David L. Pollack
Ballard Spahr LLP
51st Fl. – Mellon Bank Center
1735 Market Street
Philadelphia, PA  19103

Christopher Celentino
Ballard Spahr LLP
655 W. Broadway, Ste. 1600
San Diego, CA  92101

Copper Center Partnership
c/o James H. Henderson
The Henderson Law Firm
1201 Harding Place
Charlotte, NC  28204-2826

Rene S Roupinian
Outten & Golden LLP
3 Park Ave 29th Fl
New York, NY 10016

Jack A Raisner
Outten & Golden LLP
3 Park Ave., 29th Floor
New York, NY 10016

Mette H Kurth
1800 Century Park East, Ste. 300
Los Angeles, CA 90067

IBM Credit LLC
One North Castle Dr
c/o Paul Wearing Special Handling
  Group
Armonk, NY 10504

Juan Cornejo
The McClatchy Company
Legal Department, 2nd Fl
2100 Q St
Sacramento, CA 95816

Ralph P. Guenther
Dougherty & Guenther, APC
601 S. Main St.
Salinas, CA 93901

Paul Wearing
Special Handling Group -MD NC317
IMB Credit LLC
One North Castle Dr.
Armonk, NY  10504

William H. Short, Jr.
Adams and Reese LLP
1501 Main St., 5th Fl.
Columbia, SC  29201

Rebecca J. Winthrop
Norton Rose Fulbright US LLP
555 S. Flower St., 41st Fl.
Los Angeles, CA  90071

**3.    SERVED BY OVERNIGHT MAIL:**

## TAXING AUTHORITIES

Adam Paul Laxalt
Attorney General of Nevada
Alycia K. Hansen
Deputy Attorney General
Wesley K. Duncan
Assistant Attorney General
555 East Washington Ave., Suite 3900
Las Vegas, NV  89101

Karl A. Racine
Attorney General of District of
  Columbia
441 4th Street NW
Washington, D.C.  20001

Office of Treasurer and Tax Collector
1101 4th Street SW
Suite 270 West
Washington, DC  20024

Arizona Dept. of Revenue
1600 West Monroe
Phoenix, AZ  85007-2650

Mark Brnovich
Attorney General of Arizona
1275 West Washington Street
Phoenix, AZ  85007-2926

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.