1 | DAVID B. GOLUBCHIK (SBN 185520)
2 | EVE H. KARASIK (SBN 155356)
    JULIET Y. OH (SBN 211414)
3 | LINDSEY L. SMITH (SBN 265401)
    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
4 | 10250 Constellation Boulevard, Suite 1700
    Los Angeles, California 90067
5 | Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
    Email: dbg@lnbyb.com, ehk@lnbyb.com, jyo@lnbyb.com, lls@lnbyb.com
6 |
7 | Attorneys for Chapter 11 Debtor
    and Debtor in Possession
8 |

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | ) Case No. 8:15-bk-13008-TA |
| | ) |
| ANNA'S LINENS, INC., | ) Chapter 11 |
| | ) |
|         Debtor. | ) **MOTION FOR ENTRY OF AN ORDER** |
| | ) **APPROVING (1) SALE OF ASSETS** |
| | ) **FREE AND CLEAR OF INTERESTS;** |
| | ) **AND (2) ASSUMPTION AND** |
| | ) **ASSIGNMENT OF UNEXPIRED REAL** |
| | ) **PROPERTY LEASES; MEMORANDUM** |
| | ) **OF POINTS AND AUTHORITIES;** |
| | ) **DECLARATION OF J.E. RICK BUNKA** |
| | ) **FILED IN SUPPORT THEREOF** |
| | ) |
| | ) <u>Hearing:</u> |
| | ) DATE:     September 9, 2015 |
| | ) TIME:     10:00 a.m. |
| | ) PLACE:   Courtroom 5B |
| | )            411 West Fourth Street |
| | )            Santa Ana, California |
| | ) |
| | ) |
| | ) |
| | ) |
|     —————————————————— | ) |

1

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ..................................................... 6

**I.    STATEMENT OF FACTS** ........................................................................................ 6

    **A.    Background** .......................................................................................... 6

    **B.    Events Leading To The Filing Of The Debtor's Chapter 11
    Bankruptcy Case And Anticipated Exit Strategy** ............................... 7

    **C.    The Intellectual Property Assets and Real Property Assets Sale
    Process** ................................................................................................. 9

    **D.    The Proposed Bidding Procedures and Sale Process** ........................ 10

    **E.    Proposed Sale of Consumer Data** ...................................................... 10

    **F.    Assumption and Assignment of Real Property Leases** ...................... 10

**II.   DISCUSSION** ........................................................................................................ 13

    **A.    The Court Should Authorize the Debtor to Sell the Assets Free and
    Clear of All Liens, Claims, Interests, and Encumbrances, as
    Applicable** .......................................................................................... 13

        **1.    The Debtor Has Complied With All Notice Requirements
        Under the Bankruptcy Code, Federal Rules of Bankruptcy
        Procedure, and Local Bankruptcy Rules Governing the Sale** ......... 13

        **2.    The Motion Should Be Approved Because Good Business
        Reasons Exist to Grant the Motion and the Proposed Sale(s)
        are in the Best Interests of Creditors and the Estate** ...................... 15

            **a.    Sound Business Purpose** ...................................................... 15

            **b.    Fair and Reasonable Price** ................................................... 16

            **c.    Adequate Marketing** ............................................................ 17

            **d.    Good Faith** ............................................................................ 17

        **3.    The Sale of the Assets Should be Free and Clear of All
        Interests, Including Liens, Claims, and Encumbrances, Under
        Bankruptcy Code Section 363(f)** ...................................................... 18

        **4.    The Court Should Waive the 14-Day Stay of Bankruptcy Rule
        6004(h)** ............................................................................................ 19

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.**    **The Court Should Authorize the Debtor's Assumption and
Assignment of Unexpired Leases and Executory Contracts Pursuant
to the Proposed Procedures** ........................................................................... **19**

**III.    CONCLUSION** ........................................................................................................ **22**

# TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

*Big Shanty Land Corp. v. Comer Properties, Inc.*
  61 B.R. 272 (Bankr.N.D.Ga.1985) ...................................................................... 16

*Cinicola v. Scharffeberger*
  248 F.3d 110 (3d Cir. 2001)............................................................................... 21

*Hargrave v. Twp. of Pemberton (In re Tabone, Inc.)*
  175 B.R. 855 (Bankr. D.N.J. 1994).................................................................... 22

*In re Abbotts Dairies*
  788 F.2d 143 (3rd Cir. 1986) ............................................................................ 17

*In re AEG Acquisition Corp.*
  127 B.R. 34 (Bankr.C.D.Cal.1991), *aff'd* 161 B.R. 50 (9th Cir.B.A.P.1993) ....................... 20

*In re Alpha Industries, Inc.*
  84 B.R. 703 (Bankr.Mont.1988) ........................................................................ 16

*In re Bowman*
  194 B.R. 227 (Bankr.D.Ariz.1995)..................................................................... 20

*In re Bygaph, Inc,*
  . 56 B.R. 596 (Bankr. S.D.N.Y. 1986) ................................................................ 21

*In re Canyon Partnership*
  55 B.R. 520 (Bankr.S.D.Cal.1985) .................................................................... 16

*In re Central Fla. Metal Fabrication, Inc.*
  190 B.R. 119 (Bankr. N.D. Fla. 1995) ................................................................ 20

*In re Continental Country Club, Inc.*
  114 B.R. 763 (Bankr.M.D.Fla.1990) .................................................................. 20

*In re Crow Winthrop Operating Partnership*
  241 F.3d 1121 (9th Cir. 2001).......................................................................... 20

*In re DBSI, Inc.*
  405 B.R. 698, 708 (Bankr. D. Del. 2009) ........................................................... 21

*In re Decora Indus.*
  2002 U.S. Dist. LEXIS 27031, at *23 (D. Del. 2002) ........................................... 21

*In re Fleming Cos., Inc.*
  499 F.3d 300 (3d Cir. 2007)............................................................................. 21

*In re Gucci*
    193 B.R. 411 (S.D.N.Y.1996) ................................................................... 20

*In re Headquarters Dodge, Inc.*
    13 F.3d 674 (3d Cir. 1994) ....................................................................... 20

*In re Klein Sleep Products, Inc.*
    78 F.3d 18 (2d. Cir.1996) ......................................................................... 20

*In re The Landing*
    156 B.R. 246 (Bankr.E.D.Mo.1993) ......................................................... 15

*In re Lionel Corp.*
    722 F.2d 1063 (2d Cir.1983) ..................................................................... 15

*In re Mama's Original Foods, Inc.*
    234 B.R. 500 (C.D.Cal.1999) .................................................................... 15

*In re Prime Motors Inns*
    124 B.R. 378 (Bankr.S.D.Fla.1991) .......................................................... 20

*In re Rickel Home Center, Inc.*
    209 F.3d 291 (3d Cir. 2000) ..................................................................... 20

*In re Whittemore*
    37 B.R. 93 (Bankr.D.Or.1984) .................................................................. 18

*In re Wilde Horse Enterprises, Inc.*
    136 B.R. 830 (Bankr.C.D.Cal.1991) ............................................. 15, 16, 17

*Moldo v. Clark (In re Clark)*
    266 B.R. 163 (9th Cir. BAP 2001) ............................................................ 18

*Pelican Homestead v. Wooten (In re Gabeel)*
    61 B.R. 661 (Bankr. W.D. La. 1985) ......................................................... 22

*Walter v. Sunwest Bank (In re Walter)*
    83 B.R. 14 (9th Cir.B.A.P.1988) ............................................................... 15

*Weingarten Nostat, Inc. v. Service Merchandise Company, Inc.*
    396 F.3d 737 (6th Cir. 2005) ..................................................................... 20

**FEDERAL STATUTES**

11 U.S.C. § 101(31) ...................................................................................... 17

11 U.S.C. § 102(1) ........................................................................................ 13

11 U.S.C. § 332 ......................................................................................... 4, 10

iv

11 U.S.C. § 363 ........................................................................................................ 2

11 U.S.C. § 363(b) ........................................................................... 3, 13, 15, 16, 17

11 U.S.C. § 363(c) ................................................................................................... 4

11 U.S.C. § 363(f) ............................................................................................. 4, 18

11 U.S.C. § 363(m) ................................................................................ 2, 4, 18, 22

11 U.S.C. § 365 ............................................................................................. passim

11 U.S.C. § 365(a) ........................................................................................... 4, 19

11 U.S.C. § 365(b)(1) ..................................................................................... 20, 21

11 U.S.C. § 365(f) ......................................................................................... 20, 21

11 U.S.C. § 365(k) ................................................................................................ 21

11 U.S.C. § 705 ..................................................................................................... 13

11 U.S.C. § 1102 ................................................................................................... 13

11 U.S.C. § 1107 ........................................................................................... 3, 6, 19

11 U.S.C. § 1108 ............................................................................................... 3, 6

11 U.S.C. § 1129 ................................................................................................... 17

**FEDERAL RULES**

Fed.R.Bankr.P. 2002(a)(2) ............................................................................. 13, 14

Fed.R.Bankr.P. 2002(c)(1) ............................................................................. 13, 14

Fed.R.Bankr.P. 2002(i) ................................................................................... 13, 14

Fed.R.Bankr.P. 2002(k) .................................................................................. 13, 14

Fed.R.Bankr.P. 6004 ......................................................................................... 2, 4

Fed.R.Bankr.P. 6004(a) .................................................................................. 13, 14

Fed.R.Bankr.P. 6004(c) ......................................................................................... 14

Fed.R.Bankr.P. 6004(h) ................................................................... 2, 4, 19, 22, 23

Fed.R.Bankr.P. 6004-1(f) ................................................................................ 2, 14

Fed.R.Bankr.P. 6006 ......................................................................................... 2, 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed.R.Bankr.P. 6006(a) ............................................................................................. 14

Fed.R.Bankr.P. 6006(c) ............................................................................................. 14

Fed.R.Bankr.P. 6006(d) ................................................................................ 2, 4, 22, 23

Fed.R.Bankr.P. 9013-1 ................................................................................... 2, 4, 13

Fed.R.Bankr.P. 9014 ................................................................................................ 14

Pursuant to 11 U.S.C. §§ 363and 365, Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 6004-1(f) 9013-1, Anna's Linens, Inc., a Delaware corporation and the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), hereby files this motion (the "Motion") for the entry of an order authorizing the Debtor to:

(A)    sell its intellectual property, including trademarks, copyrights, domain names, customer lists, the e-commerce business, and related data assets (the "IP Assets,") and sell and/or assume and assign pursuant to Bankruptcy Code section 365, unexpired store real property leases (the "Store Leases"), including designation rights (the "Real Property Assets" and collectively with the IP Assets, the "Assets"), free and clear of all interests, including liens claims and encumbrances as applicable, as part of single, multiple and/or combined transactions to the successful bidder(s) at an auction to be held on August 27, 2015, commencing at 10:00 a.m., at the offices of Debtor's counsel pursuant to bidding procedures to be approved by the Court;

(B)    approving the assumption and assignment of Store Leases and related assumption and assignment procedures as described in the attached Memorandum;

(C)    finding that any successful bidder(s) is a good faith purchaser as that term is defined in section 363(m) of the Bankruptcy Code;

(D)    waiving the 14-day stay requirement of Bankruptcy Rules 6004(h) and 6006(d); and

(E)    granting such other and further relief as the Court deems just and proper under the circumstances

The Debtor is a leading specialty retailer offering high quality and stylish home textiles, furnishings, and décor at attractive prices.    The Debtor is headquartered in Costa Mesa, California, and as of the Petition Date (as defined below), operated a chain of 261 company owned retail stores throughout the United States, and employed a workforce of over 2,500.

The Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on June 14, 2015 (the "Petition Date"). The Debtor is continuing to operate

its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Immediately following the Petition Date, the Debtor filed that certain *Motion By Debtor For Entry Of Interim And Final Orders: (A) Authorizing Assumption Of Agency Agreement; (B) Authorizing Sale Free And Clear Of All Liens, Claims, And Encumbrances Pursuant To Bankruptcy Code Sections 363(b) And (f); (C) Approving The Store Closing Sale Guidelines; (D) Authorizing The Debtor To Abandon; and (E) Authorizing Lease Rejection Procedures With Respect To The Closing Stores Pursuant To Section 365* (the "GOB Motion"), pursuant to which the Debtor sought authority to, among other things, assume a pre-petition Agency Agreement (the "Agency Agreement") with a joint venture comprised of Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (together, the "Agent") and conduct going-out-of-business sales at the Debtors' retail store locations (the "GOB Sale") under the terms and conditions set forth in the Agency Agreement and the GOB Motion. The GOB Motion was granted by the Court, subject to certain modifications, on an interim basis pursuant to an order entered on June 18, 2015, and on a final basis pursuant to an order entered on July 6, 2015 (together, the "GOB Orders"). The Debtor and the Agent have continued to conduct the GOB Sale in accordance with the terms of the Agency Agreement and the GOB Orders.

In addition to the Debtor's inventory and owned furniture, fixtures and equipment, the Debtor has certain other assets, including, without limitation, the IP Assets and the Real Property Assets. The Debtor has engaged Hilco Streambank and RCS Real Estate Advisors (collectively, the "Sale Consultants") to market the respective Assets, and the Sale Consultants have expended substantial efforts to attempt to find stalking horse purchaser(s) and other interested buyers for an auction of the IP Assets and the Real Property Assets, either as a combined transaction or separate sale transactions. The Debtor proposes to sell the Assets free and clear of all interests, including liens, claims and encumbrances, and to assume and assign the store leases, as applicable, in separate, multiple and/or combined transactions. The Debtor anticipates that the Assets will be sold in sale transaction(s) that will close no later than September 15, 2015.

3

The Debtor anticipates that the Court will enter an order directing the appointment of a consumer privacy ombudsman (the "Ombudsman") pursuant to section 332 of the Bankruptcy Code in connection with the sale of the Debtor's IP Assets, which include consumer data. The Debtor, through Hilco Streambank, has commenced the marketing of its IP Assets, which include consumer data, and they will work with the Ombudsman regarding any sale transactions.

The Motion is based upon 11 U.S.C. §§ 363(c), 363(f), and 365(a), Bankruptcy Rules 6004 and 6006, and Local Bankruptcy Rule 9013-1, the Memorandum of Points and Authorities and the Declaration of J.E. Rick Bunka annexed hereto (the "<u>Bunka Declaration</u>"), the Declarations of David Peress and Ivan Friedman to be filed no later than one week prior to the hearing on the Motion (the "<u>Sale Hearing</u>"), the record of the Debtor's bankruptcy case, the statements, arguments and representations of counsel to be made at the hearing on the Motion, and any other evidence properly presented to the Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

(1)    affirming the adequacy of the notice given;

(2)    granting the Motion in its entirety;

(3)    authorizing the Debtor to sell the IP Assets and Real Property Assets free and clear of all interests, as applicable to the Successful Bidder(s)(as defined in the Bidding Procedures) at the Auction;

(4)    approving the assumption and assignment procedure for the Store Leases (as defined in the attached Memorandum) and authorizing the Debtor to assume and assign the Store Leases, as applicable, to the Successful Bidder(s) at the Auction ;

(5)    finding that any Successful Bidder(s) is a good faith purchaser as that term is defined in section 363(m) of the Bankruptcy Code;

(6)    waiving the 14-day stay requirement of Bankruptcy Rules 6004(h) and 6006(d); and

/ / /

/ / /

4

1     (7)    granting such other and further relief as the Court deems just and proper under the

2   circumstances.

3   Dated:  August 10, 2015                    ANNA'S LINENS, INC.

4

5

6                                             By:_____

7                                                   DAVID B. GOLUBCHIK
                                                    EVE H. KARASIK
8                                                   JULIET Y. OH
                                                    LINDSEY L. SMITH
9                                                   LEVENE, NEALE, BENDER, YOO
                                                        & BRILL L.L.P.
10                                                  Attorneys for Debtor and
                                                    Debtor in Possession
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.      Background.**

1.      Anna's Linens, Inc., a Delaware corporation and the debtor and debtor-in-possession herein (the "Debtor"), filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on June 14, 2015 (the "Petition Date").  The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      The Debtor is a leading specialty retailer offering high quality and stylish home textiles, furnishings, and décor at attractive prices.  The Debtor is headquartered in Costa Mesa, California, and as of the Petition Date, operates a chain of 261 company owned retail stores throughout 19 states in the United States (including Puerto Rico and Washington, D.C.), generates over $300 million in annual revenue, and employs a workforce of over 2,500.

3.      Over the last 25 years, the Debtor has built its store base through a clustering approach in key markets, including Los Angeles, Dallas, Chicago, Miami and Houston. As of the Petition Date, the Debtor has three distribution centers to support its nationwide presence in Fontana, California, Coppell, Texas, and Charlotte, North Carolina.   The Debtor leased its distribution centers, which are operated by third-party logistics providers.

4.      The Debtor employed a flexible small-box retail strategy with approximately 9,500 square foot stores with a focus on price, value, and expert customer service.  The Debtor's stores are typically located in high traffic strip centers in the heart of local neighborhoods that the stores are servicing. The Debtor also has developed an e-commerce platform that provides customers across the country with access to the Debtor's full merchandise assortment. The Debtor's model enables it to compete well with traditional self-service big box home retailers and discounters.

5.      The Debtor targets a large and growing segment of the United States population that values fashion, brand names and customer service, but is seeking high value and attractive price points. Merchandise is selected to appeal to its core customer base and is focused on

domestic items such as bed linens, bath items, kitchen textiles, window drapes, and furniture covers, and certain home furnishing categories.

**B.    Events Leading To The Filing Of The Debtor's Chapter 11 Bankruptcy Case And Anticipated Exit Strategy.**

6.    The Debtor opened its first store in 1987, and by 2013, it had 309 stores. Beginning in 2011, the Debtor started experiencing significant financial and operational challenges.  The Debtor was unsuccessful in some of its new markets such as Puerto Rico and St. Louis, and overbuilt otherwise healthy markets in response to its new television marketing.  In addition, the Debtor's core demographic changed as Generation X and Millennials replaced Baby Boomers as the primary home furnishing shoppers.  Merchandise did not resonate with the new shoppers, and aged and unfashionable inventory remained in the stores reaching a high of $380,000 per store by fiscal year 2013.  The Debtor's shift to "Every Day Low Prices" from promotions and in-store discounts as well as new expensive television advertising strategy did not attract customers.

7.    The over expansion and excess inventory led to increased indebtedness and, ultimately, a default with the Debtor's long-time lender, Union Bank.  In order to refinance the Debtor's obligations to Union Bank, the Debtor entered into a Credit Agreement with Salus Capital Partners, LLC, as Administrative Agent (in such capacity, the "<u>Administrative Agent</u>" or "<u>Salus</u>") and the lenders party thereto (the "<u>Lenders</u>" and together with Salus, the "<u>Secured Parties</u>") for an $80 million line of credit on July 18, 2014 (the "<u>Credit Agreement</u>").

8.    On March 30, 2015 the Debtor notified the Administrative Agent of a Default or Event of Default for failure to maintain a specified Operating Expenditures to Gross Margin Dollars Ratio associated with the Credit Agreement.  On April 29, 2015, the Administrative Agent delivered to the Debtor a notice of Events of Default and Reservations of Rights based on the existing defaults under the Credit Agreement.  After negotiation between the Debtor and the Administrative Agent, the Administrative Agent and Lenders agreed to waive such Events of Default and, on May 13, 2015, Administrative Agent delivered to the Debtor the "First Amendment and Waiver to the Credit Agreement" (the "<u>First Amendment</u>"). The First

Amendment provided a waiver of the Specific Defaults (as defined therein) and provided certain consents under amendments to the Credit Agreement including, without limitation, (i) increased availability through removal of an availability block, (ii) a requirement for the Debtor to deliver and abide by a Cash Flow Budget, (iii) an agreement by the Debtor to place specific milestones on activities with several projects that were already underway and (iv) payment of certain fees and expenses.

9.     Over the resulting weeks, the Debtor's merchandise vendors significantly reduced delivery of anticipated merchandise resulting in an additional default of the Credit Agreement. As a result of the Credit Agreement defaults, and the inability of the Debtor to affect the Capital Transaction prepetition, the Debtor determined it was necessary to commence the Chapter 11 Case.

10.     Prepetition, the Debtor engaged in a process whereby simultaneously the Debtor negotiated with its largest vendors to convert certain trade payables into long term Junior Secured Notes Payables to create additional long term liquidity and, through its investment banker Wunderlich Securities, Inc. ("Wunderlich"), it pursued additional outside investments to recapitalize its balance sheet.  Wunderlich undertook a broad process in search of additional capital that included contacting over 200 investors and institutions. Wunderlich's efforts resulted in the receipt of multiple written indications of interest from potential acquirers and investors, including a Letter of Intent (the "LOI") from DW Partners, LP ("DW Partners"). The Debtor, in consultation with its advisers, determined that the DW Partners' LOI was the highest and best received. The Debtor and DW Partners commenced the process to negotiate a definitive asset purchase agreement for a going concern transaction (the "Going Concern Transaction" and the "Going Concern APA").  Under the terms of the Agency Agreement executed by the Debtor on June 11, 2015, the Debtor had until Friday, June 19, 2015 to execute the Going Concern APA. The Debtor did not sign the Going Concern APA by that deadline.

11.     As required by the First Amendment, the Debtor has also engaged in a process to identify and select a stalking horse bidder for the possible sale and/or liquidation of the business should the Going Concern Transaction fail.  The Debtor's efforts to retain a liquidator resulted in

the execution of the Stalking Horse Agency Agreement with a joint venture comprised of Tiger Capital Group ("Tiger") and Yellen Partners, LLC ("Yellen" together with Tiger, "Tiger/Yellen Stalking Horse"), which included a guarantee from Tiger/Yellen Stalking Horse that the Debtor would receive 93.5% of the aggregate Cost Value of the Merchandise (terms as defined in the Stalking Horse Agency Agreement), subject to certain adjustments, Further, as a result of the default, an auction was held on June 9, 2015 and June 10, 2015 at which the Tiger/Yellen Stalking Horse was outbid by a group formed by Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (together, the "Agent" or "Hilco/GB"), which included an increase in the guarantee to 111% of the Cost Value of the Merchandise with a Merchandise Threshold (terms as defined in the Agency Agreement, defined below) of not less than $61.5 million and not more than $67 million, subject to certain adjustments. The Debtor and the Agent, with the approval of the Administrative Agent, signed the Agency Agreement (the "Agency Agreement") on June 11, 2015 and commenced the sale on June 12, 2015, which sale is ongoing.

C.      **The Intellectual Property Assets and Real Property Assets Sale Process**

13.    In addition to the Debtor's inventory and owned furniture, fixtures and equipment, the Debtor has certain other assets, including intellectual property and store real property leases, including lease designation rights (the "IP Assets," and the "Real Property Assets" and collectively, the "Assets" as defined above in the annexed Motion). The intellectual property includes trademarks, copyrights, domain names, customer lists, the Debtor's e-commerce business, and related data assets. The Debtor has engaged Hilco Streambank and RCS Real Estate Advisors (collectively, the "Sale Consultants") to market the IP Assets and Real Property Assets, respectively, and these entities have expended efforts to attempt to find stalking horse purchaser(s) and other interested buyers for an auction of the IP Assets and the Real Property Assets, either as a combined transaction or separate sale transactions. The Debtor proposes to sell the Assets free and clear of liens, claims and encumbrances and to assume and assign the store leases, in separate or combined transactions. The Debtor anticipates that the Assets will be sold in one or more sale transactions that will close no later than September 15, 2015.

**D.    The Proposed Bidding Procedures and Sale Process**

14.    In order to facilitate the sale of the Assets, the Debtor, in conjunction with its Sale Consultants and in consultation with Salus and the Office Committee of Unsecured Creditors (the "Committee"), developed proposed bidding procedures (the "Bidding Procedures").  The Bidding Procedures are the subject of a motion set for hearing on August 12, 2015. [ECF no. 435]

15.    The Bidding Procedures provide for a two-step sale process. First, the Debtor has requested Court approval of the Bidding Procedures. Second, a sale hearing to approve the sale(s) of the Assets (the "Sale Hearing") is scheduled and the Debtor has filed this separate motion to sell and/ or assume and assign the Assets, as applicable, free and clear of interests, including liens, claims and encumbrances, with such interests encumbering the sale proceeds of the various Assets with the same validity, priority and enforceability as such interests had with respect to the applicable Assets, to the successful bidder(s) at an auction to be held on August 27, 2015, commencing at 10:00 a.m. at the offices of Debtor's counsel (the "Auction").

16.    Pursuant to the approved Bidding Procedures, the deadlines for parties to submit bids for all or a portion of the Assets (the "Bid Deadline") is August 24, 2015. During the period prior to the Bid Deadline, the Sale Consultants will continue to market the Assets, and work with potential bidders to obtain qualified bids.

**E.    Proposed Sale of Consumer Data**

17.    The Debtor anticipates that the Court will enter an order directing the appointment of a consumer privacy ombudsman (the "Ombudsman") pursuant to section 332 of the Bankruptcy Code in connection with the sale of the Debtor's intellectual property, which includes consumer data. The Debtor and Hilco Streambank have commenced the marketing of its intellectual property, which includes consumer data, will work with the Ombudsman regarding any sale transactions.

**F.    Assumption and Assignment of Real Property Leases**

18.    The Debtor anticipates that it is likely to seek to assume and assign certain of its unexpired real property store leases (the "Store Leases") that are part of the Real Property Assets in connection with the sale or assumption/assignment transaction(s). At this time the Debtor does

10

not know which of the Store Leases may be subject to assumption and assignment. Accordingly, the Debtor has attached to the Bunka Declaration as **Exhibit "A"** a list of all of the Store Leases with cure amounts necessary to cure any monetary defaults pursuant to section 365 of the Bankruptcy Code, which list, along with a Notice of Proposed Assumption and Assignment, will be served on the Debtor's lessors concurrently with this Motion. Any objection to the cure amounts set forth in **Exhibit "A"** (the "Cure Objections") must be in writing and filed and served by the deadline to object to this Motion. To the extent a Cure Objection applies to a Store Lease that is not included in a bid submitted by the Successful Bidders, such Cure Objection will be deemed withdrawn and will not be considered at the Sale Hearing.

19.    Upon the determination of the Qualified Bidder(s) as defined in the Bidding Procedures, but no later than August 25, 2015, the Debtor will file a notice identifying and providing adequate assurance information for such Qualified Bidder(s) and serve such notice upon the parties identified in **Exhibit "A"** that are included in the bid submitted by the Qualified Bidder(s). The foregoing notice will be provided by email to any of the parties identified in **Exhibit "A"** who makes a written request to counsel for the Debtor.

20.    Following the Auction, on August 28, 2015, the Debtor will file a notice identifying the Successful Bidder(s) (as defined in the Bidding Procedures) and serve such notice upon the parties identified in **Exhibit "A"** that are included in the Successful Bid(s) submitted by the Successful Bidders.

21.    Any objection to the assignment of the subject Store Leases to the Successful Bidder(s) based on the issue of adequate assurance of future performance ("Adequate Assurance Objection") must be in writing and filed and served by September 4, 2015.

22.    If no Cure Objections are received, then the cure amounts set forth in **Exhibit "A"** will be binding upon the nondebtor parties to the assumed and assigned Store Leases for all purposes in this chapter 11 case and will constitute a final determination of the total cure amounts required to be paid by in connection with the assumption and assignment of the such Store Leases.  In addition, if no Cure Objections or Adequate Assurance Objections are received, all counterparties to the assumed and assigned real property leases will (a) be forever barred from

11

asserting any additional cure or other amounts with respect to the assumed and assigned real property leases, and the Debtor and the Successful Bidder(s) will be entitled to rely solely upon the cure amounts set forth in **Exhibit "A"** and (b) be forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder(s) that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Store Lease or that there is any objection or defense to the assumption and assignment of such Store Lease.

23.    Where a nondebtor counterparty to a Store Lease files an objection to the assumption and assignment of such Store Lease asserting a cure amount higher than the proposed **Exhibit "A"** cure amount (the "Disputed Cure Amount"), then (a) to the extent that the parties are able to consensually resolve the Disputed Cure Amount prior to the Sale Hearing, and subject to the Successful Bidder(s)' consent to such consensual resolution, the Debtor shall promptly file with the court a notice of the proposed resolution or (b) to the extent the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such Disputed Cure Amount will be determined at the Sale Hearing or at such other date and time as may be fixed by this Court. Any timely filed Adequate Assurance Objection or other objection to the proposed assumption and assignment of a real property store lease which remains unresolved by the parties will be heard at the Sale Hearing. The Debtor intends to cooperate with counterparties to real property store leases to attempt to reconcile any differences with respect to a particular cure amount.

24.    Since there are Store Leases which may be the subject of Qualified Bid(s) but which are not ultimately included in a Successful Bid(s) such that administrative rent obligations are incurred by the Debtor's estate which are not covered by a Successful Bid(s), the Bidding Procedures provide that the Debtor may, under certain circumstances, rescind lease rejection notices for Store Leases which become the subject of a sale transaction.

25.    The Debtor believes that the sale and/or assumption and assignment of the Assets to the successful bidder(s) at the Auction, in accordance with the Bid Procedures, will maximize the value of the Assets and is in the best interests of the estate.

/ / /

## II.

## <u>DISCUSSION</u>

**A.    The Court Should Authorize the Debtor to Sell the Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, as Applicable.**

**1.    The Debtor Has Complied With All Notice Requirements Under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules Governing the Sale.**

Bankruptcy Code Section 363(b)(1) provides that the Debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Section 102(1) of the Bankruptcy Code defines "after notice and a hearing" as after such notice as is appropriate in the particular circumstances, and such opportunity for hearing as is appropriate in the particular circumstances.  11 U.S.C. § 102(1)(A).

Rule 6004(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides, in pertinent part, that notice of a proposed sale not in the ordinary course of business must be given pursuant to Bankruptcy Rule 2002(a)(2), (c)(1), (i) and (k), and, if applicable, in accordance with Bankruptcy Code section 363(b)(2) of the Bankruptcy Code.  Fed.R.Bankr.P. 6004(a).  Rule 2002(a)(2) requires at least 21 days' notice by mail of a proposed sale of property of the estate other than in the ordinary course of business, unless the Court for cause shown shortens the time or directs another method of giving notice.  Fed.R.Bankr.P. 2002(a)(2); see also, Local Bankruptcy Rule 9013-1(d)(2) (notice of motion and motion be served at least 21 days before the hearing on the date specified in the notice).

Bankruptcy Rule 2002(c)(1) requires that the notice of a proposed sale include the date, time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections.  It also provides that the notice of sale or property is sufficient if it generally describes the property.  Fed.R.Bankr.P. 2002(c)(1).  Rule 2002(i) requires that the notice be mailed to committees elected pursuant to 11 U.S.C. § 705 or appointed pursuant to 11 U.S.C. § 1102.    Fed.R.Bankr.P. 2002(i).  Rule 2002(k) requires that the notice be given to the United States Trustee. Fed.R.Bankr.P. 2002(k).

Bankruptcy Rule 6004(c) provides that a motion for authority to sell property free and clear of liens or other interests must be made in accordance with Bankruptcy Rule 9014 and must be served on the parties who have liens or other interests in the property to be sold. Fed.R.Bankr.P. 6004(c).

In addition, Local Bankruptcy Rule 6004-1(f) requires that an additional copy of the Notice be submitted to the Clerk of the Bankruptcy Court together with a document Form 6004-2 at the time of filing for purposes of publication.  L.B.R. 6004-1(f).

Bankruptcy Rule 6006(a) provides that a proceeding by a party to assume, reject, or assign an executory contract or unexpired lease under, other than as part of a plan, is governed by Bankruptcy Rule 9014. Fed.R.Bankr.P. Rule 6006(a). Bankruptcy Rule 6006(c) provides that notice of a motion made pursuant to Bankruptcy Rule 6006(a) must be served on the nondebtor counterparty to lease or contract, other parties as the court may direct and the U.S. Trustee. Fed.R.Bankr.P. 6006(c).

The Debtor has complied with all of the above provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.  The Debtor has complied with Bankruptcy Rules 6004(a) and 2002(a)(2), (c)(1), (i) and (k), and 6006(a) and (c) because the Notices that have been filed contemporaneously herewith include the date, time and place of the sale and the deadline for objecting thereto, and were served on the Committee, the U.S. Trustee, all of the Debtor's known creditors, all nondebtor counterparties to the Store Leases, and all parties requesting special notice.  The Debtor has complied with Rule 6004(c) because the Sale Motion and Notice of the Sale Motion were also served upon the parties who have alleged liens or interests in the Assets.  The Debtor has complied with the requirements of Local Bankruptcy Rule 6004-1(f) because the Debtor has filed the Notice and Form 6004-2 with the Clerk of the Bankruptcy Court.

/ / /

/ / /

/ / /

14

**2.   The Motion Should Be Approved Because Good Business Reasons Exist to Grant the Motion and the Proposed Sale(s) are in the Best Interests of Creditors and the Estate.**

A Court considering a motion to approve a sale under Bankruptcy Code section 363(b) should determine from the evidence presented before it that a "good business reason" exists to grant such a motion.  *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir.1983).  In addition, the Court must further find the proposed sale is in the best interest of the estate.  To make this determination, a Court should consider whether:

(1)    the sale is fair and reasonable, i.e., the price to be paid is adequate;

(2)    the property has been given adequate marketing;

(3)    the sale is in good faith, i.e., there is an absence of any lucrative deals with insiders, and

(4)    adequate notice has been provided to creditors.

*In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841-2 (Bankr.C.D.Cal.1991); *In re The Landing*, 156 B.R. 246, 249 (Bankr.E.D.Mo.1993); *In re Mama's Original Foods, Inc.*, 234 B.R. 500, 502-505 (C.D.Cal.1999).  The Debtor submits that the proposed sale of the Assets free and clear of liens, claims, and interests satisfies each of these requirements.

**a.    Sound Business Purpose.**

The Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir.B.A.P.1988) adopted a flexible case-by-case test to determine whether the business purpose for a proposed sale justifies disposition of property of the estate under Bankruptcy Code section 363(b).  The facts pertaining to the sales at issue here amply substantiate the Debtor's business determination that the contemplated sale of the Assets serves the best interests of the estate's creditors and merits the approval of this Court.  Early on in this case, after it was determined that there would be no Going Concern Transaction, the Debtor commenced GOB Sales at all of its stores in accordance with the Agency Agreement pursuant to which the Debtor would receive a guarantee payment of 111% of the aggregate cost value of the merchandise, and certain other consideration as provided for in the Agency Agreement. In order

to further maximize value for the estate and creditors, the Debtor also has expended significant efforts to sell its other assets. The Debtor retained the Sale Consultants to assist the Debtor in connection with its efforts to sell its intellectual property and Store Lease designation rights, and/or to assume and assign the Store Leases. Given that there is no internal reorganization alternative in this case, the Debtor's efforts to maximize value by engaging in a sale process for the disposition of the Assets pursuant to an auction is strong and sound business purpose for pursuing and consummating the proposed sale(s).

### b.    Fair and Reasonable Price.

In order for a sale to be approved under Bankruptcy Code section 363(b), the purchase price must be fair and reasonable. See generally, *In re Canyon Partnership*, 55 B.R. 520 (Bankr.S.D.Cal.1985). The trustee (or debtor in possession) is given substantial discretion in this regard. *Id*. In addition, Courts have broad discretion with respect to matters under Bankruptcy Code section 363(b). *See Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272, 278 (Bankr.N.D.Ga.1985). In any sale of estate assets, the ultimate purpose is to obtain the highest price for the property sold. *Wilde Horse Enterprises, Inc.*, 136 B.R. at 841 (citing *In re Chung King, Inc.*, 753 F.2d 547 (7th Cir.1985)); *In re Alpha Industries, Inc.*, 84 B.R. 703, 705 (Bankr.Mont.1988).

As discussed above, the Debtor intends to sell the Assets in one or more separate or combined transactions pursuant to a sale process and an Auction at which the Debtor anticipates there will be Qualified Bidders ready and willing to bid on the Assets. The Sale Consultants have been engaged in marketing the Assets since late July and will continue this process up to the Auction scheduled on August 27, 2015. In addition, the Court approved Bidding Procedures provide for due diligence assistance for the Potential Bidders (as defined in the Bidding Procedures) and other procedures that will facilitate the sale process through the Auction. Based on the fact that the sales will be effectuated through the Auction, the Debtor submits that, by definition, the consideration paid for the Assets will be fair and reasonable.

/ / /

16

### c.    Adequate Marketing.

As discussed above, the Debtor retained the Sale Consultants to assist them in marketing the Assets.  The Sale Consultants have commenced their marketing efforts and will continue these efforts through the Auction. Because the marketing process is ongoing, the Debtor will submit declarations from the Sale Consultants detailing their marketing efforts and results no later than one week prior to the Sale Hearing.

### d.    Good Faith.

When a bankruptcy Court authorizes a sale of assets pursuant to Bankruptcy Code section 363(b)(1), it is required to make a finding with respect to the "good faith" of the purchaser.  *In re Abbotts Dairies*, 788 F.2d 143, 149 (3rd Cir. 1986). Such a procedure ensures that Bankruptcy Code section 363(b)(1) will not be employed to circumvent the creditor protections of Chapter 11, and as such, it mirrors the requirement of  Bankruptcy Code section 1129 that the Bankruptcy Court independently scrutinizes the debtor's reorganization plan and makes a finding that the plan has been proposed in good faith.  *Id*. at 150.  With respect to the Debtor's conduct in conjunction with the sale of the Assets, the good faith requirement focuses principally on whether there is any evidence of "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."  *Id*., 788 F.2d at 147; *Wilde Horse Enterprises*, 136 B.R. at 842.

There has been no fraud or collusion in connection with the proposed sale(s) of the Assets. Certain of the Debtor's insiders, as that term is defined in section 101(31) of the Bankruptcy Code, including Mr. Scott Gladstone, may be part of a group that has expressed an interest in acquiring certain of the Assets. The Debtor has screened-off Mr. Gladstone from the design and implementation of the sale process for the Assets. Furthermore, the Debtor has not given special treatment to Mr. Gladstone or any group that he is a part of, or any other potential bidders.  The Debtor, through its Sales Consultants, has sought competitive bids and will negotiate earnestly with all potential purchasers to realize the maximum sale price(s).   Indeed, the Bidding Procedures provide that the Debtor may require each participant at the Auction to confirm in writing that "(a) it has not engaged in any collusion with respect to the Bidding Process, and (b)

1    its bid is a good faith bona fide offer that it intends to consummate if selected as the Successful

2    Bidder."   No offers received by the Debtor will be ignored, and the Debtor will continue to

3    expend all efforts in order to obtain the highest price possible price for the Assets.

4        Based on the foregoing, the Debtors submit that any prospective buyer is a  "good faith"

5    purchaser and entitled to all of the protections afforded by Bankruptcy Code section 363(m).

6        **3.  The Sale of the Assets Should be Free and Clear of All Interests, Including Liens,**
7        **Claims, and Encumbrances, Under Bankruptcy Code Section 363(f).**

8        Bankruptcy Code section 363(f) provides that a debtor may sell property of the estate

9    "free and clear of any interest in such property" if:

10       (1)    applicable non-bankruptcy law permits the sale of such property free and clear of

11   such interest;

12       (2)    such entity consents;

13       (3)    such interest is a lien and the price at which such property is to be sold is greater

14   than the aggregate value of all liens on such property;

15       (4)    such interest is in bona fide dispute; or

16       (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a

17   money satisfaction of such interest.

18   11 U.S.C. §363(f).  Because Bankruptcy Code section 363(f) is in the disjunctive, the Debtor

19   must only meet one of the five subsections of Section 363(f) in order to sell the Assets free and

20   clear of all liens, claims, interests and encumbrances.  *In re Whittemore*, 37 B.R. 93, 94

21   (Bankr.D.Or.1984).  In addition, courts generally permit the sale of estate assets free and clear of

22   interests so long as the interests attach to the sale proceeds.  *Moldo v. Clark (In re Clark)*, 266

23   B.R. 163, 171 (9th Cir. BAP 2001) (noting that section 363(f) permits property of the estate to be

24   sold free and clear of interests, with the proceeds of sale held subject to such interests, thereby

25   preserving all parties' rights by simply transferring interests from property to dollars that

26   represent its value).

27       Section 363(f)(2) of the Bankruptcy Code authorizes a sale to be free and clear of an

28   interest if the interest holder consents to the sale.  Here, the only party with an interest in the

18

Assets is the Administrative Agent under the Debtor's debtor in possession financing facility (the "DIP Facility"). The Administrative Agent has consented to the sale process and the conduct of the Auction. The Administrative Agent will advise the Court and the Debtor whether it will consent to the sale of the Assets to the Successful Bidder(s) at the Auction after the conclusion of the Auction. The Secured Parties have reserved their rights to credit bid its debt at the Auction.

Furthermore, the interests of the Secured Parties and any other parties will attach to the proceeds of the sale of the various Assets with the same validity, priority and enforceability as such interests had on such Assets.

**4.    The Court Should Waive the 14-Day Stay of Bankruptcy Rule 6004(h)**

The Debtor seeks a waiver of the 14-day stay of Bankruptcy Rule 6004(h). The DIP Facility requires that the sale of the IP Assets be consummated no later than September 15, 2015 or the Debtor will be in default under the DIP Facility. In addition, once the Agent concludes the going-out-of-business sales at the Debtor's stores, which may potentially occur on or before August 31, 2015, the Debtor will not have the ability to fund administrative rent for the Store Leases beyond such date unless the Debtor finds a buyer(s) to fund such administrative rent. Accordingly, any sale of the Real Property Assets must be consummated as soon as possible, but in no event later than September 15, 2015, to ensure that the Debtor does not unnecessarily incur administrative rent.  It is possible that there may be a sale transaction that combines a sale of the IP Assets with some of the Real Property Assets. In order to meet the September 15, 2105 deadline and avoid a default under the DIP Facility, and to avoid incurring administrative rent without the ability to fund such rent, the Debtor submits that waiver of the 14-day stay of Bankruptcy Rule 6004(h) is appropriate and is in the best interest of the estate.

**B.    The Court Should Authorize the Debtor's Assumption and Assignment of Unexpired Leases and Executory Contracts Pursuant to the Proposed Procedures.**

The Debtor anticipates that it will seek to assume and assign certain Store Leases in connection with separate or combined sale transactions. Bankruptcy Code sections 365(a) and 1107(a) authorize a debtor in possession, "subject to the Court's approval . . . [to] assume or reject any executory contract or unexpired lease of the debtor."   A debtor in possession may

19

assume or reject executory contracts for the benefit of the estate. *In re Klein Sleep Products, Inc.*, 78 F.3d 18, 25 (2d. Cir.1996); *In re Central Fla. Metal Fabrication, Inc.*, 190 B.R. 119, 124 (Bankr. N.D. Fla. 1995); *In re Gucci*, 193 B.R. 411, 415 (S.D.N.Y.1996).  In reviewing a debtor in possession's decision to assume or reject an executory contract, a bankruptcy court should apply the "business judgment test" to determine whether it would be beneficial to the estate to assume it. *In re Continental Country Club, Inc.*, 114 B.R. 763, 767 (Bankr.M.D.Fla.1990); *see also In re Gucci*, 193 B.R. at 415.  The business judgment standard requires that the court follow the business judgment of the debtor unless that judgment is the product of bad faith, whim, or caprice. *In re Prime Motors Inns*, 124 B.R. 378, 381 (Bankr.S.D.Fla.1991), *citing Lubrizol Enterprises v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir.1985), *cert. denied*, 475 U.S. 1057 (1986).

Under section 365(f) of the Bankruptcy Code, a debtor, after assuming a contract, may assign its rights under the contract to a third party.  11 U.S.C. § 365(f*); see also In re Rickel Home Center, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) ("The Code generally favors free assignability as a means to maximize the value of the debtor's estate."); *Weingarten Nostat, Inc. v. Service Merchandise Company, Inc.*, 396 F.3d 737, 742 (6th Cir. 2005); *see also In re Headquarters Dodge, Inc.*, 13 F.3d 674, 682 (3d Cir. 1994) (noting that the purpose of section 365(f) is to assist the trustee in realizing the full value of the debtor's assets); *In re Crow Winthrop Operating Partnership*, 241 F.3d 1121, 1124 (9th Cir. 2001) (finding that section 365(f) permits the assignment of contracts by debtors notwithstanding de facto anti-assignment clauses so as to permit debtors from realizing the full value of their assets).

Pursuant to Bankruptcy Code section 365(b)(1), assumption of executory contracts and unexpired leases requires a debtor to: (a) cure any existing defaults under such agreements; (b) compensate all non-debtor parties to such agreements for any actual pecuniary loss resulting from the defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1); *see also In re Bowman*, 194 B.R. 227, 230 (Bankr.D.Ariz.1995), *In re AEG Acquisition Corp.*, 127 B.R. 34, 44 (Bankr.C.D.Cal.1991), *aff'd* 161 B.R. 50 (9th Cir.B.A.P.1993).

20

Pursuant to Bankruptcy Code section 365(f)(2) of the Bankruptcy Code, a debtor may assign its executory contracts and unexpired leases, provided the debtor first assumes such executory contracts and unexpired leases in accordance with Bankruptcy Code section 365(b)(1), and provides adequate assurance of future performance by the assignee.  Section 365(f)(2)(B) requires, however, that adequate assurance of future performance by an assignee exist. 11 U.S.C. § 365(f)(2)(B). The purpose of the adequate assurance requirement is to protect the interests of the non-debtor party to an assigned contract, as section 365(k) of the Bankruptcy Code relieves a debtor from liability for any breach of a contract that may occur after an assignment.  *Cinicola v. Scharffeberger,* 248 F.3d 110, 120 (3d Cir. 2001). Adequate assurance of future performance is not required for every term of an executory contract or unexpired lease, but only such terms that are "material and economically" significant.  *In re Fleming Cos., Inc.*, 499 F.3d 300, 305 (3d Cir. 2007).  The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given a "practical, pragmatic construction."  In re DBSI, Inc., 405 B.R. 698, 708 (Bankr. D. Del. 2009); see also In re Decora Indus., 2002 U.S. Dist. LEXIS 27031, at *23 (D. Del. 2002) ("[A]dequate assurance falls short of an absolute guarantee of payment.").  Adequate assurance may be provided by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned.  *See, e.g., In re Bygaph, Inc,.* 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (finding that adequate assurance is present when prospective assignee of lease from debtor has financial resources and has expressed willingness to devote sufficient funding to business to give it strong likelihood of success).

As noted above, the Debtor anticipates that it will likely seek to assume and assign certain of its Store Leases in connection with separate or combined sale transactions. As described above, the Debtor was unable to consummate the Going Concern Transaction and instead commenced the GOB Sales to liquidate its inventory and owned fixtures, furniture and equipment. It is thus an appropriate exercise of the Debtor's business judgment to seek to assume and assign the Store Leases and/or market and sell Store Lease designation rights to facilitate the Debtor's efforts to maximize value for its creditors and estate. Additionally, the Debtor submits that the notice

provisions and objection deadline for counterparties to raise objections to the assumption and assignment of the Store Leases, as proposed in the foregoing section of this Memorandum are adequate to protect the rights of the nondebtor counterparties to the Store Leases. Furthermore, the Debtor will demonstrate adequate assurance of all Qualified Bidders with bids that include Real Property Assets no later than August 25, 2015.

The Debtors request that any party failing to object to the proposed transactions be deemed to consent to the treatment of its unexpired lease under section 365 of the Bankruptcy Code. *See Hargrave v. Twp. of Pemberton (In re Tabone, Inc.),* 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (by not objecting to sale motion, creditor deemed to consent); *Pelican Homestead v. Wooten (In re Gabeel)*, 61 B.R. 661, 667 (Bankr. W.D. La. 1985) (same).

The Debtor requests that the 14-day stay of Bankruptcy Rule 6006(d), which is similar to Bankruptcy Rule 6004(h), be waived for the same reasons as discussed above. Waiver of both Bankruptcy Rules 6004(h) and 6006(d) will benefit the estates by permitting the Sale Transactions to close by September 15, 2015 as required by the DIP Facility.

## III.

## <u>CONCLUSION</u>

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

(1)    affirming the adequacy of the notice given;

(2)    granting the Motion in its entirety;

(3)    authorizing the Debtor to sell the IP Assets and Real Property Assets free and clear of interests, as applicable to the Successful Bidder(s)(as defined in the Bidding Procedures) at the auction;

(4)    approving the assumption and assignment procedure for the Store Leases (a defined in the attached Memorandum) and authorizing the Debtor to assume and assign the Store Leases, as applicable, to the Successful Bidder(s) at the auction ;

(5)    finding that any Successful Bidder(s) is a good faith purchaser as that term is defined in section 363(m) of the Bankruptcy Code;

(6)    waiving the 14-day stay requirement of Bankruptcy Rules 6004(h) and 6006(d); and

(7)    granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  August 10, 2015                    ANNA'S LINENS, INC.

By:_____
        DAVID B. GOLUBCHIK
        EVE H. KARASIK
        JULIET Y. OH
        LINDSEY L. SMITH
        LEVENE, NEALE, BENDER, YOO
            & BRILL L.L.P.
        Attorneys for Debtor and
        Debtor in Possession

23

## DECLARATION OF J.E. RICK BUNKA

I, J.E. Rick Bunka, hereby declare as follows:

1.     I am over 18 years of age.  I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2.     I am the sole member of Point North, LLC, a financial advisory services firm that specialize in interim management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. In my capacity as the sole member of Point North, LLC, I have been engaged as the Chief Financial Officer Anna's Linen's, Inc., the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), and am therefore familiar with the business operations and financial books and records of the Debtor.  I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

3.     I have access to the Debtor's books and records.  I am familiar with the history, organization, operations and financial condition of the Debtor.   The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents.  The statements set forth in this declaration are based upon my own personal knowledge and my knowledge of the Debtor's books and records.

4.     I make this declaration in support of the Debtor's *Motion For Entry Of An Order Approving (I) Sale Of Assets Free And Clear Of Interests; And (2) Assumption And Assignment Of Unexpired Real Property Leases* (the "Motion") to which this declaration is annexed.

**A.     Background**

5.     The Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on June 14, 2015 (the "Petition Date").  The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

24

6.      The Debtor is a leading specialty retailer offering high quality and stylish home textiles, furnishings, and décor at attractive prices.  The Debtor is headquartered in Costa Mesa, California, operates a chain of 261 company owned retail stores throughout 19 states in the United States (including Puerto Rico and Washington, D.C.), generates over $300 million in annual revenue, and employs a workforce of over 2,500.

7.      Over the last 25 years, the Debtor has built its store base through a clustering approach in key markets, including Los Angeles, Dallas, Chicago, Miami and Houston.  The Debtor has three distribution centers to support its nationwide presence in Fontana, California, Coppell, Texas, and Charlotte, North Carolina.  The Debtor leases its distribution centers, which are operated by third-party logistics providers.

8.      The Debtor employs a flexible small-box retail strategy with approximately 9,500 square foot stores with a focus on price, value, and expert customer service.  The Debtor's stores are typically located in high traffic strip centers in the heart of local neighborhoods that the stores are servicing. The Debtor also has developed an e-commerce platform that provides customers across the country with access to the Debtor's full merchandise assortment. The Debtor's model enables it to compete well with traditional self-service big box home retailers and discounters.

9.      The Debtor targets a large and growing segment of the United States population that values fashion, brand names and customer service, but is seeking high value and attractive price points. Merchandise is selected to appeal to its core customer base and is focused on domestic items such as bed linens, bath items, kitchen textiles, window drapes, and furniture covers, and certain home furnishing categories.

**B.      Events Leading To The Filing Of The Debtor's Chapter 11 Bankruptcy Case And Anticipated Exit Strategy.**

10.      The Debtor opened its first store in 1987, and by 2013, it had 309 stores. Beginning in 2011, the Debtor started experiencing significant financial and operational challenges.  The Debtor was unsuccessful in some of its new markets such as Puerto Rico and St. Louis, and overbuilt otherwise healthy markets in response to its new television marketing.  In addition, the Debtor's core demographic changed as Generation X and Millennials replaced Baby

Boomers as the primary home furnishing shoppers.  Merchandise did not resonate with the new shoppers, and aged and unfashionable inventory remained in the stores reaching a high of $380,000 per store by fiscal year 2013.  The Debtor's shift to "Every Day Low Prices" from promotions and in-store discounts as well as new expensive television advertising strategy did not attract customers.

11.    The over expansion and excess inventory led to increased indebtedness and, ultimately, a default with the Debtor's long-time lender, Union Bank.  In order to refinance the Debtor's obligations to Union Bank, the Debtor entered into a Credit Agreement with Salus Capital Partners, LLC, as Administrative Agent (in such capacity, the "Administrative Agent" or "Salus") and the lenders party thereto (the "Lenders" and together with Salus, the "Secured Parties") for an $80 million line of credit on July 18, 2014 (the "Credit Agreement").

12.    On March 30, 2015 the Debtor notified the Administrative Agent of a Default or Event of Default for failure to maintain a specified Operating Expenditures to Gross Margin Dollars Ratio associated with the Credit Agreement.  On April 29, 2015, the Administrative Agent delivered to the Debtor a notice of Events of Default and Reservations of Rights based on the existing defaults under the Credit Agreement.  After negotiation between the Debtor and the Administrative Agent, the Administrative Agent and Lenders agreed to waive such Events of Default and, on May 13, 2015, Administrative Agent delivered to the Debtor the "First Amendment and Waiver to the Credit Agreement" (the "First Amendment").  The First Amendment provided  a waiver of the Specific Defaults (as defined therein) and provided certain consents under amendments to the Credit Agreement including, without limitation, (i) increased availability through removal of an availability block, (ii) a requirement for the Debtor to deliver and abide by a Cash Flow Budget, (iii) an agreement by the Debtor to place specific milestones on activities with several projects that were already underway  and (iv) payment of certain fees and expenses.

13.    Over the resulting weeks, the Debtor's merchandise vendors significantly reduced delivery of anticipated merchandise resulting in an additional default of the Credit Agreement. As a result of the Credit Agreement defaults, and the inability of the Debtor to affect the Capital

Transaction prepetition, the Debtor determined it was necessary to commence the Chapter 11 Case.

14.    Prepetition, the Debtor engaged in a process whereby simultaneously the Debtor negotiated with its largest vendors to convert certain trade payables into long term Junior Secured Notes Payables to create additional long term liquidity and, through its investment banker Wunderlich Securities, Inc. ("Wunderlich"), it pursued additional outside investments to recapitalize its balance sheet.  Wunderlich undertook a broad process in search of additional capital that included contacting over 200 investors and institutions. Wunderlich's efforts resulted in the receipt of multiple written indications of interest from potential acquirers and investors, including a Letter of Intent (the "LOI") from DW Partners, LP ("DW Partners"). The Debtor, in consultation with its advisers, determined that the DW Partners' LOI was the highest and best received. The Debtor and DW Partners commenced the process to negotiate a definitive asset purchase agreement for a going concern transaction (the "Going Concern Transaction" and the "Going Concern APA").  Under the terms of the Agency Agreement executed by the Debtor on June 11, 2015, the Debtor had until Friday, June 19, 2015 to execute the Going Concern APA. The Debtor did not sign the Going Concern APA by that deadline.

15.    As required by the First Amendment, the Debtor has also engaged in a process to identify and select a stalking horse bidder for the possible sale and/or liquidation of the business should the Going Concern Transaction fail.  The Debtor's efforts to retain a liquidator resulted in the execution of the Stalking Horse Agency Agreement with a joint venture comprised of Tiger Capital Group ("Tiger") and Yellen Partners, LLC ("Yellen" together with Tiger, "Tiger/Yellen Stalking Horse"), which included a guarantee from Tiger/Yellen Stalking Horse that the Debtor would receive 93.5% of the aggregate Cost Value of the Merchandise (terms as defined in the Stalking Horse Agency Agreement), subject to certain adjustments, Further, as a result of the default, an auction was held on June 9, 2015 and June 10, 2015 at which the Tiger/Yellen Stalking Horse was outbid by a group formed by Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (together, the "Agent" or "Hilco/GB"), which included an increase in the guarantee to 111% of the Cost Value of the Merchandise with a Merchandise Threshold

(terms as defined in the Agency Agreement, defined below) of not less than $61.5 million and not more than $67 million, subject to certain adjustments. The Debtor and the Agent, with the approval of the Administrative Agent, signed the Agency Agreement (the "Agency Agreement") on June 11, 2015 and commenced the sale on June 12, 2015, which sale is ongoing.

**C.    The Intellectual Property Assets and Real Property Assets Sale Process**

16.    In addition to the Debtor's inventory and owned furniture, fixtures and equipment, the Debtor has certain other assets, including intellectual property and unexpired real property store leases (the "Store Leases"), including lease designation rights (the "IP Assets," and the "Real Property Assets" and collectively, the "Assets"). The intellectual property includes trademarks, copyrights, domain names, customer lists, the Debtor's e-commerce business, and related data assets. The Debtor has engaged Hilco Streambank and RCS Real Estate Advisors (collectively, the "Sale Consultants") to market the IP Assets and Real Property Assets, respectively, and these entities have expended efforts to attempt to find stalking horse purchaser(s) and other interested buyers for an auction of the IP Assets and the Real Property Assets, either as a combined transaction or separate sale transactions. The Debtor proposes to sell the Assets free and clear of liens, claims and encumbrances and to assume and assign the store leases, in separate or combined transactions. The Debtor anticipates that the Assets will be sold in one or more sale transactions that will close no later than September 15, 2015.

17.    The Debtor anticipates that it will likely seek to assume and assign certain Store Leases in connection with separate or combined sale transactions. As described above, the Debtor was unable to consummate the Going Concern Transaction and instead commenced the GOB Sales to liquidate its inventory and owned fixtures, furniture and equipment. It is thus an appropriate exercise of the Debtor's business judgment to seek to assume and assign the Store Leases and/or market and sell Store Lease designation rights to facilitate the Debtor's efforts to maximize value for its creditors and estate.

18.    Attached hereto as **Exhibit "A"** is true and correct copy of a list of the Debtor's Store Leases and the cure amounts for such leases.

/ / /

19. The Sale Consultants have commenced their marketing efforts and will continue these efforts through the Auction. Because the marketing process is ongoing, the Debtor will submit declarations from the Sale Consultants detailing their marketing efforts and results no later than one week prior to the Sale Hearing.

20. There has been no fraud or collusion in connection with the proposed sale(s) of the Assets. Certain of the Debtor's insiders, as that term is defined in section 101(31) of the Bankruptcy Code, including Mr. Scott Gladstone, may be part of a group that has expressed an interest in acquiring certain of the Assets. The Debtor has screened-off Mr. Gladstone from the design and implementation of the sale process for the Assets. Furthermore, the Debtor has not given special treatment to Mr. Gladstone or any group that he is a part of, or any other potential bidders. The Debtor, through its Sales Consultants, has sought competitive bids and will negotiate earnestly with all potential purchasers to realize the maximum sale price(s). No offers received by the Debtor will be ignored, and the Debtor will continue to expend all efforts in order to obtain the highest price possible price for the Assets.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 10th day of August, 2015, at Costa Mesa, California.

J.E. RICK BUNKA

29

1
2
3
4
5
6
7

# EXHIBIT "A"

8
9

[STORE LEASES TO BE POTENTIALLY ASSUMED AND
ASSIGNED WITH CURE AMOUNTS]

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

30


RCS Real Estate Advisors


ANNA'S LINENS

| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 00001-Plaza West Covina-West Covina, CA | Plaza West Covina | West Covina | Plaza West Covina LP | c/o SRP Property Management | 1 E Wacker Dr, Ste 3700 | Chicago | IL | 60601 | 8361.41 | Open |
| 2 | 3 | 00003-Montebello Plaza, Montebello, CA | Montebello Plaza, Montebello, CA | Montebello | Brixmor Montebello Plaza, L.P. | c/o Brixmor Property Group | 420 Lexington Avenue, 7th FLoor | New York | NY | 10170 | 6536.44 | Open |
| 3 | 4 | 00004-Plaza Mexico-Lynwood, CA | Plaza Mexico | Lynwood | Plamex Investment LLC | 3100 E. Imperial Hwy | 0 | Lynwood | CA | 90262 | 13107.35 | Open |
| 4 | 5 | 00005-Crenshaw Imperial-Inglewood, CA | Crenshaw Imperial | Inglewood | One Imperial Plaza, LP | c/o Coreland Companies | 27644 Newhall Ranch Rd. #B20 | Valencia | CA | 91355 | 8980.53 | Open |
| 5 | 6 | 00006-The Marketplace-Alhambra, CA | The Marketplace | Alhambra | Alhambra Valley Properties LLC | 0 | 11812 San Vicente Blvd, Suite 500 | Los Angeles | CA | 90049 | 6243.3 | Open |
| 6 | 8 | 00008-Azalea SC-Southgate, CA | Azalea SC | South Gate | Azalea Joint Venture LLC | 201 South Figueroa, Suite 300 | 0 | Los ANgeles | CA | 90012 | 0 | Open |
| 7 | 10 | 00010-Corona Hills Marketplace-Corona, CA | Corona Hills Marketplace | Corona | Corona Hills Marketplace, LP | c/o Kimco Development | 3333 New Hyde Park Road, Suite 100 | New Hyde Park | NY | 11042 | 9171.99 | Open |
| 8 | 19 | 00019-Long Beach Towne Ctr,Long Beach, CA | Long Beach Towne Ctr,Long Beach, CA | Long Beach | CREA/PPC Long Beach Town Center PO, L.L.C. | c/o Vestar Property Manageme | 7575 Carson Boulevard | Long Beach | CA | 90808 | 7601.12 | Open |
| 9 | 20 | 00020-Long Beach-Long Beach, CA | Long Beach | Long Beach | Ralph's Grocery Company | P.O. Box 54143 | 0 | Los Angeles | CA | 90054 | 4272.23 | Open |
| 10 | 21 | 00021-Harbor City Torrance, CA | Harbor City | Torrance | Ralph's Grocery Company | P.O. Box 54143 | 0 | Los Angeles | CA | 90054 | 4123.92 | Open |
| 11 | 22 | 00022-Anaheim Plaza, Anaheim, CA | Anaheim Plaza, Anaheim, CA | Anaheim | PK II Anaheim Plaza LP | c/o Kimco Realty Corporation | 3333 New Hyde Park Road, Ste 100 | New Hyde Park | NY | 11042 | 6226.89 | Open |
| 12 | 23 | 00023-Studio Village SC-Culver City, CA | Studio Village SC | Culver City | Raintree Realty LLC | 100 Shoreline Highway | Bldg B, Suite 395 | Mill Valley | CA | 94941 | 0 | Open |
| 13 | 24 | 00024-San Dimas Marketplace-San Dimas,CA | San Dimas Marketplace | San Dimas | PK III San Dimas Marketplace, LP | c/o Kimco Realty Corporation | 3333 New Hyde Park Rd., Suite 100 | New Hyde Park | NY | 11042 | 6195.67 | Open |
| 14 | 25 | 00025-Hollywood SC-Hollywood, CA | Hollywood SC | Hollywood | Ralph's Grocery Company | P.O. Box 54143 | 0 | Los Angeles | CA | 90054 | 4152.99 | Open |
| 15 | 26 | 00026-Norwalk-Norwalk, CA | Norwalk | Norwalk | Ralph's Grocery Company | P.O. Box 54143 | 0 | Los Angeles | CA | 90054 | 10884.53 | Open |
| 16 | 27 | 00027-Crenshaw Plaza Center-Los Angeles, CA | Crenshaw Plaza Center | Los Angeles | Slauson Crenshaw Associates Co. | c/o Charles Dunn Real Estate | 800 W. Sixth Street, 6th Floor | Los Angeles | CA | 90017 | 10857.47 | Open |
| 17 | 28 | 00028-Gateway Crossroads, Gardena, CA | Gateway Crossroads, Gardena, CA | Gardena | Fahmy Mushmel and Salam Mushmel, Trustees | c/o Mushmel Trust- Frank Musl | 15445 Ventura Blvd., Ste 31 | Sherman Oaks | CA | 91403 | 6571.6 | Open |

C:\Users\rbunka\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\OP0QAM3L\Anna's Linens Master Real Estate Lease Schedule 7-23-15v5

7/30/20155:19 PM



| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 29 | 00029-Eagle Rock Los Angeles,CA | Eagle Rock | Los Angeles | Centro Eagle Rock LLC | c/o Madison Marquette Retail | 2700 Colorado Blvd., Suite 230 | Los Angeles | CA | 90041 | 5482.68 | Open |
| 19 | 30 | 00030-Pacific Town Center, Stockton, CA | Pacific Town Center, Stockton, CA | Stockton | Stockton Pacific Associates, LLC | c/o Sequoia Land Investments | 1-C Gate Five Road | Sausalito | CA | 94965 | 4738.61 | Open |
| 20 | 31 | 00031-Marketplace 99-Elk Grove, CA | Marketplace 99 | Elk Grove | NMC Upland LLC | c/o NewMark Merrill Compani | 5850 Canoga Avenue, Ste 650 | Woodland Hills, CA | 0 | 0 | 4950.05 | Open |
| 21 | 32 | 00032-Foothill Square-Oakland, CA | Foothill Square | Oakland | MacArthur Boulevard Associates | c/o Jay Phares Corporation | 10700 MacArthur Blvd | Oakland | CA | 94605 | 5659.58 | Open |
| 22 | 34 | 00034-Gateway Towne Center-Compton, CA | Gateway Towne Center | Compton | Gateway Towne Center, LLC | 3189 Airway Avenue, Suite B | 0 | Costa Mesa | CA | 2626-4612 | 0 | Open |
| 23 | 36 | 00036-Westridge SC-Salinas, CA | Westridge SC | Salinas | Alfred Sammut and Alice Sammut, as Trustees | 18363 Meador Ridge Road | 0 | Salinas | CA | 93907 | 5074.42 | Open |
| 24 | 37 | 00037-Crossroads at Santa Maria-Santa Maria, CA | Crossroads at Santa Maria | Santa Maria | SM 101 Six, LLC | 2925 Bristol Street | 0 | Costa Mesa | CA | 92626 | 6388.2 | Open |
| 25 | 38 | 00038-Fallbrook Center-West Hills, CA | Fallbrook Center | West Hills | ROIC California, LLC | c/o Real Opportunity Investme | 8905 Towne Center Dr, STE 108 | San Diego | CA | 92122 | 6685.39 | Open |
| 26 | 39 | 00039-Vallejo Corners, Vallejo, CA | Vallejo Corners, Vallejo, CA | Vallejo | Brixmor Property Owner II, LLC | c/o Brixmor Properties Group | 420 Lexington Avenue, 7th Floor | New Yoprk | NY | 10170 | 4860.77 | Open |
| 27 | 40 | 00040-Mission Hills Plaza-Mission Hills, CA | Mission Hills Plaza | Mission Hills | Prime/CRDF Mission Hills LLC | c/o Primestor Development Inc | 201 S. Figueroa Street, Ste 300 | Los Angeles | CA | 90012 | 9419.29 | Open |
| 28 | 47 | 00047-Quad at Whittier SC-Whittier, CA | Quad at Whittier SC | Whittier | Orchard Supply Hardware Corporation | c/o Sears, Roebuck and Co. | 3333 Beverly Road | Hoffman Estates | IL | 60179 | 6431.25 | Open |
| 29 | 53 | 00053-LA Alameda SC-Walnut Park, CA | LA Alameda SC | Walnut Park | La Alameda LLC | c/o Primestor Development Inc | 201 S. Figueroa St, Suite 300 | Los | -1 | 0 | 0 | Open |
| 30 | 61 | 00061-Metro Center-Colma, CA | Metro Center | Colma | 280 Metro Limited Partnership | c/o Kimco Realty Corp | 3333 New Hyde Park Road | New Hyde Park | NY | 11042 | 8450.1 | Open |
| 31 | 63 | 00063-Capitol Square Mall-San Jose, CA | Capitol Square Mall | San Jose | Capitol Square Partners | 1388 Sutter Street | Suite 730 | San Francisco | CA | 94109 | 9396.57 | Open |
| 32 | 64 | 00064-Western Plaza-Los Angeles, CA | Western Plaza | Los Angeles | Western and Venice SC, LLC | 0 | 8245 W. 4th Street | Los Angeles | CA | 90048 | 9501.38 | Open |
| 33 | 65 | 00065-The Plant-San Jose, CA | The Plant | San Jose | Cole MT San Jose CA, LP | c/o Cole Real Estate Investme | 2325 East Camelback Rd, Ste 1100 | Phoenix | AZ | 85016 | 7281.7 | Open |
| 34 | 70 | 00070-Chula Vista Center-Chula Vista, CA | Chula Vista Center | Chula Vista | Chula Vista Center, LLC | c/o Rouse Properties, Inc. | 1114 Avenue of the Americas, Ste 2800 | New York | NY | 0036 7703 | 10345.65 | Open |
| 35 | 74 | 00074-Atlantic Square, Monterey, CA | Atlantic Square, Monterey, CA | Monterey Park | TRC MM LLC | c/o Terramar Retail Centers | 5973 Avenida Encimas, Suite 300 | Carlsbad | CA | 92008 | 6273 | Open |



| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36 | 75 | 00075-Lemon Grove Plaza-Lemon Grove, CA | Lemon Grove Plaza | Lemon Grove | Terramar Retail Centers, LLC | Santa Rita Plaza | 5973 Avenida Encinas STE 300 | Carlsbad | CA | 96002 | 6052.68 | Open |
| 37 | 78 | 00078-Chino Town Square, Chino,CA | Chino Town Square, Chino,CA | Chino | PK I Chino Town Square LP | c/o Kimco Realty Corporation | 3333 New Hyde Park Road | New Hyde Park | NY | 11042 | 4714.29 | Open |
| 38 | 79 | 00079-Burbank-Burbank, CA | Burbank | Burbank | Sterik Burbank, LP | 50 Tice Boulevard | 0 | Woodcliff Lake | NJ | 07677 | 5904.81 | Open |
| 39 | 92 | 00092-Vineyard Valley Center-Fontana, CA | Vineyard Valley Center | Fontana | Mirlan | c/o Luko Management | 16400 Pacific Coast Highway, Suite 207 | Huntington Beach | CA | 92649 | 6611.11 | Open |
| 40 | 94 | 00094-Valley Central, Lancaster, CA | Valley Central, Lancaster, CA | Lancaster | MGP IX Properties, LLC | MGP Unit #510-9 | 425 California Street, 11th Floor | San Francisco | CA | 4104-2113 | 6366.9 | Open |
| 41 | 95 | 00095-Towngate Crossing-Moreno Valley, CA | Towngate Crossing | Moreno Valley | 99 Cents Only Stores | 4000 East Union Pacific Aven | 0 | City of Commerce | CA | 90023 | 5996.67 | Open |
| 42 | 96 | 00096-Bristol Warner Marketplace-Santa Ana, CA | Bristol Warner Marketplace | Santa Ana | Auzone Santa Ana, LLC | c/o Newmark Merrill Compani | 5850 Canoga Ave., Suite 650 | Woodland Hills | CA | 91367 | 9253.64 | Open |
| 43 | 97 | 00097-The Plant-Van Nuys,CA | The Plant | Van Nuys | NF Plant Enterprises, LP | c/o Decron Properties | 6222 Wilshire Blvd., suite 400 | Los Angeles | CA | 90048 | 7634.16 | Open |
| 44 | 98 | 00098-The Promenade-Garden Grove, CA | The Promenade | Garden Grove | HGGA Promenade, LP | 23 Corporate Plaza, Suite 245 | 0 | Newport Beach | CA | 92660 | 0 | Open |
| 45 | 99 | 00099-Terra Vista Town Center-Rancho Cucamonga, CA | Terra Vista Town Center | Rancho Cucamonga | Terra Vista-Rancho Cucamonga | c/o James Real Estate Manage | 17150 Newhope Street, Suite 802 | Fountain Valley | CA | 92708 | 8166.57 | Open |
| 46 | 101 | 00101-Anaheim Town Square-Anaheim, CA | Anaheim Town Square | Anaheim | NMC Anaheim LLC | 18801 Venture Blvd., Suite 300 | 0 | Tarzana | CA | 91356 | 4666.67 | Open |
| 47 | 102 | 00102-Showcase at Indio-Indio, CA | Showcase at Indio | Indio | AJACKS Retail Partners I, LLP | c/o Luko Management | 16400 Pacific Coast Highway #207 | Huntington Beach | CA | 92649 | 2925.15 | Open |
| 48 | 103 | 00103-Mount Vernon Plaza-San Bernardino, CA | Mount Vernon Plaza | San Bernardino | Wind Chime Properties, LP | 6399 Wilshire Blvd., Suite 604 | 0 | Los Angeles | CA | 0048-5709 | 4798.98 | Open |
| 49 | 106 | 00106-The Marketplace-Oxnard,CA | The Marketplace | Oxnard | PDN Retail Center L.P. | c/o Operon Group | 4 Upper Newport Plaza, Suite 100 | Newport Beach | CA | 92660 | 0 | Open |
| 50 | 107 | 00107-Century Plaza-Pittsburg, CA | Century Plaza | Pittsburg | Century Plaza Corporation | 3890 Railroad Avenue | 0 | Pittsburg | CA | 94565 | 5743.92 | Open |
| 51 | 108 | 00108-El Camino North SC-Oceanside, CA | El Camino North SC | Oceanside | PK II El Camino North, LP | c/o Kimco Realty | 1631-B S. Melrose Drive | Vista | CA | 92803 | 7813.43 | Open |

C:\Users\rbunka\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\OP0QAM3L\Anna's Linens Master Real Estate Lease Schedule 7-23-15v5

7/30/20155:19 PM




| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 52 | 109 | 00109-Wine Press SC-Fresno, CA | Wine Press SC | Fresno | AMI Winepress, L.P. | 5 River Park Place West, Suite | 0 | Fresno | CA | 93720 | 4666.67 | Open |
| 53 | 110 | 00110-Valley Plaza-North Hollywood, CA | Valley Plaza | North Hollywood | Valley Plaza, LLC | The Arba Group, Inc. | 6300 Wilshire Blvd., Suite 1800 | Los Angeles | CA | 90048 | 0 | Open |
| 54 | 112 | 00112-Redlands Pavilion SC-Redlands, CA | Redlands Pavilion SC | Redlands | Goldland Property Investments, LLC | c/o CBRE | 4141 INland Empire Blvd, Ste 100 | Ontario | CA | 91764 | 7056.96 | Open |
| 55 | 114 | 00114-Northlake Square SC-Pasadena, CA | Northlake Square SC | Pasadena | W/J Commercial Venture, L.P. | 2716 Ocean Park Blvd., Suite | 0 | Santa Monica | CA | 90405 | 3111.11 | Open |
| 56 | 115 | 00115-Ocean Gate SC-Hawthorne, CA | Ocean Gate SC | Hawthorne | Oceangate Property, LLC | The Arba Group, Inc. | 6300 Wilshire Blvd., Suite 1800 | Los Angeles | CA | 90048 | 0 | Open |
| 57 | 116 | 00116-Eastgate SC-Fresno, CA | Eastgate SC | Fresno | EASTGATE CENTER LLC | c/o Paytner Realty & Investme | 17671 Irvine Blvd, Ste 204 | Tustin | CA | 92780 | 4827.07 | Open |
| 58 | 118 | 00118-Visalia SC-Visalia, CA | Visalia SC | Visalia | JMWHP Visalia, LLC | c/o Center West Capital, LLC | 1039 Murray Street, Ste 200 | San Luis Obispo | CA | 93405 | 6130.1 | Open |
| 59 | 123 | 00123-Pico Rivera Towne Center-Pico Rivera, CA | Pico Rivera Towne Center | Pico Rivera | Vestar California XXVI, LLC | 2425 E. Camelback Rd., Suite | 0 | Phoenix | AZ | 85016 | 7623.78 | Open |
| 60 | 124 | 00124-Best Plaza-Torrance, CA | Best Plaza | Torrance | Escondido Mission Village | 5757 W. Century Blvd., Suite | 0 | Los Angeles | CA | 90045 | 7166.33 | Open |
| 61 | 130 | 00130-Northridge Plaza, Northridge, CA | Northridge Plaza, Northridge, CA | Northridge | NLSR, LP | LB Prop Mgmt | 4730 Woodman Ave, Ste 200 | Sherman Oaks | CA | 91423 | 0 | Open |
| 62 | 132 | 00132-Montclair East SC-Montclair, CA | Montclair East SC | Montclair | GSMS 2005-GG4 Moreno Drive LP | c/o LNR Partners, LLC | 1601 Washington Avenue, Ste 700 | Miami Beach | FL | 33139 | 7374.99 | Open |
| 63 | 133 | 00133-Viejas Outlet Center, Alpine, CA | Viejas Outlet Center, Alpine, CA | Alpine | Viejas Springs Village Outlet Center | 5005 Willows Road, Suite 229 | 0 | Alpine | CA | 91901 | 0 | Open |
| 64 | 136 | 00136-Palm Plaza Temecula, CA | Palm Plaza | Temecula | Kir Temecula L.P. | 3333 New Hyde Park Road, Su | 0 | New Hyde Park | NY | 11042 | 7899.87 | Open |
| 65 | 137 | 00137-North Country Square SC-Vista, CA | North Country Square SC | Vista | PetsMart, Inc. | 19601 N. 27th Avenue | 0 | Phoenix | AZ | 85072 | 7018.67 | Open |
| 66 | 141 | 00141-The Village Center-Victorville, CA | The Village Center | Victorville | Han & Brothers Capital, LLC | c/o IDS Real Estate GRoup | 515 S. Figueroa Street, 16th Floor | Los Angeles | CA | 90071 | 9717.89 | Open |
| 67 | 143 | 00143-Southgate Plaza-Sacramento, CA | Southgate Plaza | Sacramento | WCP Southgate Plaza LLC | c/o Ares Management LLC | One North Wacker Drive, 48th Floor | Chicago | IL | 60606 | 4373.5 | Open |
| 68 | 144 | 00144-Fremont Hub-Fremont, CA | Fremont Hub | Fremont | Fremont Retail Partners, L.P. | 3333 New Hyde Park Road, Su | 0 | New Hdye Park | NY | 11042 | 3888.89 | Open |
| 69 | 145 | 00145-Country Club Centre-Sacramento, CA | Country Club Centre | Sacramento | Country Club Centre Group LLC | c/o Tourmaline Capital | 2445 Fifth Avenue, Suite 210 | San Diego | CA | 92101 | 5769.31 | Open |

C:\Users\rbunka\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\OP0QAM3L\Anna's Linens Master Real Estate Lease Schedule 7-23-15v5

7/30/20155:19 PM



| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 70 | 146 | 00146-Grossmont Center-La Mesa, CA | Grossmont Center | La Mesa | Rainbow Investment Trust Co | c/o Grossmont Center SHopping | 5500 Grossmont Center Drive #213 | LaMesa | CA | 91942 | 6383.88 | Open |
| 71 | 149 | 00149-Ming Around the Corner, Bakersfield, CA | Ming Around the Corner, Bakersfield, CA | Bakersfield | Peter P. Bollinger 2003 LLC | 540 Fulton Avenue | 0 | Sacramento | CA | 95825 | 7044.14 | Open |
| 72 | 151 | 00151-Westland Fair SC-Las Vegas, NV | Westland Fair SC | Las Vegas | Weingarten Nostat, Inc. | 860 S. Rancho Drive, Suite 10 | 0 | Las Vegas | NV | 89106 | 0 | Open |
| 73 | 153 | 00153-Nellis Crossing SC-Las Vegas, NV | Nellis Crossing SC | Las Vegas | Nellis Crossing, LP | Buckeye Investments | 0 | Las Vegas | NV | 89103 | 5867.87 | Open |
| 74 | 154 | 00154-Tropicana Beltway Center-Las Vegas, NV | Tropicana Beltway Center | Las Vegas | Weingarten Maya Tropicana LLC | 2600 Citadel Plaza Drive | 0 | Houston | TX | 7292-4133 | 0 | Open |
| 75 | 156 | 00156-Silverado Ranch Plaza-Las Vegas, NV | Silverado Ranch Plaza | Las Vegas | Silverado Ranch Plaza, LLC | One Towne Square | Suite 1913 | Southfield | MI | 48322 | 5018.02 | Open |
| 76 | 157 | 00157-Galleria Commons-Henderson, NV | Galleria Commons | Henderson | Centro GA Galleria,LLC | c/o Centro Properties Group | 420 Lexington Avenue, 7th FLoor | New York | NY | 10170 | 6222.22 | Open |
| 77 | 158 | 00158-North Mesa Shopping Center-N Las Vegas,NV | North Mesa Shopping Center | North Las Vegas | Retail Center Partners, Ltd. | 2716 Ocean Park Boulevard | Suite 2025 | Santa Monica | CA | 90405 | 6780.02 | Open |
| 78 | 159 | 00159-Blue Diamond Crossing Las Vegas,NV | Blue Diamond Crossing | Las Vegas | Blue Diamond II, LLC | c/o Juliet Realty Group | 8375 W. Flamingo, Suite 200 | Las Vegas | NV | 89147 | 5582.11 | Open |
| 79 | 165 | 00165-Merced Marpetplace-Merced, CA | Merced Marpetplace | Merced | NF Merced-LH, LLC/NF Merced Conn., LLC | C/o Decron Properties | 9222 Wilshire Blvd., Suote 400 | Los Angeles | CA | 90048 | 6222.63 | Open |
| 80 | 166 | 00166-Marketplace at Riverpark-Fresno, CA | Marketplace at Riverpark | Fresno | CCRP | 265 E. River Park Circle, Suite | 0 | Fresno | CA | 93720 | 0 | Open |
| 81 | 167 | 00167-Clovis Crossing SC-Clovis, CA | Clovis Crossing SC | Clovis | Clovis-Herndon Center II, LLC | Paynter Realty & Investments | 17671 Irvine Blvd, Ste 204 | Tustin | CA | 92780 | 7475.26 | Open |
| 82 | 170 | 00170-Desert Sky Festival SC-Phoenix, AZ | Desert Sky Festival SC | Phoenix | Westfest L.L.C., | c/o Eagle Commercial Realty | 2929 N. 44th Street, Suite 345 | Phoenix | AZ | 85018 | 0 | Open |
| 83 | 171 | 00171-Bell Towne Plaza-Phoenix, AZ | Bell Towne Plaza | Phoenix | Bell Towne Center Associates, LLC | 16842 N. 7th Street, Suite 7 | 0 | Phoenix | AZ | 85022 | 4819.6 | Open |
| 84 | 172 | 00172-Christown Spectrum Mall-Phoenix, AZ | Christown Spectrum Mall | Phoenix | Coventry II DDR Phoenix Spectrum SPE LLC | c/o Coventry Real Estate Advi | 8401 Chagrin Road, Suite 1 | Chagrin Falls | OH | 44023 | 7153.3 | Open |
| 85 | 175 | 00175-Peoria Crossings SC-Peoria, AZ | Peoria Crossings SC | Glendale | Inland Western Glendale, L.L.C. | RPAI Southwest Management I | 2021 Spring Road, Suite 200 | Oak Brook | IL | 60523 | 6652.09 | Open |




| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 86 | 176 | 00176-Talavi Town Center-Glendale, AZ | Talavi Town Center | Glendale | Kimco Talavi Town Center, LLC | c/o Kimco Realty Corporatoin | 23 Mauchly, SUite 100 | Irvine | CA | 92618 | 9161.26 | Open |
| 87 | 183 | 00183-Santan Gateway(North)-Chandler, AZ | Santan Gateway(North) | Chandler | CTW-Santan North, LLC | c/o Pacific Capital Manageme | 1400 Rocky Ridge Drive, Ste 150 | Roseville | CA | 95661 | 6498.31 | Open |
| 88 | 184 | 00184-Alameda Crossing-Avondale, AZ | Alameda Crossing | Avondale | Alameda Venture, LLC | c/o West Valley Properties, In | 1840 E. Warner Road, Suite 137 | Tempe | AZ | 85284 | 5929.27 | Open |
| 89 | 186 | 00186-Mesa Ranch Plaza-Mesa, AZ | Mesa Ranch Plaza | Mesa | RDEV Mesa Ranch, LLC | c/o Reddy Development | 16679 N. 90th Street, Ste 101 | Scottsdale | AZ | 85260 | 4754.67 | Open |
| 90 | 188 | 00188-Arcadia Crossing-Phoenix, AZ | Arcadia Crossing | Phoenix | Acadia Crossing LLC | c/o Fry Investment Company L | 4241 N. Winfield Scott Plaza, Suite 201 | Scottsdale | AZ | 88251 | 3862.96 | Open |
| 91 | 190 | 00190-Tucson Place SC-Tucson, AZ | Tucson Place SC | Tucson | Tucson Place Partners, LLC | c/o Larsen Baker, LLC | 6298 E. Grant Road, #100 | Tucson | AZ | 85712 | 0 | Open |
| 92 | 191 | 00191-Tucson Spectrum SC, Tucson, AZ | Tucson Spectrum SC, Tucson, AZ | Tucson | DDR Tucson Spectrum I LLC | c/o DDR Corp | 3300 Enterprise PArkway | Beachwood | OH | 44122 | 6364.05 | Open |
| 93 | 192 | 00192-Swanway Plaza-Tucson, AZ | Swanway Plaza | Tucson | TSP LP I, L.P. | c/o Progressive Property Mgmt | 4728 E. Broadway Blvd | Tucson | AZ | 85711 | 6768.58 | Open |
| 94 | 194 | 00194-El Paseo-El Paso, TX | El Paseo | El Paso | River Oaks El Paseo LLC | c/o River Oaks Properties | 106 Mesa Park | El Paseo | TX | 79912 | 0 | Open |
| 95 | 196 | 00196-Fox Plaza Shopping Center-El Paso, TX | Fox Plaza Shopping Center | El Paso | Recal-Fox Plaza, Ltd. | 30162 Tomas, Suite 204 | 0 | Rancho Santa Marga | CA | 92688 | 0 | Open |
| 96 | 197 | 00197-Plaza De Flores-ElPaso,TX | Plaza De Flores | El Paso | Verde Paso Partners, LP | c/o Mimco Inc. | 6500 Montana Avenue | El Paso | TX | 79925 | 0 | Open |
| 97 | 198 | 00198-Coronado Hills SC-El Paso, TX | Coronado Hills SC | El Paso | River Oaks Coronado, LLC | c/o River Oaks Properties | 106 Mesa Park Drive | El Paso | TX | 79912 | 0 | Open |
| 98 | 200 | 00200-Northtown Plaza-Houston, TX | Northtown Plaza | Houston | Brixmor Holdings 12 SPE, LLC | 420 Lexington Avenue, 7th Flo | 0 | New York | NY | 10170 | 0 | Open |
| 99 | 201 | 00201-Almeda Crossing-Houston, TX | Almeda Crossing | Houston | ARCP MT Houston TX, LLC | American Realty Capital Partn | 2325 East Camelback Road, Ste 1100 | Phoenix | AZ | 85016 | 0 | Open |
| 100 | 203 | 00203-Fondren Southwest SC-Houston, TX | Fondren Southwest SC | Houston | Surrey Fondren Investors, LLC | c/o Surrey Equities, LLC | 40 Fulton Street, 6th Floor | New York | NY | 10038 | 0 | Open |
| 101 | 204 | 00204-Northbrook SC-Houston, TX | Northbrook SC | Houston | WRI Retail Pool I, L.P. | PO Box 924133 | 0 | Houston | TX | 7292-4133 | 0 | Open |
| 102 | 205 | 00205-North Park Plaza SC-Beaumont, TX | North Park Plaza SC | Beaumont | Eastex Venture | 2600 Citadel Drive | 0 | Houston | TX | 77008 | 0 | Open |

C:\Users\rbunka\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\OP0QAM3L\Anna's Linens Master Real Estate Lease Schedule 7-23-15v5

7/30/20155:19 PM



| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 103 | 207 | 00207-Westheimer Commons-Houston, TX | Westheimer Commons | Houston | CA New Plan Fixed Rate Partnership, L.P. | c/o Brixmor Property Group | 420 Lexington Ave 7th Floor | New York | NY | 10170 | 0 | Open |
| 104 | 210 | 00210-North Oaks SC-Houston, TX | North Oaks SC | Houston | WC North Oaks Houston, LP | World Class Capital Group LL | 401 Congress Avenue 33rd Floor | Austin | TX | 78701 | 0 | Open |
| 105 | 211 | 00211-Gulfgate SC-Houston, TX | Gulfgate SC | Houston | Houston Gulfgate Partners, L.P. | c/o Wulfe Management Servic | 1800 Post Oak Blvd., 6 BLVD Place, Suite 400 | Houston | TX | 77056 | 0 | Open |
| 106 | 212 | 00212-Shops at Three Corners-Houston, TX | Shops at Three Corners | Houston | Main/O.S.T., Ltd. | 2600 Citadel Plaza Drive | 0 | Houston | TX | 77008 | 0 | Open |
| 107 | 214 | 00214-Pasadena Town Plaza, Pasadena, TX | Pasadena Town Plaza, Pasadena, TX | Pasadena | A-S 106 Pasadena Towne Center, L.P. | 8827 W. Sam Houston Pkwy | Suiter 200 | Houston | TX | 77040 | 0 | Open |
| 108 | 215 | 00215-Steeplechase SC-Houston, TX | Steeplechase SC | Houston | Jones 1960 Crossroads, LLC | PO Box 130564 | 0 | Spring | TX | 77393 | 0 | Open |
| 109 | 216 | 00216-New Forest Crossing SC-Houston, TX | New Forest Crossing SC | Houston | MB Houston New Forest II Limited Partnership | c/o IA Management LLC/ Bld | 2809 Butterfield Road, Suite 200 | Oak Brook | IL | 60523 | 0 | Open |
| 110 | 217 | 00217-Hearthstone Corners SC-Houston, TX | Hearthstone Corners SC | Houston | BRE Retail Residual Owner 1 LLC | 420 Lexington Avenue, 7th Fl | General Counsel | New York | NY | 10170 | 0 | Open |
| 111 | 218 | 00218-Riceland Pavillion-Baytown, TX | Riceland Pavillion | Baytown | Donna and Andrew Rosenberg Trust of 2002 | c/o Angela K. Hess, CPA., PC | 3321 Bell Street, Ste C | Amarillo | TX | 79106 | 0 | Open |
| 112 | 219 | 00219-Baybrook Mall-Friendswood, TX | Baybrook Mall | Friendswood | Davis Bros., LLC | 1221 McKinney, Suite 3100 | Attn: Lance Davis | Houston | TX | 77010 | 0 | Open |
| 113 | 220 | 00220-South Park Mall-San Antonio, TX | South Park Mall | San Antonio | B&B South Park Mall LLC | 124 Johnson Ferry Road | Asset Manager-South Park | Atlanta | GA | 30328 | 0 | Open |
| 114 | 221 | 00221-Austin Heights SC-San Antonio, TX | Austin Heights SC | San Antonio | Principle Equity Properties, LP | 10303 Northwest Freeway, Ste | 0 | Houston | TX | 77092 | 0 | Open |
| 115 | 222 | 00222-Westover Marketplace Relo-San Antonio, TX | Westover Marketplace Relo | San Antonio | Inland American San Antonio Westover, L.L.C. | C/O IA Management LLC #4( | 2809 Butterfield Road, Suite 200 | Oak Brook | IL | 60523 | 0 | Open |
| 116 | 223 | 00223-Wonderland of Americas Mall-San Antonio, TX | Wonderland of Americas Mall | San Antonio | Crossroads Mall Partners, Ltd | c/o Wonderland of the Americ | 4522 Frederiskdburg Road #124 | San Antonio | TX | 78201 | 0 | Open |
| 117 | 224 | 00224-Mission Crossing SC-San Antonio, TX | Mission Crossing SC | San Antonio | Pleasanton Partners, L.P. | c/o Mimco, Inc. | 6500 Montana Avenue | El Paso | TX | 79925 | 0 | Open |
| 118 | 225 | 00225-Fiesta Trails, Vance Jackson-San Antonio, TX | Fiesta Trails, Vance Jackson | San Antonio | WRI Fiesta Trails, LP | 2600 Citadel Plaza | 0 | Houston | TX | 77008 | 0 | Open |



| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 119 | 226 | 00226-Forum at Olympia Parkway-Live Oak, TX | Forum at Olympia Parkway | Live Oak | Forum Lone Star, LP | One Executive Boulevard | 0 | Yonkers | NY | 10701 | 0 | Open |
| 120 | 229 | 00229-Alamo Ranch SC-San Antonio, TX | Alamo Ranch SC | San Antonio | Alamo Ranch Marketplace TX LP | c/o Rio Con (America) Manage | 307 Fellowship Road, Suite 116 | Mount Laurel | NJ | 08054 | 0 | Open |
| 121 | 231 | 00231-Redbird Hill Center-Dallas, TX | Redbird Hill Center | Dallas | Red Mountain Asset Fund I, LLC | c/o RiverRock Real Estate Gro | 100 Bayview Circle, Suite 2600 | Newport Beach | CA | 92660 | 0 | Open |
| 122 | 232 | 00232-Market East SC-Mesquite, TX | Market East SC | Mesquite | Market East Associates, LLC | c/o Fidelis Realty Partners | 4500 Bissonnet Street, Suite 300 | Bellaire | TX | 77401 | 0 | Open |
| 123 | 233 | 00233-Trinity Valley SC-Carrollton, TX | Trinity Valley SC | Carrollton | Josey/Trinity Mills, Ltd | 3102 Maple Avenue, Suite 500 | 0 | Dallas | TX | 75201 | 1503.02 | Open |
| 124 | 234 | 00234-Lake Worth Towne Crossing-Lake Worth, TX | Lake Worth Towne Crossing | Lake Worth | RPAI Southwest Management LLC | 2021 Spring Road, Ste 200 | 0 | Oak Brook | IL | 60523 | 0 | Open |
| 125 | 235 | 00235-Overton Park Plaza-Fort Worth, TX | Overton Park Plaza | Fort Worth | Weingarten Realty Investors | 0 | P.O. Box 924133 | Houston | TX | 7292-4133 | 0 | Open |
| 126 | 236 | 00236-Irving Town Center-Irving, TX | Irving Town Center | Irving | Beltline/Airport Freeway, LTD | 3102 Maple Avenue, Suite 500 | 0 | Dallas | TX | 75201 | 0 | Open |
| 127 | 237 | 00237-Lake Air Mall-Waco, TX | Lake Air Mall | Waco | Lake Air Holdings, LLC | c/o HPRI Waco Centers | 3600 N. Capital of Texas Hwy, B-250 | Austin | TX | 78746 | 0 | Open |
| 128 | 241 | 00241-Las Tiendas Plaza-Brownsville,TX | Las Tiendas Plaza | Brownsville | Kimco Brownsville, LP | c/o Kimco Realty Corporation | 3333 New Hyde Park Rd., #100 | New Hyde Park | NY | 11042 | 0 | Open |
| 129 | 242 | 00242-Lancaster Corners SC-Lancaster, TX | Lancaster Corners SC | Lancaster | VMY Properties LLC | c/o 312 Management | 5918 Lovell Avenue | Fort Worth | TX | 76107 | 0 | Open |
| 130 | 243 | 00243-Expressway Plaza SC-Killeen, TX | Expressway Plaza SC | Killeen | Morris Venture Partners V, LLC | c/o Charter Killeen Manageme | 3000 South 31st Street, Ste 500 | Temple | TX | 76502 | 0 | Open |
| 131 | 245 | 00245-Montgomery Plaza-Conroe, TX | Montgomery Plaza | Conroe | American National Insurance Company | 2525 South SHore Boulevard, S | 0 | League City | TX | 77573 | 0 | Open |
| 132 | 247 | 00247-Sharyland Towne Crossing-Mission, TX | Sharyland Towne Crossing | Mission | Shary Retail, Ltd. | c/o Weingarten Realty | 2600 Citadel Plaza Dr., Suite 300 | Houston | TX | 77008 | 0 | Open |
| 133 | 250 | 00250-Westside South SC-Gretna, LA | Westside South SC | Gretna | Gretna Realty Associates LLC | c/o American Commercial Rea | 324 Datura Street, Suite 102 | West Palm Beach | FL | 33401 | 7844.24 | Open |
| 134 | 252 | 00252-Deerbrook Crossing-Humble, TX | Deerbrook Crossing | Humble | MLCSV10, LLC | David Z Mafrige Interests | 9219 Katy Freeway, Suite 291 | Houston | TX | 77024 | 742 | Open |
| 135 | 253 | 00253-Hammond Aire Plaza-Baton Rouge, LA | Hammond Aire Plaza | Baton Rouge | Kimco Baton Rouge 1183, LLC | 3333 New Hyde Park Road | Suite 100 | New Hyde Park | YT | 11042 | 7440.31 | Open |




| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 136 | 256 | 00256-Town & Country Plaza SC-Hammond, LA | Town & Country Plaza SC | Hammond | ER/CPC Hammond, LLC | c/o Core Property Mgmt, LLC | 800 Vanderbilt Beach Road | Naples | FL | 34108 | 3004.07 | Open |
| 137 | 257 | 00257-Park Plaza SC-Lake Charles, LA | Park Plaza SC | Lake Charles | Interra Sky Lake Charles LLC | 2400 Augusta Drive | Suite 350 | Houston | TX | 77057 | 3200.11 | Open |
| 138 | 259 | 00259-Northgate Mall-Lafayette, LA | Northgate Mall | Lafayette | 1800 NE Evangeline Thwy Lafayette LLC | c/oSRSA Commercial Real Est | 2555 Severn Ave., Suite 200 | Metairie | LA | 70002 | 3111.11 | Open |
| 139 | 260 | 00260-Dauphin Square SC-Mobile, AL | Dauphin Square SC | Mobile | Northside, Ltd. | Cummings & Associates | One Houston Street | Mobile | AL | 36606 | 4509.17 | Open |
| 140 | 261 | 00261-Crestwood Festival Centre-Birmingham, AL | Crestwood Festival Centre | Birmingham | Festival Center Birmingham, LP | c/o Southeast Commercial Ma | 1401 Providence Park, Suite 250 | Birmingham | AL | 35242 | 4206 | Open |
| 141 | 269 | 00269-Fremaux Town Center, Slidell, LA | Fremaux Town Center, Slidell, LA | Slidell | Slidell Development Company, LLC | c/o Stirling Properties, LLC | 109 Northpark Blvd, Ste 300 | Covington | LA | 70433 | 7099.17 | Open |
| 142 | 271 | 00271-Park North Plaza-San Antonio, TX | Park North Plaza | San Antonio | PN Plaza Investments, L.P. | HPI Real Estate Management | 842 NW Loop 410 Suite 119 | San Antonio | TX | 78216 | 0 | Open |
| 143 | 272 | 00272-Shoppes at Port Arthur-Port Arthur,TX | Shoppes at Port Arthur | Port Arthur | Cole MT Port Arthur TX, LLC | c/o Cole Real Estate Investme | 2325 East Camelback Rd, Ste 1100 | Phoenix | AZ | 85016 | 0 | Open |
| 144 | 273 | 00273-Central Station Center, College Station, TX | Central Station Center, College Station, TX | College Station | Brixmor/IA Central Station, LLC | c.o Brixmor Property Group | 420 Lexington Avenue, 7th Floor | New York | NY | 10170 | 0 | Open |
| 145 | 274 | 00274-Richardson Square,Richardson , TX | Richardson Square,Richardson, TX | Richardson | Richardson Square, LLC | 1366 Momentum Place | 0 | Chicago | IL | 0689-5313 | 0 | Open |
| 146 | 275 | 00275-Brazos Town Ctr-Rosenberg, TX | Brazos Town Ctr | Rosenberg | Brazos TC South Partnership A, LP | 8827 W. Sam Houston Pkwy., | Suite 200 | Hoston | TX | 77040 | 0 | Open |
| 147 | 276 | 00276-Northeast Marketplace, Houston, TX | Northeast Marketplace, Houston, TX | Houston | NEMP Holdings, L.P. | c/o Capcor Management | 3939 Washington Avenue Ste 230 | Houston | TX | 77007 | 0 | Open |
| 148 | 277 | 00277-Southway Shopping Center, Houston, TX | Southway Shopping Center, Houston, TX | Houston | ARC SWHOUTX001, LLC | 405 Park Avenue, 15th Floor | 0 | New York | NY | 10022 | 0 | Open |
| 149 | 278 | 00278-Valley Crossing SC, Weslaco, TX | Valley Crossing SC, Weslaco, TX | Weslaco | Capcor Weslaco, Ltd. | c/o Capcor Management LLC | 3939 Washington Avenue, Ste 230 | Houston | TX | 77007 | 0 | Open |
| 150 | 279 | 00279-Bardin Place, Arlington, TX | Bardin Place, Arlington, TX | Arlington | Centro NP Holdings 1 SPE, LLC | c/o Centro Properties Group | 420 Lexington Avenue, 7th Floor | New York | NY | 10170 | 0 | Open |
| 151 | 280 | 00280-Lakeview Village-DLberville, MS | Lakeview Village | DLberville | Lakeview S/C Partners, Ltd. | 1800 West Loop South, #1860 | 0 | Houston | TX | 77027 | 4149.95 | Open |

C:\Users\rbunka\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\OP0QAM3L\Anna's Linens Master Real Estate Lease Schedule 7-23-15v5

7/30/20155:19 PM


















































RCS Real Estate Advisors


ANNA'S LINENS

| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 152 | 284 | 00284-Great Southwest Crossings-Grand Prairie, TX | Great Southwest Crossings | Grand Prairie | Great Southwest Crossing Grand Prairie TX LP | 307 Fellowship Road | Suite 116 | Mt. Laurel | MD | 08054 | 0 | Open |
| 153 | 286 | 00286-La Gran Plaza-Forth Worth, TX | La Gran Plaza | Fort Worth | Town Center Mall, L.P. | 4200 S. Freeway, Suite 2500 | 0 | Fort Worth | TX | 76115 | 0 | Open |
| 154 | 287 | 00287-Rio Norte SC-Larado, TX | Rio Norte SC | Laredo | Gemini Property Management, LLC | 16740 Birkdale Commons Park | Suite 306 | Huntersville | NC | 28708 | 0 | Open |
| 155 | 288 | 00288-Cameron Crossing-McKinney, TX | Cameron Crossing | McKinney | Covington Cameron Acquisition 1-34, LLC | Covington Property Manageme | 30 S. Wacker Suite 2750 | Chicago | IL | 60606 | 0 | Open |
| 156 | 290 | 00290-Buckner Commons-Dallas,TX | Buckner Commons | Dallas | Buckner Jubilee Investments Group, LLC | 5555 North Lamar | Suite L-113 | Austin | TX | 78751 | 0 | Open |
| 157 | 292 | 00292-Gentilly Plaza, Gentilly, LA | Gentilly Plaza, Gentilly, LA | New Orleans | JNPR,L.L.C. | 5432 David Drive | 0 | Kenner | LA | 70065 | 4871.61 | Open |
| 158 | 293 | 00293-Shoppes at Rio Grande Valley, Edinburg, TX | Shoppes at Rio Grande Valley, Edinburg, TX | Edinburg | Shoppes at Rio Grande Valley, LP | c/o First Hartford Realty | 149 Colonial Road | Manchester | CT | 06042 | 0 | Open |
| 159 | 294 | 00294- Elmwood Shopping Center-New Orleans, LA | Elmwood Shopping Center | Harahan | Elmwood Retail Properties, L.L.C. | c/o Lauricella Land Company | 1200 S. Clearview Pkwy, Ste 1166 | New Orleans | LA | 70123 | 9933.09 | Open |
| 160 | 298 | 00298-Capitol Plaza-Austin, TX | Capitol Plaza | Austin | Capital/Highway 35, LTD | c/o Cencor Realty Services, In | 4200 N. Lamar Street 200 | Austin | TX | 78756 | 0 | Open |
| 161 | 302 | 00302-Greenbriar Mall-Atlanta, GA | Greenbriar Mall | Atlanta | KDI Atlanta Mall, LLC | c/o Hendron Properties, LLC | 3445 Peachtree Road, N.E., Suite 465 | Atlanta | GA | 30326 | 6815.72 | Open |
| 162 | 304 | 00304-Newnan Pavilion SC-Newnan, GA | Newnan Pavilion SC | Newnan | DDRTC Newnan Pavilion LLC | c/o Developers Diversified Rea | 3300 Enterprise Parkway | Beachwood | OH | 44122 | 7980.69 | Open |
| 163 | 305 | 00305-Stonemont Village-Stone Mountain, GA | Stonemont Village | Stone Mountain | Stonemont Partnership, LTD | 1100 Spring St. | 0 | Atlanta | GA | 0309-2848 | 3483.74 | Open |
| 164 | 306 | 00306-Southlake Pavilion-Morrow, GA | Southlake Pavilion | Morrow | 1956-1994 Mount Zion Road Holdings, LLC. | c/o The Shopping Center Group | 300 Galleria Parkway, 12th Floor | Atlanta | GA | 30339 | 1624.47 | Open |
| 165 | 308 | 00308-Stonecrest Mall-Lithonia, GA | Stonecrest Mall | Lithonia | SCD at Stonecrest Festival LLC | c/o Southern Commercial Dev | 4828 Ashford Dunwoody Road, Suite 400 | Atlanta | GA | 30338 | 8458.87 | Open |
| 166 | 309 | 00309-Fayette Pavilion SC-Fayetteville, GA | Fayette Pavilion SC | Fayetteville | DDRTC Fayette Pavilion III and IV LLC | c.o Developers Diversified Rea | 3300 Enterprise Parkway | Beachwood | OH | 44122 | 6547.76 | Open |
| 167 | 310 | 00310-Venture Pointe SC-Duluth, GA | Venture Pointe SC | Duluth | Brixmor Operating Partnership 2, LLC | 420 Lexington Avenue | 7th Floor - Attn: General Counsel | New York | NY | 10170 | 7777.77 | Open |
| 168 | 312 | 00312-Home Center Village-Marietta, GA | Home Center Village | Marietta | Chastian Meadows 2014, LLC | 6810 North State Road 7 | 0 | Coconot Creek | FL | 33073 | 2216.67 | Open |
| 169 | 313 | 00313-Heritage Pavilion-Smyrna, GA | Heritage Pavilion | Smyrna | DDRTC Heritage Pavilion LLC | 3300 Enterprise Parkway | Attn: Executive VO Leasing | Beachwood | OH | 44122 | 6164.49 | Open |




| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 170 | 315 | 00315-Snellville Pavilion, Snellville, GA | Snellville Pavilion, Snellville, GA | Snellville | KIR Snellville, LP | c/o Kimco Realty Corporation | 3333 New Hyde Park Road, Suite 100 | New Hyde Park | NY | 11042 | 5679.67 | Open |
| 171 | 317 | 00317-Shops on the Circle-Dothan, AL | Shops on the Circle | Dothan | G&I VIII RCG Dothan LLC | RCG Ventures I, LLC | 3060 Peachtree Road NW, Suite 400 | Atlanta | GA | 30305 | 0 | Open |
| 172 | 319 | 00319-Douglasville Pavilion, Douglasville, GA | Douglasville Pavilion, Douglasville, GA | Douglasville | DDR Douglasville Pavilion, LLC | DDR Corp | 3300 Enterprise Parkway | Beachwood | OH | 44122 | 3922.25 | Open |
| 173 | 320 | 00320-Colonial Promenade Tannehill-Bessemer, AL | Colonial Promenade Tannehill | Bessemer | CAPREF Tannehill LLC | c/o Cypress Acquisition Partner | 8343 Douglas Avenue, Suite 200 | Dallas | TX | 75225 | 4698.89 | Open |
| 174 | 347 | 00347-Concord Shopping Plaza-Miami, FL | Concord Shopping Plaza | Miami | GRI-EQY (Concord) LLC | 1600 NE Miami Gardens Drive | 0 | North Miami Beach | FL | 33179 | 8765.43 | Open |
| 175 | 348 | 00348-Midway Plaza-Tamarac,FL | Midway Plaza | Tamarac | DDRM Midway Plaza LLC | c/o Developers Diversified Rea Leasing | 3300 Enterprise Parkway, EVP | Beachwood | OH | 44122 | 6519.02 | Open |
| 176 | 349 | 00349-The Plaza at Delray-Delray Beach,FL | The Plaza at Delray | Delray Beach | Linton Delray, LLC | c/o Ramco-Gershenson Propert | 31500 Northwestern Highway, Suite 300 | Farmington Hills | MI | 48334 | 4946.67 | Open |
| 177 | 350 | 00350-Laurderdale Lakes Mall-Lauderdale Lakes, FL | Laurderdale Lakes Mall | Lauderdale Lakes | Lakes Mall Investments, LLC | c/o IMC Property Mgmt & Ma | 696 N. E. 125th Street | North Miami | FL | 33161 | 7301.49 | Open |
| 178 | 352 | 00352-Oakwood Plaza-Hollywood, FL | Oakwood Plaza | Hollywood | Oakwood Plaza Ltd. Ptship | 3333 New Hyde Park Road, Su | 0 | New Hyde Park | NY | 1042-0020 | 11905.6 | Open |
| 179 | 354 | 00354-Point Royal Miami-Miami,FL | Point Royal Miami | Miami | Equity One (Point Royale), Inc. | 1600 NE Miami Gardens Drive | 0 | North Miami Beach | FL | 33179 | 7816.86 | Open |
| 180 | 355 | 00355-University Marketplace-Pembroke Pines, FL | University Marketplace | Pembroke Pines | UMP Real Estate Holding, LLC | c/o Onyx Management Enterpr | 3550 Biscayne Blvd Suite 501 | Miami | FL | 33137 | 0 | Open |
| 181 | 356 | 00356-Central SC-Miami, FL | Central SC | Miami | Hayday, Inc. | 401 NW 38th Ct. | 0 | Miami | FL | 33126 | 14757.56 | Open |
| 182 | 358 | 00358-Pine Trail Square-West Palm Beach, FL | Pine Trail Square | West Palm Beach | Pine Trail Square, LLC | 101 Plaza Real South, Suite 2 | 0 | Boca Raton | FL | 33432 | 9032.64 | Open |
| 183 | 359 | 00359-Palm Springs Mile SC-Hialeah, FL | Palm Springs Mile SC | Hialeah | Palm Springs Mile Associates, Ltd., AP Florida LLC | 419 West 49th Street, Suite 30 | 0 | Hialeah | FL | 33012 | 0 | Open |
| 184 | 362 | 00362-El Mercado Shopping Center-Hialeah, FL | El Mercado Shopping Center | Hialeah | EL Mercado Associates, LTD. | c/o Continental RE Companie | 2121 Ponce de Leon Blvd., Suite 1250 | Coral Gables | FL | 33134 | 8572.06 | Open |




| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 185 | 365 | 00365-Mall at 163rd Street-North Miami, FL | Mall at 163rd Street | North Miami | ERT 163rd Street Mall, LLC | c/o Brixmor Property Group | 420 Lexington Avenue, 7th Floor | New York | NY | 10170 | 10918.74 | Open |
| 186 | 366 | 00366-Northridge Shopping Center-Oakland Park, FL | Northridge Shopping Center | Oakland Park | WRI JT Northridge LP | c/o Weingarten Realty Investo | PO Box 924133 | Houston | TX | 7292-4133 | 0 | Open |
| 187 | 367 | 00367-Lakewood Shopping Center-Margate, FL | Lakewood Shopping Center | Margate | Lakewood Retail, LLC | 400 Clematis Street, Suite 201 | 0 | West Palm Beach | FL | 33401 | 6111.85 | Open |
| 188 | 371 | 00371-University Mall-Tampa, FL | University Mall | Tampa | University Mall Portwood Owner, LLC | c/o RD Management | 810 Seventh Avenue, 10th Floor | New York | NY | 10019 | 0 | Open |
| 189 | 375 | 00375-Miami Gardens-Miami, FL | Miami Gardens | Hialeah | Centro NP Miami Gardens, LLC | c/o Centro Properties Group | 420 Lexington Avenue, 7th Floor | New York | NY | 10170 | 8654.7 | Open |
| 190 | 376 | 00376-Flagler Park Plaza-Miami, FL | Flagler Park Plaza | Miami | Flagler S.C., LLC | c/o Kimco Realty Corporation | 3333 New Hyde Park Road, Ste 100 | New Hyde Park | NY | 11042 | 6874.61 | Open |
| 191 | 392 | 00392-London Square-Miami, FL | London Square | Miami | BVK London Square LLC | c/o RREEF | 3414 Peachtree Road NE | Atlanta | GA | 30326 | 0 | Open |
| 192 | 405 | 00405-Chatham Ridge SC, Chicago, IL | Chatham Ridge SC, Chicago, IL | Chicago | Inland Commercial Property Management, Inc. | 2901 Butterfield Road | 0 | Oakbrook | IL | 60523 | 13975.58 | Open |
| 193 | 408 | 00408-The Landings SC-Lansing, IL | The Landings SC | Lansing | Lansing Partners I, LLC | 15 West 34th Street, 8th FLoor | 0 | New York | NY | 10001 | 9425.03 | Open |
| 194 | 411 | 00411-Ford City North-Chicago, IL | Ford City North | Chicago | SCI Ford City - Chicago LLC | c/o Mid America Asset Mgmt. | One Parkview Plaza, 9th Floor | Oakbrook Terrace | IL | 60181 | 8274.32 | Open |
| 195 | 417 | 00417-Loomis SC-Milwaukee, WI | Loomis SC | Milwaukee | Loomis Centre, LLC | c/o Learsi & Co. | 3100 Dundee Road, Suite 308 | Northbrook | IL | 60062 | 4961.43 | Open |
| 196 | 418 | 00418-Midtown Center-Milwaukee, WI | Midtown Center | Milwaukee | Mid Milk Improvements, LLC | c.o DLC Management Corp | 580 White Plains Road, 3rd Floor | Tarrytown | NY | 10591 | 7551.6 | Open |
| 197 | 419 | 00419-76th & Stoney Island-Chicago, IL | 76th & Stoney Island | Chicago | Gendell Partners 76th and Stony Island, LLC | c/o Terraco, Inc. | 3201 Old Glenview Road, Suite 300 | Wilmette | IL | 60091 | 5797.51 | Open |
| 198 | 420 | 00420-West Allis Town Center-West Allis, WI | West Allis Town  Center | West Allis | Ramco-Gershenson Properties LP | 31500 Northwestern Highway, | 0 | Farmington Hills | MI | 48334 | 3888.89 | Open |
| 199 | 421 | 00421-Hawthorne Works-Chicago, IL | Hawthorne Works | Chicago | Hawthorne Works Center, LTD | 340 Royal Poinciana Way | Suite 316 | Palm Beach | FL | 33480 | 7881.72 | Open |
| 200 | 422 | 00422-Gateway Centre-Chicago, IL | Gateway Centre | Chicago | SEC Clark & Howard, LLC | c/o Stockbridge Capital Group | 4 Embarcadero Center, Ste 3300 | San Francisco | CA | 94111 | 5821.43 | Open |
| 201 | 423 | 00423-Marshfield Plaza-Chicago, IL | Marshfield Plaza | Chicago | Primestor 119th, LLC | c/o UCR Asset Services | 8080 Park Lane, Suite 800 | Dallas | TX | 75231 | 0 | Open |
| 202 | 424 | 00424-Rivercrest SC- Crestwood, IL | Rivercrest SC | Crestwood | Brixmor SPE 3 LLC | Brixmor Property Group | 420 Lexington Avenue, 7th Floor | New York | NY | 10170 | 6757.92 | Open |




| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 203 | 425 | 00425-Naper West Plaza-Naperville, IL | Naper West Plaza | Naperville | NaperW, LLC | c/o Bonnie Management Corp | 8430 W. Bryn Mawr Avenue, Ste 850 | Chicago | IL | 0631-3448 | 4867.72 | Open |
| 204 | 427 | 00427-Fairway Plaza-Evergreen Park, IL | Fairway Plaza | Evergreen Park | Clark Wolcott Properties LLC | c/o Chody Real Estate Corp | 401 N. Michigan Avenue, Suite 1700 | Chicago | IL | 60611 | 6223.47 | Open |
| 205 | 428 | 00428-Winston Plaza, Melrose Park, IL | Winston Plaza, Melrose Park, IL | Melrose Park | Melrose Park Equity, LLC | c/o NewMark Merrill | 5850 Canoga Ave, Ste 650 | Woodland Hills | CA | 91367 | 8020.01 | Open |
| 206 | 501 | 00501-Eastover Shopping Center-Oxon Hill, MD | Eastover Shopping Center | Oxon Hill | Eastover Plaza Improvements, LLC | c/o DLC Management Corp. | 580 White Plains Road | Tarrytown | NY | 10591 | 5670 | Open |
| 207 | 506 | 00506-Largo Town Center-Largo, MD | Largo Town Center | Largo | DDRM Largo Town Center LLC | c/o Developers Diversified Rea | 3300 Enterprise Parkway | Beachwood | OH | 44122 | 5021.24 | Open |
| 208 | 507 | 00507-Rhode Island Plaza-Washington, DC | Rhode Island Plaza | Washington | Acadia Brentwood LLC | c/o Acadia Realty Trust | 1311 Mamaroneck Ave, Ste 260 | White Plains | NY | 10605 | 9957.57 | Open |
| 209 | 508 | 00508-Eastpoint Mall-Baltimore, MD | Eastpoint Mall | Baltimore | TRP-MCB Eastpoint, LLC | 2701 N. Charles Street, Suite 40 | | Baltimore | MD | 21218 | 2438.8 | Open |
| 210 | 509 | 00509-Maryland City Plaza-Laurel, MD | Maryland City Plaza | Laurel | Maryland City Plaza LP | c/o Combined Properties Inc. | 1025 Thomas Jefferson St NW Ste 700E | Washington | DC | 0007-5201 | 3888.89 | Open |
| 211 | 511 | 00511-White Oak Village-Richmond, VA | White Oak Village | Richmond | BRE DDR BR White Oak VA LLC | c/o DDR Corp | 3300 Enterprise Parkway | Beachwood | OH | 44122 | 0 | Open |
| 212 | 513 | 00513-Ingleside SC, Catonsville, MD | Ingleside SC, Catonsville, MD | Catonsville | Ingleside LLC | c/o Kimco Realty Corporation | 3333 New Hyde Park Road, Ste 100 | New Hyde Park | NY | 11042 | 5183.87 | Open |
| 213 | 514 | 00514-Beltway Plaza, Greenbelt, MD | Beltway Plaza, Greenbelt, MD | Greenbelt | GB Mall Limited Partnership | c/o Quamtum Companies | 4912 Del Ray Avenue | Bethesda | MD | 20814 | 5047 | Open |
| 214 | 515 | 00515-Southside Plaza-Richmond, VA | Southside Plaza | Richmond | Saul Subsidiary I LP | c/o Saul Centers, Inc. | 7501 Wisconsin Ave, Ste 1500 | Bethesda | MD | 20814 | 4462.5 | Open |
| 215 | 550 | 00550-One and Olney SC-Philadelphia, PA | One and Olney SC | Philadelphia | BLDG-ICS OLNEY LLC | 8 Industrial Way East | Second Floor | Eatontown | NJ | 07724 | 4666.67 | Open |
| 216 | 551 | 00551-South Philadelphia SC-Philadelphia, PA | South Philadelphia SC | South Philadelphia | Cedar - South Philadelphia I, LLC | 44 S. Bayles Ave. | 0 | Port Washington | NY | 11050 | 0 | Open |
| 217 | 552 | 00552-Cottman & Bustleton SC-Philadelphia, PA | Cottman & Bustleton SC | Philadelphia | Bustleton Partners | c/o Kimco Realty Corporation | 1954 Greenspribng Drive, Ste 330 | Timonium | MD | 21093 | 7593.64 | Open |
| 218 | 555 | 00555-Parkwest Town Center-Blue Bell, PA | Parkwest Town Center | Philadelphia | WesGold, LLC | c/o The Goldenberg Group, Inc | 350 Sentry Parkway, Bldg 630, Ste 300 | Blue Bell | PA | 19422 | 5802.37 | Open |
| 219 | 561 | 00561-Aramingo Crossings SC-Philadelphia, PA | Aramingo Crossings SC | Philadelhia | BDP Realty II, LP | c/o Wolfson Group, Inc.- Meet | 120 Germantown Pike, St, Suite 120 | Plymouth Meeting | PA | 19462 | 0 | Open |




| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 220 | 601 | 00601-Sedgefield Crossing SC-Greensboro, NC | Sedgefield Crossing SC | Greensboro | Group Sedgefield LLC | 2300 NW Corporate Blvd #141 | 0 | Boca raton | FL | 33431 | 2437.99 | Open |
| 221 | 602 | 00602-Parkway Plaza SC-Winston Salem, NC | Parkway Plaza SC | Winston-Salem | Centro GA Parkway Plaza, L.P. | c/o Brixmor Properties Group | 420 Lexington Avenue, 7th Floor | New York | NY | 10170 | 0 | Open |
| 222 | 603 | 00603-Copperfield Plaza SC-Concord, NC | Copperfield Plaza SC | Concord | Copperfield Center Partnership | BV Belk Enterprises | 204-C West Woodlawn Rd | Charlotte | NC | 28217 | 3771.6 | Open |
| 223 | 604 | 00604-New Market Square SC-Burlington, NC | New Market Square SC | Burlington | Newmarket-Burlington, LLC | 610 E.Morehead Street, Suite | 0 | Charlotte | NC | 28202 | 3326.4 | Open |
| 224 | 605 | 00605-Valley Crossing, Hickory, NC | Valley Crossing, Hickory, NC | Hickory | BRE Retail Residual NC Owner LP | c/o Brixmor Properties Group | 420 Lexington Avenue, 7th FLoor | New York | NY | 10170 | 5447.55 | Open |
| 225 | 606 | 00606-Franklin Square SC-Gastonia, NC | Franklin Square SC | Gastonia | Centro Bradley SPE 1 LLC | c/o Centro Watt | 131 Dartmouth Street, 6th Floor | Boston | MA | 2116-5134 | 6131.57 | Open |
| 226 | 607 | 00607-Spartanburg SC-Spartanburg, SC | Spartanburg SC | Spartanburg | Baker and Baker Real Estate Developers | P.O. Box 12397 | 0 | Columbia | SC | 29211 | 3291.51 | Open |
| 227 | 608 | 00608-Wesmark Plaza SC-Sumter, SC | Wesmark Plaza SC | Sumter | Garrison Sumter LLC | c/o GREF II Reit I, LLC | 1350 Avenue of the Americas, 9th floor | New York | NY | 10019 | 2362.5 | Open |
| 228 | 609 | | | | | | | | | | 3985.83 | Open |
| 229 | 610 | 00610-Sutters Creek Plaza SC-Rocky Mount, NC | Sutters Creek Plaza SC | Rocky Mount | Rocky Mount M LLC | c/o Lat Purser Assoc | 4530 Park Road, Suite 300 | Chatlotte | NC | 28209 | 2333.33 | Open |
| 230 | 611 | 00611-KMart Plaza-Greenville, SC | KMart Plaza | Greenville | Church Street, Inc. | 304 North Church Street | 0 | Greenville | SC | 29601 | 3192.23 | Open |
| 231 | 612 | 00612-Innsbruck Mall-Asheville, NC | Innsbruck Mall | Asheville | Brenco Real Estate Management Co Inc | 1919 North Bridge Street | 0 | Elkin | NC | 28621 | 3422.22 | Open |
| 232 | 613 | 00613-Promenade at Northwoods-Charleston, SC | Promenade at Northwoods | North Charleston | Hawthorne North Rivers, LLC | c/o Hawthorne Retail Partners | PO Box 30174 | Charlotte | NC | 28230 | 3333.86 | Open |
| 233 | 614 | 00614-Shoppes at Pyramid Village-Greensboro, NC | Shoppes at Pyramid Village | Greensboro | Linder Ventures IV, LLC | 21-A Oak Branch Drive | 0 | Greensboro | NC | 27410 | 5166 | Open |
| 234 | 616 | 00616-Janaf SC, Norfolk, VA | Janaf SC, Norfolk, VA | Norfolk | JANAF Shopping Center LLC | c/o McKinley Inc. | 320 North Main Street, Ste 200 | Ann Arbor | MI | 48104 | 5016.66 | Open |
| 235 | 617 | 00617-The Centrum Shopping Center-Pineville, NC | The Centrum Shopping Center | Pineville | ARC CTCHRNC001, LLC LBX | c/o Lincoln Harris LLC | 126 Seven Farms Drive, Suite 160 | Charleston | SC | 29492 | 7398.86 | Open |

C:\Users\rbunka\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\OP0QAM3L\Anna's Linens Master Real Estate Lease Schedule 7-23-15v5          Page 50

7/30/20155:19 PM




| Count | Store# | Property Name | Mall Name | City | Landlord | Address 1 | Address 2 | City | State | Zip | Prepetition Amount | Open |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 236 | 618 | 00618-Cross Creek Plaza-Fayetteville,NC | Cross Creek Plaza | Fayetteville | Cross Creek Plaza, Inc. | 238 North McPherson Church R | 0 | Fayetteville | NC | 28203 | 4626.75 | Open |
| 237 | 619 | 00619-East Forest Plaza-Columbia, SC | East Forest Plaza | Columbia | East Forest Plaza III, LLC | c/o Grubb & Ellis/Wilson Kibl | 1111 Laurel Street | Columbia | SC | 29201 | 7752.91 | Open |
| 238 | 622 | 00622-Cherrydale SC-Greenville, SC | Cherrydale SC | Greenville | PL Cherrydale Point, LLC | c/o Kimco Realty Corporation | 3333 New Hyde Park Road, Suite 100 | New Hyde Park | NY | 11042 | 4916.94 | Open |
| 239 | 624 | 00624-University Pointe-Charlotte, NC | University Pointe | Charlotte | SAM University Pointe LLC | c/o Suburban Asset Managemen | 999 Waterside Drive, Suite 2220 | Norfolk | VA | 23510 | 5210.05 | Open |
| 240 | 627 | 00627-Verdae Village SC, Greenville, SC | Verdae Village SC, Greenville, SC | Greenville | SCI Verdea Fund, LLC | c/o The Shopping Center Group | 300 Galleria Parkway, 12th Floor | Atlanta | GA | 30339 | 4665.16 | Open |
| 241 | 629 | 00629-Northpointe Commons-Columbia, SC | Northpointe Commons | Columbia | Columbia (Northpoint) WMS, LLC | c/o Rivercrest Realty | 8816 Six Forks Road, Ste 201 | Raleigh | NC | 27615 | 4789.35 | Open |
| 242 | 630 | 00630-Augusta Square- Augusta, GA | Augusta Square | Augusta | Kimco Augusta 635, LLC | c/o Kimco Realty Corporation | 3333 New Hyde Park Road, Suite 100 | New Hyde Park | NY | 11042 | 6721.53 | Open |
| 243 | 631 | 00631-Belvedere Plaza, Anderson, SC | Belvedere Plaza, Anderson, SC | Anderson | Belvedere Station, LLC | 11501 Northlake Drive | 0 | Cincinnati | OH | 45249 | 4236.75 | Open |
| 244 | 700 | 00700-Trujillo Alto Plaza, Trujillo Alto, PR | Trujillo Alto Plaza, Trujillo Alto, PR | Trujillo Alto | RD Trujillo Alto, LP | c/o Kimco Realty Corporation | 3333 New Hyde Park Road, Suite 100 | New Hyde Park | NY | 11042 | 13939.37 | Open |
| 245 | 704 | 00704-Plaza Centro, Caguas, PR | Plaza Centro, Caguas, PR | Caguas | FW Caguas Ground Joint Venture | c/o Kimco Realty Corporation | 3333 New Hyde Park Rd, Ste 100 | New Hyde Park | NY | 11042 | 13098.56 | Open |
| 246 | 705 | 00705-Mayaguez Mall, Mayaques, PR | Mayaguez Mall, Mayaques, PR | Mayaguez | Empresas Puertorriquenas De Desarrollo, Inc. | 304 Ponce de Leon Acenue | Suite 1100 | Hato Rey | PR | 00918 | 15978.79 | Open |
| 247 | 750 | 00750-Gravois Plaza- St. Louis, MO | Gravois Plaza | St. Louis | KIMCO REALTY CORPORATION | 3333 New Hyde Park Road | Suite 100 | New Hyde Park | NY | 11042 | 4551.35 | Open |
| 248 | 752 | 00752-Deer Creek SC-Maplewood, MO | Deer Creek SC | Maplewood | Ramco-Gershenson Properties LP | c/o Deer Creek Shopping Cente | 31500 Northwestern Highway, Suite 300 | Farmington Hills | MI | 48334 | 4651.44 | Open |
| 249 | 753 | 00753-Crossings at Halls Ferry-Ferguson, MO | Crossings at Halls Ferry | Ferguson | Crossing Shopping Center, LP | 1401 Quail Street, Suite 105 | 0 | Newport Beach | CA | 92660 | 4518.89 | Open |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **MOTION FOR ENTRY OF AN ORDER APPROVING (1) SALE OF ASSETS FREE AND CLEAR OF INTERESTS; AND (2) ASSUMPTION AND ASSIGNMENT OF UNEXPIRED REAL PROPERTY LEASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF J.E. RICK BUNKA FILED IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 11, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Arnold    tma@lnbyb.com
- Michael Avanesian    michael@avanesianlaw.com, michael@ecf.inforuptcy.com
- Sabrina Beavens    sbeavens@iurillolaw.com, ciurillo@iurillolaw.com
- Alan Betten    abetten@sagallaw.com
- Karen C Bifferato    kbifferato@connollygallagher.com, kbifferato@connollygallagher.com
- Mikel R Bistrow    bistrowm@ballardspahr.com, burkec@ballardspahr.com
- Wanda Borges    ecfcases@borgeslawllc.com
- Dustin P Branch    dustin.branch@kattenlaw.com, jessica.mickelsen@kattenlaw.com;brian.huben@kattenlaw.com;adelle.shafer@kattenlaw.com;donna.carolo@kattenlaw.com
- Robert Brier    bbrier@bihlaw.com, smann@bihlaw.com
- Heather D Brown    heather@hdbrownlaw.com
- David L Bruck    bankruptcy@greenbaumlaw.com, cdeluca@greenbaumlaw.com
- Gary O Caris    gary.caris@dentons.com, chris.omeara@dentons.com
- Shirley Cho    scho@pszjlaw.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Gail L Chung    GL@outtengolden.com, JXH@outtengolden.com;rmasubuchi@outtengolden.com;kdeleon@outtengolden.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
- Michael W Davis    mdavis@ebg-law.com, ecf@ebg-law.com
- Denise Diaz    Denise.Diaz@rmsna.com
- Eldia M Diaz-Olmo    diazolmo@villamil.net, eldia.diazolmo@gmail.com
- John P Dillman    houston_bankruptcy@publicans.com
- Glen Dresser    gombd@aol.com
- Reid E Dyer    reiddyer@mvalaw.com, davidwheeler@mvalaw.com
- Gary B Elmer    gelmer@ciardilaw.com
- Amanda N Ferns    aferns@fernslaw.com, mmakalintal@fernslaw.com
- Roger F Friedman    rfriedman@rutan.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Sidney Garabato    sgarabato@epiqsystems.com, rjacobs@ecf.epiqsystems.com
- Richard Girgado    rgirgado@counsel.lacounty.gov
- Bernard R Given    bgiven@loeb.com, mortiz@loeb.com,ladocket@loeb.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- Ronald E Gold    rgold@fbtlaw.com, joguinn@fbtlaw.com
- Stanley E Goldich    sgoldich@pszjlaw.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Andrew A Goodman    agoodman@greenbass.com, ksopky@greenbass.com
- William A Gray    bgray@sandsanderson.com, rarrington@sandsanderson.com
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                            **F 9013-3.1.PROOF.SERVICE**

1
- Ralph P Guenther    rguenther@montereylaw.com
- Andrew Haley    ahaley@gpfm.com, kbarone@gpfm.com
2
- Michael J Hauser    michael.hauser@usdoj.gov
- James H Henderson    henderson@title11.com, ginny@title11.com
3
- Matthew C. Heyn    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- Brian D Huben    brian.huben@kattenlaw.com,
4
  donna.carolo@kattenlaw.com;ecf.lax.docket@kattenlaw.com;lora.anderson@kattenlaw.com
- James KT Hunter    jhunter@pszjlaw.com
5
- William E Ireland    wireland@hbblaw.com, cdraper@hbblaw.com
- Ronald N Ito    Ronald.Ito@doj.ca.gov, Linda.Richardson@doj.ca.gov
6
- Jeanne M Jorgensen    jjorgensen@pj-law.com, esorensen@pj-law.com
- Eve H Karasik    ehk@lnbyb.com
7
- Ori Katz    okatz@sheppardmullin.com, cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com
- Doah Kim    Doah.Kim@LewisBrisbois.com, Monique.Talamante@LewisBrisbois.com
8
- Simon Kimmelman    skimmelman@sillscummis.com
- Steven N Kurtz    nlessard@laklawyers.com, rfeldon@laklawyers.com;lkaplan@laklawyers.com
9
- Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;cdonoyan@landsberg-law.com;dzuniga@landsberg-law.com;yalarcon@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
10
- William J Levant    wlevant@kaplaw.com, wlevant@gmail.com
- Lori A Lewis    lewisl004@mail.maricopa.gov
11
- James V Lombardi    jlombardi@rossbanks.com, kjohnson@rossbanks.com
- David J Mahoney    efilings@spallp.com
12
- Robert S Marticello    Rmarticello@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
13
- David A Mawhinney    david.mawhinney@klgates.com
- Gordon G May    hpc@ggb-law.com
14
- Thor D McLaughlin    tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- David W. Meadows    david@davidwmeadowslaw.com
15
- Kevin M Newman    knewman@menterlaw.com, kmnbk@menterlaw.com
- William Novotny    william.novotny@mwmf.com
16
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Keith C Owens    kowens@venable.com, bclark@venable.com;khoang@venable.com;DGIge@venable.com
17
- Ernie Zachary Park    ernie.park@bewleylaw.com
18
- Christopher L Parnell    cparnell@dunncarney.com, taichele@dunncarney.com
- Paul J Pascuzzi    ppascuzzi@ffwplaw.com
19
- Kristen N Pate    ggpbk@ggp.com
- Andrew S Pauly    apauly@gpfm.com, lburns@gpfm.com
20
- Christopher J Petersen    cjpetersen@blankrome.com, arc@blankrome.com
- David M Poitras    dpoitras@jmbm.com, bt@jmbm.com;vr@jmbm.com;dmp@ecf.inforuptcy.com
21
- David L Pollack    pollack@ballardspahr.com, petlaka@ballardspahr.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
22
- Kelly L Pope    kpope@downeybrand.com, kbaughman@downeybrand.com;courtfilings@downeybrand.com
23
- David L Prince    dlp@redchamber.com
- Jennifer Pruski    jpruski@trainorfairbrook.com
24
- Steven B Sacks    ssacks@sheppardmullin.com, jnakaso@sheppardmullin.com
- Susan K Seflin    sseflin@ebg-law.com
25
- William H Short    bill.short@arlaw.com, candice.carter@arlaw.com
- Scott H Siegel    ssiegel@laklawyers.com, aaguirre@laklawyers.com
26
- Evan D Smiley    esmiley@swelawfirm.com, gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
27
- Louis F Solimine    Louis.Solimine@thompsonhine.com
- Owen M Sonik    osonik@pbfcm.com, tpope@pbfcm.com
28
- Howard Steinberg    steinbergh@gtlaw.com, laik@gtlaw.com;pearsallt@gtlaw.com
- Rick A Steinberg    rsteinberg@nakblaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                            **F 9013-3.1.PROOF.SERVICE**

1
- Ronald M Tucker    rtucker@simon.com,
  cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
2
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Daniel R Utain    dutain@kaplaw.com, kcoughlin@kaplaw.com
3
- Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov
- Catherine Weinberg    cweinberg@bamlaw.net, jnoble@bamlaw.net
4
- Gilbert B Weisman    notices@becket-lee.com
- Elizabeth Weller    dallas.bankruptcy@publicans.com
5
- Brian D Wesley    brian.wesley@doj.ca.gov
- Eric R Wilson    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
6
- Rebecca J Winthrop    rebecca.winthrop@nortonrosefulbright.com, darla.rodrigo@nortonrosefulbright.com
- Barouir B Yeretzian    byeretzian@jhindslaw.com, yeretzian@gmail.com
7
- Roye Zur    rzur@lgbfirm.com, kalandy@lgbfirm.com;marizaga@lgbfirm.com;rspahnn@lgbfirm.com

8
9
10

**2. SERVED BY UNITED STATES MAIL**: On **August 11, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

11
12

☐  *Service information continued on attached page*

13
14
15
16

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 11, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served via Overnight Mail***
Hon. Theodor C. Albert
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

17
18
19
20

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

21
22

| August 11, 2015 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

23
24
25
26
27
28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**