```
1   DAVID B. GOLUBCHIK (SBN 185520)
    EVE H. KARASIK (SBN 155356)
2   JULIET Y. OH (SBN 211414)
3   JOHN-PATRICK M. FRITZ (SBN 245240)
    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
4   10250 Constellation Boulevard, Suite 1700
    Los Angeles, California 90067
5   Telephone: (310) 229-1234; Facsimile: (310) 229-1244
    Email: DBG@LNBYB.COM; EHK@LNBYB.COM;
6          JYO@LNBYB.COM; JPF@LNBYB.COM
7
    Attorneys for Chapter 11 Debtor
8   and Debtor in Possession
```

**FILED & ENTERED**

**AUG 13 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY steinber  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| In re: | ) Case No. 8:15-bk-13008-TA |
|---|---|
| ANNA'S LINENS, INC., | ) Chapter 11 |
| Debtor. | ) **ORDER RE: MOTION FOR A COURT ORDER (1) COMPELLING THE DEBTOR TO ASSUME OR REJECT THE CONTRACT; (2) COMPELLING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES; AND (3) COMPELLING TIMELY PERFORMANCE OF ALL CONTRACT OBLIGATIONS** |
| | ) Hearing: |
| | ) DATE: August 12, 2015 |
| | ) TIME: 10:00 a.m. |
| | ) PLACE: Courtroom 5B |
| | )         411 West Fourth Street |
| | )         Santa Ana, California |

A hearing was held on August 12, 2015 at 10:00 a.m., before the Honorable Theodor C. Albert, United States Bankruptcy Judge for the Central District of California, Santa Ana Division, in Courtroom 5B located at 411 West Fourth Street, Santa Ana, California, for the Court to consider that certain *Motion For A Court Order (1) Compelling The Debtor To Assume Or Reject The Contract; (2) Compelling Immediate Payment Of Administrative Expenses; And (3) Compelling Timely Performance Of All Contract Obligations* [Doc. No. 130] (the "Motion") filed by Ivie & Associates, Inc. ("Ivie") in the Chapter 11 bankruptcy case of Anna's Linens, Inc., the debtor and debtor in possession herein (the "Debtor"). Appearances at the hearing on the Motion were made as set forth on the record of the Court.

Upon consideration of the Motion, the opposition to the Motion filed by the Debtor, all evidence submitted in support of the foregoing, the statements and representations of counsel made on the record at the hearing on the Motion, the entire record of the Debtor's bankruptcy case, and for good cause appearing therefor,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is granted in part, subject to the terms and conditions set forth in this Order.

2. The Print Management and Marketing Services Agreement dated July 31, 2014 between the Debtor and Ivie (the "Contract") is deemed rejected effective as of July 31, 2015.

3. Ivie is deemed to have an allowed administrative expense claim against the Debtor and its bankruptcy estate pursuant to 11 U.S.C. § 503(b)(1) in the sum of $7,170.30 (the "Allowed Administrative Claim"). The Allowed Administrative Claim will not be subject to setoff.

4. Promptly upon the entry of this Order, the Debtor shall pay the amount of the Allowed Administrative Claim to Ivie in full and final satisfaction of any and all administrative expense claims that Ivie has or may be able to assert against the Debtor and its estate under 11 U.S.C. § 503(b)(1).

///

1    5.    Notwithstanding anything to the contrary herein, Ivie shall have the right to file a proof of claim for a general unsecured claim and/or request for payment of an administrative claim (but solely under 11 U.S.C. § 503(b)(9), if applicable) against the Debtor and its bankruptcy estate for any other costs, damages, liabilities and obligations, including attorneys' fees and costs, which Ivie believes is due and owing by the Debtor under the Contract.  Further, rejection of the Contract shall not affect Ivie's rights with respect to any general unsecured claim and/or request for payment of an administrative claim (but solely under 11 U.S.C. § 503(b)(9), if applicable) it may assert against the Debtor and its bankruptcy estate.  The Debtor, the Official Committee of Unsecured Creditors appointed in the Debtor's bankruptcy case and any other party in interest shall have the right to object to any such proof of claim and/or request for payment of an administrative claim filed by Ivie.

IT IS SO ORDERED.

###

Date: August 13, 2015

Theodor C. Albert
United States Bankruptcy Judge