| | |
|---|---|
| DAVID B. GOLUBCHIK (SBN 185520)<br>EVE H. KARASIK (SBN 155356)<br>JULIET Y. OH (SBN 211414)<br>JOHN-PATRICK M. FRITZ (SBN 245240)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244<br>Email: DBG@LNBYB.COM; EHK@LNBYB.COM;<br>      JYO@LNBYB.COM; JPF@LNBYB.COM<br><br>Proposed Attorneys for Chapter 11 Debtor<br>and Debtor in Possession | FOR COURT USE ONLY |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ANNA'S LINENS, INC.,<br><br>                                        Debtor. | Case No. 8:15-bk-13008-TA<br>Chapter 11 |
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**<br><br>**MOTION FOR ENTRY OF AN ORDER APPROVING BIDDING PROCEDURES FOR SALE OF ASSETS** |

PLEASE TAKE NOTE that the order titled **ORDER GRANTING MOTION FOR ENTRY OF AN ORDER APPROVING BIDDING PROCEDURES FOR SALE OF ASSETS** was lodged on August 13, 2015 and is attached.  This order relates to the motion which is docket number 417.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "A"

DAVID B. GOLUBCHIK (SBN 185520)
EVE H. KARASIK (SBN 155356)
JULIET Y. OH (SBN 211414)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: dbg@lnbyb.com, ehk@lnbyb.com, jyo@lnbyb.com, lls@lnbyb.com

Attorneys for Chapter 11 Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | ) Case No. 8:15-bk-13008-TA |
| | ) |
| ANNA'S LINENS, INC., | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) **ORDER GRANTING MOTION FOR** |
| | ) **ENTRY OF AN ORDER APPROVING** |
| | ) **BIDDING PROCEDURES FOR SALE** |
| | ) **OF ASSETS** |
| | ) |
| | ) |
| | ) Hearing: |
| | ) Date:    August 12, 2015 |
| | ) Time:    10:00 a.m. |
| | ) Place:    Courtroom "5B" |
| | )            411 W. Fourth Street |
| | )            Santa Ana, California |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

1

1    At the above-referenced date, time and location, the Honorable Theodor C. Albert,

2    United States Bankruptcy Judge for the Central District of California, held a hearing (the

3    "Hearing") on the Debtor's *Notice Of Motion And Motion For Entry Of An Order Approving*

4    *Bidding Procedures For Sale Of Assets* (the "Motion") in connection with the Chapter 11

5    bankruptcy case of Anna's Linens, Inc., the above-captioned debtor and debtor in possession (the

6    "Debtor").  Appearances at the Hearing were made as set forth on the record of the Court.

7    Upon consideration of the Motion and the Memorandum of Points and Authorities and

8    Declaration of J.E. Rick Bunka submitted in support of the Motion, the Supplement to the

9    Motion (the "Supplement"), the various objections to the Motion, all other pleadings filed by

10    parties in interest in advance of the Hearing, the statements and representations of counsel made

11    on the record at the Hearing, and the entire record of the Debtor's case, and finding that (i) good

12    and sufficient notice of the relief sought in the Motion has been given under the circumstances in

13    and no further notice is required, (ii) the bidding procedures proposed in the Motion, as modified

14    by the Supplement and this Order (the "Bidding Procedures") were negotiated in good faith and

15    at arm's length and (iii) the Bidding Procedures are reasonably designed to maximize value to be

16    achieved from the disposition of the Assets (as defined in the Motion), and for good cause

17    appearing therefor,

18    **IT IS HEREBY ORDERED AS FOLLOWS:**

19    1.    The Motion is granted, subject to the terms set forth in this Order.

20    2.    The Bidding Procedures attached hereto as **Exhibit "1"** are approved and shall

21    govern all bids relating to the Assets.  All capitalized terms not specifically defined herein shall

22    have the meanings ascribed to them in the Bidding Procedures.

23    3.    The Bid Deadline for submitting a Qualified Bid is 5:00 p.m. (prevailing Pacific

24    time) on August 24, 2015.

25    4.    All bidders submitting a bid are deemed to have submitted to the exclusive

26    jurisdiction of this Court with respect to all matters related to the Auction and the terms and

27    conditions of the transfer of the Assets.

28

5.     The Auction will take place at the offices of Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., 17th Floor on August 27, 2015 at 10:00 a.m. (prevailing Pacific time), or such other time as the Debtor, in consultation with the Consultation Parties, may notify Qualified Bidders who have submitted Qualified Bids.

6.     At the request of the Debtor, each bidder participating at the Auction will be required to confirm in writing, that (a) it has not engaged in any collusion with respect to the bidding process, and (b) its bid is a good faith bona fide offer that it intends to consummate if selected as a Successful Bidder.

7.     The Debtor shall file with the Court, and serve upon the United States Trustee, all known secured creditors, the Official Committee of Unsecured Creditors appointed in the Debtor's case, all affected landlords and parties requesting special notice, a notice identifying the Successful Bidder(s) for the Assets, and to the extent there are any Next Best Bid(s) identified for the Assets, such Next Best Bid(s), by August 28, 2015.

8.     The hearing on the Debtor's *Motion For Entry Of An Order Approving (1) Sale Of Assets Free And Clear Of Interests; And (2) Assumption And Assignment Of Unexpired Real Property Leases* [Doc. No. 468] (the "Sale Motion"), pursuant to which the Debtor seeks approval of the sale of the Assets to the Successful Bidder(s) and related relief, will be held on September 9, 2015 at 10:00 a.m. (prevailing Pacific time).

9.     Any Cure Objections (as that term is defined in the Sale Motion) must be filed with the Court and served upon the Debtor on or before August 26, 2015.

10.     Any opposition to the Sale Motion (other than Cure Objections) must be filed with the Court and served upon the Debtor on or before September 4, 2015.

11.     In addition to any objections to the proposed sale of the Real Property Assets and/or assignment of the Store Leases to the Successful Bidder(s), any objections to the proposed sale of the Real Property Assets and/or assignment of the Store Leases to the part(ies) with the Next Best Bid(s) shall be filed on or before September 4, 2015, but such objections may be

1   preliminary and presented in summary fashion, without the necessity of supporting declarations

2   or other evidence, but may include an offer of proof.

3          12.    A status conference and evidentiary hearing, as needed, will be held on September

4   14, 2015 at 11:00 a.m. with respect to the submission of any Next Best Bid(s) so that the Court

5   may consider one or more Next Best Bid(s) for approval and whether further hearings or other

6   relief is necessary under the circumstances.  The Court will permit telephonic appearances by

7   counsel and testimony by telephone as may be necessary.  In the event such status

8   conference/evidentiary hearing is not necessary because no Next Best Bid(s) will be presented

9   for approval by the Court, counsel for the Debtor shall promptly notify the Court.

10         IT IS SO ORDERED.

11                                ###

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT "1"**

[Bidding Procedures]

# BIDDING PROCEDURES[1]

By motion (the "Motion"), dated August 4, 2015, Anna's Linens, Inc., as a debtor and debtor-in-possession (the "Debtor"), sought, among other things, approval of the process and procedures for soliciting bids for and obtaining approval of (i) the sale of the Debtor's intellectual property, including trademarks, copyrights, domain names, customer lists, the e-commerce business, and related data assets (collectively, the "IP Assets"), and (ii) the sale of the Debtor's real property lease designation rights and/or assumption and assignment of the real property leases (collectively, the "Real Property Assets" and, together with the IP Assets, collectively, the "Assets").

The United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court") has entered an order (the "Bidding Procedures Order") that, among other things, authorizes the Debtor to solicit bids in respect of the Assets through the procedures described below (collectively, the "Bidding Procedures"), subject to the approval of one or more Successful Bids (as defined below) by the Bankruptcy Court following a hearing before the Bankruptcy Court scheduled for 10:00 a.m. (prevailing Pacific time) on September 9, 2015 before the Honorable Theodor C. Albert (the "Sale Hearing").

1. **Important Dates and Contact Information**

   The Debtor will:

   (a) assist Potential Bidders (as defined below) in conducting their respective due diligence investigations and accept Qualified Bids (as defined below) until the deadline for receipt of Qualified Bids, which is 5:00 p.m. (prevailing Pacific time) on August 24, 2015 (the "Bid Deadline");

   (b) in consultation with Salus Capital Partners, LLC ("Salus") and the statutory committee of unsecured creditors appointed in the Debtor's chapter 11 case (the " Committee," and collectively, with Salus, the "Consultation Parties"), evaluate bids and negotiate with bidders in preparation for an auction (the "Auction") to be held at the offices of Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., 17th Floor, Los Angeles, California 90067 at 10:00 a.m. (prevailing Pacific time) on August 27, 2015 (the "Auction Date"); and

   (c) in consultation with the Consultation Parties, select the Baseline Bid(s) and/or Stalking Horse Bidder(s) (both as defined below) for the Auction and seek approval of the Successful Bid(s) for such Assets at the Sale Hearing to be held on September 9, 2015 at 10:00 a.m.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Bidding Procedures Order or the Motion, as applicable.

Information that must be provided under these Bidding Procedures must be provided to the following parties (the "Notice Parties"): (a) Anna's Linens, Inc., 3550 Hyland Avenue, Costa Mesa, California 92626 (Attn: J.E. Rick Bunka), email: rick.bunka@annaslinens.com; (b) Levene, Neale, Bender Yoo & Brill L.L.P., 10250 Constellation Blvd., 17th Floor, Los Angeles, California 90067 (Attn: David B. Golubchik, Esq. and Eve H. Karasik, Esq.), email: dbg@lnbyb.com and ehk@lnbyb.com; (c) Greenberg Traurig, LLP, One International Place, Boston, Massachusetts 02110 (Attn: Jeffrey M. Wolf, Esq. and Nancy A. Mitchell, Esq.), email: wolfje@gtlaw.com and mitchelln@gtlaw.com; (d) Pricewaterhouse Cooper LLP, 300 Madison Avenue, New York, New York 10017 (Attn: Perry M. Mandarino and Hannes Schenk), email: perry.mandarino@us.pwc.com and hannes.schenk@us.pwc.com; (e) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067 (Attn: Jeffrey Pomerantz and Ira Kharasch), email: ikharasch@pszjlaw.com and jpomerantz@pszjlaw.com; (f) Hilco Streambank, 980 Washington St., Suite 330 Dedham, MA 02026 (Attn: David Peress), email: dperess@hilcoglobal.com; and (g) RCS Real Estate Advisors, 460 West 34th Street, New York, New York 10001 (Attn.: Ivan Friedman), email: ifriedman@rcsrealestate.com.

2. **The Sale Hearing.**

At the Sale Hearing, the Debtor will seek the entry of one or multiple orders authorizing and approving the sale of one or more of the Assets (each a "Sale Order"), to the Successful Bidder(s) pursuant to the terms and conditions set forth in the Successful Bid(s). The Sale Hearing may be adjourned or rescheduled (after consultation with the Consultation Parties) without notice or with limited and shortened notice to parties, including by (a) an announcement of such adjournment at the Sale Hearing or at the Auction or (b) the filing of a notice of adjournment with the Bankruptcy Court prior to the commencement of the Sale Hearing.

3. **Determination by the Debtor**

The Bidding Procedures as described herein are calculated to obtain the highest and/or best offer or group of offers for the Assets. The Debtor will (a) determine, with the assistance of its advisors, and in consultation with the Consultation Parties, whether any person or entity is a Qualified Bidder, (b) receive bids from Qualified Bidders, (c) negotiate forms of asset purchase agreements with Qualified Bidders, (d) evaluate and negotiate such bids, and (e) conduct the Auction (clauses (a) through (e) and Section 1 above, collectively, the "Bidding Process"). Other than as set forth in these Bidding Procedures, neither the Debtor nor any of its representatives will be obligated to furnish any information of any kind whatsoever relating to the Assets to any person or entity who is not a Consultation Party or a Potential Bidder and who does not comply with the requirements set forth herein.

4. **Participation Requirements**

Unless otherwise ordered by the Bankruptcy Court, to participate in the Bidding Process, each interested person or entity (each, an "Interested Party") must deliver the following to the Debtor so as to be received no later than the Bid Deadline:

(a) an executed confidentiality agreement in form and substance satisfactory to the Debtor, which by its terms will inure to the benefit of the Successful Bidder(s);

(b) a statement and other factual support demonstrating to the Debtor's satisfaction (after consultation with the Consultation Parties) that the Interested Party has a bona fide interest in purchasing all or any portion of the Assets;

(c) if applicable, a statement that the Interested Party agrees to work with and resolve any issues raised by the consumer privacy ombudsman appointed pursuant to Bankruptcy Code section 332;

(d) sufficient information, as determined by the Debtor, in consultation with the Consultation Parties, to allow the Debtor to determine that the Interested Party has the financial wherewithal, and any required internal corporate, legal or other authorizations to complete a sale transaction (a "Sale Transaction"), including financial statements of the Interested Party (or such other form of financial disclosure acceptable to the Debtor in its discretion);

(e) the items comprising a bid, as prescribed by Section 7 below (collectively, the "Bid Documents").

If the Debtor determines that an Interested Party has a bona fide interest in any of the Assets, no later than one Business Day after the Debtor makes that determination and has received the materials described in items (a)-(d) above, such Interested Party will be deemed a "Potential Bidder" and the Debtor will deliver to such Potential Bidder access to the Debtor's confidential electronic data room concerning the Assets (the "Data Room"). The Debtor, in consultation with the Consultation Parties, reserves the right to determine whether an Interested Party has satisfied the above participation requirements such that it is eligible to be a Potential Bidder. The Debtor will provide prompt notice to the Consultation Parties in the event the Debtor determines (after receipt of the information identified in clauses (a)-(d) above) that any Interested Party does not qualify as a Potential Bidder.

## 5. **Due Diligence**

Until the Bid Deadline, in addition to access to the Data Room, the Debtor will provide any Potential Bidder such due diligence access or additional information as the Debtor determines to be reasonable in the circumstances, subject to the restrictions set forth in this paragraph. All additional due diligence requests relative to the IP Assets must be directed to David Peress of Hilco Streambank ("Streambank") at dperess@hilcoglobal.com and, and all additional due diligence requests relative to the Real Estate Assets must be directed to Ivan Friedman at RCS Real Estate Advisors ("RCS") at ifriedman@rcsrealestate.com. The Debtor, with the assistance of RCS and Streambank, will coordinate all reasonable requests for additional information and due diligence access from Potential Bidders. In the event that any such due diligence material is in written form and has not previously been provided to any other Potential Bidder, subject to any confidentiality issues related to the material, the Debtor will simultaneously provide access to such materials to (a) all Potential Bidders who have expressed interest in the applicable Assets and (b) the professionals to the Consultation Parties.

Unless otherwise determined by the Debtor, the availability of additional due diligence to a Potential Bidder will cease if: (a) the Potential Bidder does not become a Qualified Bidder during the period commencing on the Bid Deadline and concluding on the Auction Date; or (b) the Bidding Process is terminated. Except as provided in the Bidding Procedures and above with respect to access to the Data Room, neither the Debtor nor its representatives will be obligated to furnish any information of any kind whatsoever relating to the Assets to any party.

6. **Bid Deadline**

A Potential Bidder that desires to make a bid must deliver written and electronic copies of its bid (in accordance with Section 7) in both Portable Document Format (.pdf) and Microsoft Word (.doc/.docx) format to the Notice Parties so as to be received no later than the Bid Deadline.

7. **Form and Content of a Qualified Bid**

A Qualified Bid in respect of any of the Assets is a written proposal from a Potential Bidder that, at a minimum:

(a) identifies the legal name of the Potential Bidder (including any equity holders or other financial backers, if the Potential Bidder is an entity formed for the purpose of consummating the proposed Sale Transaction), and the name and contact information for the individual who will be the point of contact for the Potential Bidder;

(b) provides that the Potential Bidder offers to purchase the Assets or a portion thereof at the purchase price set forth therein;

(c) if the Debtor (in consultation with the Consultation Parties) elects to provide forms of Asset Purchase Agreements, relative to the IP Assets and/or Real Estate Assets (collectively, the "APAs"), is upon the terms and conditions set forth in a copy of the form applicable APA enclosed therewith, marked to show any proposed amendments and modifications to such form (the "Marked Agreement");

(d) states that all necessary filings under applicable regulatory, antitrust and other laws will be made and that payment of the fees associated with such filings will be made by the Potential Bidder;

(e) is formal, binding and unconditional (except for those conditions expressly set forth in the applicable Bid Documents), is not subject to any due diligence and is irrevocable until the first Business Day following the closing of the Sale Transaction;

(f) includes a commitment to close the transactions contemplated by the bid no later than September 15, 2015;

(g) does not entitle such Potential Bidder to a breakup fee, termination fee, expense reimbursement or similar type of payment or reimbursement and includes a waiver of

any substantial contribution administrative expense claim under section 503(b) of the Bankruptcy Code related to bidding for any of the Assets;

(h)  is accompanied by the Good Faith Deposit (as defined below);

(i)  to the extent the Potential Bidder wishes to bid on the Real Property Assets (or any portion thereof), is accompanied by information regarding the Potential Bidder to demonstrate adequate assurance of future performance by the Potential Bidder (collectively, the "Adequate Assurance Information") including, without limitation, the following: (i) balance sheets and income statements for the last 2 years; (ii) federal income tax returns for the last two years; (iii) description of the intended use of the applicable premises; (iv) information regarding the Potential Bidder's experience in retail operations; and (v) identity of the management of the Potential Bidder and their qualifications; and

(j)  is received by the Bid Deadline. In addition, in determining whether the terms of the bid or bids for any portion of the Assets are materially more burdensome or conditional than the terms of another Qualified Bid, the Debtor may take into consideration:

(i) indemnification and other provisions;

(ii) whether the bid or bids includes a non-cash instrument or similar consideration that is not freely marketable;

(iii) the ability to obtain any and all necessary antitrust or other applicable regulatory approvals for the proposed transaction; and

(iv) any other factors the Debtor, in consultation with the Consultation Parties, may deem relevant.

At the Debtor's request, after consultation with the Consultation Parties, prior to or after the Bid Deadline, a Potential Bidder must accompany its bid with or include in it, as applicable:

(a)  written evidence of available cash, a commitment for financing (not subject to any conditions  other than those expressly set forth in the applicable Bid Documents) or such other evidence of ability to consummate the transaction contemplated by the Bid Documents (and, as applicable, to provide adequate assurance of future performance of all obligations to be assumed in such Sale Transaction) as the Debtor may reasonably request;

(b)  a copy of a board resolution or similar document demonstrating the authority of the Potential Bidder to make a binding and irrevocable bid on the terms proposed;

(c)  a covenant to cooperate with the Debtor to provide pertinent factual information regarding the Potential Bidder's operations reasonably required to analyze issues arising with respect to any applicable antitrust laws and other applicable regulatory

requirements;

(d) if the purchase price includes non-cash consideration, an analysis in reasonable detail of the value of the non-cash consideration;

(e) a signed statement that such bid is irrevocable until the first Business Day following the closing of the Sale Transaction; and

(f) other documentation as requested by the Debtors.

A Potential Bidder must deposit with the Debtor a cash deposit equal to 15% of the initial proposed purchase price (any such deposit, a "Good Faith Deposit"). The Good Faith Deposit must be made by wire transfer and will be held by the Debtor in a segregated bank account.

If a bid is received and, in the Debtor's judgment, it is not clear to the Debtor whether the bid is a Qualified Bid, the Debtor may consult with the Potential Bidder and seek additional information in an effort to establish whether or not a bid is a Qualified Bid such that the Potential Bidder can participate at the Auction. The Debtor will, in its discretion (after consultation with the Consultation Parties), determine whether a bid or bids received from a Potential Bidder or Potential Bidders for any of the Assets will constitute a "Qualified Bid" and whether a Potential Bidder that submits such a bid will be considered a "Qualified Bidder." Further, the Debtor may, in its discretion (after consultation with the Consultation Parties), withdraw some or all of the Assets from the Auction or sale at any time before entry of an order approving a sale of the Assets to a Qualified Bidder.

Upon the determination of the Qualified Bidder(s), but no later than August 25, 2015, the Debtor will file a notice identifying and providing the Adequate Assurance Information for such Qualified Bidder(s) and serve such notice upon the landlords that are included in the bid submitted by the Qualified Bidder(s). The foregoing notice will be provided by email to any of the landlords who makes a written request to counsel for the Debtor.

Any landlord who provides a statement of its interest in purchasing all or any portion of the Real Estate Assets by the Bid Deadline shall be deemed a Qualified Bidder and shall be permitted to participate in the Bidding Process and the Auction for the Real Estate Assets without the need to make a Good Faith Deposit.  At the Auction, each applicable landlord shall be permitted to credit bid up to the undisputed amount necessary to cure the Debtor's defaults under the respective real property lease.  Any landlord who wishes to attend the Auction for the Real Estate Assets may do so, even if the landlord does not intend to participate as a Qualified Bidder at such Auction.

A Qualified Bid and bids at the Auction may be valued by the Debtor (after consultation with the Consultation Parties) based upon factors as the Debtor determines in good faith to be relevant, including: (a) the purported amount of the Qualified Bid, including non-cash consideration, if applicable; (b) the value to be provided to the Debtor under the Qualified Bid, including the net economic effect upon the Debtor's estates; (c) contingencies with respect to the Sale Transaction and the ability to close the proposed Sale Transaction on a basis acceptable to the Debtor, and any incremental costs to the Debtor in closing delays; (d) the ability to obtain

11

any and all necessary antitrust or other applicable regulatory approvals for the proposed transaction; and (e) any other factors the Debtor may deem relevant.

The Debtor (in consultation with the Consultation Parties) reserves the right to impose additional terms and conditions with respect to Qualified Bidders not otherwise inconsistent with these Bidding Procedures.

## 8. **Baseline Bid**

Except as otherwise provided in Sections 6 or 7, only (a) Qualified Bidders and (b) Potential Bidders who submitted a bid that satisfies the requirements of a Qualified Bid and are invited by the Debtors, in their discretion (after consultation with the Consultation Parties), to participate in the Auction, are eligible to participate in the Auction. The Debtor will (in consultation with the Consultation Parties) select what they determine to be the highest and/or best Qualified Bid or combination of bids that together constitute a Qualified Bid for any portion of the Assets (the "Baseline Bid(s)") to serve as the starting point at the Auction taking into account all relevant considerations, including the financial condition of the applicable bidder(s) and certainty of closing.

## 9. **Auction**

If at least two Qualified Bids or bid(s) submitted by a Potential Bidder(s) invited by the Debtor (in consultation with the Consultation Parties) to participate in the Auction in respect of the Assets, is received by the Bid Deadline, the Debtor will conduct the Auction for any of the Assets. If only one bid is received for an Asset, the Auction will not be held and the Debtor (in consultation with the Consultation Parties) will determine whether to accept such bid and proceed with approval of such bid at the Sale Hearing. The Auction will take place at the offices of Debtor's counsel, Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., 17th Floor, Los Angeles, California 90067 at 10:00 a.m. on August 27, 2015 (prevailing Pacific time). Only a Qualified Bidder or a Potential Bidder invited by the Debtor to participate at the Auction will be eligible to participate at the Auction, subject to such limitations as the Debtor may impose in consultation with the Consultation Parties.

At the request of the Debtor, each bidder participating in the Auction will be required to confirm, in writing, that (a) it has not engaged in any collusion with respect to the Bidding Process, and (b) its bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder.

At the Auction, participants will be permitted to increase their bids and improve their terms. Bidding for any part of the Assets will start at the purchase price and terms proposed in the applicable Baseline Bid(s) or the Stalking Horse Bid(s), if applicable. The Debtor (after consultation with the Consultation Parties) will announce the initial bidding increments for bids (the "Minimum Overbid") at the outset of the Auction with respect to the Assets, as applicable.

The Debtor (after consultation with the Consultation Parties) may at any time adopt rules for the Auction that the Debtor reasonably determines to be appropriate to promote the goals of the Bidding Process and not in conflict with these Bidding Procedures, including one or more

adjournments of the Auction.

The Debtor (after consultation with the Consultation Parties) reserves the right to and may reject at any time before entry of the final Sale Order any bid that, in the Debtor's judgment, is: (a) inadequate or insufficient; (b) not in conformity with the requirements of the Bankruptcy Code, these Bidding Procedures or the terms and conditions of the Sale Transaction; or (c) contrary to the best interests of the Debtor and its estate.

Prior to the conclusion of the Auction, the Debtor in consultation with the Consultation Parties will (a) review and evaluate each bid made at the Auction on the basis of financial and contractual terms and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Sale Transaction; (b) in the exercise of their good faith business judgment and consistent with the Bidding Procedures, identify the highest or otherwise best offer or collection of offers in respect of the Assets (the "Successful Bid(s)"); and (c) notify all Qualified Bidders participating in the Auction, prior to its adjournment, of the successful bidder or bidders (the "Successful Bidder(s)") and the amount and other material terms of the Successful Bid(s). Absent irregularities in the conduct of the Auction or reasonable and material confusion during the bidding, each as determined by the Bankruptcy Court, the Debtor will not consider bids made after the Auction has been closed.

After determining the Successful Bid(s) for the Assets, the Debtor, upon consultation with the Consultation Parties, will determine, in its reasonable business judgment, which Qualified Bid(s) are the next best bids for the Assets (the "Next Best Bid(s)").

The Debtor will file a notice identifying the Successful Bidder(s) for the Assets, and to the extent there are any Next Best Bid(s) identified for the Assets, such Next Best Bid(s) and serve such notice upon the United States Trustee, all known secured creditors of the Debtor, the Committee, the landlords that are included in the Successful Bid(s) and Next Best Bid(s), and parties requesting special notice in the Debtor's case by August 28, 2015.  The foregoing notice will be provided by email to any of the landlords who makes a written request to counsel for the Debtor.

The Debtor will promptly notify affected landlords or their counsel by email (if known) if and when it becomes reasonably apparent to the Debtor and the Consultation Parties that any of the Successful Bidder(s) will not, or is unable to, complete the purchase of the Assets.  Such email notice will identify the Next Best Bid(s), if any, to be submitted to the Bankruptcy Court for approval.

At the Sale Hearing, the Debtor will present the Successful Bid(s) to the Bankruptcy Court for approval. Following the entry of the Sale Order(s), the Debtor will proceed to close the Sale Transaction upon the satisfaction or waiver of all applicable conditions precedent to closing.

The Auction proceedings will be transcribed.

10. **Rescission of Lease Rejection Notices**

      In the event that the Debtor elects to file and serve a notice of its intent to reject a real property lease prior to the date of the Auction (the "Lease Rejection Notice"), in accordance with the provisions of the Order entered by the Bankruptcy Court on July 6, 2015 authorizing, among other things, certain lease rejection procedures with respect to the Debtor's retail stores (the "July 6 Order"), and a Successful Bid is received at the Auction which relates to such real property lease, the Debtor shall have the right to rescind such Lease Rejection Notice at any time on or before September 15, 2015, provided that such Lease Rejection Notice expressly states that it is subject to possible rescission and the possession of the applicable premises is not actually surrendered to the applicable landlord.  Any Lease Rejection Notice that is subject to rescission shall also expressly state that, in the event that the Lease Rejection Notice is not rescinded on or before September 15, 2015, the effective date of rejection of the applicable real property lease shall be the later of (i) two (2) business days after the date the Debtor notifies the applicable landlord in writing that the Lease Rejection Notice is no longer subject to rescission and (ii) the date that the Debtor relinquishes control of the leasehold premises by notifying the landlord in writing of the Debtor's surrender of such premises in broom clean condition and turn-over of the keys, key codes, and security codes, if any.

      Any Lease Rejection Notice that is filed and served which does not expressly state that it is subject to possible rescission shall become effective in accordance with the lease rejection procedures set forth in the July 6 Order and shall not be subject to rescission at any time thereafter.  In addition, any real property lease which has been effectively rejected on or before August 10, 2015 shall not be subject to rescission at any time.

      In the event that the Debtor rescinds a Lease Rejection Notice as set forth herein, the Debtor shall file a notice of rescission of the applicable Lease Rejection Notice with the Bankruptcy Court and serve such notice on the applicable landlord.

      If a Lease Rejection Notice is filed and served, then subsequently rescinded by the Debtor pursuant to a notice of rescission filed and served on or before September 15, 2015, all administrative rent and other charges incurred under the applicable real property lease during the period of September 1, 2015 through and including the date of the Closing of the Sale Transaction by such Successful Bidder shall be the responsibility of the Debtor's bankruptcy estate and/or Successful Bidder and shall be promptly paid to the applicable landlord following the Closing of the Sale Transaction.

11. **Acceptance of Qualified Bids**

      The Debtor will be deemed to have accepted a Successful Bid only when a contract therefor has been executed and such bid has been approved by the applicable Sale Order.

      If a failure to consummate the transaction is the result of a breach by a Successful Bidder of the applicable Successful Bid contract, the Debtor may retain the Good Faith Deposit of such Successful Bidder and reserve the right to seek, in addition to the Good Faith Deposit, specific

14

performance as well as any and all available additional damages from such Successful Bidder.

If a Successful Bidder does not close the applicable Sale Transaction contemplated by the applicable Successful Bid by the date agreed to by the Debtor and such Successful Bidder, then the Debtor will be authorized, but not required, to close with the party that submitted the applicable Next Best Bid, pursuant to the applicable Sale Order.

## 12. **Consideration of Stalking Horse Bids**

The Debtor will entertain the possibility of entering into stalking horse agreements (each a "Stalking Horse Agreement") for the sale of some or all of the Assets, and the Debtor, in consultation with the Consultation Parties, may agree to the payment of an expense reimbursement and/or break-up fee not to exceed in the aggregate 3% of the total purchase price (excluding assumed liabilities) as part of a Stalking Horse Agreement, subject to approval of the Bankruptcy Court. If the Debtor enters into an agreement with a stalking horse entity (the "Stalking Horse Bidder"), the Debtor will file an emergency motion with the Bankruptcy Court for the expedited approval of the proposed Stalking Horse Agreement with service of notice of the emergency motion on the master service list maintained in this case as soon as practicable, but no later than two days after execution of the Stalking Horse Agreement. The notice will include the type and amount of bid protections, if any, any necessary modifications or amendments to these Bidding Procedures, a summary of the Stalking Horse Agreement and a copy of the Stalking Horse Agreement. The Stalking Horse Purchaser will be deemed to be a Qualified Bidder and the Stalking Horse Purchaser's bid will be deemed a Qualified Bid.

## 13. **Modification of Bidding Procedures**

The Debtor may (after consultation with the Consultation Parties) amend these Bidding Procedures or the Bidding Process at any time and from time to time in any manner that they determine in good faith will best promote the goals of the Bidding Process and are not inconsistent with the terms of these Bidding Procedures, including extending or modifying any of the dates described herein.

## 14. "**As Is, Where Is**"

Any Sale Transaction will be on an "as is, where is" basis and without representations or warranties of any kind by the Debtor, its agents or the Debtor's chapter 11 estate, except and solely to the extent expressly set forth in the final Sale Transaction agreement approved by the Bankruptcy Court. Each Qualified Bidder will be required to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the assets that are the subject of the Auction prior to making its bid, that it has relied solely upon its own independent review and investigation in making its bid and that it did not rely on the completeness of any information provided in connection with the Auction or its bid. Except as otherwise provided in the final agreement approved by the Bankruptcy Court, all of the Debtor's right, title and interest in the Assets will be sold free and clear of all liens, claims (as such term is defined in section 101(5) of the Bankruptcy Code), interests and encumbrances (collectively, "Liens"), with any Liens to attach to the proceeds of the Sale Transaction as provided in the final Sale Order.

15. **Return of Good Faith Deposit**

The Good Faith Deposits of all Qualified Bidders will be held in escrow by the Debtor and while held in escrow will not become property of the Debtor's bankruptcy estate unless released from escrow pursuant to further order of the Bankruptcy Court. The Debtor will retain the Good Faith Deposits of the Successful Bidder(s) and the maker of the Next Best Bid(s) until the closing of the Sale Transaction(s) unless otherwise ordered by the Bankruptcy Court. The Good Faith Deposits of the other Qualified Bidders will be returned on the first Business Day following the approval of the Sale Transaction. At the closing of the Sale Transaction contemplated by the Successful Bid, the Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit (not including interest accrued thereon).

16. **Consultation Matters**

In the event that (a) any member of the Committee or an affiliate thereof or (b) any of the Debtor's senior secured lenders submits a Qualified Bid (a "Consultation Party Bidder"), advisors to the Committee or the senior secured lenders, as applicable, must not provide any material, nonpublic information to such Consultation Party Bidder regarding competing bids for any part of the Assets for which the Consultation Party Bidder has submitted a Qualified Bid. In addition, the Debtor will not be required to consult with such Consultation Party Bidder under the Bidding Procedures if the Consultation Party Bidder is an active bidder with respect to the assets for which the Consultation Party Bidder has submitted a Qualified Bid, but the Debtor will be required to otherwise consult with the Consultation Party Bidder with respect to bids on assets for which the Consultation Party Bidder has not submitted a bid.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF LODGMENT OF ORDER GRANTING MOTION FOR ENTRY OF AN ORDER APPROVING BIDDING PROCEDURES FOR SALE OF ASSETS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 13, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Arnold    tma@lnbyb.com
- Michael Avanesian    michael@avanesianlaw.com, michael@ecf.inforuptcy.com
- Sabrina Beavens    sbeavens@iurillolaw.com, ciurillo@iurillolaw.com
- Alan Betten    abetten@sagallaw.com
- Karen C Bifferato    kbifferato@connollygallagher.com, kbifferato@connollygallagher.com
- Mikel R Bistrow    bistrowm@ballardspahr.com, burkec@ballardspahr.com
- Wanda Borges    ecfcases@borgeslawllc.com
- Dustin P Branch    dustin.branch@kattenlaw.com, jessica.mickelsen@kattenlaw.com;brian.huben@kattenlaw.com;adelle.shafer@kattenlaw.com;donna.carolo@kattenlaw.com
- Robert Brier    bbrier@bihlaw.com, smann@bihlaw.com
- Heather D Brown    heather@hdbrownlaw.com
- David L Bruck    bankruptcy@greenbaumlaw.com, cdeluca@greenbaumlaw.com
- Gary O Caris    gary.caris@dentons.com, chris.omeara@dentons.com
- Shirley Cho    scho@pszjlaw.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Gail L Chung    GL@outtengolden.com, JXH@outtengolden.com;rmasubuchi@outtengolden.com;kdeleon@outtengolden.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
- Michael W Davis    mdavis@ebg-law.com, ecf@ebg-law.com
- Denise Diaz    Denise.Diaz@rmsna.com
- Eldia M Diaz-Olmo    diazolmo@villamil.net, eldia.diazolmo@gmail.com
- John P Dillman    houston_bankruptcy@publicans.com
- Glen Dresser    gombd@aol.com
- Reid E Dyer    reiddyer@mvalaw.com, davidwheeler@mvalaw.com
- Gary B Elmer    gelmer@ciardilaw.com
- Amanda N Ferns    aferns@fernslaw.com, mmakalintal@fernslaw.com
- Roger F Friedman    rfriedman@rutan.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Sidney Garabato    sgarabato@epiqsystems.com, rjacobs@ecf.epiqsystems.com
- Richard Girgado    rgirgado@counsel.lacounty.gov
- Bernard R Given    bgiven@loeb.com, mortiz@loeb.com,ladocket@loeb.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- Ronald E Gold    rgold@fbtlaw.com, joguinn@fbtlaw.com
- Stanley E Goldich    sgoldich@pszjlaw.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Andrew A Goodman    agoodman@greenbass.com, ksopky@greenbass.com
- William A Gray    bgray@sandsanderson.com, rarrington@sandsanderson.com
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- Ralph P Guenther    rguenther@montereylaw.com
- Andrew Haley    ahaley@gpfm.com, kbarone@gpfm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| 1 | • Michael J Hauser     michael.hauser@usdoj.gov |
| | • James H Henderson     henderson@title11.com, ginny@title11.com |
| 2 | • Matthew C. Heyn     Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com |
| | • Brian D Huben     brian.huben@kattenlaw.com, |
| 3 | donna.carolo@kattenlaw.com;ecf.lax.docket@kattenlaw.com;lora.anderson@kattenlaw.com |
| | • James KT Hunter     jhunter@pszjlaw.com |
| 4 | • William E Ireland     wireland@hbblaw.com, cdraper@hbblaw.com |
| | • Ronald N Ito     Ronald.Ito@doj.ca.gov, Linda.Richardson@doj.ca.gov |
| 5 | • Jeanne M Jorgensen     jjorgensen@pj-law.com, esorensen@pj-law.com |
| | • Eve H Karasik     ehk@lnbyb.com |
| 6 | • Ori Katz     okatz@sheppardmullin.com, cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com |
| | • Doah Kim     Doah.Kim@LewisBrisbois.com, Monique.Talamante@LewisBrisbois.com |
| 7 | • Simon Kimmelman     skimmelman@sillscummis.com |
| | • Steven N Kurtz     nlessard@laklawyers.com, rfeldon@laklawyers.com;lkaplan@laklawyers.com |
| 8 | • Ian Landsberg     ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;cdonoyan@landsberg-law.com;dzuniga@landsberg-law.com;yalarcon@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 9 | • William J Levant     wlevant@kaplaw.com, wlevant@gmail.com |
| | • Lori A Lewis     lewisl004@mail.maricopa.gov |
| 10 | • James V Lombardi     jlombardi@rossbanks.com, kjohnson@rossbanks.com |
| | • David J Mahoney     efilings@spallp.com |
| 11 | • Robert S Marticello     Rmarticello@swelawfirm.com, |
| | csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com |
| 12 | • David A Mawhinney     david.mawhinney@klgates.com |
| | • Gordon G May     hpc@ggb-law.com |
| 13 | • Thor D McLaughlin     tmclaughlin@allenmatkins.com, igold@allenmatkins.com |
| | • David W. Meadows     david@davidwmeadowslaw.com |
| 14 | • Kevin M Newman     knewman@menterlaw.com, kmnbk@menterlaw.com |
| | • William Novotny     william.novotny@mwmf.com |
| 15 | • Juliet Y Oh     jyo@lnbrb.com, jyo@lnbrb.com |
| | • Keith C Owens     kowens@venable.com, |
| 16 | bclark@venable.com;khoang@venable.com;DGIge@venable.com |
| | • Ernie Zachary Park     ernie.park@bewleylaw.com |
| 17 | • Christopher L Parnell     cparnell@dunncarney.com, taichele@dunncarney.com |
| | • Paul J Pascuzzi     ppascuzzi@ffwplaw.com |
| 18 | • Kristen N Pate     ggpbk@ggp.com |
| | • Andrew S Pauly     apauly@gpfm.com, lburns@gpfm.com |
| 19 | • Christopher J Petersen     cjpetersen@blankrome.com, arc@blankrome.com |
| | • David M Poitras     dpoitras@jmbm.com, bt@jmbm.com;vr@jmbm.com;dmp@ecf.inforuptcy.com |
| 20 | • David L Pollack     pollack@ballardspahr.com, petlaka@ballardspahr.com |
| | • Jeffrey N Pomerantz     jpomerantz@pszjlaw.com |
| 21 | • Kelly L Pope     kpope@downeybrand.com, |
| | kbaughman@downeybrand.com;courtfilings@downeybrand.com |
| 22 | • David L Prince     dlp@redchamber.com |
| | • Jennifer Pruski     jpruski@trainorfairbrook.com |
| 23 | • Steven B Sacks     ssacks@sheppardmullin.com, jnakaso@sheppardmullin.com |
| | • Susan K Seflin     sseflin@ebg-law.com |
| 24 | • William H Short     bill.short@arlaw.com, candice.carter@arlaw.com |
| | • Scott H Siegel     ssiegel@laklawyers.com, aaguirre@laklawyers.com |
| 25 | • Evan D Smiley     esmiley@swelawfirm.com, |
| | gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com |
| 26 | • Lindsey L Smith     lls@lnbyb.com, lls@ecf.inforuptcy.com |
| | • Louis F Solimine     Louis.Solimine@thompsonhine.com |
| 27 | • Owen M Sonik     osonik@pbfcm.com, tpope@pbfcm.com |
| | • Howard Steinberg     steinbergh@gtlaw.com, laik@gtlaw.com;pearsallt@gtlaw.com |
| 28 | • Rick A Steinberg     rsteinberg@nakblaw.com |
| | • Ronald M Tucker     rtucker@simon.com, |
| | cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

1
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Daniel R Utain    dutain@kaplaw.com, kcoughlin@kaplaw.com

2
- Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov
- Catherine Weinberg    cweinberg@bamlaw.net, jnoble@bamlaw.net

3
- Gilbert B Weisman    notices@becket-lee.com
- Elizabeth Weller    dallas.bankruptcy@publicans.com

4
- Brian D Wesley    brian.wesley@doj.ca.gov
- Eric R Wilson    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

5
- Rebecca J Winthrop    rebecca.winthrop@nortonrosefulbright.com, darla.rodrigo@nortonrosefulbright.com
- Barouir B Yeretzian    byeretzian@jhindslaw.com, yeretzian@gmail.com

6
- Roye Zur    rzur@lgbfirm.com, kalandy@lgbfirm.com;marizaga@lgbfirm.com;rspahnn@lgbfirm.com

7

8
**2.  SERVED BY UNITED STATES MAIL**: On **August 13, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

9

10

11
☐ *Service information continued on attached page*

12

13
**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 13, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

14

15

16
***Served via Overnight Mail***
Hon. Theodor C. Albert
United States Bankruptcy Court

17
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B

18
Santa Ana, CA 92701-4593

19
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

20

| August 13, 2015 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| Date | Type Name | Signature |

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**