1   DAVID B. GOLUBCHIK (SBN 185520)
    EVE H. KARASIK (SBN 155356)
2   JULIET Y. OH (SBN 211414)
    LINDSEY L. SMITH (SBN 265401)
3   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
4   10250 Constellation Boulevard, Suite 1700
    Los Angeles, California 90067
5   Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
    Email: DBG@LNBYB.COM, EHK@LNBYB.COM,
6          JYO@LNBYB.COM, LLS@LNBYB.COM

7
    Attorneys for Chapter 11 Debtor
8   and Debtor in Possession

**FILED & ENTERED**

**SEP 14 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

**CHANGES MADE BY COURT**

9
10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                    **SANTA ANA DIVISION**

13

14   In re                              )   Case No. 8:15-bk-13008-TA
                                        )
15   ANNA'S LINENS, INC.,               )   Chapter 11
                                        )
16                                      )   **ORDER GRANTING MOTION FOR**
                                        )   **ENTRY OF AN ORDER APPROVING**
17                    Debtor.           )   **(1) SALE OF ASSETS FREE AND**
                                        )   **CLEAR OF INTERESTS; AND (2)**
18                                      )   **ASSUMPTION AND ASSIGNMENT OF**
                                        )   **UNEXPIRED REAL PROPERTY**
19                                      )   **LEASES [DOC. NO. 468]**
                                        )
20                                      )   Hearing:
                                        )   DATE:      September 9, 2015
21                                      )   TIME:      10:00 a.m.
                                        )   PLACE:    Courtroom "5B"
22                                      )              411 West Fourth Street
                                        )              Santa Ana, California
23                                      )   **CHANGES MADE BY COURT TO PAGE 7,**
                                        )   **ITEM 8, AS BOLDED AND UNDERLINED**
24                                      )
                                        )   **Further hearing on additional**
25                                      )   **cure requests:  Oct. 28, 2015**
                                        )   **Time:           10:00 a.m.**
26                                          **Courtroom:     5B**
                                            **(see page 7, item 10)**
27

28

1    At the above-referenced date, time and location, the Honorable Theodor C. Albert, United

2    States Bankruptcy Judge for the Central District of California, held a hearing (the "Hearing") on

3    the Debtor's *Motion For Entry Of An Order Approving (1) Sale Of Assets Free And Clear Of*

4    *Interests; And (2) Assumption And Assignment Of Unexpired Real Property Leases* [Doc. No.

5    468] (the "Motion") in connection with the Chapter 11 bankruptcy case of Anna's Linens, Inc.,

6    the above-captioned debtor and debtor in possession (the "Debtor").  Appearances at the Hearing

7    were made as set forth on the record of the Court.

8    Objections to the Motion (collectively, the "Landlord Objections") were filed, without

9    limitation, by the following parties:

10    1.    CV Commercial Real Estate, a California Corporation, as managing agent for the

11    owner of leased nonresidential real property, regarding Store No. 118 [Doc. No. 801];

12    2.    Brixmor Property Group, Inc. regarding Store Nos. 606, 157, 365, 602, and 605

13    [Doc. Nos. 816 and 818], appearance by Mikel R. Bistrow of Ballard Spahr LLP;

14    3.    DDR Corp., Gregory Greenfield & Associates, Ltd., Rouse Properties,Inc., Equity

15    One, Inc., Philips Inter'l Holding Corp., Plamex Investments, LlC and Aston Properties, Inc.,

16    regarding Store Nos. 347 and 359 [Doc. Nos. 752, 821, 859], appearance by Robert L. LeHane of

17    Kelley Drye & Warren;

18    4.    MGP IX Properties, LLC, regarding Store No. 94 [Doc. No. 843], appearance by

19    Caroline Djang of Rutan & Tucker;

20    5.    Landlords affiliated with Kimco Realty Corporation, regarding Store Nos. 61 and

21    352 [Doc. Nos. 845 and 846], appearance by Ivan Gold of Allen Matkins Leck Gamble Mallory

22    & Natsis LLP;

23    6.    Watt Properties, Inc. as authorized agent for Retail Center Partners Ltd., regarding

24    Store No. 158 [Doc. Nos. 847 and 848], appearance by Dustin P. Branch of Katten Muchin

25    Rosenman LLP;

26    7.    Weingarten Realty Investors (JT Northridge LP), regarding Store No. 366 [Doc.

27    Nos. 849 and 850], appearance by Ivan Gold of Allen Matkins Leck Gamble Mallory & Natsis

28    LLP; and

8.      Prime/CRDF Mission Hills, LLC, regarding Store No. 40 [Doc. No. 858], appearance by John E. Lucian of Blank Rome LLP.

Upon consideration of the Motion, and the Memorandum of Points and Authorities and Declaration of J.E. Rick Bunka annexed to the Motion, the Supplemental Declaration of J.E. Rick Bunka [Doc. No. 856], the Declaration of Michael Fallas and Sandy Menichelli in Response to the Landlord Objections [Doc. No. 918] and all other pleadings filed in support of the Motion, the objections (the "Cure Objections") to the cure amounts set forth in the Motion for the Debtor's real property leases and the other oppositions to the Motion (the "Non-Cure Objections," and together with the Cure Objections, the "Objections"), the omnibus reply filed by the Debtor in response to the Objections to the Motion, all evidence submitted in support of the foregoing, the statements, representations and arguments of counsel made on the record at the Hearing, the entire record of the Debtor's bankruptcy case, having found that the Store Leases (as defined below) to be sold and/or assumed and assigned were marketed extensively and that the bidding procedures relating thereto which were previously approved by this Court were fair, reasonable and appropriate, having found that that the negotiations of the sale and/or assumption and assignment of the Store Leases and the auction relating to the Store Leases were conducted at arms' length and that there was no collusion or other related actions which took place in connection therewith, and based further upon the findings of fact and conclusions of law as stated on the record of the Hearing (which are hereby incorporated by reference pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure), and it appearing that notice of the Motion and the sale and/or assumption and assignment of the Store Leases was proper, and for good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      All Landlord Objections to the Motion, generally and specifically, that were not withdrawn or consensually resolved are hereby overruled, subject to the terms and conditions set forth in this Order.

2.      The Motion is granted, subject to the terms and conditions set forth in this Order.

3.    The Debtor was authorized to sell and/or assume and assign, pursuant to 11 U.S.C. § 365, its unexpired store real property leases (the "Store Leases"), including designation rights, free and clear of all interests, including liens claims and encumbrances as applicable, as part of single, multiple and/or combined transactions to the successful bidder(s) at an auction[1] scheduled on August 27, 2015 at 10:00 a.m. ("Auction"), pursuant to the bidding procedures previously approved by the Court pursuant to its Order entered on September 1, 2015 [Doc. No. 788] and subject to the approval of the Court at the Hearing.

4.    Decron Properties Corp. ("Decron"), as agent for the landlord NF Plant Enterprises, is deemed the successful bidder for the Store Lease for Store No. 97, which is located at 7888-2 Van Nuys Boulevard, Van Nuys, California.[2]

5.    FP Stores, Inc. ("FP") is deemed the successful bidder for the forty-one (41) Store Leases identified below (collectively, the "FP Store Leases"):

| Store # | Property Address | Landlord Name | Undisputed Cure Amount |
|---|---|---|---|
| 19 | 7460 Carson Boulevard Long Beach, CA | CREA/PPC Long Beach Town Center PO, L.L.C. | $46,779.53 |
| 25 | 5420 Sunset Boulevard Hollywood, CA | Ralph's Grocery Company | $7,500.00 |
| 26 | 10851 Imperial Highway Norwalk, CA | Ralph's Grocery Company | $7,500.00 |
| 29 | 2700 Colorado Blvd. #263 Los Angeles, CA | Centro Eagle Rock LLC | $5,482.68 |

---

[1] Although the Motion also requests authority to sell the Debtor's intellectual property, including trademarks, copyrights, domain names, customer lists, the e-commerce business, and related data assets (the "IP Assets"), the date of the Auction for the IP Assets has been continued to September 17, 2015 at 1:00 p.m., and the hearing regarding the sale of the IP Assets has been continued to September 30, 2015 at 10:00 a.m. Accordingly, the portion of the Motion seeking approval of the sale of the IP Assets is not granted by this Order.

[2] The Debtor and Decron have agreed to stipulate to the rejection of the Store Lease for Store No. 97 (and corresponding surrender of the leased premises) effective as of September 15, 2015 in lieu of an assumption and assignment of such Store Lease, with the sum of $25,424.96 (the amount of the successful bid for Store No. 97, after application of the credit bid of the cure amount) to be paid by Decron to the Debtor by September 15, 2015. The foregoing agreement is to be documented in a separate stipulation and order to be submitted to this Court.

| | | | |
|---|---|---|---|
| 31 | 9163 E. Stockton Blvd. #360<br>Elk Grove, CA | NMC Upland LLC | $12,942.96 |
| 40 | 10310 Sepulveda Blvd<br>Mission Hills, CA | Prime/CRDF Mission Hills LLC | $9,419.29 |
| 47 | 13400 Whittier Blvd.<br>Whittier, CA | Orchard Supply Hardware Corporation | $6,431.25 |
| 61 | 29 Colma Blvd.<br>Colma, CA | 280 Metro Limited Partnership | $19,390.86 |
| 64 | 1713 S. Western Avenue<br>Los Angeles, CA | Western and Venice SC, LLC | $15,262.67 |
| 74 | 2022 S. Atlantic Blvd.<br>Monterey Park, CA | TRC MM LLC | $6,273.00 |
| 75 | 7044 Broadway<br>Lemon Grove, CA | Terramar Retail Centers, LLC | $6,052.68 |
| 79 | 928 N. San Fernando Rd. #D<br>Burbank, CA | Sterik Burbank, LP | $5,904.81 |
| 94 | 44436 Valley Central Way<br>Lancaster, CA | MGP IX Properties, LLC | $6,366.90 |
| 95 | 12530 Day Street<br>Moreno Valley, CA | 99 Cents Only Stores | $9,251.69 |
| 96 | 2120 S. Bristol Street<br>Santa Ana, CA | Auzone Santa Ana, LLC | $9,253.64 |
| 106 | 1881 E. Ventura Blvd.<br>Oxnard, CA | PDN Retail Center L.P. | $0 |
| 110 | 12201 Victory Blvd.<br>North Hollywood, CA | Valley Plaza, LLC | $0 |
| 118 | 3446 S. Mooney Blvd.<br>Visalia, CA | JMWHP Visalia, LLC | $6,130.10 |
| 130 | 8762 Corbin Avenue<br>Northridge, CA | NLSR, LP | $0 |
| 156 | 9833 S. Eastern Road<br>Las Vegas, NV | Silverado Ranch Plaza, LLC | $5,018.02 |
| 157 | 574 N. Stephanie Street<br>Henderson, NV | Brixmor GA Galleria, LLC | $7,555.56 |
| 158 | 1925 W. Craig Road #104<br>N. Las Vegas, NV | Retail Center Partners, Ltd. | $7,073.34 |
| 231 | 4241 W. Camp Wisdom Rd. #B<br>Dallas, TX | Red Mountain Asset Fund I, LLC | $0 |
| 243 | 1500 Lowes Blvd.<br>Killeen, TX | Morris Venture Partners V, LLC | $0 |
| 293 | 339 East Trenton Road<br>Edinburg, TX | Shoppes at Rio Grande Valley, LP | $0 |

| 347 | 11397 SW 40th Street<br>Miami, FL | GRI-EQY (Concord) LLC | $4,212.05 |
|---|---|---|---|
| 350 | 3201 North State Rd., #7<br>Lauderdale Lakes, FL | Lakes Mall Investments, LLC | $7,301.49 |
| 352 | 3791 Oakwood Blvd.<br>Hollywood, FL | Oakwood Plaza Ltd. Ptship | $11,905.60 |
| 355 | 8354 Pines Blvd.<br>Pembroke Pines, FL | UMP Real Estate Holding, LLC | $9,066.28 |
| 359 | 515 W. 49th Street<br>Hialeah, FL | Palm Springs Mile Associates, Ltd., AP Florida LLC, and FP Florida LLC | $3,578.35 |
| 365 | 1371 NE 163rd St #1114<br>North Miami, FL | ERT 163rd Street Mall, LLC | $10,918.74 |
| 366 | 997 E Commerce Blvd<br>Oakland Park, FL | WRI JT Northridge LP | $0 |
| 367 | 5385 West Atlantic Blvd.<br>Margate, FL | Lakewood Retail, LLC | $33,044.60 |
| 515 | 624 W Southside Plaza St.<br>Richmond, VA | Saul Subsidiary I LP | $4,462.50 |
| 602 | 1215 Silas Creek Parkway<br>Winston Salem, NC | Centro GA Parkway Plaza, L.P. | $12,395.74 |
| 603 | 349 Copperfield Blvd NE<br>Concord, NC | Copperfield Center Partnership | $3,771.60 |
| 605 | 2108 Highway 70 SE<br>Hickory, NC | BRE Retail Residual NC Owner LP | $6,614.89 |
| 606 | 3054 E. Franklin Blvd., Suite 1<br>Gastonia, NC | Brixmor SPE I LLC | $8,039.45 |
| 607 | 1000 N. Pine Street<br>Spartanburg, SC | Baker and Baker Real Estate Developers | $3,291.51 |
| 608 | 1121 Broad St.<br>Sumter, SC | Garrison Sumter LLC | $2,362.50 |
| 624 | 5700 University Pointe Drive<br>Charlotte, NC | SAM University Pointe LLC | $5,210.05 |

6.      Decron and FP are deemed "good faith" purchasers of their respective Store Leases within the meaning of 11 U.S.C. § 363(m).

7.      Adequate assurance of future performance under the FP Store Leases has been provided by the Debtor and FP in accordance with 11 U.S.C. § 365(b)(1)(C) and § 365(b)(3), including, but not limited to, the agreement of FP that the FP Store Leases shall remain subject to

the term, location, use, or exclusivity provisions set forth in such leases, unless specifically modified herein.

8.    The Debtor is authorized to assume the FP Store Leases and to assign the FP Store Leases to FP forthwith, in accordance with the terms and conditions set forth in that certain *Lease Assumption and Assignment Agreement* between FP and the Debtor, a true and correct copy of **which was filed with the Court on September 11, 2015 as docket number 943, subject to the terms and conditions set forth in this Order.**

9.    The cure amounts for the FP Store Leases set forth above (collectively, the "Cure Amounts") shall be paid by the Debtor to the applicable landlords within five (5) days of the closing of the assumption and assignment of the FP Store Leases to FP (the "Closing").

10.    A hearing shall be held on October 28, 2015 at 10:00 a.m. for the Court to consider any requests by landlords under the FP Store Leases for the payment of additional cure amounts related solely to attorneys' fees asserted by landlords to be due and payable under their respective leases (above and beyond the Cure Amounts set forth above) which have not been resolved by mutual agreement of the Debtor and the applicable landlords (collectively, the "Additional Cure Requests").

11.    Landlords under the FP Store Leases who request the payment of the Additional Cure Requests shall file with the Court and serve upon the Debtor their Additional Cure Requests, with any and all supporting evidence, on or before October 7, 2015.

12.    The Debtor shall file its opposition to the Additional Cure Requests, with any and all supporting evidence, on or before October 14, 2015.

13.    The Court hereby appoints a mediator to be engaged by the Debtor and paid by the estate for the purpose of the adjudication of the Additional Cure Requests. The Debtor shall submit a separate order designating the mediator and shall use the services of the mediator if the Debtor determines it is necessary to assist in the adjudication of the Additional Cure Requests.

14.    National Stores, Inc. shall provide guaranties to secure the obligations of FP under the FP Store Leases for Store No. 61 (Colma, California), Store No. 352 (Hollywood, Florida) and Store No. 366 (Oakland Park, Florida) to the respective landlords.

15.    With respect to Store No. 158 (North Mesa, Las Vegas, Nevada), use restrictions in the lease thereof shall be amended to allow the following use:  "Tenant shall use the Premises (i) primarily for the retail sale of blankets, bedspreads, sheets, towels, pillows, windows coverings, table top and kitchen accessories, including bath products, home accents and decorative home accessories, and (ii) incidentally (*i.e.*, collectively, less than fifteen percent (15%) of Tenant's Gross Sales (as hereinafter defined)) for the retail sale of items related thereto (and as sold in a majority of Fallas stores in the non-apparel departments), including luggage, gift bags, health and beauty aids, pet beds and accessories, toys, and consumables; and Tenant will not use or permit the use of the Premises or any part thereof for any other business or purpose, including without limitation, the sale of apparel."  In addition, National Stores, Inc. shall provide a guaranty to secure the obligations of FP under the assigned lease for Store No. 158.

16.    With respect to Stores Nos. 606  (Gastonia, North Carolina), 157 (Henderson, Nevada), 365 (Miami, Florida), 602 (Winston Salem, North Carolina), and 605 (Hickory, North Carolina) (collectively, the "Brixmor Properties"), FP's use under the assigned leases thereof shall be as defined in Exhibit A to Brixmor Property Group's objection to the Motion [Doc. No 816] (the "Brixmor Objection").  Furthermore, FP shall execute a form of assumption and assignment agreement in substantially the same form as that attached as Exhibit C to the Brixmor Objection.  Further, with regard to Store No. 365, the option to renew said lease shall be deemed to have been validly exercised in favor of FP as of the date that such exercise was to have been made and the Term of the Lease shall be deemed extended for the full period of the first Extension Term without the necessity of entry into any additional documentation.

17.    With respect to Store No. 347 (Miami, Florida), FP's use under the assigned lease thereof shall be as follows:  "Permitted Uses:  (a) Retail sale of clothing for men, women, juniors, infants, accessories, linens, and/or other merchandise typically sold in a department store (including, without limitation, all merchandise generally sold at Tenant's other locations from time to time including but not limited to clothing, electronics, pet supplies, home goods, food, health, toys, beauty and household products), for business offices, storage and other customary

uses in connection therewith, and such other uses related or incidental thereto, and/or (b) for any other legal use; provided, however, that the uses set forth in clause (a) and/or clause (b) of this paragraph (i) must be consistent with all laws, federal, state or local, and with any applicable rules, codes and/or regulations of any government or quasi-government body, entity and/or authority, and (ii) cannot violate any Existing Exclusive and Prohibited Uses set forth in Exhibit "A" attached hereto or any Permitted Encumbrances set forth in Exhibit "B" attached hereto" (Exhibits A and B are not attached to this Order but shall be as provided to FP by the landlord prior to the hearing on the Motion).  In addition, National Stores, Inc. shall provide a guaranty to secure the obligations of FP under the assigned lease for Store No. 347.

18.    With respect to Store No. 359 (Hialeah, Florida), FP shall execute a form of assumption and assignment agreement in a form mutually acceptable to FP and the landlord of Store No. 359 confirming FP's complete assumption of all obligations under the lease for Store No. 359, including compliance with the Permitted Use and applicable use restrictions in the leases of other tenants of the Shopping Center.  In addition, National Stores, Inc. or an affiliate of FP who is acceptable to the landlord shall provide a guaranty to secure the obligations of FP under the assigned lease for Store No. 359.

19.    Any and all payments due under the FP Store Leases due to charges for annual reconciliations for common area maintenance ("CAM") charges, property taxes, and other annual charges due under the respective FP Store Leases relating to the calendar year 2014 shall be the sole obligation of the Debtor and its bankruptcy estate.  Whether or not the Debtor pays these CAM charges, FP will have no responsibility to any landlord on any FP Store Leases for 2014 CAM charges.  Any and all payments due under the FP Store Leases due to charges for annual reconciliations for CAM charges, property taxes, and other annual charges due under the respective FP Store Leases relating to the calendar year 2015 (and thereafter) shall be the sole obligation of FP; *provided, however,* that (i) nothing set forth herein shall affect the obligation of the Debtor and its bankruptcy estate to pay rent and other amounts due and payable under the FP Store Leases prorated through the date of turnover of possession of the applicable store premises, and (ii) Debtor shall have made all payments due on account of CAM charges, property taxes,

and other charges for each of the FP Store Leases which were due monthly or periodically at any time prior to the Closing, and FP shall be responsible for payment of 2015 CAM charges, property taxes, and other charges due based upon a "true up" or reconciliation of such charges in those FP Store Leases that contain such provisions for additional payment(s) due under such FP Store Leases, and any refunds due for overpayment of such charges for 2015 shall be payable to FP.

20.    All obligations of FP under the FP Store Leases, including the obligation to pay rent, shall commence on the date of turnover of possession of the applicable store premises to FP.

21.    FP shall be obligated to close the transactions provided for under this Order and the Motion within three (3) days after the entry of this Order.

22.    All proceeds received by the Debtor on account of the disposition of the applicable Store Leases are to be delivered to Salus Capital Partners, LLC, as Administrative and Collateral Agent, for application in accordance with that certain *Final Order: (I) Authorizing Debtor to (A) Obtain Post-Petition Financing Pursuant to 11 §§ 105, 361, 362, 364(c), 364(d)(1) and 364(e), and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. §; (II) Granting Adequate Protection to Pre-Petition Secured Lenders Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364; and (III) Granting Related Relief* [Docket No. 424].

///
///
///
///
///
///
///
///
///
///

23.     The 14-day stay prescribed by Rule 6006(d) of the Federal Rules of Bankruptcy

Procedures is waived.

IT IS SO ORDERED.

###

Date: September 14, 2015

_Theodor C. Albert_

Theodor C. Albert
United States Bankruptcy Judge