DAVID B. GOLUBCHIK (SBN 185520)
EVE H. KARASIK (SBN 155356)
JULIET Y. OH (SBN 211414)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: dbg@lnbyb.com, ehk@lnbyb.com, jyo@lnbyb.com; lls@lnbyb.com

Attorneys for Chapter 11 Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>ANNA'S LINENS, INC.,<br><br>               Debtor. | Case No. 8:15-bk-13008-TA<br><br>Chapter 11<br><br>**NOTICE OF SUBMISSION OF FORBEARANCE AND SECOND AMENDED AGREEMENT**<br><br>[No hearing set] |

**PLEASE TAKE NOTICE** that attached hereto as **Exhibit "A"** is a true and correct copy of that certain "Forbearance and Second Amended Agreement" executed by the Debtor, on the one hand, and its secured creditor group, on the other hand.

Dated: October 5, 2015

ANNA'S LINENS, INC.

By: */s/ David B. Golubchik*
EVE H. KARASIK/JULIET Y. OH
LEVENE, NEALE, BENDER,
 YOO & BRILL L.L.P.
Attorneys for Chapter 11
Debtor and Debtor in Possession

# EXHIBIT "A"

# FORBEARANCE AND SECOND AMENDMENT AGREEMENT

THIS FORBEARANCE AND SECOND AMENDMENT AGREEMENT (this "Agreement") is entered into as of October 1, 2015, by and between Anna's Linens, Inc., a Delaware corporation (the "Borrower"), each Lender party to the DIP Credit Agreement referred to below (each a "Lender" and collectively, the "Lenders"), and Salus Capital Partners, LLC, as Administrative Agent and Collateral Agent for the Lenders (in such capacity, the "Agent").

## RECITALS

WHEREAS, the Borrower, Lenders, and Agent are parties to (i) that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement, dated as of June 17, 2015 (as the same may be amended, restated, supplemented or otherwise modified from time to time including by the First Amendment (as hereinafter defined) and after the Effective Date (as hereinafter defined) including by this Agreement, the "DIP Credit Agreement"; all capitalized terms used but not specifically defined herein shall have the respective meanings provided for such terms in the DIP Credit Agreement), and (ii) that certain Waiver and First Amendment to Senior Secured Super-Priority Debtor-In-Possession Credit Agreement, dated as of July 27, 2015 (the "First Amendment"), among the Borrower, Lenders and Agent; and

WHEREAS, certain Defaults and Events of Default have occurred and continue to exist under the DIP Credit Agreement as described on **Schedule I** attached hereto (collectively, the "Specified Defaults" and each a "Specified Default"); and

WHEREAS, as a consequence of the occurrence of the Specified Defaults, the Agent, on behalf of the Lenders, is entitled, to exercise all of its rights and remedies available under the DIP Credit Agreement and Loan Documents and under applicable law; and

WHEREAS, the Borrower has requested that the Agent agree to forbear from exercising its rights and remedies under the DIP Credit Agreement and the Loan Documents as a result of the occurrence of the Specified Defaults in order to afford the Borrower time to complete the milestones set forth in this Agreement; and

WHEREAS, subject to the terms and conditions set forth in this Agreement, the Agent is willing to forbear from exercising its rights and remedies under the DIP Credit Agreement and the Loan Documents on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the foregoing and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

Section 1.    Forbearance.

(a)    Acknowledgment of Specified Defaults. The Borrower acknowledges and agrees that (i) the Specified Defaults have occurred and are continuing, (ii) but for the terms of this Agreement, the Agent, on behalf of the Lenders, may, if it so elects, exercise its rights and remedies in respect of the Specified Defaults as provided in the DIP Credit Agreement and the Financing Orders, and (iii) the Agent has not, and is not by execution of this Agreement, waiving

the Specified Defaults, or any other Default or Event of Default which may have occurred or may in the future occur under the Financing Orders, the DIP Credit Agreement and the Loan Documents, or any rights or remedies of the Agent on account of the same.

(b)   Forbearance from Exercise of Rights and Remedies. Subject to all of the terms and conditions set forth herein, the Agent agrees to forbear from exercising its rights and remedies under the Financing Orders, the DIP Credit Agreement and the Loan Documents that are based *solely* on the occurrence of the Specified Defaults until that date (the "Forbearance Termination Date"; the period from the Effective Date through the Forbearance Termination Date being the "Forbearance Period") which is the earliest to occur of the following: (1) October 11, 2015; (2) the date on which any Event of Default other than the Specified Defaults occurs; (3) the failure of the Borrower to comply with any term set forth in this Agreement, including, without limitation, the undertakings set forth in Section 2 below; (4) the date the Agent receives payment of all remaining amounts owed to Borrower under the Sale Agency Agreement; or (5) except as required by law or in connection with responses to a discovery process, the date that the Borrower commences or joins in as an adverse party in any suit or other contested proceeding against the Agent or any Lender relating to any Obligations or any amounts owing hereunder, under the DIP Credit Agreement, the Pre-Petition Credit Agreement or in connection with or related to any of the transactions contemplated by the Pre-Petition Credit Agreement, the DIP Credit Agreement, this Agreement and any documents, agreements or instruments executed in connection with this Agreement. For avoidance of doubt, any response by Borrower to information sought by the Office of the U.S. Trustee and Official Committee of Unsecured Creditors, or preparation for and taking part in a mediation process as between the Borrower's bankruptcy estate, on one hand, and Agent and Lender, on the other hand, shall not be deemed to constitute the Forbearance Termination Date. On and after the Forbearance Termination Date and subject to the terms of the Financing Orders, the Agent may proceed, without any requirement for notice to the Borrower or any other obligor, to enforce any or all of its rights and remedies under or in respect of this Agreement, the DIP Credit Agreement, the Financing Orders or applicable law, including, without limitation, the right to require that the Borrower repay immediately any amounts then owing under the DIP Credit Agreement.

(c)   Acknowledgement of Obligations. The Borrower hereby acknowledges, confirms and agrees that (i) the aggregate outstanding principal amount of the Obligations on September 18, 2015 is $3,710,734.06, and (ii) such amount, together with all interest accrued and accruing thereon, and all fees, costs, expenses and other charges now or hereafter payable by the Borrower to the Agent and Lenders under the Loan Documents, are unconditionally owing by the Borrower to Agent and Lenders without offset, defense or counterclaim of any kind, nature or description whatsoever, and (iii) its obligation and liability for the payment and performance of the Obligations pursuant to the Loan Documents is unconditionally owing to the Agent and Lenders without offset, defense or counterclaim of any kind, nature or description whatsoever.

2.   Additional Agreements. In connection with the Agent's agreement to forbear from exercising its rights and remedies under the DIP Credit Agreement and the other Loan Documents until the Forbearance Termination Date, the Borrower and Agent agree to the following additional terms and conditions:

(a)   Amendment of Definition of Testing Period. The DIP Credit Agreement

is hereby amended to delete the definition of the term "Testing Period" in its entirety and replace the same with the following:

""Testing Period" shall mean (i) the one (1) week period of the Approved Budget beginning on the Effective Date, (ii) the two (2) week period of the Approved Budget, on a cumulative basis for such two (2) week period beginning on the Effective Date, (iii) the three (3) week period of the Approved Budget, on a cumulative basis for such three (3) week period beginning on the Effective Date and (iv) the first four (4) week period of the Approved Budget beginning on the Effective Date, on a cumulative basis for such four (4) week period. For the avoidance of doubt, the Testing Period shall not provide for any carryover of any accrued and unpaid amounts in any previous Approved Budget."

(b) <u>Approved Budget</u>. On the Effective Date, the Approved Budget shall be the budget attached as **Schedule II** hereto.

(c) <u>Preservation of Lien</u>. Notwithstanding anything to the contrary contained in the DIP Credit Agreement and the other Loan Documents, the Liens securing the Obligations shall not be terminated until such time (the "<u>Lien Release Date</u>") as (i) all Obligations are indefeasibly paid in full and (ii) all past, present and future actions, causes of action, demands, suits, claims, liabilities, Liens, lawsuits, adverse consequences, amounts paid in settlement, costs, damages, debts, deficiencies, diminution in value, disbursements, expenses, losses and other obligations of any kind or nature whatsoever, whether in law, equity or otherwise (including, without limitation, those arising under Sections 541 through 550 of the Bankruptcy Code and interest or other carrying costs, penalties, legal, accounting and other professional fees and expenses, and incidental, consequential and punitive damages payable to third parties), whether known or unknown, fixed or contingent, direct, indirect, derivative, asserted or asserted, foreseen or unforeseen, suspected or unsuspected, now existing, heretofore existing or which may hereafter accrue or arise against the Lenders, the Agent, the Pre-Petition Agent, the Pre-Petition Lenders, and all of their respective officers, directors, agents, subsidiaries, affiliates, and any other Persons acting for and on behalf of, or claiming through any of them, have been fully, finally and forever released and discharged to the satisfaction of the Agent. The Agent shall have no obligation to execute any Lien releases until the foregoing conditions are satisfied. For the avoidance of doubt, all cash remaining in the Debtor's accounts following payment in full of all Obligations arising from the sale or disposition of any Collateral (including, without limitation, all amounts received by the Debtor under the Sale Agency Agreement) shall constitute cash collateral of the Agent and the Lenders ("<u>Cash Collateral</u>"), until the Lien Release Date.

(d) <u>Distributions</u>. Except as expressly set forth herein below, the Borrower shall not cause or permit any payment, dividend or distribution of any Collateral, or any proceeds thereof (including, without limitation, any Cash Collateral, to any party, other than the Agent (other than payments of administrative claims incurred in the ordinary course of business) until the Lien Release Date. Notwithstanding the foregoing, Borrower shall have the right to make disbursements from specifically designated accounts for the purposes designated, including, without limitation, the following

3

accounts:

    (i)    Escrow accounts containing carved out funds for fees and costs of estate professionals;

    (ii)    Post-default professional fee escrow;

    (iii)    Set aside account for general unsecured creditors;

    (iv)    Ad Valorem tax account;

    (v)    Employee retention plan account;

    (vi)    Break-Up Fee account;

    (vii)    Utility (adequate assurance) deposit account; and

    (viii)    Segregated sales tax account.

3.    <u>Conditions Precedent</u>. This Agreement shall become effective on the date (the "<u>Effective Date</u>") upon which the following conditions have been satisfied in the determination of the Agent or waived by the Agent in writing:

    (a)    Agent shall have received this Agreement executed by the Borrower.

4.    <u>Representations, Warranties</u>. Borrower represents that, after giving effect to this Agreement, and subject to the provisions of the Bankruptcy Code and prior orders of the Bankruptcy Court:

    (a)    No consent or approval of, or exemption by any Person is required to authorize, or is otherwise required in connection with the execution and delivery of this Agreement which has not been obtained and which remains in full force and effect; and

    (b)    As of the date hereof and after giving effect to this Agreement, each of the representations and warranties of the Borrower set forth in the DIP Credit Agreement and the other Loan Documents is true and correct in all material respects, except to the extent such representations and warranties speak as to an earlier date, in which case the same are true, correct and complete as to such earlier date; and no Default or Event of Default exists under the DIP Credit Agreement other than the Specified Defaults.

5.    <u>No Other Modifications, Conflicts with Loan Documents, etc</u>. This Agreement is intended to supplement and modify the DIP Credit Agreement and the rights and obligations of the parties under the DIP Credit Agreement shall not in any way be vacated, modified or terminated except as herein provided. All terms and conditions contained in each and every agreement or promissory note or other evidence of indebtedness of the Borrower to the Agent and Lenders are incorporated herein by reference. If there is a conflict between any of the provisions of the DIP Credit Agreement and the provisions of this Agreement, then the provisions of this Agreement shall govern.

4

6. <u>Governing Law</u>. This Agreement shall be governed and controlled by the internal laws of the State of New York.

7. <u>Full Force and Effect</u>. Except as expressly amended hereby, all terms and conditions of the DIP Credit Agreement, and any and all exhibits annexed thereto and all other writings submitted by the Borrower to Agent pursuant thereto, shall remain unchanged and in full force and effect.

8. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which shall be considered one and the same document. Delivery of an executed counterpart of a signature page of this document by facsimile shall be effective as delivery of a manually executed counterpart of this document.

[Signatures appear on the following page]

     **IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed and delivered as of the day and year first above written.

                             **ANNA'S LINENS, INC.,**
                             as Borrower

                    By: *[signature]*
                    Name: J.E. Bunka
                    Title: CFO / Annas

NY 245421131v4

**SALUS CAPITAL PARTNERS, LLC,**
as Agent and Lender

By: _____
Name: Kyle C. Shonak
Title: Co-President

By: _____
Name: Jonas D.L. McCray, Esq.
Title: SVP, General Counsel & Chief Compliance Officer

**SALUS CLO 2012-1, LTD.,**
as Lender

By: Salus Capital Partners II, LLC,
Its: Collateral Manager

By: _____
Name: Kyle C. Shonak
Title: Co-President

By: _____
Name: Jonas D.L. McCray, Esq.
Title: SVP, General Counsel & Chief Compliance Officer

**DCP LINENS LENDER, LLC,**
as Lender

By: _____
Name:
Title:

[Forbearance Agreement]

*NY 245421131v4*

## Schedule I

Specified Defaults

1. The Borrower's actual results varied from the amounts set forth in the Approved Budget for the line item "Professional Fees" for the Testing Period ending September 6, 2015, which breached Section 7.15(b) of the DIP Credit Agreement, and which breach is an Event of Default under Section 8.01(b) of the DIP Credit Agreement.

2. The Borrower's actual results varied by more than the Permitted Variance from the amounts set forth in the Approved Budget with respect to Total Receipts, Net Cash Flow, Total Restructuring Disbursements and aggregate Outstanding Amount of the Loans for the Testing Period ending September 13, 2015, which breached Section 7.15(a) of the DIP Credit Agreement, and which breach is an Event of Default under Section 8.01(b) of the DIP Credit Agreement.

3. The failure of the Borrower to consummate the sale of all or substantially all of its Intellectual Property no later than September 15, 2015 in an amount that resulted in not less $2,000,0000 of net cash proceeds being received by the Borrower, as required by Section 6.29 of the DIP Credit Agreement, and which failure is an Event of Default under Section 8.01(b) of the DIP Credit Agreement.

4. Those additional defaults set forth in Borrower's notices to Agent dated September 24, 2015 and October 1, 2015.

**Schedule II**

## Anna's Linens, Inc.
## DIP Budget

| | Fcst Week 16 10/4 | Fcst Week 17 10/11 |
|---|---|---|
| Guaranteed GOB Inventory Liquidation Proceeds | - | 4,500 |
| GOB FF&E Liquidation Proceeds | - | - |
| Sale of Intellectual Property | - | 275 |
| Sale Expense Reimbursement / Prefunding | - | (164) |
| Other | - | 713 |
| **Total Non-Operating Receipts** | **-** | **5,325** |
| **Total Receipts** | **-** | **5,325** |
| Trade Disbursements (Check) | - | - |
| Trade Disbursements (Wire) | - | - |
| Freight and DC Costs | - | - |
| Customs Fees | - | - |
| DC Rents | - | - |
| **Total Trade & Freight Disbursements** | **-** | **-** |
| Store Payroll | - | - |
| G&A Payroll | - | (24) |
| Benefits | (312) | (7) |
| **Payroll & Benefits Disbursements** | **(312)** | **(31)** |
| Store Rents | (319) | (113) |
| Sales Taxes | - | - |
| Credit Card Fees | - | (92) |
| Advertising | - | - |
| **Store Operating Disbursements** | **(319)** | **(206)** |
| Corporate Rent | (15) | - |
| Utilities | (106) | (3) |
| Other | (351) | (25) |
| **Other Operating Disbursements** | **(472)** | **(28)** |
| **Net CF before Non-Operating Disbursements** | **(1,102)** | **5,061** |
| Non-Operating Cash Flow | | |
| Interest & Fees | (26) | (6) |
| CAPEX | - | - |
| Other | - | - |
| **Total Non-Operating Disbursements** | **(26)** | **(6)** |
| Restructuring | | |
| CRO Compensation | (10) | (10) |
| Debtor Professional Fees | (97) | (60) |
| Salus Professional Fees | (211) | (100) |
| UCC Professional Fees | - | - |
| DIP Closing Costs / Exit Fee | - | 38 |
| Pre-Petition Revolver Termination Costs | - | - |
| UST Fees | (30) | - |
| Critical Vendor Payments | - | - |
| 503(b)(9) Claims | - | - |
| Adequate Assurance / Utility Deposit | - | - |
| Professional Fee Escrow | - | - |
| Other Restructuring Disbursements | - | - |
| **Total Restructuring Disbursements** | **(348)** | **(133)** |
| **Net Receipts (Disbursements)- Book** | **(1,476)** | **4,922** |
| Incr. (Decr.) in Outstanding Checks | (913) | - |
| **Net Receipts (Disbursements)- Bank** | **(2,389)** | **4,922** |
| Beginning Post-Petition Revolver Balance | 2,800 | 4,144 |
| Borrowings/ (Repayments) | 1,344 | (4,144) |
| **Ending Post-Petition Revolver Balance** | **4,144** | **-** |
| **Total Revolver Balance** | **4,144** | **-** |
| **Ending Available Cash** | **-** | **778** |
| Professional Fee Escrow - Debtor | 915 | 915 |
| Professional Fee Escrow - UCC | 625 | 625 |
| Post-Default Professional Fee Escrow | 100 | 100 |
| GUC Fund | 800 | 800 |
| Ad Valorem Taxes | 390 | 390 |
| Break-up Fees | 650 | 650 |
| Employee Retention | - | - |
| Utility - Adequate Assurance Account | 223 | 223 |
| Segregated Sales Tax Account Ending Balance | 706 | 606 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF SUBMISSION OF FORBEARANCE AND SECOND AMENDED AGREEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 5, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Todd M Arnold**    tma@lnbyb.com
- **Michael Avanesian**    michael@avanesianlaw.com, michael@ecf.inforuptcy.com
- **Wesley H Avery**    wamiracle6@yahoo.com, wavery@rpmlaw.com
- **Sabrina Beavens**    sbeavens@iurillolaw.com, ciurillo@iurillolaw.com
- **Alan Betten**    abetten@sagallaw.com
- **Karen C Bifferato**    kbifferato@connollygallagher.com, kbifferato@connollygallagher.com
- **Mikel R Bistrow**    bistrowm@ballardspahr.com, burkec@ballardspahr.com
- **Wanda Borges**    ecfcases@borgeslawllc.com
- **Dustin P Branch**    dustin.branch@kattenlaw.com, jessica.mickelsen@kattenlaw.com;brian.huben@kattenlaw.com;adelle.shafer@kattenlaw.com;donna.carolo@kattenlaw.com
- **Jess R Bressi**    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Robert Brier**    bbrier@bihlaw.com, smann@bihlaw.com
- **Heather D Brown**    heather@hdbrownlaw.com
- **David L Bruck**    bankruptcy@greenbaumlaw.com, cdeluca@greenbaumlaw.com
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Gary O Caris**    gary.caris@dentons.com, chris.omeara@dentons.com
- **Shirley Cho**    scho@pszjlaw.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Gail L Chung**    GL@outtengolden.com, JXH@outtengolden.com;rmasubuchi@outtengolden.com;kdeleon@outtengolden.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
- **Joseph Corrigan**    Bankruptcy2@ironmountain.com
- **Randy J Creswell**    rcreswell@perkinsthompson.com, lmccleer@perkinsthompson.com
- **Michael W Davis**    mdavis@ebg-law.com, ecf@ebg-law.com
- **Denise Diaz**    Denise.Diaz@rmsna.com
- **Eldia M Diaz-Olmo**    diazolmo@villamil.net, eldia.diazolmo@gmail.com
- **John P Dillman**    houston_bankruptcy@publicans.com
- **Glen Dresser**    gombd@aol.com
- **Reid E Dyer**    reiddyer@mvalaw.com, davidwheeler@mvalaw.com
- **Gary B Elmer**    gelmer@ciardilaw.com
- **Amanda N Ferns**    aferns@fernslaw.com, mmakalintal@fernslaw.com
- **M Douglas Flahaut**    flahaut.douglas@arentfox.com
- **Joseph D Frank**    jfrank@fgllp.com, rheiligman@fgllp.com;ccarpenter@fgllp.com;jkleinman@fgllp.com
- **Roger F Friedman**    rfriedman@rutan.com
- **John-Patrick M Fritz**    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Sidney Garabato**    sgarabato@epiqsystems.com, rjacobs@ecf.epiqsystems.com
- **Richard Girgado**    rgirgado@counsel.lacounty.gov
- **Bernard R Given**    bgiven@loeb.com, mortiz@loeb.com,ladocket@loeb.com
- **Barry S Glaser**    bglaser@swesq.com, erhee@swesq.com
- **Ronald E Gold**    rgold@fbtlaw.com, joguinn@fbtlaw.com
- **Stanley E Goldich**    sgoldich@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

|   |   |
|---|---|
| 1 | - **David B Golubchik**   dbg@lnbyb.com, dbg@ecf.inforuptcy.com |
|   | - **William A Gray**   bgray@sandsanderson.com, rarrington@sandsanderson.com |
|   | - **Irving M Gross**   img@lnbrb.com, angela@lnbrb.com |
| 2 | - **Steven T Gubner**   sgubner@ebg-law.com, ecf@ebg-law.com |
|   | - **Ralph P Guenther**   rguenther@montereylaw.com |
| 3 | - **Andrew Haley**   ahaley@gpfm.com, kbarone@gpfm.com |
|   | - **Michael J Hauser**   michael.hauser@usdoj.gov |
|   | - **James H Henderson**   henderson@title11.com, ginny@title11.com |
| 4 | - **Matthew C. Heyn**   Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com |
|   | - **Brian D Huben**   brian.huben@kattenlaw.com, donna.carolo@kattenlaw.com;ecf.lax.docket@kattenlaw.com;lora.anderson@kattenlaw.com |
| 5 | - **James KT Hunter**   jhunter@pszjlaw.com |
| 6 | - **William E Ireland**   wireland@hbblaw.com, cdraper@hbblaw.com |
|   | - **Ronald N Ito**   Ronald.Ito@doj.ca.gov, Linda.Richardson@doj.ca.gov |
| 7 | - **Jeanne M Jorgensen**   jjorgensen@pj-law.com, esorensen@pj-law.com |
|   | - **Eve H Karasik**   ehk@lnbyb.com |
| 8 | - **Ori Katz**   okatz@sheppardmullin.com, cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com |
|   | - **Doah Kim**   Doah.Kim@LewisBrisbois.com, Monique.Talamante@LewisBrisbois.com |
| 9 | - **Simon Kimmelman**   skimmelman@sillscummis.com |
|   | - **Steven N Kurtz**   nlessard@laklawyers.com, rfeldon@laklawyers.com;lkaplan@laklawyers.com |
| 10 | - **Ian Landsberg**   ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;cdonoyan@landsberg-law.com;dzuniga@landsberg-law.com;yalarcon@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 11 | - **William J Levant**   wlevant@kaplaw.com, wlevant@gmail.com |
|   | - **Lori A Lewis**   lewisl004@mail.maricopa.gov |
| 12 | - **James V Lombardi**   jlombardi@rossbanks.com, kjohnson@rossbanks.com |
|   | - **David J Mahoney**   efilings@spallp.com |
| 13 | - **Robert S Marticello**   Rmarticello@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com |
| 14 | - **David A Mawhinney**   david.mawhinney@klgates.com |
|   | - **Gordon G May**   hpc@ggb-law.com |
| 15 | - **Thor D McLaughlin**   tmclaughlin@allenmatkins.com, igold@allenmatkins.com |
|   | - **David W. Meadows**   david@davidwmeadowslaw.com |
| 16 | - **Mike D Neue**   mneue@lntlaw.com, jokeefe@lntlaw.com;nlockwood@lntlaw.com |
|   | - **Kevin M Newman**   knewman@menterlaw.com, kmnbk@menterlaw.com |
| 17 | - **William Novotny**   william.novotny@mwmf.com |
|   | - **Juliet Y Oh**   jyo@lnbrb.com, jyo@lnbrb.com |
| 18 | - **Keith C Owens**   kowens@venable.com, bclark@venable.com;khoang@venable.com;DGIge@venable.com |
| 19 | - **Ernie Zachary Park**   ernie.park@bewleylaw.com |
|   | - **Christopher L Parnell**   cparnell@dunncarney.com, taichele@dunncarney.com |
| 20 | - **Paul J Pascuzzi**   ppascuzzi@ffwplaw.com |
|   | - **Kristen N Pate**   ggpbk@ggp.com |
| 21 | - **Andrew S Pauly**   apauly@gpfm.com, jjung@gpfm.com |
|   | - **Christopher J Petersen**   cjpetersen@blankrome.com, arc@blankrome.com |
| 22 | - **David M Poitras**   dpoitras@jmbm.com, bt@jmbm.com;vr@jmbm.com;dmp@ecf.inforuptcy.com |
|   | - **David L Pollack**   pollack@ballardspahr.com, petlaka@ballardspahr.com |
| 23 | - **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com |
|   | - **Kelly L Pope**   kpope@downeybrand.com, kbaughman@downeybrand.com;courtfilings@downeybrand.com |
| 24 | - **David L Prince**   dlp@redchamber.com |
|   | - **Jennifer Pruski**   jpruski@trainorfairbrook.com |
| 25 | - **Steven B Sacks**   ssacks@sheppardmullin.com, jnakaso@sheppardmullin.com |
|   | - **Susan K Seflin**   sseflin@ebg-law.com |
| 26 | - **Michael J Shane**   mshane@eplawyers.com, bsilva@eplawyers.com |
|   | - **William H Short**   bill.short@arlaw.com, candice.carter@arlaw.com |
| 27 | - **Scott H Siegel**   ssiegel@laklawyers.com, aaguirre@laklawyers.com |
| 28 | - **Evan D Smiley**   esmiley@swelawfirm.com, gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Louis F Solimine**    Louis.Solimine@thompsonhine.com
- **Owen M Sonik**    osonik@pbfcm.com, tpope@pbfcm.com
- **Howard Steinberg**    steinbergh@gtlaw.com, laik@gtlaw.com;pearsallt@gtlaw.com
- **Rick A Steinberg**    rsteinberg@nakblaw.com
- **Norman C Sullivan**    jgarner@frfirm.com,semerson@frfirm.com
- **Ronald M Tucker**    rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Daniel R Utain**    dutain@kaplaw.com, kcoughlin@kaplaw.com
- **Kimberly Walsh**    bk-kwalsh@texasattorneygeneral.gov
- **Jeffrey T Wegner**    jeffrey.wegner@kutakrock.com, lisa.peters@kutakrock.com
- **Catherine Weinberg**    cweinberg@bamlaw.net, jnoble@bamlaw.net
- **Gilbert B Weisman**    notices@becket-lee.com
- **Elizabeth Weller**    dallas.bankruptcy@publicans.com
- **Brian D Wesley**    brian.wesley@doj.ca.gov
- **Eric R Wilson**    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- **Rebecca J Winthrop**    rebecca.winthrop@nortonrosefulbright.com, darla.rodrigo@nortonrosefulbright.com
- **Barouir B Yeretzian**    byeretzian@jhindslaw.com, yeretzian@gmail.com
- **Roye Zur**    rzur@lgbfirm.com, kalandy@lgbfirm.com;marizaga@lgbfirm.com;rspahnn@lgbfirm.com;srichmond@lgbfirm.com

**2. SERVED BY UNITED STATES MAIL**: On **October 5, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 5, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served via Overnight Mail***
Hon. Theodor C. Albert
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 5, 2015 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**