1  Keith C. Owens (SBN 184841)
   KCOwens@venable.com
2  Nicholas A. Koffroth (SBN 287854)
   NAKoffroth@venable.com
3  **VENABLE LLP**
4  2049 Century Park East, Suite 2300
   Los Angeles, CA 90067
5  Telephone: (310) 229-9900
   Facsimile: (310) 229-9901
6  Attorneys for PricewaterhouseCoopers LLP

7

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                     **SANTA ANA DIVISION**

11

12  In re                                ) Case No.: 8:15-bk-13008-TA
                                         )
13  ANNA'S LINENS, INC.,                 )
                                         ) Chapter 7
14             Debtor.                    )
                                         ) **SECOND INTERIM AND**
15                                       ) **FINAL FEE APPLICATION OF**
                                         ) **PRICEWATERHOUSECOOPERS LLP**
16                                       ) **FOR PAYMENT OF FEES AND**
                                         ) **REIMBURSEMENT OF EXPENSES, AND**
17                                       ) **REQUEST FOR ALLOWANCE AND**
                                         ) **PAYMENT OF ADMINISTRATIVE**
18                                       ) **CLAIM; DECLARATION OF STEVEN**
                                         ) **FLEMING IN SUPPORT THEREOF**
19
                                         )
20                                       ) [No Hearing Set]
                                         )
21                                       )
                                         )
22                                       )
                                         )
23                                       )

24

25

26

27

28

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

PricewaterhouseCoopers LLP ("PwC"), financial advisors for debtor Anna's Linens, Inc. ("Debtor") during the Chapter 11 phase of the bankruptcy case, respectfully submits this *Second Interim and Final Fee Application Of PricewaterhouseCoopers LLP For Payment Of Fees and Reimbursement of Expenses, and Allowance and Payment of Administrative Claim* (the "Application"), for services rendered by PwC and expenses incurred for the period from October 1, 2015 through and including December 31, 2015 (the "Fee Period") and final allowance of compensation and actual and necessary expenses and payment of the unpaid amount of such fees and expenses. Although a formal fee application hearing has not been scheduled by the Chapter 7 Trustee in this case, the Trustee has requested that Chapter 11 administrative claimants file their requests by November 15, 2017.

## I.

## SUMMARY

| | |
|---|---|
| **Name of Applicant:** | PricewaterhouseCoopers LLP |
| **Authorized to provide professional services to:** | Anna's Linens, Inc., as Chapter 11 Debtor |
| **Interim Period for which compensation and reimbursement is sought:** | October 1, 2015 through December 31, 2015 (the "Fee Period") |
| **Amount of Compensation sought as actual, reasonable and necessary:** | $35,522.50 |
| **Amount of Expense Reimbursement sought as actual, reasonable and necessary:** | $      0.00 |
| **Petition Date:** | The Debtor commenced its chapter 11 bankruptcy case with the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on June 14, 2015 |

| | |
|---|---|
| **Date of Retention:** | June 14, 2015 |
| **Date of entry of order approving Employment:** | August 4, 2015 with employment effective as of June 14, 2015 |
| **Final Period for which compensation and reimbursement is sought:** | June 14, 2015 through March 30, 2016 (the "Final Fee Period") |
| **Final Amount of Compensation sought as actual, reasonable and necessary:** | $390,325.00 |
| **Final Amount of Expense Reimbursement sought as actual, reasonable and necessary:** | $   9,782.90 |
| **Total compensation approved by interim order to date:** | $354,802.50 |
| **Total expenses approved by interim order to date:** | $   9,782.90 |
| **Total allowed compensation paid to date:** | $270,039.18 |
| **Total allowed expenses paid to date:** | $   9,782.90 |

## II.

## FEES AND EXPENSES INCURRED

A.      **Request for Allowance and Payment of Fees and Reimbursement of Expenses.**

1.      During the Fee Period, PwC incurred fees in the amount of $35,522.50 and expenses in the amount of $0.00 for total fees and expenses in the amount of $35,522.50 for the benefit of the Debtor.  For this Fee Period, pursuant to the Application, PwC is seeking: (a) interim approval and allowance of its fees and expenses incurred during the Fee Period, in the total sum of $35,522.50 (the "Fees and Expenses") as allowed by the Court.

2.      PwC seeks final allowance of compensation in the amount of $390,325.00 and actual and necessary expenses in the amount of 9,782.90 for a total allowance of $400,107.90 (the "Total Compensation Request") and payment of the unpaid amount of such fees and expenses, for the Final Fee Period.

3.    Pursuant to Federal Rules of Bankruptcy Procedure 2016(b), PwC has not shared nor has PwC agreed to share (a) any compensation it may receive with another person other than with the member of PwC or (b) any compensation another person or party has received or may receive in this case.

4.    As described in more detail below, during the Fee Period, PwC performed critical and necessary services on behalf of the Debtor. These services benefited the Debtor's bankruptcy estate and its creditors as they were necessary to enable the Debtor to comply with its obligations as a Debtor in Possession under the Bankruptcy Code.  PwC believes that the compensation requested for these services is reasonable and should be approved.

## III.

## STATEMENT OF FACTS AND RELEVANT INFORMATION

**A.**    **Brief Narrative History.**

5.    The Debtor was a leading specialty retailer offering home textiles, furnishings, and décor at attractive prices.  The Debtor was headquartered in Costa Mesa, California, and operated a chain of 261 company owned retail stores throughout 19 states in the United States (including Puerto Rico and Washington, D.C.).  Prior to the Petition Date, the Debtor generated over $300 million in annual revenue, and employed a workforce of over 2,500.

6.    Beginning in 2011, the Debtor started experiencing significant financial and operational challenges.  The Debtor was unsuccessful in some of its new markets such as Puerto Rico and St. Louis, and overbuilt otherwise healthy markets in response to its new television marketing.  In addition, the Debtor's core demographic changed as Generation X and Millennials replaced Baby Boomers as the primary home furnishing shoppers.  Merchandise did not resonate with the new shoppers, and aged and unfashionable inventory remained in the stores reaching a high of $380,000 per store by fiscal year 2013.  The Debtor's shift to "Every Day Low Prices" from promotions and in-store discounts as well as new expensive television advertising strategy did not attract customers.

7.     The over expansion and excess inventory led to increased indebtedness and, ultimately, a default with the Debtor's long-time lender, Union Bank.  In order to refinance the Debtor's obligations to Union Bank, the Debtor entered into a Credit Agreement with Salus Capital Partners, LLC, as Administrative Agent (in such capacity, the "Administrative Agent") and the lenders party thereto (the "Lenders" and together with Salus, the "Secured Parties") for an $80 million line of credit on July 18, 2014 (the "Credit Agreement").

8.     On March 30, 2015 the Debtor notified the Administrative Agent of a Default or Event of Default for failure to maintain a specified Operating Expenditures to Gross Margin Dollars Ratio under the Credit Agreement.  On April 29, 2015, the Administrative Agent delivered to the Debtor a notice of Events of Default and Reservations of Rights based on the existing defaults under the Credit Agreement.

9.     Over the resulting weeks, the Debtor's merchandise vendors significantly reduced delivery of anticipated merchandise resulting in an additional default of the Credit Agreement. As a result of these defaults, and the inability to obtain pre-petition financing, the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on June 14, 2015 (the "Petition Date").[1]

10.     On March 2, 2016, the Debtor filed a motion to convert the case to Chapter 7. [Dkt. No. 1379]. The Court granted the motion on March 30, 2016 [Dkt. No. 1455].  Karen Sue Naylor was appointed as the chapter 7 trustee for the bankruptcy estate [Dkt. No. 1458] and continues to serve in that capacity.

11.     On October 4, 2017, the Bankruptcy Court entered an order setting November 15, 2017 as the last day to file applications or requests for allowance of administrative claims incurred while the case was pending under Chapter 11 (the "Chapter 11 Administrative Claims Bar Date") [Dkt. No. 1996].

**B.     Retention and Date of the Entry of the Order Approving the Employment of PwC.**

15.     On July 9, 2015, the Debtor filed that certain *Application of Debtor and Debtor in*

---

[1] *See* Second and Final Application of Levene, Neale, Bender, Yoo & Brill, L.L.P. for Approval of Fees and Reimbursement of Expenses filed on November 14, 2017 [Dkt No. 2026] for additional background facts

1    *Possession to Employ PricewaterhouseCoopers LLP as Financial Advisor to Debtor Pursuant to*

2    *11 U.S.C. §§ 327 and 330; Declaration of Perry Mandarino in Support Thereof*" [Dkt. No. 268],

3    as supplemented on July 15, 2015 [Dkt. No. 318] (the "Employment Application"). Pursuant to

4    the Employment Application, the Debtor sought Court authority to employ PwC, effective as of

5    the Petition Date, for the purposes of (a) analyzing and advising the Debtor or its short-term cash

6    flow forecasting and management procedures; (b) advising and assisting the Debtor regarding

7    potential process improvements and short term working capital improvements, including

8    assistance in the Debtor's development of tools it has decided to implement or modify, on an 'as

9    is' basis; (c) advising and assisting the Debtor regarding the Debtor's identification and

10    implementation of both short-term and long-term liquidity generating initiatives, including

11    advising on the potential impact of various working capital adequacy and borrowing base

12    assumptions; (d) advising and assisting the Debtor regarding the Debtor's development of cash

13    flow projections, debtor-in-possession budget, and business restructuring plans, including related

14    financial forecasts and scenario analysis; (e) preparing sensitivity analyses related to the Debtor's

15    forecasts and assumptions; (f) advising the Debtor and analyzing any proposed asset sales or

16    other proposed transactions in which the Debtor sought Bankruptcy Court approval; (g) advising

17    the Debtor in connection with its negotiations with lenders regarding debtor-in-possession and

18    exit financing facilities; (h) providing financial analysis of facts relating to pre-petition asset

19    transfers and transactions; (i) testifying as a "fact or percipient witness" in the Debtor's

20    bankruptcy court proceedings based on PwC's direct knowledge of the estate arising from or

21    relating to the services performed; (j) advising and assisting the Debtor regarding the Debtor's

22    accumulation of data and preparation of various schedules, account analyses, and reconciliations,

23    including reconciliations of claims, bankruptcy petitions, the plan of reorganization and other

24    reports required by the Bankruptcy Court, bankruptcy schedules and statements of financial

25    affairs and such other documentation that is customarily issued by a debtor; and (k) providing

26    such other financial advisory services as may be requested by the Debtor [Dkt. No. 378].

27

28

16.     Upon consideration of the Employment Application, and having received no opposition to the Employment Application, the Court approved the Employment Application pursuant to the entry of an order on August 4, 2015 [Dkt. No. 422].

17.     The Debtor decided to engage selected PwC to serve as its financial advisor because of, among other things, PwC's significant experience in financial advising as it relates to debtor and creditors' rights, insolvency, debt restructuring, and corporate reorganization, as well as PwC's involvement in numerous other proceedings under Chapter 11 of the Bankruptcy Code before this Court.  Moreover, PwC was engaged by the Debtor prior to the Petition Date, on or about February 9, 2015, in connection with its financial advisory and restructuring services. Given PwC's involvement prior to the Petition Date, PwC was familiar with the Debtor's business operations and financial affairs, and was not required to spend time or resources to "get up to speed" in the  Debtor's case (as another financial advisor would).

18.     PwC performed critical and necessary services on behalf of the Debtor and its estate and not on behalf of any committee, creditor or other person.  PwC believes that the fees and costs requested to be approved and awarded are reasonable and are based upon necessary services performed on behalf of and at the request of the Debtor.

**C.        Fees and Expenses Previously Requested.**

19.     On November 9, 2015, PwC submitted its *First Interim Application for expenses and expenses incurred from October 1, 2015 through December 31, 2015, requesting $354,802.50 in fees and $9,782.90 in expenses* [Dkt. No. 1164] (the "First Interim Fee Application").  On December 2, 2015, the hearing was held, and fees and expenses were allowed as prayed [Dkt. No. 1241]. As of this date, PwC received payment of $271,385.09 from the segregated DIP Carve Out and applied $8,437.00 from PwC's pre-petition retainer available at the Petition Date, for a cumulative total payment of $279,822.08.[2]

---

[2] As set forth in the First Interim Fee Application, the amount of the pre-petition retainer remaining as of the Petition Date reflected deductions for the amount of estimated, rather than actual, fees and expenses incurred for the period prior to the Petition Date, leaving a retainer balance of $8,437 as of the Petition Date.  *See* First Interim Fee Application, p. 7, n.2. PwC has now reconciled the amount of fees incurred prior to the Petition Date and determined that the fees incurred prior to the Petition Date were $381,770.60, leaving a retainer balance of $8,437.10.  This Application reflects an adjustment to the amount of fees sought during the Final Fee Period.

**D.**    **Brief Narrative Statement of the Services Rendered by PwC During the Fee Period.**

20.    Throughout the Debtor's bankruptcy case, PwC prepared all financial information requested by the DIP Lender and that was required to be provided under the DIP Loan Agreement. PwC provided the necessary financial information to ensure the parties' entry into the First Amendment to the DIP Loan Agreement.

21.    PwC compiled and analyzed the financial information needed to prepare the Debtor's monthly operating reports (the "MORs") as well as selected information needed to prepare the Debtor's Schedules. After compiling and analyzing the financial data, PwC prepared the Debtor's MORs and reviewed the MORs with the Debtor's principals to ensure their accuracy and completeness.

22.    Additionally, as requested throughout the Debtor's bankruptcy case, PwC prepared cash flow projections that predicted the Debtor's future cash flow as well as analyses related to recoveries from the Debtor's going out of business inventory sale. For example, PwC prepared numerous schedules required under the agency agreement between the Debtor and the joint venture Gordon Brothers/Hilco.

23.    In addition to the services described above, PwC advised the Debtor on other financial matters as they arose during the course of the Debtor's bankruptcy case, including financial matters concerning the sale of the intellectual property, inventory, and lease designation rights.

24.    As a result of PwC's efforts, the Debtor was able to comply with the requirements of the Bankruptcy Code, the Office of United States Trustee and the DIP Loan Agreement and consummate the sale of the Debtor's inventory, lease designation rights, and intellectual property, which led to the receipt by the Debtor's estate of significant funds for the benefit of creditors.

**E.**    **Detailed Listing of All Time Spent by PwC for which Compensation is Sought.**

25.    As described in the Employment Application, PwC provided Financial Advisory Services pursuant to an engagement agreement.  Attached to the Declaration of Steven Fleming annexed hereto (the "Fleming Declaration") are Exhibits A, B and C, and which are incorporated herein by reference, which summarize the fees billed by the professional and administrative-level

- 7 -

members of PwC that performed services for the Debtor, and that include a detailed listing of all of the time that PwC spent during the Fee Period in connection with the services that PwC provided to the Debtor and for which PwC seeks compensation, including the date that PwC rendered the service, a description of the service, the amount of time spent and a designation of the person who rendered the service for the period of time for the Fee Period.

**F.**     **Detailed Listing of Expenses.**

26.     Based upon a review of PwC's internal billing records, PwC professionals did not incur any out-of-pocket expenditures during the Fee Period.

**G.**     **Description of Professional Education and Experience.**

27.     Exhibit B to the Fleming Declaration also includes a list of the then-hourly billing rates for the professionals and administrative-level employees of PwC that performed financial advisory services for the Debtor. The primary advisors from PwC that provided services to the Debtor were Perry Mandarino and Hannes Schenk. Their professional biographical information was attached to PwC's First Interim Fee Application [Dkt. No. 1164].

**H.**     **Source of Cash Available to Pay PwC's Allowed Fees and Expenses.**

28.     The source of funds to be used to pay PwC's Fees and Expenses are funds belonging to the Debtor's bankruptcy estate. Except with respect to fees and expenses paid pursuant to the DIP Carve Out and pre-petition retainer as approved by the Bankruptcy Court pursuant to the Order Re: First Interim Applications for Approval of Fees and Reimbursement of Expenses [Dkt. No. 1245], no third party has agreed to pay any amounts owing to PwC.

**IV.**

**STANDARD OF LAW**

29.     Prior to the enactment of the Bankruptcy Code, the rule with respect to compensation requests in the Ninth Circuit was that the Bankruptcy Court should award attorneys' fees in accordance with a "strict rule of economy test." *In re THC Financial Corp.,* 659 F.2d 951, 955 n.2 (9th Cir.1981), *cert. denied*, 456 U.S. 977 (1982). This is no longer the law. The legislative history to section 330 of the Bankruptcy Code indicates that Congress was primarily concerned with protecting the public interest in the smooth, efficient operation of the

bankruptcy system by encouraging competent bankruptcy specialists to remain in the field. *First National Bank of Chicago v. Committee of Creditors Holding Unsecured Claims (In re Powerline Oil Co.)*, 71 B.R. 767, 770 (Bankr. 9th Cir. 1986); *In re Baldwin-United Corp.*, 79 B.R. 321, 346 (Bankr.S.D.Ohio 1987).  Toward this end, Congress specifically disavowed notions of economy of administration, and provided that compensation in bankruptcy case should be comparable to what is charged in nonbankruptcy matters. *Id.* at 346.

30.    Under the lodestar approach, the Court is to determine the number of hours reasonably expended in an attorney's representation of a debtor and multiply such number by a reasonable hourly rate for the services performed. *See Delaware Valley Citizens' Council for Clear Air*, 478 U.S. at 565; *In re Powerline Oil Co.*, 71 B.R. at 770.  A reasonable hourly rate is presumptively the rate the marketplace pays for the services rendered. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 109 S.Ct. 2463, 2469 (1989); *Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F.2d 687, 691 (9th Cir.1988).  Recognizing that the determination of an appropriate "market rate" for the services of a lawyer is inherently difficult, the Supreme Court stated:

> Market prices of commodities and most services are determined by supply and demand.  In this traditional sense there is no such thing as a prevailing market rate for the service of lawyers in a particular community.  The type of services rendered by lawyers, as well as its experience, skill, and reputation, varies extensively -- even within a law firm.  Accordingly, the hourly rates of lawyers in private practice also vary widely.  The fees charged often are based on the product of hours devoted to the representation multiplied by the lawyer's customary rate.

*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  The Supreme Court has stated that a reasonable attorney's fee "means a fee that would have been deemed reasonable if billed to affluent plaintiffs by its own attorneys." *Missouri v. Jenkins by Agyei*, 109 S.Ct. at 2470 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 591 (1986) (Rehnquist, J. dissenting)).  Accordingly, a reasonable hourly rate is the hourly amount to which attorneys in the area with comparable skill, experience and reputation typically would be entitled as compensation. *Blum v. Stenson*, 465 U.S. at 895 n.11. PwC respectfully submits that the hourly rate of its professionals are reasonable and appropriate in the relevant community, and that the fees and expenses incurred by PwC in this case are

reasonable and appropriate, particularly in light of the results achieved in this case.

31.    In addition, PwC requests allowance and payment of its professional fee claim under 11 U.S.C. §§ 503(b) and 507(a)(1).  In a case that is converted to Chapter 7, professional fees incurred on behalf of a Chapter 11 debtor-in-possession are entitled to administrative priority treatment under 11 U.S.C. §§ 503(b)(4) and 507(a)(1), albeit such fees may become subordinated to Chapter 7 administrative fees if the bankruptcy estate is administratively insolvent pursuant to 11 U.S.C. § 726(b). *See In re Endy*, 104 F.3d 1154, 1157 (9th Cir. 1997). Administrative expense claims will be allowed if the debt "(1) arose from a transaction with the debtor-in-possession and (2) directly and substantially benefitted the estate." *In re BCE West, L.P.*, 319 F.3d 1166, 1172 (9th Cir. 2003).  Here, the services performed by PwC as described in the Application were incurred on behalf of the debtor-in-possession and directly and substantially benefited the estate by, among other things, enabling the Debtor to comply with the requirements of the Bankruptcy Code, the Office of United States Trustee and the DIP Loan Agreement, and consummate the sale of the Debtor's inventory, lease designation rights, and intellectual property, which led to the receipt by the Debtor's estate of significant funds for the benefit of creditors.

**V.**

**CONCLUSION**

**WHEREFORE**, based on the foregoing, PwC requests that the Court enter an order:

1.    approving and allowing on an interim and final basis PwC's fees of $35,522.50 and expenses of $0.00 for total fees and expenses of $35,522.50 incurred during the Fee Period (previously defined as the "Fees and Expenses");

2.    ratifying, approving and authorizing final compensation for professional services rendered on behalf of the Debtor's bankruptcy during the Final Fee Period in the sum of $390,325.00 and expenses of $9,782.90 during the Final Fee Period (previously defined as the "Total Compensation Request"); and

3.    granting such other and further relief as the Court deems just and proper.

DATED: November 15, 2017          By: _____

Steven Fleming
A Principal of the Firm

Submitted by:

Venable LLP

By: /s Keith C. Owens
      Keith C. Owens
      Attorneys for PricewaterhouseCoopers LLP

## DECLARATION OF STEVEN FLEMING

I, Steven Fleming, hereby declare as follows:

1.      I am a principal with PricewaterhouseCoopers LLP ("PwC"), an accounting firm having significant expertise in bankruptcy, restructuring and financial advisory services.  PwC has an office located at 300 Madison Avenue, 24th Floor, New York, NY 10017.

2.      I have assisted in the preparation of, and reviewed, the second interim and final fee application of PwC for approval of fees and reimbursement of expenses (the "Application") to which this declaration is attached.  To the best of my knowledge, information and belief, all of the matters stated in the Application are true and correct.  All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Application.

29.      On November 9, 2015, PwC submitted its *First Interim Application for expenses and expenses incurred from October 1, 2015 through December 31, 2015, requesting $354,802.50 in fees and $9,782.90 in expenses* [Dkt. No. 1164] (the "First Interim Fee Application").   On December 2, 2015, the hearing was held, and fees and expenses were allowed as prayed [Dkt. No. 1241]. As of this date, PwC received payment of $271,385.09 from the segregated DIP Carve Out and applied $8,437.00 from PwC's pre-petition retainer available at the Petition Date, for a cumulative total payment of $279,822.08.[1]

3.      Pursuant to this Application, PwC seeks interim approval and allowance of its fees incurred during the period from October 1, 2015 through and including December 31, 2015 (the "Fee Period"), in the sum of $35,522.50, representing allowance of fees in the amount of $35,522.50 and expenses in the amount of $0.00, for total fees and expenses in the amount of $35,522.50 (the "Fees and Expenses"). The amounts requested in the Application for fees

---

[1] As set forth in the First Interim Fee Application, the amount of the pre-petition retainer remaining as of the Petition Date reflected deductions for the amount of estimated, rather than actual, fees and expenses incurred for the period prior to the Petition Date, leaving a retainer balance of $8,437 as of the Petition Date.  *See* First Interim Fee Application, p. 7, n.2. PwC has now reconciled the amount of fees incurred prior to the Petition Date and determined that the fees and expenses incurred prior to the Petition Date were $381,770.60, leaving a retainer balance of $8,437.10.  This Application reflects an adjustment to the amount of fees sought during the Final Fee Period.

incurred by PwC are based on PwC's business records which are kept in the ordinary course of PwC's business.

4.      Attached hereto as Exhibits A, B and C, which summarize the fees billed by the professional and administrative-level members of PwC that performed services for the Debtor, and that include a detailed listing of all of the time that PwC spent during the Fee Period in connection with the services that PwC provided to the Debtor and for which PwC seeks compensation, including the date that PwC rendered the service, a description of the service, the amount of time spent and a designation of the person who rendered the service for the period of time for the Fee Period.

5.      Exhibit B hereto also includes a list of the hourly billing rates for the professionals and administrative-level employees of PwC that performed financial advisory services for the Debtor.

6.      The amounts requested in the Application for compensation of fees and reimbursement of expenses incurred are based on PwC's business records, which are kept and maintained by PwC in the ordinary course of PwC's business. I reviewed such business records to the extent necessary to prepare the Application and this declaration.

7.      In this Application, PwC is seeking: (a) interim and final approval and allowance of its fees and expenses incurred during the Fee Period, in the total sum of $35,522.50 and (b) payment of the Fees and Expenses, as allowed by the Court.

8.      In this Application, PwC is seeking final approval of compensation in the amount of $390,325.00 for actual, reasonable and necessary professional services rendered and for reimbursement of $9,782.90 for actual, reasonable and necessary expenses incurred during the Final Fee Period.

9.      PwC has not shared nor has PwC agreed to share (a) any compensation it may receive with another person other than with the member of PwC or (b) any compensation another person or party has received or may receive.

10.      The Application is the second interim and final fee application of PwC.  PwC has performed critical and necessary services on behalf of the Debtor and their estates and not

on behalf of any committee, creditor or other person. I believe that the fees and costs requested to be approved and awarded are reasonable and are based upon necessary services performed on behalf of and at the request of the Debtor.

11.    Throughout the Debtor's bankruptcy case, PwC prepared all financial information requested by the DIP Lender and that was required to be provided under the DIP Loan Agreement. PwC provided the necessary financial information to ensure the parties' entry into the First Amendment to the DIP Loan Agreement.

12.    PwC compiled and analyzed the financial information needed to prepare the Debtor's monthly operating reports (the "MORs") as well as selected information needed to prepare the Debtor's Schedules. After compiling and analyzing the financial data, PwC prepared the Debtor's MORs and reviewed the MORs with the Debtor's principals to ensure their accuracy and completeness.

13.    Additionally, as requested during the Chapter 11 phase of the Debtor's bankruptcy case, PwC prepared cash flow projections that predicted the Debtor's future cash flow as well as analyses related to recoveries from the Debtor's going out of business inventory sale. For example, PwC prepared a numerous schedules required under the agency agreement between the Debtor and the joint venture Gordon Brothers/Hilco.

14.    In addition to the services described above, PwC advised the Debtor on other financial matters as they arose during the course of the Debtor's bankruptcy case, including financial matters concerning the sale of the intellectual property, inventory, and lease designation rights.

15.    As a result of PwC's efforts, the Debtor was able to comply with the requirements of the Bankruptcy Code, the Office of United States Trustee and the DIP Loan Agreement and consummate the sale of the Company's inventory, lease designation rights, and intellectual property, which led to the receipt by the Debtor's estate of significant funds for the benefit of the Debtor's bankruptcy estate.

1

2           I declare and verify under penalty of perjury under the laws of the United States of

3   America that the foregoing is true and correct to the best of my knowledge.

4           Executed on this 15th day of November 2017, at New York, New York.

5

6                                                    _____
                                                     Steven Fleming

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Summary of Exhibits

| *Hours and Compensation:* | Exhibits: |
|---|---|
| Summary by Project Category and Billing Category | A |

*Hourly and Case Administration Services*

| | |
|---|---|
| Summary of Hours and Fees by Project and Professional | B |
| Professional Services by Project, Professional and Date | C |

**ANNA'S LINENS, INC.**                                                      Exhibit A
**PricewaterhouseCoopers LLP - Financial Advisor to Debtor**
**Summary by Project Category and Billing Category**
**For the Period October 1, 2015 through December 31, 2015**

| Project Category and Billing Category | Hours | Total Compensation |
|---|---|---|
| **Hourly Services** | | |
| *Financial Advisor Services* | | |
| Correspondence, Meetings and Discussions with Debtors' Counsel | 1.00 | $720.00 |
| DIP Financing-related matters and analysis | 64.10 | $27,832.50 |
| Bankruptcy Reporting (e.g. SOFA, SOAL, MOR) | 13.00 | $5,525.00 |
| *Subtotal - Hours and Compensation - Financial Advisor Services* | *78.10* | *$34,077.50* |
| **Subtotal - Hours and Compensation - Hourly Services** | **78.10** | **$34,077.50** |
| **Case Administration** | | |
| *Bankruptcy Requirements and Other Court Obligations* | | |
| Monthly, Interim and Final Fee Applications | 7.50 | $1,445.00 |
| *Subtotal - Hours and Compensation - Bankruptcy Requirements and Other Court Obligations* | *7.50* | *$1,445.00* |
| **Subtotal - Hours and Compensation - Case Administration** | **7.50** | **$1,445.00** |
| **Total - Hours and Compensation Sought for Reimbursement** | **85.60** | **$35,522.50** |

Page 1 of 1

**ANNA'S LINENS, INC.**                                            **Exhibit B**

**PricewaterhouseCoopers LLP - Financial Advisor to Debtor**

**Hourly Services and Case Administration - Summary of Hours / Fees by Project and Professional**

**For the Period October 1, 2015 through December 31, 2015**

| Project Category and Professional | Position | Rate | Hours | Total Compensation |
|---|---|---|---|---|
| **Hourly Services** | | | | |
| *Financial Advisor Services* | | | | |
| Perry Mandarino | Partner | $720 | 1.00 | $720.00 |
| Steven J Fleming | Partner | $720 | 2.00 | $1,440.00 |
| Hannes Schenk | Manager | $425 | 75.10 | $31,917.50 |
| *Subtotal - Hours and Compensation - Financial Advisor Services* | | | *78.10* | *$34,077.50* |
| **Subtotal - Hours and Compensation - Hourly Services** | | | **78.10** | **$34,077.50** |
| **Case Administration** | | | | |
| *Bankruptcy Requirements and Other Court Obligations* | | | | |
| Andrea Clark Smith | Director (Bankruptcy) | $550 | 0.80 | $440.00 |
| Chad William Brown | Paraprofessional (Bankruptcy) | $150 | 6.70 | $1,005.00 |
| *Subtotal - Hours and Compensation - Bankruptcy Requirements and Other Court Obligations* | | | *7.50* | *$1,445.00* |
| **Subtotal - Hours and Compensation - Case Administration** | | | **7.50** | **$1,445.00** |
| **Total - Hours and Compensation - Hourly Services and Case Administration** | | | **85.60** | **$35,522.50** |

Exhibit C

**ANNA'S LINENS, INC.**
PricewaterhouseCoopers LLP - Financial Advisor to Debtor
Hourly Services and Case Administration Services - Professional Services by Project, Professional and Date
For the Period October 1, 2015 through December 31, 2015

| Date | Name | Position | Description | Rate | Hours | Total Compensation |
|---|---|---|---|---|---|---|
| **Hourly Services** | | | | | | |
| *Financial Advisor Services* | | | | | | |
| Correspondence, Meetings and Discussions with Debtors' Counsel | | | | | | |
| 10/6/2015 | Perry Mandarino | Partner | 1215F001: Calls with Anna's Linens and Counsel regarding status and analyses to be completed. | $720 | 1.00 | $720.00 |
| Subtotal - Hours and Compensation - Correspondence, Meetings and Discussions with Debtors' Counsel | | | | | 1.00 | $720.00 |
| DIP Financing-related matters and analysis | | | | | | |
| 10/1/2015 | Hannes Schenk | Manager | 1215F002: Update of DIP budget. | $425 | 0.80 | $340.00 |
| 10/1/2015 | Hannes Schenk | Manager | 1215F003: Update of DIP budget. | $425 | 2.10 | $892.50 |
| 10/1/2015 | Hannes Schenk | Manager | 1215F004: Preparation and review of variance analysis for the week ending September 27, 2015. | $425 | 1.50 | $637.50 |
| 10/2/2015 | Hannes Schenk | Manager | 1215F005: Preparation and review of variance analysis for the week ending September 27, 2015. | $425 | 1.70 | $722.50 |
| 10/2/2015 | Hannes Schenk | Manager | 1215F006: Meeting with B. Metry (Anna's Linens) to discuss and analyze daily sales reconciliation. | $425 | 2.10 | $892.50 |
| 10/2/2015 | Hannes Schenk | Manager | 1215F007: Call with GB/Hilco and Salus Capital to discuss status update of outstanding GOB sale reconciliation activities. | $425 | 1.00 | $425.00 |
| 10/2/2015 | Hannes Schenk | Manager | 1215F008: Review of updated budget and variance analysis with R. Bunka (Anna's Linens). | $425 | 1.40 | $595.00 |
| 10/5/2015 | Hannes Schenk | Manager | 1215F009: Reconciliation of daily sales to daily cash deposits. | $425 | 1.00 | $425.00 |
| 10/5/2015 | Steven J Fleming | Partner | 1215F010: Perform review of the DIP analysis and computations as concurring partner. | $720 | 1.00 | $720.00 |

Exhibit C

ANNA'S LINENS, INC.
PricewaterhouseCoopers LLP - Financial Advisor to Debtor
Hourly Services and Case Administration Services - Professional Services by Project, Professional and Date
For the Period October 1, 2015 through December 31, 2015

| Date | Name | Position | Description | Rate | Hours | Total Compensation |
|---|---|---|---|---|---|---|
| 10/6/2015 | Hannes Schenk | Manager | 1215F011: Update of estimate sharing proceeds from inventory liquidation. | $425 | 1.00 | $425.00 |
| 10/6/2015 | Hannes Schenk | Manager | 1215F012: Preparation and review of variance analysis for the week ending October 4, 2015. | $425 | 1.60 | $680.00 |
| 10/6/2015 | Hannes Schenk | Manager | 1215F013: Update of DIP budget. | $425 | 2.10 | $892.50 |
| 10/6/2015 | Hannes Schenk | Manager | 1215F014: Update of DIP budget. | $425 | 1.30 | $552.50 |
| 10/7/2015 | Hannes Schenk | Manager | 1215F015: Preparation and review of variance analysis for the week ending October 4, 2015. | $425 | 1.00 | $425.00 |
| 10/7/2015 | Hannes Schenk | Manager | 1215F016: Preparation and review of variance analysis for the week ending October 4, 2015. | $425 | 1.00 | $425.00 |
| 10/7/2015 | Hannes Schenk | Manager | 1215F017: Update of DIP budget. | $425 | 1.00 | $425.00 |
| 10/12/2015 | Hannes Schenk | Manager | 1215F018: Preparation and review of variance analysis for the week ending October 11, 2015. | $425 | 2.00 | $850.00 |
| 10/12/2015 | Hannes Schenk | Manager | 1215F019: Update of DIP budget. | $425 | 2.10 | $892.50 |
| 10/12/2015 | Hannes Schenk | Manager | 1215F020: Update of DIP budget. | $425 | 1.90 | $807.50 |
| 10/13/2015 | Hannes Schenk | Manager | 1215F021: Preparation and review of variance analysis for the week ending October 11, 2015. | $425 | 0.50 | $212.50 |
| 10/13/2015 | Hannes Schenk | Manager | 1215F022: Update of DIP budget. | $425 | 0.50 | $212.50 |
| 10/13/2015 | Hannes Schenk | Manager | 1215F023: Update of DIP budget. | $425 | 1.00 | $425.00 |
| 10/14/2015 | Hannes Schenk | Manager | 1215F024: Preparation and review of variance analysis for the week ending October 11, 2015. | $425 | 1.00 | $425.00 |
| 10/14/2015 | Hannes Schenk | Manager | 1215F025: Update of DIP budget. | $425 | 1.00 | $425.00 |

Exhibit C

ANNA'S LINENS, INC.

PricewaterhouseCoopers LLP - Financial Advisor to Debtor

Hourly Services and Case Administration Services - Professional Services by Project, Professional and Date

For the Period October 1, 2015 through December 31, 2015

| Date | Name | Position | Description | Rate | Hours | Total Compensation |
|------|------|----------|-------------|------|-------|--------------------|
| 10/16/2015 | Steven J Fleming | Partner | 1215F026: Review of the DIP budget and supporting analysis and computations as concurring partner. | $720 | 1.00 | $720.00 |
| 10/19/2015 | Hannes Schenk | Manager | 1215F027: Preparation and review of variance analysis for the week ending October 18, 2015. | $425 | 2.60 | $1,105.00 |
| 10/19/2015 | Hannes Schenk | Manager | 1215F028: Update of DIP budget. | $425 | 2.10 | $892.50 |
| 10/19/2015 | Hannes Schenk | Manager | 1215F029: Update of DIP budget. | $425 | 1.30 | $552.50 |
| 10/20/2015 | Hannes Schenk | Manager | 1215F030: Preparation and review of variance analysis for the week ending October 18, 2015. | $425 | 1.30 | $552.50 |
| 10/20/2015 | Hannes Schenk | Manager | 1215F031: Update of DIP budget. | $425 | 1.50 | $637.50 |
| 10/20/2015 | Hannes Schenk | Manager | 1215F032: Update of DIP budget. | $425 | 1.70 | $722.50 |
| 10/21/2015 | Hannes Schenk | Manager | 1215F033: Preparation and review of variance analysis for the week ending October 18, 2015. | $425 | 1.00 | $425.00 |
| 10/21/2015 | Hannes Schenk | Manager | 1215F034: Update of DIP budget. | $425 | 1.00 | $425.00 |
| 10/22/2015 | Hannes Schenk | Manager | 1215F035: Update of DIP budget. | $425 | 2.00 | $850.00 |
| 10/23/2015 | Hannes Schenk | Manager | 1215F036: Update of DIP budget. | $425 | 2.00 | $850.00 |
| 10/26/2015 | Hannes Schenk | Manager | 1215F037: Preparation and review of variance analysis for the week ending October 25, 2015. | $425 | 1.50 | $637.50 |
| 10/26/2015 | Hannes Schenk | Manager | 1215F038: Update of DIP budget. | $425 | 0.50 | $212.50 |
| 10/27/2015 | Hannes Schenk | Manager | 1215F039: Preparation and review of variance analysis for the week ending October 25, 2015. | $425 | 1.00 | $425.00 |
| 10/27/2015 | Hannes Schenk | Manager | 1215F040: Update of DIP budget. | $425 | 1.00 | $425.00 |
| 10/27/2015 | Hannes Schenk | Manager | 1215F041: Update of DIP budget. | $425 | 1.00 | $425.00 |

Exhibit C

**ANNA'S LINENS, INC.**
PricewaterhouseCoopers LLP - Financial Advisor to Debtor
Hourly Services and Case Administration Services - Professional Services by Project, Professional and Date
For the Period October 1, 2015 through December 31, 2015

| Date | Name | Position | Description | Rate | Hours | Total Compensation |
|---|---|---|---|---|---|---|
| 10/28/2015 | Hannes Schenk | Manager | 1215F042: Update of DIP budget. | $425 | 1.00 | $425.00 |
| 10/29/2015 | Hannes Schenk | Manager | 1215F043: Preparation and review of variance analysis for the week ending October 25, 2015. | $425 | 1.00 | $425.00 |
| 11/4/2015 | Hannes Schenk | Manager | 1215F044: Review and update of liquidation waterfall analysis. | $425 | 2.00 | $850.00 |
| 11/4/2015 | Hannes Schenk | Manager | 1215F045: Review and update of liquidation waterfall analysis. | $425 | 1.00 | $425.00 |
| 11/4/2015 | Hannes Schenk | Manager | 1215F046: Update of DIP budget. | $425 | 2.00 | $850.00 |
| 11/4/2015 | Hannes Schenk | Manager | 1215F047: Update of DIP budget. | $425 | 1.00 | $425.00 |
| 11/5/2015 | Hannes Schenk | Manager | 1215F048: Review and update of liquidation waterfall analysis. | $425 | 1.00 | $425.00 |
| 11/5/2015 | Hannes Schenk | Manager | 1215F049: Review and update of liquidation waterfall analysis. | $425 | 1.00 | $425.00 |
| Subtotal - Hours and Compensation - DIP Financing-related matters and analysis | | | | | 64.10 | $27,832.50 |
| **Bankruptcy Reporting (e.g. SOFA, SOAL, MOR)** | | | | | | |
| 10/8/2015 | Hannes Schenk | Manager | 1215F050: Preparation and update of September 2015 Monthly Operating Report ("MOR"). | $425 | 1.00 | $425.00 |
| 10/8/2015 | Hannes Schenk | Manager | 1215F051: Preparation and update of September 2015 MOR. | $425 | 2.00 | $850.00 |
| 10/9/2015 | Hannes Schenk | Manager | 1215F052: Preparation and update of September 2015 MOR. | $425 | 1.00 | $425.00 |
| 10/9/2015 | Hannes Schenk | Manager | 1215F053: Preparation and update of September 2015 MOR. | $425 | 1.00 | $425.00 |

Exhibit C

**ANNA'S LINENS, INC.**
PricewaterhouseCoopers LLP - Financial Advisor to Debtor
Hourly Services and Case Administration Services - Professional Services by Project, Professional and Date
For the Period October 1, 2015 through December 31, 2015

| Date | Name | Position | Description | Rate | Hours | Total Compensation |
|---|---|---|---|---|---|---|
| 10/15/2015 | Hannes Schenk | Manager | 1215F054: Preparation and update of September 2015 MOR. | $425 | 1.00 | $425.00 |
| 10/15/2015 | Hannes Schenk | Manager | 1215F055: Preparation and update of September 2015 MOR. | $425 | 1.00 | $425.00 |
| 10/16/2015 | Hannes Schenk | Manager | 1215F056: Preparation and update of September 2015 MOR. | $425 | 1.00 | $425.00 |
| 10/16/2015 | Hannes Schenk | Manager | 1215F057: Preparation and update of September 2015 MOR. | $425 | 1.00 | $425.00 |
| 11/5/2015 | Hannes Schenk | Manager | 1215F058: Preparation and update of October 2015 MOR. | $425 | 2.00 | $850.00 |
| 11/5/2015 | Hannes Schenk | Manager | 1215F059: Preparation and update of October 2015 MOR. | $425 | 2.00 | $850.00 |
| | | | Subtotal - Hours and Compensation - Bankruptcy Reporting (e.g. SOFA, SOAL, MOR) | | 13.00 | $5,525.00 |
| | | | *Subtotal - Hours and Compensation - Financial Advisor Services* | | *78.10* | *$34,077.50* |
| | | | **Subtotal - Hours and Compensation - Hourly Services** | | **78.10** | **$34,077.50** |

**Case Administration**

*Bankruptcy Requirements and Other Court Obligations*

Monthly, Interim and Final Fee Applications

| Date | Name | Position | Description | Rate | Hours | Total Compensation |
|---|---|---|---|---|---|---|
| 10/2/2015 | Chad William Brown | Paraprofessional (Bankruptcy) | 1215F060: Prepare the first interim fee application for Court approval. | $150 | 2.30 | $345.00 |
| 10/7/2015 | Chad William Brown | Paraprofessional (Bankruptcy) | 1215F061: Prepare the first interim fee application for Court approval. | $150 | 3.10 | $465.00 |
| 10/26/2015 | Chad William Brown | Paraprofessional (Bankruptcy) | 1215F062: Prepare the first interim fee application for Court approval. | $150 | 1.30 | $195.00 |

Exhibit C

**ANNA'S LINENS, INC.**
**PricewaterhouseCoopers LLP - Financial Advisor to Debtor**
**Hourly Services and Case Administration Services - Professional Services by Project, Professional and Date**
**For the Period October 1, 2015 through December 31, 2015**

| Date | Name | Position | Description | Rate | Hours | Total Compensation |
|------|------|----------|-------------|------|-------|--------------------|
| 10/27/2015 | Andrea Clark Smith | Director (Bankruptcy) | 1215F063: Review the first interim fee application and distribute to Counsel. | $550 | 0.80 | $440.00 |
| *Subtotal - Hours and Compensation - Monthly, Interim and Final Fee Applications* | | | | | 7.50 | $1,445.00 |
| *Subtotal - Hours and Compensation - Bankruptcy Requirements and Other Court Obligations* | | | | | *7.50* | *$1,445.00* |
| **Subtotal - Hours and Compensation - Case Administration** | | | | | 7.50 | $1,445.00 |
| **Total - Hours and Compensation - Hourly Services and Case Administration** | | | | | 85.60 | $35,522.50 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2049 Century Park East, Suite 2300, Los Angeles, CA 90067. A true and correct copy of the foregoing document entitled (*specify*):

**SECOND INTERIM AND FINAL FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES, AND REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM; DECLARATION OF STEVEN FLEMING IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 15, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On November 15, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 15, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 15, 2017 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Todd M Arnold    tma@lnbyb.com
- Wesley H Avery    wavery@thebankruptcylawcenter.com, lucy@averytrustee.com
- James C Bastian    jbastian@shbllp.com
- Cristina E Bautista    , ecf.lax.docket@kattenlaw.com,nicole.jones@kattenlaw.com
- Sabrina Beavens    sbeavens@iurillolaw.com, ciurillo@iurillolaw.com
- Alan Betten    abetten@sagallaw.com
- Karen C Bifferato    kbifferato@connollygallagher.com, kbifferato@connollygallagher.com
- Mikel R Bistrow    mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- Wanda Borges    ecfcases@borgeslawllc.com
- Dustin P Branch    branchd@ballardspahr.com,
  carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- Peter M Bransten    pbransten@glaserweil.com, kmorin@lgbfirm.com
- Jerrold L Bregman    ecf@brutzkusgubner.com, jbregman@brutzkusgubner.com
- Jess R Bressi    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- Robert Brier    bbrier@bihlaw.com, smann@bihlaw.com
- Mark Bringardner    Mark@stolllaw.com
- Heather D Brown    heather@hdbrownlaw.com
- David L Bruck    bankruptcy@greenbaumlaw.com, cdeluca@greenbaumlaw.com
- Larry Butler    secured@becket-lee.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Gary O Caris    gcaris@diamondmccarthy.com, vgarcia@diamondmccarthy.com
- Shirley Cho    scho@pszjlaw.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Gail L Chung    GL@outtengolden.com,
  JXH@outtengolden.com;rmasubuchi@outtengolden.com;kdeleon@outtengolden.com;JAR@outtengold
  en.com;RSR@outtengolden.com;rfisher@outtengolden.com;rima-8863@ecf.pacerpro.com
- Ronald Clifford    rclifford@blakeleyllp.com,
  ecf@blakeleyllp.com;seb@blakeleyllp.com;info@ecf.inforuptcy.com
- Cynthia M Cohen    ccohen@glaserweil.com, lmoya@glaserweil.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- Lee A Collins    LCOLLINS@BOYARMILLER.COM
- Sean B Cooney    scooney@shb.com, scooney@shb.com
- Joseph Corrigan    Bankruptcy2@ironmountain.com
- Randy J Creswell    rcreswell@perkinsthompson.com, lmccleer@perkinsthompson.com
- Jeffry A Davis    jdavis@mintz.com, docketing@mintz.com
- Joseph P Davis    davisjo@gtlaw.com, wangm@gtlaw.com;laik@gtlaw.com
- Michael W Davis    mdavis@brutzkusgubner.com, ecf@brutzkusgubner.com
- Richard F DeLossa    rdelossa@kelleydrye.com, wtaylor@kelleydrye.com
- Denise Diaz    Denise.Diaz@rmsna.com
- Eldia M Diaz-Olmo    diazolmo@villamil.net, eldia.diazolmo@gmail.com
- John P Dillman    houston_bankruptcy@publicans.com
- Caroline Djang    cdjang@rutan.com
- Keith S Dobbins    kdobbinslaw@aol.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                            F 9013-3.1.PROOF.SERVICE

- Jonathan R Doolittle    jdoolittle@reedsmith.com, renee-pelusi-2054@ecf.pacerpro.com;rpelusi@reedsmith.com;ashively@reedsmith.com;dkelley@reedsmith.com;bob miller@kilmerlaw.com;cbroock@kilmerlaw.com;llhommedieu@kilmerlaw.com
- Glen Dresser    gombd@aol.com
- Reid E Dyer    reiddyer@mvalaw.com, davidwheeler@mvalaw.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- Gary B Elmer    gelmer@ciardilaw.com
- Amanda N Ferns    aferns@fernslaw.com, mmakalintal@fernslaw.com
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Margaret G Foley    mgfoley05@gmail.com
- Joseph D Frank    jfrank@fgllp.com, rheiligman@fgllp.com;ccarpenter@fgllp.com;jkleinman@fgllp.com
- Roger F Friedman    rfriedman@rutan.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Thomas M Gaa    tgaa@bbslaw.com
- Lauren N Gans    lgans@shensonlawgroup.com
- Sidney Garabato    sgarabato@epiqsystems.com, rjacobs@ecf.epiqsystems.com
- Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- John S Garner    , semerson@frfirm.com
- Richard Girgado    rgirgado@counsel.lacounty.gov
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- Ronald E Gold    rgold@fbtlaw.com, joguinn@fbtlaw.com
- Stanley E Goldich    sgoldich@pszjlaw.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- David M Goodrich    dgoodrich@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dgoodrich@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- Leon B Gordon    sonya.ragsdale@mvbalaw.com
- William A Gray    bgray@sandsanderson.com, rarrington@sandsanderson.com
- Irving M Gross    img@lnbyb.com, john@lnbyb.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Ralph P Guenther    rguenther@montereylaw.com
- Chad V Haes    chaes@marshackhays.com, ecfmarshackhays@gmail.com
- Mina Hakakian    mhakakian@lwmpartners.com
- Michael J Hauser    michael.hauser@usdoj.gov
- James H Henderson    henderson@title11.com, ginny@title11.com
- William H Heslup    william.heslup@illinois.gov
- Matthew C. Heyn    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
- Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
- James KT Hunter    jhunter@pszjlaw.com
- William E Ireland    wireland@hbblaw.com, cdraper@hbblaw.com
- Ronald N Ito    Ronald.Ito@doj.ca.gov, Susan.Lincoln@doj.ca.gov
- Jeanne M Jorgensen    jjorgensen@pj-law.com, cpage@pj-law.com
- Eve H Karasik    ehk@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

- Ori Katz    okatz@sheppardmullin.com,
  cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com
- Doah Kim    doah.kim@whitecase.com
- Simon Kimmelman    skimmelman@sillscummis.com
- Stuart I Koenig    Skoenig@leechtishman.com, sfrey@leechtishman.com;jabrams@leechtishman.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Jason B Komorsky    ecf@brutzkusgubner.com, jkomorsky@brutzkusgubner.com
- Matthew Kramer    mkramer@wwhgd.com, iperez@wwhgd.com
- Jeffrey C Krause    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- Mette H Kurth    mkurth@foxrothschild.com, pchlum@foxrothschild.com;mette-kurth-
  7580@ecf.pacerpro.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- David Brian Lally    davidlallylaw@gmail.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-
  law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- William J Levant    wlevant@kaplaw.com, wlevant@gmail.com
- Lori A Lewis    lewisl004@mail.maricopa.gov
- James V Lombardi    jlombardi@rossbanks.com, kjohnson@rossbanks.com
- Melissa Davis Lowe    mdavis@shbllp.com, sswartzell@shbllp.com
- David J Mahoney    efilings@spallp.com
- Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
- Robert S Marticello    Rmarticello@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- David A Mawhinney    david.mawhinney@klgates.com
- Gordon G May    hpc@ggb-law.com
- Thor D McLaughlin    tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- David W. Meadows    david@davidwmeadowslaw.com
- Christopher Minier    becky@ringstadlaw.com
- Eric A Mitnick    MitnickLaw@aol.com
- Sean N Nagel    , ldc@dr-slo.com
- Karen S. Naylor    knaylor@burd-naylor.com
- Karen S Naylor (TR)    acanzone@burd-naylor.com,
  knaylor@ecf.epiqsystems.com;knaylor@IQ7technology.com
- Brian R Nelson    becky@ringstadlaw.com, brian@ringstadlaw.com
- Mike D Neue    mneue@dynamic-law.com, mwjaraki@me.com
- Kevin M Newman    knewman@menterlaw.com, kmnbk@menterlaw.com
- Victor W Newmark    bankruptcy@evict.net
- William Novotny    william.novotny@mwmf.com
- Abigail V O'Brient    avobrient@mintz.com, docketing@mintz.com;DEHashimoto@mintz.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Keith C Owens    kowens@venable.com,
  bclark@venable.com;khoang@venable.com;DGIge@venable.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Paul J Pascuzzi    ppascuzzi@ffwplaw.com
- Kristen N Pate    ggpbk@ggp.com
- Christopher J Petersen    cjpetersen@blankrome.com, gsolis@blankrome.com
- David M Poitras    dpoitras@jmbm.com, bt@jmbm.com;vr@jmbm.com;dmp@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- David L Pollack     pollack@ballardspahr.com, petlaka@ballardspahr.com
- Jeffrey N Pomerantz   jpomerantz@pszjlaw.com
- Kelly L Pope   kpope@downeybrand.com,
  mfrazier@downeybrand.com;courtfilings@downeybrand.com
- David L Prince   dlp@redchamber.com
- Jennifer Pruski   jpruski@trainorfairbrook.com
- David M Reeder   dmr@vrmlaw.com, jle@vrmlaw.com
- Steven B Sacks   , jnakaso@sheppardmullin.com
- Steven B Sacks   ssacks@sheppardmullin.com, jnakaso@sheppardmullin.com
- Diane W Sanders   austin.bankruptcy@publicans.com
- Nanette D Sanders   becky@ringstadlaw.com
- Allan D Sarver   ADS@asarverlaw.com
- Scott A Schiff   sas@soukup-schiff.com
- Lance A Selfridge   lances@lbbslaw.com, Susan.Awe@lewisbrisbois.com
- James R Selth   jim@wsrlaw.net, jselth@yahoo.com;melissa@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Michael J Shane   mshane@eplawyers.com, bsilva@eplawyers.com
- Jeffrey S Shinbrot   jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- William H Short   bill.short@arlaw.com, candice.carter@arlaw.com
- Evan D Smiley   esmiley@swelawfirm.com,
  gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- Lindsey L Smith   lls@lnbyb.com, lls@ecf.inforuptcy.com
- Louis F Solimine   Louis.Solimine@thompsonhine.com
- Owen M Sonik   osonik@pbfcm.com, tpope@pbfcm.com
- Howard Steinberg   steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- Rick A Steinberg   rsteinberg@nakblaw.com
- Norman C Sullivan   jgarner@frfirm.com,semerson@frfirm.com
- Salina R Thomas   bankruptcy@co.kern.ca.us
- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
- Daniel R Utain   dutain@kaplaw.com, kcoughlin@kaplaw.com
- Kimberly Walsh   bk-kwalsh@texasattorneygeneral.gov
- Howard J Weg   hweg@robinskaplan.com
- Jeffrey T Wegner   jeffrey.wegner@kutakrock.com, lisa.peters@kutakrock.com
- David R. Weinstein   dweinstein@weinsteinlawfirm.net
- Daniel J Weintraub   dan@wsrlaw.net, melissa@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Gilbert B Weisman   notices@becket-lee.com
- Elizabeth Weller   dallas.bankruptcy@publicans.com
- Lee G Werner   leegwerner@gmail.com
- Steven Werth   swerth@sulmeyerlaw.com,
  asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com
- Brian D Wesley   brian.wesley@doj.ca.gov
- Eric R Wilson   kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- Brian Barouir Yeretzian   byeretzian@jhindslaw.com, yeretzian@gmail.com
- Roye Zur   rzur@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;njanbay@lgbfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**Served by U.S. Mail:**

99 Cents Only Stores
4000 Union Pacific Ave
Commerce, CA 90023

American President Lines, Ltd.
16220 N Scottsdale Rd
Scottsdale, AZ 85256

Kenneth S. Antell
Dunn Carney Allen Higgins & Tongue LLP
851 SW 6th Ave, Suite 1500
Portland, OR 97204

Aston Properties
610 E Morehead St # 100
Charlotte, NC 28202

BDO USA, LLC
3200 Bristol St, 4th Fl
Costa Mesa, CA 92626

BDO USA, LLP, a California corporation
3200 Bristol St 4th
Costa Mesa, CA 92626

John T. Banks
Perdue Brandon Fielder Collins & Mott
3301 Northland Dr Ste 505
Austin, TX 78731

Scott D. Bertzyk
Greenberg Traurig, LLP
1840 Century Park East, Ste 1900
Los Angeles, CA 90067

Lee S Brenner
Kelley Drye & Warren LLP
10100 Santa Monica Blvd 23rd Fl
Los Angeles, CA 90067

Michael Z Brownstein
Blank Rome LLP
The Chrysler Building
405 Lexington Ave
New York, NY 10174

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Brutzkus Gubner
21650 Oxnard St #500
Woodland Hills, CA 91367

Elizabeth Banda Calvo
Perdue Brandon Fielder Collins & Mott LL
500 E Border St Ste 640
Arlington, TX 76010

Ivan M Castro Ortiz
Aldarondo & Lopez Bras
ALB Plaza #16 Carr.199, Ste 400
Guaynabo - Puerto Rico 00969

Eboney Cobb
Perdue Brandon Fielder Collins & Mott LL
500 E Border St Ste 640
Arlington, TX 76010

Cynthia M Cohen
Glaser Weil Fink Howard Avchen & Shapiro
333 S Hope St, Ste. 2610
Los Angeles, CA 90071

Juan Cornejo
The McClatchy Company
Legal Department, 2nd Fl
2100 Q St
Sacramento, CA 95816

Cheryl A Cramer
720 W 1100 S
Woods Cross, UT 84047-1510

DCP Linens Lender, LLC
c/o Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166

Decron Properties Corp.
c/o Levinson Arshonsky & Kurtz
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Eldia M Diaz-Olmo
PO Box 363952
SAN JUAN, PR 00936-3952

Kristen L Drake
4438 Ironwood Dr
St George, UT 84790

Eisneramper LLP
One Market, Landmark, Ste 620
San Francisco, CA 94105

Elitte Business Ventures Inc
13700 Stowe Dr
Poway, CA 92064

Elrod Electrical Service, Inc
4237 Wayne Rd
Greensboro, NC 27407

Epiq Bankruptcy Solutions, LLC
Attn: Pamela Corrie
757 Third Avenue Third Floor
New York, NY 10017

Estrella LLC
150 Calle Tetuan
San Juan, PR 00901

Jonathan J Faria
Kirkland & Ellis LLP
333 S Hope St
Los Angeles, CA 90071

Barbara Feder
5336 Jog Ln
Delray Beach, FL 33484

Donald T Fife
Hahn Fife & Company LLP
790 E Colorado Blvd 9th Fl
Pasadena, CA 91101

Christina Flores
Flores, Flores, Canales & Chu, PLLC
5517 McPherson, Ste 14
Laredo, TX 78041

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Todd R Gabriel
Law Offices of Todd R Gabriel
3525 Del Mar Heights Rd Ste 240
San Diego, CA 92130-2122

Scott Gladstone
PO Box 516
Corona del Mar, CA 92625

Michael Goldman
33771 N Summerfields Dr
Gurnee, IL 60031

Hahn Fife & Company
790 E Colorado Blvd 9th Fl
Pasadena, CA 91101

Hilco IP Services LLC
980 Washington St Ste 330
Dedham, MA 02026

Matthew L Hinker
Greenberg Traurig, LLP
MetLife Building
200 Park Ave
New York, NY 10166

IBM Credit LLC
North Castle Dr
c/o Paul Wearing Special Handling Group
Armonk, NY 10504

International Business Machines Credit LLC (ICC)
IBM Corporation
275 Viger East
Montreal, Quebec H2X 3R7

Richard I Janvey
Diamond and McCarthy LLP
489 Fifth Ave 21st Fl
New York, NY 10017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**

Pachulski Stang Ziehl, et al.
10100 Santa Monica Blvd., 13th Fl
Los Angeles, CA 90067

Mette H Kurth
1800 Century Park East, Ste 300
Los Angeles, CA 90067

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067

John E Lucian
Blank Rome LLP
One Logan Sq 130 N 18th St
Philadelphia, PA 19103

Nancy A Mitchell
Greenberg Traurig, LLP
MetLife Building
200 Park Ave
New York, NY 10166

Eric Alan Mitnick
21515 Hawthorne Bl #1080
Torrance, CA 90503

Estelle Montero
c/o Allen Barnes & Jones
Philip Giles
1850 N. Central Avenue
Suite 1150
Phoenix, az 85004

Wanda Pattison
2825 Ivy Pl
Chalmette, LA 70043

Jack A Raisner
Outten & Golden LLP
685 Third Ave, 25th Fl
New York, NY 10017

Retail Consulting Services, Inc.
460 West 34Th Street, 4th Floor
New York, NY 10001

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Rene S Roupinian
Outten & Golden LLP
685 Third Ave, 25th Fl
New York, NY 10017
Shulman Hodges & Bastian
100 Spectrum Center Dr Ste 600
Irvine, CA 92618

Simon Property Group, Inc.
Attn: Ronald M. Tucker, Esq.
225 W. Washington Street
Indianapolis, IN 46204

Lindsey L Smith
Levene Neale Bender, Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067

Joshua A Sussberg
Kirkland & Ellis LLP
601 Lexington Ave
New York, NY 10022

Yael Tobi
CKR Law LLP
1800 Century Park East 14th Fl
Los Angeles, CA 90067

Trucker Huss APC
One Embarcadero Center
12 Fl
San Francisco, CA 94111-3628

Amy M Williams
Williams Legal Advisory Group, LLC
169 Ramapo Valley Rd, Ste 106
Oakland, NJ 07436

Jeffrey M Wolf
Greenberg Traurig LLP
One International Pl
Boston, MA 02110

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                        **F 9013-3.1.PROOF.SERVICE**

**Served by Overnight Mail**

Honorable Theodor C. Albert
United States Bankruptcy Court
411 West Fourth Street, Courtroom 5B
Santa Ana, CA  92701-4593

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE