Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
Brian R.M. Nelson (State Bar No. 279620)
brian@ringstadlaw.com
RINGSTAD & SANDERS LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
Telephone: 949-851-7450
Facsimile: 949-851-6926

General Bankruptcy Counsel for Karen Sue Naylor, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>ANNA'S LINENS, INC.,<br><br>Debtor | Case No. 8:15-bk-13008 TA<br><br>Chapter 7 Proceeding<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN THE CHAPTER 7 TRUSTEE AND THE CLAIMS ADMINISTRATOR FOR THE HALLIBURTON/TRANSOCEAN PUNITIVE DAMAGES & ASSIGNED CLAIMS SETTLEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAREN SUE NAYLOR**<br><br>[No Hearing Required Unless Requested – Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Karen Sue Naylor, the duly-appointed and acting chapter 7 trustee (the "Trustee") for the above-referenced bankruptcy estate (the "Estate") of Anna's Linens, Inc. (the "Debtor"), will, and hereby does, move the Court for an order approving the compromise between the Trustee, on the one hand, and the claims administrator for the Halliburton/Transocean Punitive Damages & Assigned Claims Settlements (the "Second Settlement Program"), on the other hand, relating to claims asserted by the Estate against the

Ringstad & Sanders L.L.P. 4343 Von Karman Avenue, Suite 300 Newport Beach, CA 92660 949.851.7450

Second Settlement Program. The proposed settlement is embodied in the Bankruptcy Trustee Claim Final Confirmation Notice dated March 9, 2019 (the "Settlement Notice"), which indicates a proposed distribution to the Estate in the amount of $6,279.31 (the "Settlement Amount").

This Motion is made pursuant to Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure and is made on the ground that the proposed settlement is in the best interests of the Estate and its creditors.

This Motion is based upon the attached Memorandum of Points and Authorities, the Declarations of Karen Sue Naylor (the "Naylor Declaration") and exhibits attached thereto, all pleadings, papers, and records on file with the Court in this proceeding, and such other evidence, oral or documentary, as may be presented to and considered by the Court, in connection with this Motion and any hearing hereon.

**IF YOU DO NOT OPPOSE THIS MOTION,** you need take no further action.

**IF YOU WISH TO OPPOSE THIS MOTION,** Local Bankruptcy Rule 9013-1(f)(1), requires you to file and serve a written Response and Request for Hearing within fourteen (14) days from the date of service of this Notice. You must serve a copy of your Response and Request for a Hearing upon the Trustee's general insolvency counsel, Nanette D. Sanders, at Ringstad & Sanders LLP, located at 4343 Von Karman Avenue, Suite 300, Newport Beach, California 92660, and upon the Office of the United States Trustee, located at 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701. Any Response and Request for Hearing must also be timely filed (with a duplicate copy) with the Clerk of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, CA 92701. Pursuant to Local Bankruptcy Rule 9013-1(f)(2), any opposition or other response to the Motion must contain "a complete written statement of all reasons in opposition thereto or in support, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities." Failure to timely file and serve such a Response and Request for Hearing may result in the Court granting the Motion without any hearing. **SEE LOCAL BANKRUPTCY RULE 9013-1.**

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

1. Approving the proposed settlement between the Trustee and the Second Settlement Program, as embodied in the Bankruptcy Trustee Claim Final Confirmation Notice attached hereto as Exhibit "1";

2. Directing the Second Settlement Program to pay the Settlement Amount to the Trustee on behalf of the Estate;

3. Authorizing the Trustee to take all actions and to execute all documents necessary to effectuate the compromise and its terms; and,

4. Granting such other and further relief as the Court deems just and proper.

Dated: April 15, 2019

Respectfully Submitted,

RINGSTAD & SANDERS LLP

By: *_/s/ Nanette D. Sanders_*
Nanette D. Sanders
General Bankruptcy Counsel for Karen Sue Naylor, Chapter 7 Trustee

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

On June 14, 2015 (the "Petition Date"), Anna's Linens, Inc. (the "Debtor") filed for relief under chapter 11 of the Bankruptcy Code.[1] On March 2, 2016, the Debtor filed a motion to convert the case to chapter 7. *See* Dkt. 1379. The Court granted the Debtor's motion to convert the case on March 30, 2016. *See* Dkt. 1455. Thereafter, Karen Sue Naylor (the "Trustee") was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate (the "Estate"). *See* Dkt. 1458.

By virtue of her appointment, the Trustee is charged with the responsibility of collecting Estate assets, including all claims asserted against third parties, as identified by the Debtor as of the Petition Date, the date of conversion, or as discovered by the Trustee through investigation.

Although not referenced in the Debtor's Final Report and Account Pursuant to Local Bankruptcy Rule 2015-2 [Dkt. 1506] as an asset of the Estate, the Debtor identified to the Trustee through the 341(a) process claims asserted in connection with the "Deepwater Horizon" oil spill. These claims were identified with an "unknown" value, although the Debtor's former employees did provide the Trustee with their opinions of the potential range of values of the claims. The Debtor's former employees also introduced the Trustee to WPI Recovery Professionals LLC ("WPI") so that she could continue the Debtor's efforts to enforce the claims arising from the spill.

On October 13, 2017, the Trustee filed an omnibus motion for approval of several settlements between the Estate and the Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Program (the "First Settlement Program"), by which the Trustee sought approval of settlements of certain of the Estate's claims arising from the spill and payment to WPI for its assistance in securing such settlements. *See* Dkt. 2006. The Court granted the motion on April 25, 2018. *See* Dkt. 2166. As a result, the Estate received settlement payments from the First Settlement Program.

[1] Unless otherwise specified, all statutory references are to the "Bankruptcy Code," 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Thereafter, the Trustee continued her efforts to resolve other claims arising from the spill. In connection with the litigation arising from the spill, two settlements totaling $1,239,750,00 (the "Punitive Damages Settlement") were reached with Halliburton Energy Services, Inc. and Halliburton Company and Triton Asset Leasing GmbH, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Transocean Holdings LLC. The settlements do not pay for any economic loss or personal injury claims. The settlements cover claims that could have been asserted for punitive damages, as well as certain assigned claims from the 2012 BP Deepwater Horizon Economic & Property Damages Settlement. The Estate was given notice of the Punitive Damages Settlement, as well as the Estate's claim to such funds. *See* Ex. 1.

The Trustee has received the Bankruptcy Trustee Claim Final Confirmation Notice dated March 19, 2019 (the "Settlement Notice") from the Halliburton/Transocean Punitive Damages & Assigned Claims Settlements (the "Second Settlement Program"). *See* Ex. 1. The Settlement Notice provides that the Estate's claim to the Punitive Damages Settlements totals $6,279.31 (the "Settlement Amount"). *Id*. The Trustee must respond to the Settlement Notice by April 18, 2019. *Id*. The Trustee has timely responded and now has 60 days from the date of the Settlement Notice to provide the Second Settlement Program with an order directing payment of the Settlement Amount. By this Motion, the Trustee seeks an order directing payment of the Settlement Amount to the Trustee, on behalf of Estate.

**II.**

**LEGAL AUTHORITY AND ARGUMENT**

Rule 9019 provides, "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1 (1968) ("In administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts").

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

For a compromise to be approved, the proposed compromise must be fair and equitable. *See TMT Trailer*, 390 U.S. at 424. "Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." *Id.* at 424-25.

According to the Ninth Circuit, a court must consider the following criteria to determine whether a settlement agreement is fair and equitable:

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *quoting Lambert v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128, 1135 (8th Cir. 1984).

The court does not need to conduct an extensive investigation into the merits of the claims that the parties seek to settle. *See In re Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982). It need only determine that the outcome of litigating the claims is open to reasonable doubt. *Id.* A bankruptcy court should approve a compromise, despite any objections, if it is in the best interests of the estate and creditors. *See In re A&C Prop.*, 784 F.2d at 1382.

Here, the proposed settlement is fair and equitable and in the best interests of the Debtor's estate and its creditors. The Trustee is informed and believes that the Settlement Amount to be paid through the Second Settlement Program is consistent with the protocols established by the District Court in New Orleans overseeing the multi-jurisdictional litigation relating to the Deepwater Horizon oil spill. Accordingly, the Trustee believes that the Settlement Amount is a fair and reasonable compromise of disputed matters, and that the proposed settlement is in the best interest of the Estate and its creditors.

Applying the above-described *A&C Properties* factors to the Settlements, the Trustee notes as follows:

1. <u>The Probability of Success in the Litigation</u>. As discussed above, the amount of the Estate's claim has been validated by the administrators of the First Settlement Program and the Second Settlement Program. The Trustee is informed and believes that the deadline for any claimant to opt out of the First Settlement Program and sue any defendant independently was

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

October 1, 2012, and further that the Debtor did not so elect out. As such, the Trustee did not have the ability to commence litigation as an alternative either the First Settlement Program or the Second Settlement Program. After participation in the First Settlement Program, which was approved by an order of this Court, the Estate is entitled to participate in the Second Settlement Program in order to satisfy the Estate's punitive damages claims. To the best of the Trustee's knowledge and understanding, there is currently no other way for the Estate to pursue its claims for punitive damages arising out of the Deepwater Horizon spill. Based on the foregoing, the Trustee submits that this factor weighs heavily in support of the Court approving the settlement.

2. The Difficulties, if any, to be Encountered in the Matter of Collection. As described above, the Estate has submitted and received payment on claims to the administrator of the First Settlement Program in lieu of opting out of the class action settlement. As a result, the Estate is now entitled to participate in the Second Settlement Program. In light of these facts, the Trustee submits that proceeding with the proposed settlement provides considerable certainty that the Estate will actually collect any amounts on account of the claims and as such this factor supports her request for approval of the proposed settlement.

3. The Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Necessarily Attending It. As discussed hereinabove, based upon her communications with WPI, the Trustee is informed and believes that direct litigation against potential defendants was not an option given that the Debtor did not exercise its option to "opt out" of the First Settlement Program prior to the October 1, 2012 deadline, and given that the Estate thereafter participated in the First Settlement Program. Because the Estate participated in the First Settlement Program, the Estate now has the right to participate in the Second Settlement Program. The Trustee understands that both settlement programs were established as an integral component of several class action settlements approved by the District Court in New Orleans presiding over the Deepwater Horizon litigation. As is often the case with class action litigation, class settlements are designed to incentivize claimants to avail themselves of the claims administration process and participate in the class settlement. Here, the Debtor elected pre-petition to participate in the First

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

Settlement Program. Based on the forgoing, this factor argues strongly in favor of Court approval of the Settlements.

4. The Paramount Interest of the Creditors and a Proper Deference to Their Reasonable Views in the Premises.

As set forth above and in the attached Declaration of Karen Sue Naylor, the Trustee believes that the settlement is in the best interest of creditors because it eliminates all additional costs, risks, and delays associated with further pursuing the Estate's claims asserted consistent with the terms of both settlement programs, and also eliminates all costs, risks, and delays that would be associated with any appeal(s) taken by the Estate as to the value of the Estate's claims as determined by the administrators of the settlement programs.

In light of all of the foregoing facts and circumstances, the Trustee does not believe that she would obtain a significantly more favorable net result for the bankruptcy Estate and its creditors through appeal of the determinations of the value of the Estate's claims. Consequently, the Trustee believes that the paramount interests of creditors weigh in favor of the settlement and Court approval thereof. Accordingly, the Trustee submits that approval of the settlement is in the best interest of creditors and the Estate.

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

## III.

## CONCLUSION

Given the above, the Trustee submits that the settlement is fair and equitable, in the best interests of the Estate and its creditors, and should be approved. Based on the foregoing, the Trustee respectfully requests that the Court enter an Order:

1. Approving the proposed settlement between the Trustee and the Second Settlement Program, as embodied in the Bankruptcy Trustee Claim Final Confirmation Notice attached hereto as Exhibit "1";

2. Directing the Second Settlement Program to direct the Settlement Amount to the Trustee, on behalf of the Estate;

3. Authorizing the Trustee to take all actions and to execute all documents necessary to effectuate the compromise and its terms; and,

4. Granting such other and further relief as the Court deems just and proper.

Dated: April 15, 2019

Respectfully Submitted,

RINGSTAD & SANDERS LLP

By: */s/ Nanette D. Sanders*
Nanette D. Sanders
General Bankruptcy Counsel for Karen Sue Naylor, Chapter 7 Trustee

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

**DECLARATION OF KAREN SUE NAYLOR**

I, Karen Sue Naylor, declare as follows:

1. I am an adult over the age of eighteen years. I am the duly-appointed and acting chapter 7 Trustee for the bankruptcy estate (the "Estate") of Anna's Linens, Inc (the "Debtor"). The matters set forth herein are of my own personal knowledge, information and belief based on information provided to me and, if called upon to do so, I could and would competently testify thereto. This declaration is submitted in support of the Notice of Motion and Motion for Order Approving Compromise of Controversy between the Chapter 7 Trustee and the Claims Administrator for the Halliburton/Transocean Punitive Damages & Assigned Claims Settlements (the "Motion").

2. I am informed and believe that the Debtor filed for relief under chapter 11 of the Bankruptcy Code on June 14, 2015. The Debtor filed a motion to convert the case to chapter 7. The Court granted the Debtor's motion to convert the case on March 30, 2016. Thereafter, I was appointed as the chapter 7 trustee for the Estate.

3. By virtue of my appointment, I am charged with the responsibility of collecting Estate assets, including all claims asserted against third parties, as identified by the Debtor as of the Petition Date, the date of conversion, or as discovered by me through investigation.

4. Although not referenced in the Debtor's Final Report and Account Pursuant to Local Bankruptcy Rule 2015-2 as an asset of the Estate, the Debtor identified to me through the 341(a) process claims asserted in connection with the "Deepwater Horizon" oil spill. These claims were identified with an "unknown" value, although the Debtor's former employees did provide me with their opinions of the potential range of values of the claims. The Debtor's former employees also introduced me to WPI Recovery Professionals LLC ("WPI") so that I could continue the Debtor's efforts to enforce the claims arising from the spill.

5. On October 13, 2017, I filed an omnibus motion for approval of several settlements between the Estate and the Claims Administrator for the Deepwater Horizon Economic and Property Damages Settlement Program (the "First Settlement Program"), by which I sought approval of settlements of certain of the Estate's claims arising from the spill and

payment to WPI for its assistance in securing such settlements. The Court granted the motion on April 25, 2018. As a result, the Estate received settlement payments from the First Settlement Program.

6. Thereafter, I continued my efforts to resolve other claims arising from the spill. I am informed and believe that, in connection with the litigation arising from the spill, two settlements totaling $1,239,750,00 (the "Punitive Damages Settlement") were reached with Halliburton Energy Services, Inc. and Halliburton Company and Triton Asset Leasing GmbH, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Transocean Holdings LLC. The settlements do not pay for any economic loss or personal injury claims. The settlements cover claims that could have been asserted for punitive damages, as well as certain assigned claims from the 2012 BP Deepwater Horizon Economic & Property Damages Settlement. the "Long Form Notice" of the Punitive Damages Settlement that can be found on http://www.gulfspillpunitivedamagessettlement.com/.

7. The Estate was given notice of the Punitive Damages Settlement, as well as the Estate's claim to such funds. A true and correct copy of the Bankruptcy Trustee Claim Final Confirmation Notice dated March 19, 2019 (the "Settlement Notice") that I received on March 25, 2019 from the Halliburton/Transocean Punitive Damages & Assigned Claims Settlements (the "Second Settlement Program") is attached hereto as Exhibit "1". The Settlement Notice provides that the Estate's claim to the Punitive Damages Settlements totals $6,279.31 (the "Settlement Amount"). The Estate must respond to the Settlement Notice by April 18, 2019. I responded on behalf of the Estate on April 4, 2019. The Estate has 60 days from the date of the Settlement Notice to provide the Second Settlement Program with an order directing payment of the Settlement Amount. By the Motion, I am seeking an order directing payment of the Settlement Amount to me, on behalf of the Estate.

8. As discussed above, the amount of the Estate's claim has been validated by the administrators of the First Settlement Program and the Second Settlement Program. I am informed and believe that the deadline for any claimant to opt out of the First Settlement Program and sue any defendant independently was October 1, 2012, and further that the Debtor did not so

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

elect out. As such, the Estate did not have the ability to commence litigation as an alternative either the First Settlement Program or the Second Settlement Program. After participation in the First Settlement Program, which was approved by an order of this Court, the Estate is entitled to participate in the Second Settlement Program in order to satisfy the Estate's punitive damages claims. To the best of my knowledge and understanding, there is currently no other way for the Estate to pursue its claims for punitive damages arising out of the Deepwater Horizon spill.

9. As described above, the Estate has submitted and received payment on claims to the administrator of the First Settlement Program in lieu of opting out of the class action settlement. As a result, the Estate is now entitled to participate in the Second Settlement Program. In light of these facts, I believe that proceeding with the proposed settlement provides considerable certainty that the Estate will actually collect any amounts on account of the claims.

10. It is my understanding and belief that both settlement programs were established as an integral component of several class action settlements approved by the District Court in New Orleans presiding over the Deepwater Horizon litigation. As is often the case with class action litigation, class settlements are designed to incentivize claimants to avail themselves of the claims administration process and participate in the class settlement. Here, the Debtor elected pre-petition to participate in the First Settlement Program.

11. I believe the proposed settlement is fair and equitable and in the best interests of the Debtor's estate and its creditors. I am informed and believe that the Settlement Amount to be paid through the Second Settlement Program is consistent with the protocols established by the District Court in New Orleans overseeing the multi-jurisdictional litigation relating to the Deepwater Horizon oil spill. Accordingly, I believe that the Settlement Amount is a fair and reasonable compromise of disputed matters, and that the proposed settlement is in the best interest of the Estate and its creditors. The settlement eliminates all additional costs, risks, and delays associated with further pursuing the Estate's claims asserted consistent with the terms of both settlement programs, and also eliminates all costs, risks, and delays that would be associated with any appeal(s) taken by the Estate as to the value of the Estate's claims as determined by the administrators of the settlement programs.

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 13th day of April, 2019, at Newport Beach, California.

/s/ Karen Sue Naylor, Trustee

Karen Sue Naylor,
Chapter 7 Trustee, Anna's Linens, Inc.

Ringstad & Sanders L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

re: Annas

HESI/Transocean Punitive Damages &
Assigned Claims Settlements
c/o GCG
PO Box 10459
Dublin, OH 43017-4059

HS20216786368



KAREN S. NAYLOR
P.O. BOX 504
SANTA ANA, CA 92702 -0504

RECEIVED
MAR 2 5 2019
BY: ......................

# BANRUPTCY TRUSTEE CLAIM FINAL CONFIRMATION NOTICE

**DATE OF NOTICE: MARCH 19, 2019**

**POSTMARK DEADLINE TO SUBMIT RESPONSE: APRIL 18, 2019**

## I. CLAIMANT AND CLAIM INFORMATION

| | |
|---|---|
| **Name:** | Anna's Linens, Inc. |
| **Halliburton/Transocean Punitive Damages & Assigned Claims Settlements Claimant Number:** | 100284698 |
| **Bankruptcy Court Case No.:** | 8:15-bk-13008 |

## II. EXPLANATION

This is an official Notice from the HESI/Transocean Claims Administrator regarding the Claimant noted above.

Pursuant to the Court Approved Procedure 4 ("CAP 4") regarding the confirmation and release of payment holds for debtor claimants approved by the Court on March 6, 2019, which is available for review on the website www.GulfSpillPunitiveDamagesSettlement.com, the HESI/Transocean Claims Administrator is providing a final confirmation notice inclusive of the calculated award for the Assigned Claims Settlement at this time.

A prior notice was sent via email requesting confirmation as to whether the bankruptcy estate would be disclaiming proceeds for listed parties or if the trustee would be pursing an order to direct distribution to the estate, but either (a) a response was not received, or (b) the trustee opted to pursue an order, but the values available at that time were not exact. Pursuant to CAP 4 this final notice is being sent at this time, inclusive of the final value of the Assigned Claims distribution amount calculated for the claimant noted above.

The attached Bankruptcy Trustee Response form should be returned to the Settlements Program pursuant to the instructions in Section IV below. Failure to do so by the response deadline will result in release of the bankruptcy hold and the funds paid to the claimant or his/her/its attorney, as appropriate.

If opting to request an order directing payment by selecting the "Hold for Order" option and returning the Bankruptcy Trustee Response form by the deadline indicated, the Trustee is agreeing to provide an order directing payment.

Trustees will have a total of 60 days from the date of this Notice indicated above to provide the order directing payment on an open bankruptcy case or the bankruptcy hold will be released and the funds paid to the claimant or his/her/its attorney, as appropriate. For a closed case the Trustee will have 90 days from the date of this Notice. These are received-by deadlines, so please email the order if you are submitting it at or near the deadline.

## III. HOW TO CONTACT US WITH QUESTIONS

If you have questions about this Notice or need help understanding what the Claims Administrator needs in order to complete processing your request(s), please email us at Questions@GulfSpillPunitiveDamagesSettlement.com. If you wish to discuss your questions, we can facilitate a callback, so please indicate that in your email and provide the best phone number, days and times for a call.

## IV. HOW TO RESPOND TO THIS NOTICE

**ALL RESPONSES** must include the attached Bankruptcy Trustee Response form and any supporting documentation or court orders should include the Claimant ID above or the Claimant's taxpayer identification number on every page. This will ensure your response is immediately added to the claim file and reduce processing time.

Submit your Bankruptcy Trustee Response, along with any accompanying documents:

By Email: Questions@GulfSpillPunitiveDamagesSettlement.com

By US Mail: HESI/Transocean Punitive Damages & Assigned Claims Settlements
c/o Garden City Group, LLC
PO Box 10260
Dublin, OH 43017-5760

By Courier Service: HESI/Transocean Punitive Damages & Assigned Claims Settlements
c/o Garden City Group, LLC
5151 Blazer Parkway, Ste A
Dublin, OH 43017-5760

HESI/Transocean Punitive Damages & Assigned Claims Settlements

# BANKRUPTCY TRUSTEE RESPONSE

**DATE OF NOTICE: MARCH 19, 2019**

**POSTMARK DEADLINE TO SUBMIT RESPONSE: APRIL 18, 2019**

## I. CLAIMANT AND CLAIM INFORMATION

| | |
|---|---|
| **Name:** | Anna's Linens, Inc. |
| **Halliburton/Transocean Punitive Damages & Assigned Claims Settlements Claimant Number:** | 100284698 |
| **Bankruptcy Court Case No.:** | 8:15-bk-13008 |

## II. TRUSTEE ELECTION

Responses to this Notice must be received by the deadline above.

However, if "Hold for Order" is selected, Trustee has 60 days from the date of this Notice indicated above to provide the court order directing payment to the Settlements Program on an open case and 90 days from the date of this Notice for a closed case. This is a received-by deadline.

Trustee hereby elects the following; select either (a) Disclaim or (b) one of the Hold for Order options after reviewing the Distribution Amount indicated below:

| Claim ID | Distribution Amount | Disclaim | Hold for Order |
|---|---|---|---|
| 311101, 367787, 367797, 367811 | $6279.31 | ☐ | ☐ Open Case<br>☐ Closed Case |

Main Document Page 18 of 23

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4343 Von Karman Avenue, Suite 300, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN THE CHAPTER 7 TRUSTEE AND THE CLAIMS ADMINISTRATOR FOR THE HALLIBURTON/TRANSOCEAN PUNITIVE DAMAGES & ASSIGNED CLAIMS SETTLEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAREN SUE NAYLOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 15, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that he following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED ELECTRONIC MAIL NOTICE LIST**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 15, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 15, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery**: Honorable Theodor C. Albert, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth St., Suite 5085/Bin beside 5th Floor Elevators, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 15, 2019 | Arlene Martin | /s/ Arlene Martin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 19 of 23

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Todd M Arnold** tma@lnbyb.com
- **Wesley H Avery** wes@averytrustee.com, lucy@averytrustee.com;alexandria@averytrustee.com
- **James C Bastian** jbastian@shbllp.com
- **Cristina E Bautista** , ecf.lax.docket@kattenlaw.com
- **Alan Betten** abetten@sagallaw.com
- **Karen C Bifferato** kbifferato@connollygallagher.com, kbifferato@connollygallagher.com
- **Mikel R Bistrow** mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- **Wanda Borges** ecfcases@borgeslawllc.com
- **Dustin P Branch** branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- **Peter M Bransten** pbransten@glaserweil.com, dsanchez@glaserweil.com
- **Jerrold L Bregman** ecf@bg.law, jbregman@bg.law
- **Jess R Bressi** jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Robert Brier** bbrier@bihlaw.com, smann@bihlaw.com
- **Mark Bringardner** Mark@stolllaw.com
- **Heather D Brown** heather@hdbrownlaw.com
- **David L Bruck** bankruptcy@greenbaumlaw.com, cdeluca@greenbaumlaw.com
- **Larry Butler** notices@becket-lee.com
- **Frank Cadigan** frank.cadigan@usdoj.gov
- **Gary O Caris** gcaris@btlaw.com
- **Stephanie Chau** schau@carltonfields.com
- **Sara Chenetz** schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com
- **Shirley Cho** scho@pszjlaw.com
- **Shawn M Christianson** cmcintire@buchalter.com, schristianson@buchalter.com
- **Ronald Clifford** rclifford@blakeleyllp.com, ecf@blakeleyllp.com;seb@blakeleyllp.com;info@ecf.inforuptcy.com
- **Cynthia M Cohen** cynthiacohen@saminicohen.com
- **Leslie A Cohen** leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;odalys@lesliecohenlaw.com
- **Lee A Collins** LCOLLINS@BOYARMILLER.COM
- **Sean B Cooney** scooney@shb.com, scooney@shb.com
- **Joseph Corrigan** Bankruptcy2@ironmountain.com
- **Randy J Creswell** rcreswell@perkinsthompson.com, lmccleer@perkinsthompson.com
- **Jeffry A Davis** jdavis@mintz.com, docketing@mintz.com
- **Joseph P Davis** davisjo@gtlaw.com, wangm@gtlaw.com;laik@gtlaw.com
- **Michael W Davis** mdavis@bg.law, ecf@bg.law
- **Richard F DeLossa** rdelossa@kelleydrye.com, wtaylor@kelleydrye.com
- **Denise Diaz** Denise.Diaz@rmsna.com
- **Eldia M Diaz-Olmo** diazolmo@villamil.net, eldia.diazolmo@gmail.com
- **John P Dillman** houston_bankruptcy@publicans.com
- **Caroline Djang** caroline.djang@bbklaw.com, julie.urquhart@bbklaw.com;sansanee.wells@bbklaw.com;paul.nordlund@bbklaw.com
- **Keith S Dobbins** keith@kdobbinslaw.com
- **Jonathan R Doolittle** jdoolittle@reedsmith.com, renee-pelusi-2054@ecf.pacerpro.com;rpelusi@reedsmith.com;ashively@reedsmith.com;dkelley@reedsmith.com;bobmiller@kilmerlaw.com;cbroock@kilmerlaw.com;llhommedieu@kilmerlaw.com;bgonshorowski@reedsmith.com
- **Glen Dresser** gombd@aol.com
- **Reid E Dyer** reiddyer@mvalaw.com, davidwheeler@mvalaw.com
- **Lei Lei Wang Ekvall** lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Gary B Elmer** gelmer@ciardilaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 **F 9013-3.1.PROOF.SERVICE**

- **Amanda N Ferns** aferns@fernslaw.com, mmakalintal@fernslaw.com
- **M Douglas Flahaut** flahaut.douglas@arentfox.com
- **Margaret G Foley** mgfoley05@gmail.com
- **Joseph D Frank** jfrank@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com
- **Roger F Friedman** rfriedman@rutan.com
- **John-Patrick M Fritz** jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Thomas M Gaa** tgaa@bbslaw.com
- **Lauren N Gans** lgans@shensonlawgroup.com
- **Sidney Garabato** sgarabato@epiqsystems.com, rjacobs@ecf.epiqsystems.com
- **Jeffrey K Garfinkle** jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- **John S Garner** , semerson@frfirm.com
- **Richard Girgado** rgirgado@counsel.lacounty.gov
- **Barry S Glaser** bglaser@swesq.com, erhee@swesq.com
- **Ronald E Gold** rgold@fbtlaw.com, joguinn@fbtlaw.com
- **Stanley E Goldich** sgoldich@pszjlaw.com
- **David B Golubchik** dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- **David M Goodrich** dgoodrich@wgllp.com, vrosales@wgllp.com;kadele@wgllp.com
- **Leon B Gordon** bankruptcy@mvbalaw.com;jwilliams@mvbalaw.com;alocklin@mvbalaw.com;tleday@ecf.courtdrive.com;kmorriss@mvbalaw.com
- **William A Gray** bgray@sandsanderson.com, rarrington@sandsanderson.com
- **Irving M Gross** img@lnbyb.com, john@lnbyb.com
- **Steven T Gubner** sgubner@bg.law, ecf@bg.law
- **Ralph P Guenther** rguenther@montereylaw.com
- **Mirco J Haag** mhaag@buchalter.com, dcyrankowski@buchalter.com;docket@buchalter.com
- **Mina Hakakian** mhakakian@lwmpartners.com
- **Michael J Hauser** michael.hauser@usdoj.gov
- **James H Henderson** henderson@title11.com, ginny@title11.com
- **William H Heslup** william.heslup@illinois.gov
- **Matthew C. Heyn** Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Mark S Horoupian** mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;ppenn@ecf.inforuptcy.com
- **Brian D Huben** hubenb@ballardspahr.com, carolod@ballardspahr.com
- **Joan Huh** joan.huh@cdtfa.ca.gov
- **James KT Hunter** jhunter@pszjlaw.com
- **Joseph R Ignatuk** rignatuk@shbllp.com, lverstegen@shbllp.com
- **William E Ireland** wireland@hbblaw.com, cdraper@hbblaw.com
- **Ronald N Ito** Ronald.Ito@doj.ca.gov, Valerie.Thompson@doj.ca.gov
- **Nina Z Javan** nina@wsrlaw.net, brian@wsrlaw.net
- **Kenneth E Johnson** kjohnson@tocounsel.com, jortiz@tocounsel.com
- **Jeanne M Jorgensen** jjorgensen@pj-law.com, cpage@pj-law.com
- **Eve H Karasik** ehk@lnbyb.com
- **Ori Katz** okatz@sheppardmullin.com, cshulman@sheppardmullin.com;ezisholtz@sheppardmullin.com
- **Doah Kim** doah.kim@whitecase.com
- **Simon Kimmelman** skimmelman@sillscummis.com
- **Stuart I Koenig** Skoenig@leechtishman.com, sfrey@leechtishman.com;jabrams@leechtishman.com
- **Michael S Kogan** mkogan@koganlawfirm.com
- **Jason B Komorsky** ecf@bg.law, jkomorsky@bg.law
- **Matthew Kramer** mkramer@wwhgd.com, iperez@wwhgd.com
- **Jeffrey C Krause** jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Mette H Kurth** mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- **Jeffrey S Kwong** jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- **David Brian Lally** davidlallylaw@gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 **F 9013-3.1.PROOF.SERVICE**

- **Ian Landsberg** ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- **William J Levant** wlevant@kaplaw.com, wlevant@gmail.com
- **Lori A Lewis** lewisl004@mail.maricopa.gov
- **Gail C Lin** GL@outtengolden.com, JXH@outtengolden.com;kdeleon@outtengolden.com;JAR@outtengolden.com;RSR@outtengolden.com;rfisher@outtengolden.com;rima-8863@ecf.pacerpro.com;jquinonez@outtengolden.com;bkouroupas@outtengolden.com
- **James V Lombardi** jlombardi@rossbanks.com, kjohnson@rossbanks.com;cnivens@rossbanks.com
- **Melissa Davis Lowe** mlowe@shbllp.com, ncarlson@shbllp.com
- **David J Mahoney** efilings@spallp.com
- **Kathleen P March** kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
- **Robert S Marticello** Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **David A Mawhinney** david.mawhinney@klgates.com
- **Gordon G May** hpc@ggb-law.com
- **Thor D McLaughlin** tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- **David W. Meadows** david@davidwmeadowslaw.com
- **Joel S. Miliband** jmiliband@brownrudnick.com
- **Christopher Minier** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Eric A Mitnick** MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Klaus P Muthig** muthigk@mcao.maricopa.gov, geiserr@mcao.maricopa.gov
- **Sean N Nagel** , ldc@dr-slo.com
- **Karen S. Naylor** knaylor@burd-naylor.com, Karen@ringstadlaw.com;jaimee@ringstadlaw.com
- **Karen S. Naylor** Becky@ringstadlaw.com, Karen@ringstadlaw.com;jaimee@ringstadlaw.com
- **Karen S Naylor (TR)** alane@ringstadlaw.com, knaylor@IQ7technology.com
- **Brian R Nelson** becky@ringstadlaw.com, brian@ringstadlaw.com;arlene@ringstadlaw.com
- **Mark A Neubauer** mneubauer@carltonfields.com, mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;schau@carltonfields.com;NDunn@carltonfields.com;ecfla@carltonfields.com
- **Mike D Neue** mneue@dynamic-law.com, mwjaraki@me.com
- **Kevin M Newman** knewman@barclaydamon.com, kmnbk@barclaydamon.com
- **Victor W Newmark** bankruptcy@evict.net
- **William Novotny** william.novotny@mwmf.com
- **Abigail V O'Brient** avobrient@mintz.com, docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com;GJLeon@mintz.com
- **Juliet Y Oh** jyo@lnbrb.com, jyo@lnbrb.com
- **Keith C Owens** kowens@venable.com, khoang@venable.com
- **Ernie Zachary Park** ernie.park@bewleylaw.com
- **Paul J Pascuzzi** ppascuzzi@ffwplaw.com, lnlasley@ffwplaw.com
- **Kristen N Pate** ggpbk@ggp.com
- **Christopher J Petersen** cjpetersen@blankrome.com, gsolis@blankrome.com
- **David M Poitras** dpoitras@wedgewood-inc.com, dpoitras@jmbm.com;dmarcus@wedgewood-inc.com;aguisinger@wedgewood-inc.com
- **David L Pollack** pollack@ballardspahr.com, petlaka@ballardspahr.com
- **Jeffrey N Pomerantz** jpomerantz@pszjlaw.com
- **Kelly L Pope** kpope@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- **David L Prince** dlp@redchamber.com
- **Jennifer Pruski** jpruski@trainorfairbrook.com
- **Brett Ramsaur** brett@ramsaurlaw.com, martha.araki@gmail.com;info@ramsaurlaw.com
- **Todd C. Ringstad** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Steven B Sacks** , jnakaso@sheppardmullin.com
- **Steven B Sacks** ssacks@sheppardmullin.com, jnakaso@sheppardmullin.com
- **Diane W Sanders** austin.bankruptcy@publicans.com
- **Nanette D Sanders** becky@ringstadlaw.com, arlene@ringstadlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- **Allan D Sarver** ADS@asarverlaw.com
- **Scott A Schiff** sas@soukup-schiff.com
- **Steven R Schlesinger** sschlesinger@jaspanllp.com, smionis@jaspanllp.com;rcoles@jaspanllp.com;tnavruzov@jaspanllp.com
- **Lance A Selfridge** lances@lbbslaw.com, Susan.Awe@lewisbrisbois.com
- **James R Selth** jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **Michael J Shane** mshane@eplawyers.com, bsilva@eplawyers.com
- **Jonathan Shenson** jshenson@shensonlawgroup.com
- **Jeffrey S Shinbrot** jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- **William H Short** bill.short@arlaw.com, candice.carter@arlaw.com
- **Evan D Smiley** esmiley@swelawfirm.com, gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- **Lindsey L Smith** lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Robyn B Sokol** ecf@bg.law, rsokol@bg.law
- **Louis F Solimine** Louis.Solimine@thompsonhine.com
- **Owen M Sonik** osonik@pbfcm.com, tpope@pbfcm.com
- **Howard Steinberg** steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- **Rick A Steinberg** rsteinberg@nakblaw.com
- **Norman C Sullivan** jgarner@frfirm.com,semerson@frfirm.com
- **Salina R Thomas** bankruptcy@co.kern.ca.us
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Daniel R Utain** dutain@kaplaw.com, kcoughlin@kaplaw.com
- **Kimberly Walsh** bk-kwalsh@texasattorneygeneral.gov
- **Howard J Weg** hweg@robinskaplan.com
- **Jeffrey T Wegner** jeffrey.wegner@kutakrock.com, lisa.peters@kutakrock.com
- **David R. Weinstein** dweinstein@weinsteinlawfirm.net
- **Daniel J Weintraub** dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;brian@wsrlaw.net
- **Gilbert B Weisman** notices@becket-lee.com
- **Elizabeth Weller** dallas.bankruptcy@publicans.com
- **Lee G Werner** leegwerner@gmail.com
- **Steven Werth** swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com
- **Brian D Wesley** brian.wesley@doj.ca.gov
- **Eric R Wilson** kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- **Brian Barouir Yeretzian** byeretzian@jhindslaw.com, yeretzian@gmail.com
- **Roye Zur** rzur@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 **F 9013-3.1.PROOF.SERVICE**

**SPECIAL NOTICE NOTICE LIST**
**(NON ECF FILERS)**
**SERVICE VIA U.S. MAIL**

**John T Banks**
Perdue Brandon Fielder Collins & Mott
3301 Northland Dr, Ste 505
Austin, TX 78731

**Ivan M Castro Ortiz**
Aldarondo & Lopez Bras
ALB Plaza #16 Carr.199, Ste 400
Guaynabo, P.R. 00969

**International Business Machines Credit LLC (ICC)**
IBM Corporation
275 Viger East
Montreal, Quebec H2X 3R7

**IBM Credit LLC**
c/o Paul Wearing
Special Handling Group - MD NC317
North Castle Drive
Armonk, NY 10504

**Christina Flores**
Flores, Flores, Canales & Chu, PLLC
5517 McPherson, Ste 14
Laredo, TX 78041

**Todd R Gabriel**
Law Offices of Todd R Gabriel
3525 Del Mar Heights Rd, Ste 240
San Diego, CA 92130-2122