Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
Christopher A. Minier (State Bar No. 190705)
cminier@ringstadlaw.com
RINGSTAD & SANDERS, LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
Telephone: (949) 851-7450
Facsimile:  (949) 851-6926

General Bankruptcy Counsel for Karen Sue Naylor,
Chapter 7 Trustee

**FILED & ENTERED**

**MAY 10 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY mccall    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ANNA'S LINENS, INC.,<br><br>Debtor. | Case No. 8:15-bk-13008 TA<br><br>Chapter 7 Proceeding<br><br>**ORDER ON OBJECTION OF CHAPTER 7 TRUSTEE TO CLAIM OF BB&T INSURANCE SERVICES, INC. [CLAIM NO. 1479-1]**<br><br>Hearing:<br>Date:     May 10, 2022<br>Time:    11:00 a.m.<br>Place:    Courtroom 5B<br>            411 West Fourth Street<br>            Santa Ana, California 92701<br>            (Hearing conducted remotely<br>             using ZoomGov) |

The objection of Karen Sue Naylor, the Chapter 7 Trustee (the "Trustee") of the above-entitled bankruptcy estate of Anna's Linens, Inc., to the claim of BB&T Insurance Services, Inc. ("BB&T") [Claim No. 1479-1] (the "Claim") filed on April 5, 2022 as Docket No. 3132 (the "Objection"), came on for hearing before the Honorable Theodor C. Albert, United States Bankruptcy Judge, on May 10, 2022, at 11:00 a.m.

The Court, having read and considered the Objection, the Memorandum of Points and Authorities, Declaration of Christopher A. Minier and exhibits attached to the Objection, the separate Notice of the Objection [Docket No. 3133] and Supplemental Notice of Hearing to be Held Remotely [Docket No. 3134] served on BB&T, and no opposition to the Objection having

been filed, and proper notice of the Objection and the hearing thereon having been provided, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Trustee's Objection is sustained in its entirety;

2. The Claim is not entitled to priority in any amount pursuant to 11 U.S.C. § 507(a)(4); and,

3. The Claim shall be allowed as (i) an unsecured Chapter 11 administrative expense claim in the amount of $2,103.21 pursuant to 11 U.S.C. § 503(b)(1); and (ii) a nonpriority unsecured claim in the amount of $5,107.79.

###

Date: May 10, 2022

Theodor C. Albert
United States Bankruptcy Judge

- 2 -