Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
Christopher A. Minier (State Bar No. 190705)
cminier@ringstadlaw.com
RINGSTAD & SANDERS, LLP
4910 Birch Street, Suite 120
Newport Beach, CA 92660
Telephone: (949) 851-7450
Facsimile:  (949) 851-6926

General Bankruptcy Counsel for Karen Sue Naylor,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:15-bk-13008 TA |
| ANNA'S LINENS, INC., | Chapter 7 Proceeding |
| Debtor. | **MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING TRUSTEE'S: (1) ABANDONMENT AND DESTRUCTION OF DEBTOR'S PHYSICAL AND ELECTRONIC BOOKS, RECORDS AND DOCUMENTS; AND (2) PAYMENT OF THE COSTS OF THE DESTRUCTION OF DEBTOR'S BOOKS, RECORDS AND DOCUMENTS IN AN AMOUNT NOT TO EXCEED $5,000.00 PURSUANT TO LBR 2016-2(H); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF KAREN SUE NAYLOR** |
| | Hearing:<br>Date:    February 14, 2023<br>Time:    11:00 a.m.<br>Place:    Courtroom 5B<br>        411 West Fourth Street<br>        Santa Ana, California 92701<br>        (Hearing to be conducted remotely<br>         using ZoomGov) |

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949-851-7450

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

1  **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES**

2  **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND**

3  **CERTAIN OTHER INTERESTED PARTIES:**

4      Karen Sue Naylor, in her capacity as Chapter 7 Trustee for the bankruptcy estate (the

5  "Estate") of Anna's Linens, Inc. (the "Debtor"), hereby moves the Court for an Order authorizing

6  the Trustee's: (1) abandonment and destruction of the Debtor's physical and electronic books,

7  records and documents; and (2) payment, in an amount not to exceed $5,000.00 from the Estate

8  pursuant to Local Bankruptcy Rule 2016-2(h), of the costs associated with the destruction of the

9  Debtor's books and records (the "Motion").

10      The Debtor's books and records which the Trustee is seeking to abandon and destroy

11  consist of substantially all of the Debtor's business books and documents which are known to the

12  Trustee to exist.  Such books and records were turned over to the Trustee upon the conversion of

13  the Debtor's bankruptcy case to a case under Chapter 7, and consisting of: (i) approximately 311

14  boxes of physical records which are stored at a Docu-Trust storage facility located at 145 East

15  Mill Street, San Bernardino, California 92408; (ii) approximately 30 boxes of the Debtor's

16  physical records in the possession of the Trustee's counsel which were obtained from the Docu-

17  Trust facility for various purposes; and, (3) identical copies of the Debtor's electronically stored

18  books, records and documents located on several external computer hard drives, a laptop

19  computer which are in the possession of the Trustee's professionals, and copies of such

20  documents saved on the network server of Trustee's counsel (hereafter collectively the

21  "Documents").  The electronically stored books and records are voluminous, consisting of 2.74

22  terabytes of information from the Debtor's computer system, including 247,591 folders and

23  3,400,381 individual files.

24      The Trustee's administration of the Debtor's Estate is now nearing its end.  Therefore, the

25  Trustee and her professionals no longer have a need for the Documents.  Accordingly, the

26  Documents have become burdensome and of inconsequential value and benefit to the Estate.  The

27  Estate is incurring the monthly cost of $137.70 to maintain the boxes of Documents at the Docu-

28  Trust facility.  Moreover, it is apparent that a significant portion of the Documents contain the

1  sensitive personal information of the Debtor's former employees, such as social security numbers,

2  home addresses, payroll information, employee files and disciplinary records, and the like.

3  Therefore, the Trustee believes that it is appropriate for the Documents to be destroyed rather

4  than merely abandoned, and that the Estate should bear the cost of destroying the documents.  As

5  is described in more detail in the attached Memorandum of Points and Authorities, it is estimated

6  that the cost of the destruction of all of the Documents will not exceed $5,000.00.

7  　　　　　**WHEREFORE**, Trustee respectfully requests that the Court enter an Order:

8  　　　　　1.　　　Authorizing the Trustee to abandon and destroy the Documents pursuant to

9  Bankruptcy Code § 554(a);

10  　　　　　2.　　　Authorizing the Trustee to pay from the Estate the costs of the destruction of the

11  Documents in an amount not to exceed $5,000.00 pursuant to Local Bankruptcy Rule 2016-2(h);

12  and,

13  　　　　　3.　　　For such other and further relief as the Court deems just and proper.

14  　　　　　　　　　　　　　　　　Respectfully submitted,

15  Dated: January 12, 2023　　　　　RINGSTAD & SANDERS LLP

16

17  　　　　　　　　　　　　　　By: */s/ Christopher A. Minier*　　　　　

18  　　　　　　　　　　　　　　　　Christopher A. Minier
　　　　　　　　　　　　　　　　General Bankruptcy Counsel for Karen Sue Naylor,

19  　　　　　　　　　　　　　　　　Chapter 7 Trustee

20

21

22

23

24

25

26

27

28

*Ringstad & Sanders*
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.  General Background.

Anna's Linens, Inc. (the "Debtor") was a leading specialty retailer of high-quality home textiles, furnishings, and décor at affordable prices.  Founded in 1987 and headquartered in Costa Mesa, California, the Debtor expanded operations throughout 19 states over the following 25 years, including Puerto Rico and Washington, D.C.

On June 14, 2015 (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the Bankruptcy Code.  According to the Declaration of J.E. Rick Bunka, the Debtor's Chief Financial Officer, filed in support of the Debtor's first day motions [Docket No. 22], at the time of its bankruptcy filing, the Debtor operated a chain of 261 company owned retail stores, had a workforce of over 2,500 and generated over $300 million in annual revenue.

On March 2, 2016, the Debtor filed a motion in its pending Chapter 11 bankruptcy case to voluntarily convert the case to one under Chapter 7 of the Bankruptcy Code.  *See* Docket No. 1379.

The Court granted the Debtor's motion to convert the case on March 30, 2016.  *See* Docket No. 1455.  Thereafter, the Trustee was appointed as the Chapter 7 Trustee for the Estate.  *See* Docket No. 1458.

By virtue of her appointment as the Trustee of the Debtor's bankruptcy case, the Trustee is charged with a variety of responsibilities in the administration of the Estate, including the collection and liquidation of the assets of the Estate.  In this large and very complex case, the Trustee has spent approximately the past 6.5 years administering the Estate.  At the present time, all adversary proceedings related to the bankruptcy case have been resolved, the Trustee is concluding her administration of the Estate and anticipates filing a final report and account in the near future.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

**B.  The Property to be Abandoned: Burdensome Books, Records and Documents of the Debtor.**

As described above, the Debtor's business operations were quite large, and spanned nearly 30 years.  Therefore, it comes as no surprise that the Debtor accumulated a large volume of books, records, and documents from its operations.

The Documents which the Trustee is now seeking to abandon and destroy consist of substantially all of the Debtor's business books, records, and other documents which are known to the Trustee to exist.  Such books and records were turned over to the Trustee upon the conversion of the Debtor's bankruptcy case to a case under Chapter 7, and consist of:

(i) approximately 311 boxes of physical records which are stored at a Docu-Trust  storage facility located at 145 East Mill Street, San Bernardino, California 92408;

(ii) approximately 30 boxes of the Debtor's physical records in the possession of the Trustee's counsel which were obtained from the Docu-Trust facility counsel for various purposes related to the Trustee's administration of the Estate; and,

(iii) identical copies of the Debtor's electronically stored books and records located on several external computer hard drives, and a laptop computer which are in the possession of the Trustee's professionals, and copies of such documents maintained on the network server of Trustee's counsel.  The Debtor's electronically stored books and records consist of a vast amount of information encompassing 2.74 terabytes of computer  storage, including 247,591 folders and 3,400,381 individual files that were apparently saved by various members of the Debtor's senior management prior to the shutdown of the Debtor's computer system.

The Trustee and her professionals have not reviewed the contents of the 311 boxes of documents at the Docu-Trust storage facility.  The best description that the Trustee has of these documents, including the approximately 30 boxes of documents in the possession of the Trustee's counsel obtained from Docu-Trust, is an "inventory list" that the Trustee is informed was prepared by the Debtor's employees that were responsible for placing the documents into storage. A copy of this inventory list that was provided to the Trustee by the Debtor upon the conversion

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

1    of the bankruptcy case to Chapter 7 is attached hereto as Exhibit "1."

2        The Trustee and her professionals have also not reviewed the vast majority of the Debtor's

3    electronic files and documents stored on the aforementioned hard drives and laptop computer.

4    Instead, the Trustee's counsel largely ran searches of the electronically stored information for

5    particular purposes related to the Trustee's administration of the Estate.

6        The Documents proved very helpful to the Trustee in the administration of the Estate,

7    including aiding the Trustee's prosecution of numerous Bankruptcy Code § 547 preference

8    actions and claims asserted against insiders.  However, the Trustee's administration of the

9    Debtor's Estate is now nearing its end, and the Trustee no longer has a need for the Documents.

10   Therefore, the Documents have become burdensome and of inconsequential value and benefit to

11   the Estate.  The Estate is incurring the monthly cost of $137.70 to maintain the 311 boxes of

12   Documents at the Docu-Trust facility.  Moreover, it is apparent that a significant portion of the

13   Documents contain the sensitive personal information of the Debtor's former employees, such as

14   social security numbers, home addresses, payroll information, employee files and disciplinary

15   records, and the like.  Therefore, the Trustee believes that it is appropriate for the Documents to

16   be destroyed rather than merely abandoned, and that the Estate should bear the cost of destroying

17   the documents.

18       **C.  The Anticipated Costs of the Destruction of the Documents.**

19       Docu-Trust has informed the Trustee that the cost of it destroying the approximately 311

20   boxes of Documents that are in its facility will be approximately $1,856.67.

21       The Trustee estimates that it will likely cost approximately $10.00 to $15.00 per box for a

22   document shredding service to shred the approximately 30 boxes of Documents that are currently

23   in the possession of the Trustee's counsel.  Thus, the anticipated total cost is estimated to be

24   between $300.00 to $450.00 for the destruction of all 30 boxes.

25       Lastly, the Trustee estimates that it will take her information technology ("IT")

26   professional between 10 to 15 hours (at the rate of $100.00 per hour) to permanently delete the

27   Debtor's electronically stored books, records, and documents contained on several external

28

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

1  computer hard drives, one laptop computer, and files maintained on the computer system of

2  Trustee's counsel.

3      Thus, it is the Trustee's best estimate that the total cost for the destruction of all of the

4  Documents will range from $3,156.67 to $3,806.67.

5  **III.**

6  **APPLICABLE LEGAL AUTHORITY & ARGUMENT**

7  **A.     The Trustee May Abandon Property of the Estate.**

8      Under the Bankruptcy Code, a Chapter 7 Trustee may, after notice and a hearing,

9  "abandon any property of the estate that is burdensome to the estate or that is of inconsequential

10  value and benefit to the estate."  11 U.S.C. § 554(a).

11      Rule 6007(a) of the Federal Rules of Bankruptcy Procedure (the "FRBP") provides that:

12          Unless otherwise directed by the court, the trustee or debtor in

13          possession shall give notice of a proposed abandonment or disposition of

14          property to the United States trustee, all creditors, indenture trustees, and

15          committees elected pursuant to § 705 or appointed pursuant to § 1102 of

16          the Code.  A party in interest may file and serve an objection within 14

17          days of the mailing of the notice, or within the time fixed by the court.  If

18          a timely objection is made, the court shall set a hearing on notice to the

19          United States trustee and to other entities as the court may direct.

20      Although Local Bankruptcy Rules 6007-1(a) and 9013-1(o) permit abandonment without

21  a hearing after notice to all creditors if no objection is made within 14 days of the mailing of the

22  notice, because the Trustee is seeking relief in addition to abandonment, the Trustee is bringing

23  this Motion pursuant to Local Bankruptcy Rule 9013-1(d) and setting it for a hearing.

24      In addition, on June 15, 2015, the Debtor filed its *Emergency Motion for Entry of an*

25  *Order Limiting Notice and Related Relief* ("Motion to Limit Notice") [Dkt. No. 6], pursuant to

26  which it sought to limit notice on ordinary course or routine matters given the estimated "more

27  than 10,000 creditors and more than 96 equity security holders and 128 option holders" present in

28  this case (Motion to Limit Notice, 7:24-25).  By the Motion to Limit Notice, the Debtor sought

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

approval to serve specified parties, including where notice is prescribed by FRBP 6007

(Abandonment or Disposition of Property). The Motion to Limit Notice was granted by the Court

by order entered June 17, 2015 [Dkt. No. 57] and the Trustee will serve this Motion and/or Notice

consistent therewith.

A trustee in a Chapter 7 liquidation has the duty to "expeditiously liquidate the property of

the estate or to abandon it." *In re Nevin*, 135 B.R. 652, 653 (Bankr. D. Hi. 1991). As such, the

"'only concern of the trustee in determining whether to abandon [property] is whether such action

would be in the best interest of the estate.'" *Id*. (*quoting In re Wilson* 94 B.R. 886-889

(Bankr.E.D. Va. 1989)).

**B.**    **Pursuant to LBR 2016-2(h), Upon Motion and Court Order, the Trustee May Disburse Cash from the Estate Necessary to Pay Administrative Expenses Associated with the Destruction of the Debtor's Books and Records.**

Pursuant to Local Bankruptcy Rule 2016-2, using a variety of different procedures, a

trustee may use bankruptcy estate assets to pay administrative expenses of a bankruptcy estate.

For example, pursuant to Local Bankruptcy Rule 2016-2(a), a trustee is entitled to pay actual and

necessary expenses of a bankruptcy estate up to a limit of $1,000.00 without notice or Court

approval.

Pursuant to Local Bankruptcy Rule 2016-2(b), upon giving limited notice and a 14-day

opportunity to object to certain parties, and obtaining the approval of the Court, a trustee is

entitled to pay up to $5,000.00 from an estate to pay certain specified actual and necessary

administrative expenses. The costs associated with the destruction of the Debtor's books and

records do not fall into any of the categories of administrative expenses enumerated in LBR 2016-

2(b).

Therefore, the Trustee is bringing her motion to pay the cost of the destruction of the

Debtor's books, records and documents pursuant to Local Bankruptcy Rule 2016-2(h). LBR

2016-2(h) provides: "Nothing in this rule precludes the trustee from seeking court approval to

disburse estate funds by way of a noticed motion filed and served pursuant to LBR 9013-1(d)."

**C.      The Debtor's Books, Records and Documents are Burdensome and of Inconsequential Value and Benefit to the Estate.**

Throughout the Trustee's lengthy administration of the Estate in this complicated case, the Documents were essential to the Trustee's efforts to liquidate and/or pursue assets for the benefit of creditors.  Now that the case is coming to a close, the Trustee has no further need for the Documents.  Moreover, maintaining the 311 boxes of Documents at the Docu-Trust facility continues to cost the Estate $137.70 each month.  The Trustee also has no further need for the 30 boxes of Documents at the Docu-Trust facility that are in the possession of Trustee's counsel, or the Debtor's electronically stored Documents.  Accordingly, the Trustee has determined that maintaining and retaining the Documents is both burdensome and of inconsequential value to the Estate.  Therefore, the Trustee has determined that it is in the Estate's best interests to abandon and destroy the Documents in accordance with 11 U.S.C. § 554(a), and she respectfully requests that the Court enter an Order accordingly.

**D.      The Court Should Authorize the Destruction of the Documents, and the Estate's Payment of the Costs Associated Therewith up to a Maximum of $5,000.00.**

Abandonment typically revests property in a debtor or to any party with a possessory interest in the property abandoned.  However, here, it is appropriate for the Court to authorize the Trustee to destroy the Documents rather than merely abandoning them.  First, the Debtor is a defunct entity that cannot take possession of the Documents.  Second, merely leaving the 311 boxes of Documents at the Docu-Trust facility would likely result in an administrative claim against the Estate for the cost the storage and disposal of the Documents by Docu-Trust.  Third, the Trustee's counsel has no desire to indefinitely store the 30 boxes of documents that it possesses, and if it pays for the cost of the destruction of this Documents, this would also result in an administrative claim against the Estate.  Lastly, portions of all three of the above-described groups of Documents contain the sensitive personal information of the Debtor's former employees, including social security numbers, home addresses, payroll information, employee files and disciplinary records, and similar personal information.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

Based on all of the foregoing, the Trustee believes that it is appropriate for the Documents to be destroyed rather than merely abandoned, and that the Estate should bear the cost of destroying the documents.  It is estimated that the cost of the destruction of all of the Documents will range from $3,156.67 to $3,806.67.  Therefore, out of an abundance of caution, the Trustee respectfully requests that the Court authorize her to spend up to a total of $5,000 from the Estate to achieve the permanent destruction of all of the Documents, both physical and electronic, pursuant to Local Bankruptcy Rule 2016-2(h).

**IV.**

**<u>CONCLUSION</u>**

Based upon the foregoing, and the attached Declaration of Karen Sue Naylor filed, the Trustee respectfully requests that this Court enter an order:

1. Granting the Motion;

2. Authorizing the Trustee to abandon and destroy all of the Debtor's Documents pursuant to 11 U.S.C. § 554(a);

3. Authorizing the Trustee to pay the cost of the destruction of the Documents up to a maximum of $5,000 from the Estate; and,

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 12, 2023                    RINGSTAD & SANDERS LLP

By: */s/ Christopher A. Minier*
      Christopher A. Minier
      General Bankruptcy Counsel for Karen Sue Naylor,
      Chapter 7 Trustee

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949-851-7450

1

## DECLARATION OF KAREN SUE NAYLOR

2
    I, Karen Sue Naylor, declare as follows:

3
    1.    The following matters are true and correct and within my own personal

4
knowledge. If called as a witness, I could and would competently testify thereto.

5
    2.    I am informed that Anna's Linens, Inc. (the "Debtor") was a leading specialty

6
retailer of high-quality home textiles, furnishings, and décor at affordable prices.  I am further

7
informed that the Debtor was founded in 1987, headquartered in Costa Mesa, California, and

8
expanded its operations throughout nineteen states over the following 25 years, including Puerto

9
Rico and Washington, D.C.

10
    3.    On June 14, 2015 (the "Petition Date"), the Debtor filed for relief under Chapter

11
11 of the Bankruptcy Code.  I am informed and believe that at the time of its bankruptcy filing,

12
the Debtor operated a chain of 261 company owned retail stores, had a workforce of over 2,500

13
and generated over $300 million in annual revenue.

14
    4.    On March 2, 2016, the Debtor filed a motion in its pending Chapter 11 bankruptcy

15
case to voluntarily convert the case to one under Chapter 7 of the Bankruptcy Code.  *See* Docket

16
No. 1379.

17
    5.    The Court granted the Debtor's motion to convert the case on March 30, 2016.

18
*See* Docket No. 1455.  Thereafter, I was appointed as the Chapter 7 Trustee for the Debtor's

19
bankruptcy estate (the "Estate").  *See* Docket No. 1458.

20
    6.    By virtue of my appointment as the Trustee of the Debtor's bankruptcy case, I am

21
statutorily charged with a variety of responsibilities in the administration of the Estate, including

22
the collection and liquidation of the assets of the Estate.  In this large and very complex case, I

23
have spent approximately the past 6.5 years administering the Estate.  At the present time, all

24
adversary proceedings related to the bankruptcy case have been resolved, I am concluding the

25
administration of the Estate, and I anticipate filing a final report and account in the near future.

26
    7.    As described above, the Debtor's business operations were quite large, and it is my

27
understanding that the business operated for nearly 30 years.  The Debtor accumulated a large

28
volume of books, records, and documents from its lengthy business operations.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

8.    The Debtor's books and records which the I am now seeking to abandon and destroy consist of substantially all of the Debtor's business books, records and other documents which are known to me to exist.  Such books and records were turned over to me upon the conversion of the Debtor's bankruptcy case to a case under Chapter 7, and consist of:

(i) approximately 311 boxes of physical records which are stored at a Docu-Trust storage facility located at 145 East Mill Street, San Bernardino, California 92408;

(ii) approximately 30 boxes of physical records in the possession of my general counsel which were obtained from the Docu-Trust facility for various purposes related to my administration of the Estate; and,

(iii) identical copies of the Debtor's electronically stored books and records located on several external computer hard drives and a laptop computer which are in the possession of my professionals.  The Debtor's electronically stored books and records consist of a vast amount of information encompassing 2.74 terabytes of computer storage, including 247,591 folders and 3,400,381 individual files that I am informed and believe were saved by various members of the Debtor's senior management prior to the shutdown of the Debtor's computer system.

Hereafter, the three above-described categories of the Debtor's books, records and documents shall collectively be referred to as the "Documents."

9.    My professionals and I have not reviewed the contents of the 311 boxes of Documents at the Docu-Trust storage facility.  The best description that I have of these Documents, including the approximately 30 boxes of Documents in the possession of my counsel, is an "inventory list" that I am informed was prepared by the Debtor's employees that were responsible for placing the documents into storage.  This inventory list was provided to me by the Debtor upon the conversion of its case to Chapter 7.  The inventory list was accurate with respect to the 30 boxes of Documents pulled from storage and I have no reason to believe the list is not accurate for the remaining boxes of documents.  A true and correct copy of this inventory list is attached hereto as Exhibit "1."

Ringstad & Sanders LLP

10.     My professionals and I have also not reviewed the vast majority of the Debtor's electronic files and Documents stored on the aforementioned hard drives and laptop computer. Instead, I am informed that my counsel largely ran searches of the electronically stored information for particular purposes related to my administration of the Estate.

11.     The Documents proved very helpful to my counsel in the administration of the Estate, including aiding in my prosecution of numerous Bankruptcy Code § 547 preference actions, and clams prosecuted against insiders.  However, my administration of the Debtor's Estate is now nearing its end, and my professionals and I no longer have a need for the Documents.  Moreover, the Estate is incurring the monthly cost of $137.70 to maintain the 311 boxes of Documents at the Docu-Trust facility.  Therefore, the Documents have become burdensome and of inconsequential value and benefit to the Estate.

12.     Under the circumstances, I believe that it is appropriate for the Court to authorize the me to destroy the Documents rather than merely abandoning them.  First, the Debtor is a defunct entity that cannot take possession of the Documents.  Second, merely leaving the 311 boxes of Documents at the Docu-Trust facility would likely result in an administrative claim against the Estate for the cost the storage and disposal of the Documents by Docu-Trust.  Third, my general counsel has no desire to indefinitely store the 30 boxes of Documents that it possesses, and if it pays for the cost of the destruction of this Documents, this would also result in an administrative claim against the Estate.  Lastly, portions of all three of the above-described groups of Documents clearly contain the sensitive personal information of the Debtor's former employees, including social security numbers, home addresses, payroll information, employee files and disciplinary records, and similar personal information.  The release of the personal information of the Debtor's former employees could potentially subject them to significant negative consequences, such as identity theft.  Therefore, I believe that it is appropriate for the Documents to be destroyed rather than merely abandoned, and that the Estate should bear the cost of destroying the Documents.  Based on the forgoing factors, I have determined that it is in the Estate's best interests for me to abandon and destroy the Documents in accordance with 11 U.S.C. § 554(a).

13.     Docu-Trust has informed the me that the cost of it destroying the approximately 311 boxes of the Debtor's documents that are in its facility would be approximately $1,856.67.

14.     Further, I estimate that it would likely cost approximately $10.00 to $15.00 per box for a document shredding service to shred the approximately 30 boxes of the Debtor's Documents that are currently in the possession of my general counsel.  Thus, the anticipated total cost is estimated to be between $300.00 to $450.00 for the destruction of all 30 boxes.

15.     Lastly, I estimate that it will take my information technology ("IT") professional between 10 to 15 hours (at the rate of $100.00 per hour) to permanently delete the Debtor's electronically Documents contained on several external computer hard drives, one laptop computer, and on the network server of my counsel.

16.     Thus, it is my best estimate that the total cost for the destruction of all of the Documents will range from $3,156.67 to $3,806.67.  However, out of an abundance of caution, and to account for a potential margin of error, I respectfully request that the Court authorize me to spend up to a total of $5,000 from the Estate to achieve the permanent destruction of all of the Documents, both physical and electronic, pursuant to Local Bankruptcy Rule 2016-2(h).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.  Executed this 12th day of January, 2023, at _Newport Beach_, California.

_Karen Sue Naylor, Trustee_
Karen Sue Naylor, Chapter 7 Trustee

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, CA 92660
949.851.7450

DocuTrust Inventory

| Barcode | Box Description | Box Number | Sequence Begin | Sequence End | From Date | To Date | Status |
|---|---|---|---|---|---|---|---|
| 571805 | Exp Pay YE 16 | A1 | A | B | - - | - - | |
| 571708 | Feight YE 16 | A10 | Amer | Expe | - - | - - | |
| 571771 | Exp Pay YE 15 | A11 | A | Anth | - - | - - | |
| 571706 | Exp Pay YE 15 | A12 | A | Ba | - - | - - | |
| 571699 | Exp Pay YE 15 | A13 | BB&T | B Mi | - - | - - | |
| 571692 | Exp Pay YE 15 | A14 | Chas | City | - - | - - | |
| 571760 | Exp Pay YE 15 | A15 | Cont | Dire | - - | - - | |
| 571695 | Exp Pay YE 15 | A16 | City | Conf | - - | - - | |
| 571751 | Exp Pay YE 15 | A17 | Dire | Emco | - - | - - | |
| 571761 | Exp Pay YE 15 | A18 | Emco | Gas | - - | - - | |
| 571788 | Exp Pay YE 15 | A19 | Geor | I Mi | - - | - - | |
| 571787 | Exp Pay 0 C Only | A2 | C | | - - | - - | |
| 571713 | Exp Pay YE 15 | A20 | Jm C | Lp N | - - | - - | |
| 571680 | Exp Pay YE 15 | A21 | LP N | M Mi | - - | - - | |
| 571685 | Exp Pay YE 15 | A22 | NJ M | Offi | - - | - - | |
| 571693 | Exp Pay YE 15 | A23 | Offi | Plat | - - | - - | |
| 571783 | Exp Pay YE 15 | A26 | Sout | T Mi | - - | - - | |
| 571809 | Exp Pay YE 15 | A27 | U-Ha | Virg | - - | - - | |
| 571741 | Exp Pay YE 15 | A28 | Visi | Z Mi | - - | - - | |
| 571687 | Exp Pay YE 15 American Express Only | A29 | American Expres | | - - | - - | |
| 571710 | Exp Pay YE 16 | A3 | D | F | - - | - - | |
| 571802 | Exp Pay YE 15 American Express Only | A30 | American Expres | | - - | - - | |
| 571803 | Exp Pay YE 14 | A31 | A-1 | Amer | - - | - - | |
| 571697 | Exp Pay YE 14 | A32 | Amer | Augu | - - | - - | |
| 571804 | Exp Pay YE 14 | A33 | Auto | CDS | - - | - - | |
| 571772 | Exp Pay YE 14 | A34 | CDW | City | - - | - - | |
| 571779 | Exp Pay YE 14 | A35 | City | Cont | - - | - - | |
| 571785 | Exp Pay YE 14 | A36 | Conv | East | - - | - - | |
| 571773 | Exp Pay YE 14 | A37 | The | Emco | - - | - - | |
| 571796 | Exp Pay YE 14 | A38 | Emco | Gmg | - - | - - | |
| 571808 | Exp Pay YE 14 | A39 | Good | Jim | - - | - - | |
| 571778 | Exp Pay YE 16 | A4 | G | J | - - | - - | |
| 571786 | Exp Pay YE 14 | A40 | Jeff | LP N | - - | - - | |
| 571696 | Exp Pay YE 14 | A41 | LP N | Mobi | - - | - - | |
| 571792 | Exp Pay YE 14 | A42 | Mobi | Oakl | - - | - - | |
| 571775 | Exp Pay YE 14 | A43 | Offi | Paci | - - | - - | |
| 571784 | Exp Pay YE 14 | A44 | Paci | Regi | - - | - - | |
| 571794 | Exp Pay YE 14 | A45 | Reta | Sele | - - | - - | |
| 571774 | Exp Pay YE 14 | A46 | SHC | Solu | - - | - - | |
| 571776 | Exp Pay YE 14 American Express Only | A47 | American Expres | | - - | - - | |
| 571782 | Exp Pay YE 14 American Express Only | A48 | American Expres | | - - | - - | |
| 571686 | Exp Pay YE 14 | A49 | Amer | Sout | - - | - - | |
| 571795 | Exp Pay YE 16 | A5 | K | Oasi | - - | - - | |
| 571799 | Exp Pay YE 14 | A50 | Spar | Tucs | - - | - - | |
| 571807 | Exp Pay YE 14 | A51 | Tyco | Veri | - - | - - | |
| 571777 | Exp Pay YE 14 | A52 | Veri | Wash | - - | - - | |
| 571789 | Exp Pay YE 14 | A53 | Wash | Z | - - | - - | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 571797 | Exp Pay YE 16 | A6 | Offi | Sos | - - | - - | |
| 571681 | Exp Pay YE 16 | A7 | Sot | W | - - | - - | |
| 571798 | Exp Pay YE 16 American Express Only | A8 | American Expres | | - - | - - | |
| 571712 | Freight YE 16 | A9 | Expe | Us L | - - | - - | |
| 571580 | Acctg FY 15 Journal Entries 1 of 2 | B1 | | | - - | - - | |
| 571574 | Acctg Journal Entries Box 2 | B2 | | | - - | - - | |
| 571579 | Acctg Bank Recs Box 1 of 5 | B3 | | | - - | - - | |
| 571565 | Acctg Bank Recs Box 2 of 5 | B4 | | | - - | - - | |
| 571559 | Acctg Bank Recs Box 3 of 5 | B5 | | | - - | - - | |
| 571584 | Acctg Bank Recs Box 4 of 5 | B6 | | | - - | - - | |
| 571564 | Acctg Bank Recs Box 5 of 5 | B7 | | | - - | - - | |
| 571615 | Acctg FY 15 Sales Tax Exempts | H1 | | | - - | - - | |
| 571682 | Acctg 20011-2011 WC Report | H10 | | | - - | - - | |
| 571717 | Acctg 2012-14 PR Est and Ext | H11 | | | - - | - - | |
| 571690 | Acctg 2012-14 Tax Return | H12 | | | - - | - - | |
| 571716 | Acctg 2008 Tax return, 2013 Tax Provison | H13 | | | - - | - - | |
| 571714 | Acctg 2013-14 PA, 2013 PR Sales Tax | H14 | | | - - | - - | |
| 571700 | Acctg 2010-14 MS Returns, 2013 NE, 201014 Nj Sales Tax | H15 | | | - - | - - | |
| 571704 | Acctg 2010-14 DC, 2013 FL, 2013 GA Sales Tax | H16 | | | - - | - - | |
| 571679 | Acctg 2012-14 IL, Mo; 2013/13 MD Sales Tax | H17 | | | - - | - - | |
| 571694 | Acctg 2013 AZ, 2010-12 NV Sales Tax | H18 | | | - - | - - | |
| 571715 | Acctg 2010-13 NH, 2013-14 NV, 2013 NC Sales Tax | H19 | | | - - | - - | |
| 571624 | Acctg FY 14 Sales Tax Empts | H2 | A | M | - - | - - | |
| 571684 | Acctg 2014 AL & AZ Sales Tax | H20 | | | - - | - - | |
| 571691 | Acctg Jan 15-May15 Sales Tax | H21 | | | - - | - - | Request 11/20/15 |
| 571689 | Acctg 2014 NC & FL Sales Tax | H22 | | | - - | - - | Request 11/20/15 |
| 571701 | Acctg 2014 PR Sales Tax | H23 | | | - - | - - | |
| 571711 | Acctg 2013-14 PR Sales Tax | H25 | | | - - | - - | |
| 571698 | Acctg 2013-2014 CA, 2013 AL Sales Tax | H26 | | | - - | - - | |
| 571678 | Acctg 2013-14 VA and WI Sales Tax | H27 | | | - - | - - | |
| 571683 | Acctg 2007-2011 Tax Return | H28 | | | - - | - - | |
| 571705 | Acctg 1999-2014 1099 | H29 | | | - - | - - | |
| 571563 | Acctg FY 14 Sales Tax Empts | H3 | N | W | - - | - - | |
| 571762 | Acctg FY 13 Sales Tax exempts | H4 | | | - - | - - | |
| 571614 | Acctg Fxd Ast Adds and transfers FYE 16 anf FYE 15 | H5 | | | - - | - - | |
| 571568 | Acctg FYE 14 Fxd Ast adds & trnsfrs Str 1-399 | H6 | | | - - | - - | |
| 571588 | Acctg FYE 14 Fix Str 400-753 9999 | H7 | | | - - | - - | |
| 571590 | Acctg FYE 13 fxd ast adds and trnsfrs | H8 | | | - - | - - | |
| 571583 | Acctg Bus Audit Inv, Sale | H9 | | | - - | - - | |
| 571578 | Cash Mgt, Bank Acct Info. | L1 | | | - - | - - | |
| 571636 | Cash Mgt Wire Transfer Payments | L2 | | | - - | - - | |
| 571577 | Exp Pay Exp Vendor Set up files | M1 | A | C | - - | - - | |
| 571581 | Trade Trade Vendor Set Up Files | M10 | G | N | - - | - - | |
| 571595 | Trade Trade Vendor Set Up Files | M11 | O | S | - - | - - | |
| 571561 | Trade Trade Vendor Set Up Files | M12 | T | Z | - - | - - | |
| 571635 | Trade Wire Transfer Sum and Check Regs | M13 | | | 2/1/2015 | 5/31/2015 | |
| 571634 | Trade Wire Transfer Requests | M14 | | | 4/1/2015 | 6/30/2015 | |
| 571625 | Trade Reclamation Claims | M15 | | | 4/1/2015 | 6/30/2015 | |
| 571648 | Trade Wire Transfer Vendor Viles | M16 | A | C | - - | - - | |
| 571605 | Trade Wire Transfer Vendor Viles | M17 | C | H | - - | - - | |
| 571606 | Trade Wire Transfer Vendor Viles | M18 | H | P | - - | - - | |
| 571626 | Trade Wire Transfer Vendor Viles | M19 | P | S | - - | - - | |
| 571592 | Exp Pay Exp Vendor Set up files | M2 | City | G | - - | - - | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 571607 | Trade Wire Transfer Vendor Viles | M20 | S | V | - - | - - | |
| 571637 | Trade Wire Transfer Vendor Viles | M21 | V | Z | - - | - - | |
| 571562 | Exp Pay Exp Vendor Set up files | M3 | H | M | - - | - - | |
| 571567 | Exp Pay Exp Vendor Set up files | M4 | N | S | - - | - - | |
| 571582 | Leases Landlord Set up Files STR 1-210 | M6 | | | - - | - - | |
| 571571 | Leases Str 211-406 | M7 | | | - - | - - | |
| 571596 | Leases STR 407-999 | M8 | | | - - | - - | |
| 571576 | Trade Trade Vendor Set Up Files | M9 | A | F | - - | - - | |
| 571738 | MISC FILING | PR1 | | | - - | - - | Requested 10/2/2018 |
| 571520 | GARNISHMENTS 1 OF 2 | PR10 | | | - - | - - | |
| 571663 | R 2 OF 5 | PR100 | | | - - | - - | |
| 571671 | R 3 OF 5 | PR101 | | | - - | - - | |
| 571650 | R 4 OF 5 | PR102 | | | - - | - - | |
| 571640 | R 5 OF 5 | PR103 | | | - - | - - | |
| 571752 | S 1 OF 2 | PR104 | | | - - | - - | |
| 571670 | S 2 OF 2 AND T 1 OF 3 | PR105 | | | - - | - - | |
| 571769 | EMPLOYEE FILES | PR106 | | | - - | - - | |
| 571674 | EMPLOYEE FILES | PR107 | | | - - | - - | |
| 571675 | S 3 OF 3 | PR108 | | | - - | - - | |
| 571641 | T 2 OF 3 | PR109 | | | - - | - - | |
| 571523 | GARNISHMENTS 2 OF 2 | PR11 | | | - - | - - | |
| 571668 | T 3 OF 3, U ALL, AND V 1 OF 2 | PR110 | | | - - | - - | |
| 571659 | V 2 OF 2 | PR111 | | | - - | - - | |
| 571669 | W 2 OF 2 | PR112 | | | - - | - - | |
| 571753 | W 2 OF 2 | PR113 | | | - - | - - | |
| 571638 | W 3 OF 3; X, Y AND Z ALL | PR114 | | | - - | - - | |
| 571763 | CD Payroll | PR116 | | | 1/1/2010 | 10/1/2015 | Requested 11/12/15 |
| 571732 | CD Payroll | PR117 | | | 1/1/2010 | 10/1/2015 | Requested 11/12/15 |
| 571767 | Stock Options | PR12 | | | - - | - - | |
| 571519 | HR FILES | PR13 | | | - - | - - | |
| 571540 | P 2 OF 3 | PR14 | | | - - | - - | |
| 571534 | P 3 OF 3 AND Q ALL | PR15 | | | - - | - - | |
| 571758 | R 1 OF 3 | PR16 | | | - - | - - | |
| 571735 | R 2 OF 3 | PR17 | | | - - | - - | |
| 571518 | R 3 OF 3 AND S 1 OF 4 | PR18 | | | - - | - - | |
| 571539 | S 2 OF 4 | PR19 | | | - - | - - | |
| 571746 | MISC FILING | PR2 | | | - - | - - | Requested 10/2/2018 |
| 571554 | S 3 OF 4 | PR20 | | | - - | - - | |
| 571654 | S 4 OF 4 AND T 1 OF | PR21 | | | - - | - - | |
| 571734 | T 2 OF 2 AND U ALL | PR22 | | | - - | - - | |
| 571553 | V-ALL | PR23 | | | - - | - - | |
| 571538 | W 1 OF 2 | PR24 | | | - - | - - | |
| 571521 | X, Y, AND Z ALL | PR25 | | | - - | - - | |
| 571544 | N 2 OF 2 AND O ALL AND P 1 OF 3 | PR26 | | | - - | - - | |
| 571528 | M 5 OF 5 AND N 1 OF 3 | PR27 | | | - - | - - | |
| 571530 | M 4 OF 5 | PR28 | | | - - | - - | |
| 571557 | M 3 OF 5 | PR29 | | | - - | - - | |
| 571533 | MISC FILING | PR3 | | | - - | - - | Requested 10/2/2018 |
| 571522 | M 2 OF 5 | PR30 | | | - - | - - | |
| 571555 | L 3 OF 3 AND M 1 OF 5 | PR31 | | | - - | - - | |
| 571529 | L 2 OF 3 | PR32 | | | - - | - - | |
| 571547 | K ALL AND L 1 OF 3 | PR33 | | | - - | - - | |
| 571531 | J 1 OF 1 | PR34 | | | - - | - - | |

| | | | | | |
|---|---|---|---|---|---|
| 571551 | H 2 OF 2 AND I ALL | PR35 | - - | - - | |
| 571525 | H 1 OF 2 | PR36 | - - | - - | |
| 571546 | G 3 OF 3 | PR37 | - - | - - | |
| 571536 | G 2 OF 3 | PR38 | - - | - - | |
| 571545 | F 2 OF 2 AND G 1 OF 3 | PR39 | - - | - - | |
| 571537 | F 1 OF 2 | PR40 | - - | - - | |
| 571524 | E 1 OF 1 | PR41 | - - | - - | |
| 571535 | D 2 OF 2 | PR42 | - - | - - | |
| 571556 | D 1 OF 2 | PR43 | - - | - - | |
| 571548 | C 3 OF 3 | PR44 | - - | - - | |
| 571550 | C 2 OF 3 | PR45 | - - | - - | |
| 571541 | C 1 OF 3 | PR46 | - - | - - | |
| 571526 | B 2 OF 2 | PR47 | - - | - - | |
| 571527 | B 1 OF 2 | PR48 | - - | - - | |
| 571549 | A 2 OF 2 | PR49 | - - | - - | |
| 571542 | MISC FILING | PR5 | - - | - - | Requested 10/2/2018 |
| 571532 | A 1 OF 2 | PR50 | - - | - - | |
| 571703 | 401K | PR51 | 1/1/2010 | 10/1/2015 | Requested 11/12/15 |
| 571768 | Unidentified | PR52 | - - | - - | Requested 10/2/2018 |
| 571676 | Unidentified | PR53 | - - | - - | Requested 10/2/2018 |
| 571658 | A 1 OF 3 | PR54 | - - | - - | |
| 571748 | A 2 OF 3 | PR55 | - - | - - | |
| 571756 | A 3 OF 3 AND B 1 OF 5 | PR56 | - - | - - | |
| 571757 | B 2 OF 5 | PR57 | - - | - - | |
| 571677 | B 3 OF 3 | PR58 | - - | - - | |
| 571649 | B 4 OF 5 | PR59 | - - | - - | |
| 571543 | MISC FILING | PR6 | - - | - - | Requested 10/2/2018 |
| 571749 | B 5 OF 5 AND C 1 OF 6 | PR60 | - - | - - | |
| 571737 | C 2 OF 6 | PR61 | - - | - - | |
| 571754 | C 3 OF 6 | PR62 | - - | - - | |
| 571770 | C 4 OF 6 | PR63 | - - | - - | |
| 571766 | C 5 OF 6 | PR64 | - - | - - | |
| 571639 | C 6 OF 6 AND D 1 OF 3 | PR65 | - - | - - | |
| 571666 | D 2 OF 3 | PR66 | - - | - - | |
| 571744 | D 3 OF 3 AND E 1 OF 2 | PR67 | - - | - - | |
| 571665 | E 2 OF 2 AND F 1 OF 3 | PR68 | - - | - - | |
| 571740 | F 2 OF 3 | PR69 | - - | - - | |
| 571739 | I9'S 1 OF 2 | PR7 | - - | - - | |
| 571736 | F 2 OF 3 AND G 1 OF 5 | PR70 | - - | - - | |
| 571721 | G 2 OF 5 | PR71 | - - | - - | |
| 571656 | G 3 OF 5 | PR72 | - - | - - | |
| 571745 | G 4 OF 5 | PR73 | - - | - - | |
| 571664 | G 5 OF 5 AND H 1 OF 4 | PR74 | - - | - - | |
| 571657 | H 2 OF 4 | PR75 | - - | - - | |
| 571702 | Payroll Input 2014 | PR76 | 1/1/2014 | 12/31/2014 | |
| 571718 | 2013-2014 | PR77 | 1/1/2013 | 12/31/2014 | |
| 571646 | Unidentified | PR78 | - - | - - | Requested 10/2/2018 |
| 571667 | Unidentified | PR79 | - - | - - | Requested 10/2/2018 |
| 571759 | I9'S 2 OF 2 | PR8 | - - | - - | |
| 571655 | MISC FILING | PR80 | - - | - - | Requested 10/2/2018 |
| 571647 | Unidentified | PR81 | - - | - - | Requested 10/2/2018 |
| 571743 | H 3 OF 4 | PR82 | - - | - - | |
| 571742 | H 4 OF 4, I ALL, J 1 OF 3 | PR83 | - - | - - | |

| ID | Description | | | Start | End |
|---|---|---|---|---|---|
| 571673 | J 2 OF 3 | | | | |
| 571642 | J 3 OF 3 AND K 1 OF 2 | | | | |
| 571755 | K 2 OF 2 AND L 1 OF 3 | | | | |
| 571661 | L 2 OF 3 | | | | |
| 571644 | EMPLOYEE FILES | | | | |
| 571733 | M 1 OF 5 | | | | |
| 571747 | LOANS | | | | |
| 571672 | M 2 OF 5 | | | | |
| 571652 | M 3 OF 5 | | | | |
| 571764 | M 4 OF 6 | | | | |
| 571651 | M 5 OF 6 | | | | |
| 571645 | M 6 OF 6 | | | | |
| 571662 | N ALL AND O 1 OF 2 | | | | |
| 571643 | O 2 OF 2 AND P 1 OF 4 | | | | |
| 571653 | P 2 OF 4 | | | | |
| 571765 | P 3 OF 4 | | | | |
| 571660 | P 4 OF 4 AND Q ALL AND R 1 OF 5 | | | | |
| 571594 | CFO Rick Bunka Vendor Files | | | | |
| 571570 | CFO Board Meeting/Minutes | | | | |
| 571573 | Exemption Certificates Sales Tax IL | | | | |
| 571591 | CFO Board Meeting/Minutes | | | | |
| 571586 | CFO Board Meeting/Minutes | | | | |
| 571604 | Sal Aud FY 15 Credit card Recon | | | | |
| 571589 | CFO Board Meeting/Minutes | | | | |
| 571575 | CFO Board Meeting/Minutes | | | | |
| 571585 | CFO Insurance Services 2012/2013 | | | | |
| 571593 | CFO Vendor Agreements | | | | |
| 571723 | DBMIVI, VV1651 | | | | |
| 571730 | DBMIVI, VV1651 | | | | |
| 571728 | DBMIVI, VV1651 | | | | |
| 571722 | DBMIVI, VV1651 | | | | |
| 571725 | DBMIVI, VV1651 | | | | |
| 571719 | DBMIVI, VV1651 | | | | |
| 571720 | DBMIVI, VV1651 | | | | |
| 571724 | DBMIVI, VV1651 | | | | |
| 571731 | DBMIVI, VV1651 | | | | |
| 571726 | DBMIVI, VV1651 | | | | |
| 571569 | Contracts | | | | |
| 571587 | Contracts | | | | |
| 571597 | Contracts | | | | |
| 571572 | Contracts | | | | |
| 571616 | Contracts; NDA Agmt and bank notes | | | | |
| 571630 | Advertising KSL | | | | |
| 571688 | AP Trade CTF | | | 11/2/2010 | 12/27/2012 |
| 571727 | CV001 | | | | |
| 571729 | CV002 | | | | |
| 571793 | Dan's Copies of Neil;s Staff Into Agendas | | | | |
| 571611 | Expense Reports | Rewards | Training | 1/1/2014 | 12/31/2014 |
| 571810 | Expense Reports | Petty Cash | Relocation | 1/1/2014 | 12/31/2014 |
| 571707 | Expense Reports YE 16 | | | | |
| 571750 | Expense Reports YE 2015 | | | | |
| 571780 | Freight / Crowley (FYE) | | | 2/1/2013 | 1/31/2014 |
| 571781 | Freight 2014 | Exel | Expeditors | 1/1/2014 | 12/31/2014 |

| Code | | | Start | End |
|---|---|---|---|---|
| PR84 | | | - - | - - |
| PR85 | | | - - | - - |
| PR86 | | | - - | - - |
| PR87 | | | - - | - - |
| PR88 | | | - - | - - |
| PR89 | | | - - | - - |
| PR9 | | | - - | - - |
| PR90 | | | - - | - - |
| PR91 | | | - - | - - |
| PR92 | | | - - | - - |
| PR93 | | | - - | - - |
| PR94 | | | - - | - - |
| PR95 | | | - - | - - |
| PR96 | | | - - | - - |
| PR97 | | | - - | - - |
| PR98 | | | - - | - - |
| PR99 | | | - - | - - |
| R1 | | | - - | - - |
| R2 | | | - - | - - |
| R2 | | | 1/1/2011 | 12/31/2011 |
| R3 | | | - - | - - |
| R4 | | | - - | - - |
| R4 | | | 5/1/2015 | 8/31/2015 |
| R5 | | | - - | - - |
| R6 | | | - - | - - |
| R7 | | | 1/1/2012 | 12/31/2013 |
| R8 | | | - - | - - |
| TRE806 | | | - - | - - |
| TRE807 | | | - - | - - |
| TRE808 | | | - - | - - |
| TRE809 | | | - - | - - |
| TRE810 | | | - - | - - |
| TRE811 | | | - - | - - |
| TRE812 | | | - - | - - |
| TRE813 | | | - - | - - |
| TRE814 | | | - - | - - |
| TRE815 | | | - - | - - |
| Y1 | 1st | Edo | - - | - - |
| Y2 | Evan | Medc | - - | - - |
| Y3 | Mete | Vala | - - | - - |
| Y4 | The | Salu | - - | - - |
| Y6 | | | - - | - - |

| 571790 | Freight 2014 Performace Team; US Lines LLC | 1/1/2014 | 12/31/2014 | |
| 571791 | Freight 2014; Evans Delivery | 1/28/2015 | 4/30/2015 | |
| 571629 | Freight APL Limited - Crowley | 1/1/2014 | 12/31/2014 | |
| 571801 | Freight Payable (FYE) Forward Air, Gale Triangle, Lamont Limited, Maersk Line, Misc Vendors | 2/1/2010 | 1/31/2011 | |
| 571608 | Freight, Payables; Performance Team CK # 173782-160063 | 2/1/2010 | 1/31/2011 | |
| 571602 | Freight, American Presiden, GMA CGM, Container exp, Evergreen, expediators | 2/5/2013 | 10/30/2013 | |
| 571622 | Freight, Evans | 2/1/2013 | 1/31/2014 | |
| 571620 | Freight, Evergreen shipping, evans | 4/23/2014 | 2/6/2014 | |
| 571600 | Freight, Evergreen, Expeditors, Forward Air | 2/1/2012 | 1/31/2013 | |
| 571599 | Freight, Forward Air, LML Express, Maresk, Matson, Misc., Natco | 2/1/2012 | 1/31/2013 | |
| 571609 | Freight, Performace Team | 2/1/2011 | 1/31/2012 | |
| 571623 | Freight, Performace Team | 2/1/2012 | 1/31/2013 | |
| 571610 | Freight, Transplace texas, Victoria classics | 1/28/2015 | 2/11/2014 | |
| 571598 | Freight, Transplace US Lines | 2/1/2013 | 1/31/2014 | |
| 571631 | Freight; Ashford Textiles; GMA/CGM, Container Express, Crowley | 2/1/2012 | 1/31/2013 | |
| 571619 | Freight; Ashford, container express, evergreen, exel, expeditors, forward air | 2/1/2011 | 1/31/2012 | |
| 571621 | Freight; Ashford, evergreen, exel, expeditos, intl, forward air ck# 173781-166055 | 2/1/2010 | 1/31/2011 | |
| 571613 | Freight; Expidiators, forward air | 11/6/2013 | 1/23/2014 | |
| 571628 | Freight; Forward air, Maersk, Matson, Natco, Misc. | 2/1/2011 | 1/31/2012 | |
| 571618 | Freight; LML Express | 2/1/2013 | 11/30/2013 | |
| 571612 | Freight; Matson Nav, Mediterranian, Misc Vendors, Natio products; Performace team | 2/1/2013 | 1/31/2014 | |
| 571633 | Freight; Matson Nav, Performace | 5/7/2014 | 1/28/2015 | |
| 571800 | Freight; Performance Team, Transplace (FYE) | 2/1/2011 | 1/31/2012 | |
| 571632 | Freight; Transplace US Lines | 2/1/2012 | 1/31/2013 | |
| 571806 | Physical Inventories | 1/1/2012 | 1/31/2012 | |
| 571601 | Property Tax | 1/1/2013 | 12/31/2014 | |
| 571709 | Rant Check Copies 2015 | 1/1/2015 | 12/31/2015 | |
| 571811 | Runzheimer | 1/1/2007 | 12/31/2007 | |
| 571627 | Service agreement and comp committee | - - | - - | |
| 571552 | Unidentified | - - | - - | Requested 10/2/2018 |
| 571558 | Unidentified | - - | - - | Requested 10/2/2018 |
| 571560 | Unidentified | - - | - - | Requested 10/2/2018 |
| 571566 | Unidentified | - - | - - | Requested 10/2/2018 |
| 571617 | Unidentified | - - | - - | Requested 10/2/2018 |
| 571603 | Yellow Transportation CK# 126898-135895 | 11/1/2007 | 5/31/2008 | |

| **Total Box Count** | **294** |
| --- | --- |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4910 Birch Street, Suite 120, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING TRUSTEE'S: (1) ABANDONMENT AND DESTRUCTION OF DEBTOR'S PHYSICAL AND ELECTRONIC BOOKS, RECORDS AND DOCUMENTS; AND (2) PAYMENT OF THE COSTS OF THE DESTRUCTION OF DEBTOR'S BOOKS, RECORDS AND DOCUMENTS IN AN AMOUNT NOT TO EXCEED $5,000.00 PURSUANT TO LBR 2016-2(H); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF KAREN SUE NAYLOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 12, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that he following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED ELECTRONIC MAIL NOTICE LIST**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**THE REQUIREMENT OF LBR 5005-2(d) TO PROVIDE JUDGES COPIES IS SUSPENDED AT THIS TIME.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 12, 2023 | Arlene Martin | */s/ Arlene Martin* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Todd M Arnold**    tma@lnbyg.com
- **Wesley H Avery**    wes@averytrustee.com, lucy@averytrustee.com;alexandria@averytrustee.com
- **James C Bastian**    jbastian@shulmanbastian.com
- **Cristina E Bautista**    , ecf.lax.docket@kattenlaw.com
- **Alan Betten**    abetten@sagallaw.com
- **Karen C Bifferato**    kbifferato@connollygallagher.com, kbifferato@connollygallagher.com
- **Mikel R Bistrow**    mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- **Wanda Borges**    ecfcases@borgeslawllc.com
- **Dustin P Branch**    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- **Peter M Bransten**    pbransten@glaserweil.com, dsanchez@glaserweil.com
- **Jerrold L Bregman**    jbregman@bg.law, ecf@bg.law
- **Jess R Bressi**    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Robert Brier**    bbrier@bihlaw.com, smann@bihlaw.com
- **Mark Bringardner**    Mark@stolllaw.com
- **Heather D Brown**    heather@hdbrownlaw.com
- **David L Bruck**    bankruptcy@greenbaumlaw.com, cdeluca@greenbaumlaw.com
- **Larry Butler**    notices@becket-lee.com
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Gary O Caris**    gcaris@btlaw.com, slmoore@btlaw.com;rsutton@btlaw.com
- **Stephanie Chau**    schau@carltonfields.com, kathompson@carltonfields.com
- **Shirley Cho**    scho@pszjlaw.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Cynthia M Cohen**    ccohen@brownwhitelaw.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;jessica@lesliecohenlaw.com
- **Lee A Collins**    LCOLLINS@BOYARMILLER.COM
- **Sean B Cooney**    scooney@shb.com, scooney@shb.com
- **Joseph Corrigan**    Bankruptcy2@ironmountain.com
- **Randy J Creswell**    rcreswell@perkinsthompson.com, lmccleer@perkinsthompson.com
- **Jeffry A Davis**    jdavis@mintz.com, docketing@mintz.com
- **Joseph P Davis**    davisjo@gtlaw.com, wangm@gtlaw.com;laik@gtlaw.com
- **Michael W Davis**    mdavis@dtolaw.com, jmartinez@dtolaw.com
- **Walter J DeLorrell**    walter.delorrell@sdcounty.ca.gov, nancy.beltran@sdcounty.ca.gov
- **Richard F DeLossa**    rdelossa@kelleydrye.com, wtaylor@kelleydrye.com
- **Denise Diaz**    Denise.Diaz@rmsna.com
- **Eldia M Diaz-Olmo**    diazolmo@villamil.net, eldia.diazolmo@gmail.com
- **John P Dillman**    houston_bankruptcy@publicans.com
- **Caroline Djang**    cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Keith S Dobbins**    keith@kdobbinslaw.com
- **Richard C Donahoo**    rcdonahoo@dumas-law.com
- **Jonathan R Doolittle**    jdoolittle@reedsmith.com, courtalertecf@pillsburylaw.com
- **Glen Dresser**    gombd@aol.com
- **Reid E Dyer**    reiddyer@mvalaw.com, davidwheeler@mvalaw.com
- **Lei Lei Wang Ekvall - DECEASED -**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Gary B Elmer**    gelmer@ciardilaw.com
- **Amanda N Ferns**    aferns@fernslaw.com, mmakalintal@fernslaw.com
- **M Douglas Flahaut**    flahaut.douglas@arentfox.com
- **Margaret G Foley**    mgfoley05@gmail.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

- **Joseph D Frank**    jfrank@fgllp.com,
  mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com
- **Roger F Friedman**    rfriedman@rutan.com
- **John-Patrick M Fritz**    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Eric J Fromme**    efromme@tocounsel.com, stena@tocounsel.com
- **Thomas M Gaa**    tgaa@bbslaw.com
- **Lauren N Gans**    lgans@lesnickprince.com, lgans@ecf.courtdrive.com,jmack@lesnickprince.com
- **Sidney Garabato**    sgarabato@epiqsystems.com, rjacobs@ecf.epiqsystems.com
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, docket@buchalter.com;jbelmont@buchalter.com
- **John S Garner**    , semerson@frfirm.com
- **Richard Girgado**    rgirgado@counsel.lacounty.gov
- **Bernard R Given**    bgiven@loeb.com, mortiz@loeb.com;ladocket@loeb.com;bgiven@ecf.courtdrive.com
- **Barry S Glaser**    bglaser@salvatoboufadel.com,
  gsalvato@salvatoboufadel.com;Jboufadel@salvatoboufadel.com;gsalvato@ecf.courtdrive.com
- **Ronald E Gold**    rgold@fbtlaw.com, joguinn@fbtlaw.com
- **Stanley E Goldich**    sgoldich@pszjlaw.com
- **David B Golubchik**    dbg@lnbyg.com, stephanie@lnbyb.com
- **David M Goodrich**    dgoodrich@go2.law,
  kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
- **Leon B Gordon**
  bankruptcy@mvbalaw.com;jwilliams@mvbalaw.com;alocklin@mvbalaw.com;tleday@ecf.courtdrive.com;kmorriss
  @mvbalaw.com
- **William A Gray**    bgray@sandsanderson.com, rarrington@sandsanderson.com
- **Irving M Gross**    img@lnbyb.com, john@lnbyb.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Ralph P Guenther**    rguenther@montereylaw.com
- **Mirco J Haag**    mhaag@buchalter.com, dcyrankowski@buchalter.com;docket@buchalter.com
- **Mina Hakakian**    mhakakian@lwmpartners.com
- **Christopher J Harney**    charney@tocounsel.com, stena@tocounsel.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **James H Henderson**    henderson@title11.com, ginny@title11.com
- **William H Heslup**    william.heslup@illinois.gov
- **Matthew C. Heyn**    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Mark S Horoupian**    mark.horoupian@gmlaw.com,
  mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com
- **Brian D Huben**    hubenb@ballardspahr.com, carolod@ballardspahr.com
- **Joan Huh**    joan.huh@cdtfa.ca.gov
- **James KT Hunter**    jhunter@pszjlaw.com
- **William E Ireland**    wireland@hbblaw.com, edocs@hbblaw.com
- **Ronald N Ito**    Ronald.Ito@doj.ca.gov, Valerie.Thompson@doj.ca.gov
- **Nina Z Javan**    nina.javan@swmllp.com
- **Kenneth E Johnson**    kjohnson@tocounsel.com, jortiz@tocounsel.com
- **Jeanne M Jorgensen**    jjorgensen@pj-law.com, cpage@pj-law.com
- **Eve H. Karasik**    ehk@lnbyb.com
- **Ori Katz**    okatz@sheppardmullin.com, lsegura@sheppardmullin.com
- **Doah Kim**    doah.kim@whitecase.com
- **Simon Kimmelman**    skimmelman@sillscummis.com
- **Stuart I Koenig**    Skoenig@leechtishman.com, sfrey@leechtishman.com;jabrams@leechtishman.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Jason B Komorsky**    ecf@bg.law, jkomorsky@bg.law
- **Matthew Kramer**    mkramer@wwhgd.com, iperez@wwhgd.com
- **Jeffrey C Krause**    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Mette H Kurth**    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- **Jeffrey S Kwong**    jsk@lnbyg.com, jsk@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

- **David B Lally**    davidlallylaw@gmail.com
- **Ian Landsberg**    ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@sklarkirsh.com;mduran@sklarkirsh.com
- **Erin D Leach**    eleach@swlaw.com, tmartin@swlaw.com;dmwilliams@swlaw.com
- **William J Levant**    wlevant@kaplaw.com, wlevant@gmail.com
- **Lori A Lewis**    lewisl004@mail.maricopa.gov
- **Gail C Lin**    GCL@raisnerroupinian.com, warnlawyers@raisnerroupinian.com;jenny--hoxha--5459@ecf.pacerpro.com;rrllp@ecf.courtdrive.com
- **James V Lombardi**    jlombardi@rossbanks.com, kjohnson@rossbanks.com;cnivens@rossbanks.com
- **Melissa Davis Lowe**    mlowe@shulmanbastian.com, avernon@shulmanbastian.com
- **David J Mahoney**    efilings@spallp.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Robert S Marticello**    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **David A Mawhinney**    david.mawhinney@klgates.com
- **Gordon G May**    hpc@ggb-law.com
- **Thor D McLaughlin**    tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Joel S. Miliband**    jmiliband@brownrudnick.com
- **Christopher Minier**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Eric A Mitnick**    MitnickLaw@gmail.com, mitnicklaw@gmail.com
- **Dennette A Mulvaney**    dmulvaney@leechtishman.com, lmoya@leechtishman.com;kgutierrez@leechtishman.com;NArango@LeechTishman.com
- **Klaus P Muthig**    muthigk@mcao.maricopa.gov, geiserr@mcao.maricopa.gov
- **Sean N Nagel**    , ldc@dr-slo.com
- **Karen S. Naylor**    knaylor@burd-naylor.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Karen S Naylor (TR)**    alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **Brian R Nelson**    becky@ringstadlaw.com, brian@ringstadlaw.com;arlene@ringstadlaw.com
- **Mark A Neubauer**    mneubauer@carltonfields.com, mlrodriguez@carltonfields.com;smcloughlin@carltonfields.com;ecfla@carltonfields.com
- **Kevin M Newman**    knewman@barclaydamon.com, kmnbk@barclaydamon.com;kevin-newman-8809@ecf.pacerpro.com
- **Victor W Newmark**    bankruptcy@evict.net
- **William Novotny**    william.novotny@mwmf.com
- **Abigail V O'Brient**    avobrient@mintz.com, docketing@mintz.com;DEHashimoto@mintz.com;nleali@mintz.com;ABLevin@mintz.com
- **Juliet Y. Oh**    jyo@lnbyg.com, jyo@lnbyb.com
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Ernie Zachary Park**    ernie.park@bewleylaw.com
- **Paul J Pascuzzi**    ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- **Kristen N Pate**    bk@bpretail.com
- **Christopher J Petersen**    cjpetersen@blankrome.com, gsolis@blankrome.com
- **David M Poitras**    dpoitras@wedgewood-inc.com, dpoitras@jmbm.com;dmarcus@wedgewood-inc.com;aguisinger@wedgewood-inc.com;jchoi@wedgewood-inc.com
- **David L Pollack**    pollack@ballardspahr.com, petlaka@ballardspahr.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Kelly L Pope**    kpope@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- **David L Prince**    dlp@redchamber.com
- **Jennifer Pruski**    jpruski@trainorfairbrook.com
- **Brett Ramsaur**    brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Adam L. Rosen**    adam.rosen@alrcounsel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- **Steven B Sacks**    ssacks@sackslawoffice.com, ksieckman@srclaw.com
- **Diane W Sanders**    austin.bankruptcy@publicans.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Allan D Sarver**    ADS@asarverlaw.com
- **Scott A Schiff**    sas@soukup-schiff.com
- **Steven R Schlesinger**    sschlesinger@jaspanllp.com,
  smionis@jaspanllp.com;rcoles@jaspanllp.com;tnavruzov@jaspanllp.com
- **Lance A Selfridge**    lances@lbbslaw.com, Susan.Awe@lewisbrisbois.com
- **James R Selth**    jselth@wztslaw.com, jselth@yahoo.com;maraki@wztslaw.com;sfritz@wztslaw.com
- **Michael J Shane**    mshane@eplawyers.com, bsilva@eplawyers.com
- **Jonathan Seligmann Shenson**    JShenson@GreenbergGlusker.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- **William H Short**    bill.short@arlaw.com, candice.carter@arlaw.com
- **Evan D Smiley**    esmiley@swelawfirm.com,
  gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Robyn B Sokol**    rsokol@leechtishman.com,
  rsokol@leechtishman.com;lmoya@leechtishman.com;dmulvaney@leechtishman.com;kgutierrez@leechtishman.com;NArango@LeechTishman.com
- **Louis F Solimine**    Louis.Solimine@thompsonhine.com
- **Owen M Sonik**    osonik@pbfcm.com, tpope@pbfcm.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **Rick A Steinberg**    rsteinberg@nakblaw.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **Norman C Sullivan**    jgarner@frfirm.com,semerson@frfirm.com
- **Ashley M Teesdale**    ashley@ringstadlaw.com, becky@ringstadlaw.com;arlene@ringstadlaw.com
- **Salina R Thomas**    bankruptcy@co.kern.ca.us
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Daniel R Utain**    dutain@kaplaw.com, kcoughlin@kaplaw.com
- **Ryan M Vollenhals**    ryan@x-claim.com
- **Kimberly Walsh**    bk-kwalsh@texasattorneygeneral.gov, sherri.simpson@oag.texas.gov
- **Howard J Weg**    hweg@robinskaplan.com
- **Jeffrey T Wegner**    jeffrey.wegner@kutakrock.com, lisa.peters@kutakrock.com
- **David R. Weinstein**    dweinstein@weinsteinlawfirm.net
- **Daniel J Weintraub**    dweintraub@wztslaw.com, vinnet@ecf.inforuptcy.com
- **Gilbert B Weisman**    notices@becket-lee.com
- **Elizabeth Weller**    Dora.Casiano-Perez@lgbs.com
- **Lee G Werner**    leegwerner@gmail.com
- **Steven Werth**    steven.werth@gmlaw.com,
  swerth@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com,Karen.Files@gmlaw.com;patricia.dillamar@gmlaw.com
- **Brian D Wesley**    brian.wesley@doj.ca.gov
- **Eric R Wilson**    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- **Brian Barouir Yeretzian**    byeretzian@jhindslaw.com, yeretzian@gmail.com
- **Roye Zur**    rzur@elkinskalt.com,
  cavila@elkinskalt.com;myuen@elkinskalt.com;1648609420@filings.docketbird.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**